| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF** RICHLAND ) | |
| Afraaz R. Irani, M.D. ) | **CIVIL ACTION COVERSHEET** |
| **Plaintiff(s)** ) | |

**vs.**

Palmetto Health; University of South Carolina School of
Medicine; David E. Koon, Jr., M.D., etc.; and John J.
Walsh, IV, M.D., etc.,                    **Defendant(s)**

**2014CP400** ~~3850~~

(Please Print)
**Submitted By:** David E. Rothstein
**Address:** Rothstein Law Firm, PA
514 Pettigru Street
Greenville, SC 29601

**SC Bar #:** 66295
**Telephone #:** (864) 232-5870
**Fax #:** (864) 241-1386
**Other:** (803) 920-3571 (cell)
**E-mail:** derothstein@mindspring.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
### *If Action is Judgment/Settlement do not complete*

- [ ] **JURY TRIAL** demanded in complaint.     [X] **NON-JURY TRIAL** demanded in complaint.
- [ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [X] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [X] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | Previous Notice of Intent Case # | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | 20____-CP-____-_____ | [ ] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | | [ ] Personal Injury (350) | [ ] Possession (450) |
| | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Building Code Violation (460) |
| | [ ] Other (299) | [ ] Other (399) | [ ] Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| | [ ] Transcript Judgment (740) | [ ] Forfeiture-Petition (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Forfeiture—Consent Order (850) | [ ] SCDOT (950) |
| | [ ] Transfer of Structured | [ ] Other (899) | [ ] Worker's Comp (960) |
| | Settlement Payment Rights | | [ ] Zoning Board (970) |
| | Application (760) | | [ ] Public Service Commission (990) |
| | [ ] Other (799) | | [ ] Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | [ ] Other (999) |
| [ ] Medical (620) | [ ] Out-of-State Depositions (650) | |
| [ ] Other (699) | [ ] Motion to Quash Subpoena in Out-of-County Action (660) | |
| | [ ] Sexual Predator (510) | |

**Submitting Party Signature:** *David E. Rothstein*     **Date:** June 12, 2014

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Afraaz R. Irani, M.D., | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| Palmetto Health; University of South | ) | |
| Carolina School of Medicine; David E. | ) | |
| Koon, Jr., M.D., in his individual | ) | |
| capacity; and John J. Walsh, IV, M.D., | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**TO:    THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon

the subscriber at his office at 514 Pettigru Street, Greenville, South Carolina 29601, within thirty

(30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the

Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the

Complaint and judgment by default will be rendered against you for the relief demanded in the

Complaint.

[Signature of Counsel on Following Page]

David E. Rothstein
ROTHSTEIN LAW FIRM, PA
514 Pettigru Street
Greenville, South Carolina  29601
(864) 232-5870
(864) 241-1386 (facsimile)
derothstein@mindspring.com

Attorney for Plaintiff, Afraaz. R. Irani, M.D.

June ___12___, 2014

Greenville, South Carolina.

2

STATE OF SOUTH CAROLINA        )
                               )    IN THE COURT OF COMMON PLEAS
COUNTY OF RICHLAND             )    FOR THE FIFTH JUDICIAL CIRCUIT

Afraaz R. Irani, M.D.,         )    Case No. _____
                               )
            Plaintiff,         )
                               )    **VERIFIED COMPLAINT**
      vs.                      )
                               )
Palmetto Health; University of South   )
Carolina School of Medicine; David E.  )
Koon, Jr., M.D., in his individual     )
capacity; and John J. Walsh, IV, M.D., )
in his individual capacity,            )
                               )
            Defendants.        )
_____)

Plaintiff, Afraaz R. Irani, M.D., complaining of the Defendants above named, would

respectfully show unto this Honorable Court the following:

## I. Parties, Jurisdiction, and Venue

1.      Plaintiff is a citizen and resident of Santa Clara County, California.

2.      Defendant Palmetto Health is a non-profit corporation organized and existing

pursuant to the laws of the State of South Carolina, with its principal place of business in Richland

County, South Carolina. Defendant Palmetto Health owns property and conducts business within

Richland County, South Carolina.

3.      Defendant University of South Carolina School of Medicine (hereinafter "Defendant

USC-SOM") is a political subdivision of the State of South Carolina, with the statutory authority to

contract and to sue and be sued in its own name. Defendant USC-SOM owns property and conducts

business in Richland County, South Carolina.

4.      Upon information and belief, Defendant David E. Koon, Jr., M.D. is a citizen and

resident of Richland County, South Carolina. At all times relevant to this Complaint, Defendant Koon was the Program Director of the Orthopaedic Surgery Residency Program jointly operated by Defendants Palmetto Health and USC-SOM. Defendant Koon is being sued in his individual capacity for actions taken under color of state law and for actions taken against Plaintiff with actual malice or outside the course and scope of his employment with Defendants Palmetto Health and USC-SOM.

5.     Upon information and belief, Defendant John J. Walsh, IV, M.D. is a citizen and resident of Richland County, South Carolina. At all times relevant to this Complaint, Defendant Walsh was the Chair of the Orthopaedic Surgery Department of Defendant USC-SOM. Defendant Walsh is being sued in his individual capacity for actions taken under color of state law and for actions taken against Plaintiff with actual malice or outside the course and scope of his employment with Defendants Palmetto Health and USC-SOM.

6.     This Court has jurisdiction over the subject matter of this action and has in personam jurisdiction over all Defendants. This Court has concurrent jurisdiction over this case under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.

7.     Plaintiff has exhausted his internal, administrative remedies through Defendants Palmetto Health and USC-SOM in connection with this matter.

8.     Defendant Palmetto Health is an "employer" for purposes of Title VII, 42 U.S.C. § 2000e(b), because it is engaged in an industry affecting commerce and employs fifteen or more employees. Upon information and belief, Defendant Palmetto Health has employed in excess of 500 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

2

9.     Defendant USC-SOM is also an "employer" under Title VII, because it is a governmental agency that is engaged in an industry affecting commerce, including governmental industry, business, and activities, and employs fifteen or more employees.

10.     Plaintiff has exhausted his administrative remedies, as required by Section 706 of Title VII, 42 U.S.C. § 2000e-5, because Plaintiff filed charges of discrimination against Defendants Palmetto Health and USC-SOM with the Equal Employment Opportunity Commission ("EEOC"), which were dual-filed with the South Carolina Human Affairs Commission, within three hundred days after the unlawful employment practices alleged herein.  Plaintiff requested a right to sue letter from the EEOC, which was received by Plaintiff on or about March 22, 2014.  This action is being filed within ninety (90) days of Plaintiff's receipt of the notice of right to sue letter from the EEOC.

11.     Venue is proper in this Court, because at least one Defendant is a citizen or resident of Richland County, and the wrongful conduct at issue occurred, at least in part, within Richland County.

12.     The amount in controversy exceeds Twenty-five Thousand and 00/100ths Dollars ($25,000.00), exclusive of interest and costs.

13.     At all times relevant hereto, any employees, officers, or agents of Defendants Palmetto Health and USC-SOM described herein were acting within the course and scope of their employment or agency with Defendants Palmetto Health or USC-SOM, except that to the extent that the individual Defendants, Koon and Walsh, acted unlawfully, maliciously, with specific intent to harm Plaintiff, or outside the course and scope of their lawful authority, they acted in their individual capacities.

## II. Facts

14.     Plaintiff is a physician, having earned his medical degree from Stanford Medical School in June 2010.  On or about July 1, 2010, Plaintiff began the Orthopaedic Surgery Residency Program (hereinafter "the Program"), which is jointly operated by Defendants Palmetto Health and USC-SOM.  His expected graduation date from the Program should have been in June 2015.

15.     At all times relevant hereto, Plaintiff was a good and valuable employee of the Program and performed the essential functions of his position in a professional and competent manner.  He received satisfactory performance evaluations from the various rotations during his internship year, or PGY-1 year, and was promoted to PGY-2 in July 2011.

16.     On or about August 15, 2011, only six weeks into his PGY-2 year, Plaintiff was called into a hostile and intimidating meeting by Defendant Koon, with the Orthopaedics Department practice manager as a witness.  Defendant Koon began the meeting by informing Plaintiff that they had previously fired residents from the program, including a PGY-5 senior resident who was only six months away from his expected graduation date.

17.     The alleged deficiencies noted by Defendant Koon were very vague and contained several generalized comments.  When Plaintiff requested clarification or specific examples of his alleged shortcomings, Defendant Koon chastised him further and stated, "that just shows you lack insight."  Plaintiff was not given a reasonable opportunity to defend himself or explain his side of the story in connection with the seven items in Defendant Koon's memorandum.

18.     Plaintiff was placed on Level II academic remediation, or probation, which was supposed to run through December 1, 2011.

19.     Plaintiff filed a first-step grievance of his probation, which was summarily denied by

Defendant Palmetto Health's Designated Institutional Official, Dr. Kathy Stephens. Plaintiff decided not to appeal his probation further to the grievance committee, but instead decided to accept his probation and move forward.

20.    Plaintiff attempted to comply with his remediation plan and was informed by Defendant Koon in October that he appeared to be making satisfactory improvements.

21.    At a meeting on November 21, 2011, Defendant Koon stated that he would recommend Level I remediation once the probation ended on December 1, 2011.

22.    Thereafter, at a faculty meeting of the Department, Defendant Koon confronted Plaintiff about taking two days of vacation during the probation period. He also blind-sided Plaintiff about an allegation that Plaintiff had disregarded the instruction of an attending physician about ordering an MRI for a patient who had a possible infection following a surgical procedure. Plaintiff was again not given a reasonable opportunity to present his version of events before the allegations were publicly made in front of Plaintiff's colleagues.

23.    Thereafter, on or about December 12, 2011, Plaintiff was placed on Level III remediation, or suspension, effective December 9, 2011 through January 30, 2012. Plaintiff was accused of inappropriate treatment in the handling of a trauma patient.  Plaintiff was never interviewed or allowed an opportunity to discuss the case or provide a written response during the purported investigation into that matter.

24.    Plaintiff submitted a first-step grievance of his suspension to DIO Stephens, who denied his appeal on or about January 11, 2012. Thereafter, Plaintiff attempted to appeal the matter to the grievance committee of the Graduate Medical Education Committee ("GMEC") on or about January 26, 2012. Plaintiff's request for a grievance hearing was rejected, because his request was

5

not filed within 10 business days, according to Defendant Palmetto Health's Human Resources Department. Plaintiff believed that the Martin Luther King, Jr. Holiday did not count as a "business day" under the resident handbook, because it is a national holiday, and the orthopaedic clinic was actually closed in observance of the holiday. Plaintiff's argument regarding the timeliness of his grievance was summarily rejected.

25.    On or about February 6, 2012, Plaintiff was again placed on Level II remediation.

26.    On or about March 5, 2012, Plaintiff was placed on Level III remediation and again suspended from the program, pending official action on the recommendation that he be terminated from the program.

27.  On or about April 15, 2012, Plaintiff was informed that the GMEC had accepted the recommendation to terminate him from the Program.

28.    Plaintiff filed a grievance over his termination, which was summarily denied by DIO Stephens. Thereafter, Plaintiff requested a grievance hearing before the GMEC, which held a hearing on April 30, 2012. By memorandum dated May 7, 2012, Plaintiff was informed that the grievance committee had denied his appeal.

29.    Plaintiff submitted a final appeal to Charles D. Beaman, Jr., the CEO of Defendant Palmetto Health. On or about June 1, 2012, by letter from Mr. Beaman, Plaintiff was informed of the final decision to terminate his employment from the Program.

### FOR A FIRST CAUSE OF ACTION
**(Title VII–Disparate Treatment and Hostile Work Environment)**
**(Against Defendants Palmetto Health and USC-SOM)**

30.    Plaintiff repeats and realleges Paragraphs 1-29 as if restated verbatim.

31.    Plaintiff is of Indian/Zoroastrian heritage.

6

32.     Defendant Koon repeatedly referred to Plaintiff in front of others as "Achmed the Terrorist" and jokingly suggested that he might "blow the place up," in an offensive reference to Plaintiff's mistakenly perceived middle eastern ethnicity.

33.     Defendant Koon's comments directed towards Plaintiff and about Plaintiff created a hostile work environment based on Plaintiff's race, national origin, or religion. Defendant Koon's outrageous and insensitive comments were particularly hurtful to Plaintiff, because his Zoroastrian ancestors have historically been victims of religious persecution and terrorism in the middle eastern regions of ancient Persia near what is now Iran.

34.     Defendant Koon also repeatedly singled Plaintiff out in group discussions and magnified every misstep that Plaintiff made, while similar mistakes and behaviors by his colleagues in the Program were overlooked or minimized.

35.     Defendants Palmetto Health and USC-SOM unlawfully discriminated against Plaintiff, based on his race, national origin, and/or religion, by allowing Defendant Koon to engage in disparate treatment towards Plaintiff, by allowing Defendant Koon to create a hostile work environment, and by terminating Plaintiff's employment from the Program without sufficient cause.

36.     Defendants' unlawful discrimination against Plaintiff has directly and proximately caused him to suffer actual damages in the form of lost wages and employment benefits, lost future earning capacity, job search expenses, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. Accordingly, Plaintiff is entitled to recover in this action actual damages from Defendants Palmetto Health and USC-SOM sufficient to compensate him for lost wages and employment benefits, other economic losses, and emotional distress caused by Defendants' unlawful discrimination.

7

37.    Upon further information and belief, Defendants' discrimination against Plaintiff was intentional and in reckless disregard of his right to be free from such discrimination. Therefore, Plaintiff is entitled to recover punitive damages against Defendant Palmetto Health in an amount to be determined by the jury, sufficient to deter this Defendant and others from engaging in such discriminatory actions in the future.

38.    Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

## FOR A SECOND CAUSE OF ACTION
### (Race Discrimination–42 U.S.C. § 1981)
### (Against Defendant Palmetto Health)

39.    Plaintiff repeats and realleges Paragraphs 1-38 as if restated verbatim.

40.    Defendants' discriminatory actions as alleged above impaired Plaintiff's ability to make and enforce contracts regarding the terms and conditions of his employment, based on his race, in violation of 42 U.S.C. § 1981.

41.    Defendants' unlawful discrimination against Plaintiff has directly and proximately caused him to suffer actual damages in the form of lost wages and employment benefits, lost future earning capacity, job search expenses, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. Accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant Palmetto Health sufficient to compensate him for lost wages and employment benefits, other economic losses, and emotional distress caused by Defendants' unlawful discrimination.

42.    Upon further information and belief, Defendant Palmetto Health's discrimination against Plaintiff was intentional and in reckless disregard of his right to be free from such discrimination. Therefore, Plaintiff is entitled to recover punitive damages against Defendant

Palmetto Health, in an amount to be determined by the jury, sufficient to deter this Defendant and others from engaging in such discriminatory actions in the future.

43.    Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

### FOR A THIRD CAUSE OF ACTION
(Retaliation–Title VII and 42 U.S.C. § 1981)
(Against Defendants Palmetto Health and USC-SOM)

44.    Plaintiff repeats and realleges Paragraphs 1-43 as if restated verbatim.

45.    Plaintiff opposed Defendants' unlawful discrimination against him by complaining to his supervisors and other employees of Defendants Palmetto Health and USC-SOM, by filing a grievance over unwarranted disciplinary actions against him by Defendant Koon and over his termination, and by filing a charge of racial discrimination against Defendants Palmetto Health and USC-SOM with the EEOC.

46.    Plaintiff's opposition to Defendants' discriminatory acts and practices constitutes protected activity under Section 704 of Title VII, 42 U.S.C. § 2000e-3, and is also protected under 42 U.S.C. § 1981.

47.    Defendants Palmetto Health and USC-SOM unlawfully retaliated against Plaintiff by imposing additional, unwarranted disciplinary actions, by terminating his employment, and by submitting false and defamatory information about Plaintiff to the California Medical Board, because of his opposing Defendants' unlawful employment acts and practices as alleged above.

48.    Defendants' unlawful retaliation against Plaintiff has directly and proximately caused him to suffer actual damages in the form of lost wages and employment benefits, lost future earning capacity, job search expenses, emotional distress, humiliation, embarrassment, and loss of enjoyment

9

of life. Accordingly, Plaintiff is entitled to recover in this action actual damages from Defendants Palmetto Health and USC-SOM sufficient to compensate him for lost wages, other economic damages, and employment benefits and emotional distress caused by Defendants' unlawful retaliation.

49.     Upon information and belief, Defendants' retaliation against Plaintiff was intentional and in reckless disregard for his rights to be free from such unlawful retaliation and discrimination. Therefore, Plaintiff is entitled to recover punitive damages against Defendant Palmetto Health, in an amount to be determined by the jury, sufficient to deter this Defendant and others from engaging in such unlawful retaliation and discrimination in the future.

50.     Plaintiff is also entitled to an award of reasonable attorney's fees, expert fees, and costs incurred in bringing this action.

### FOR A FOURTH CAUSE OF ACTION
**(Against Defendants Palmetto Health and USC-SOM)**
**(Breach of Contract)**

51.     Plaintiff repeats and realleges Paragraphs 1-50 as if restated verbatim herein.

52.     Plaintiff entered into a Resident Agreement of Appointment (hereinafter "Agreement") with Defendants Palmetto Health and USC-SOM for a one-year term, with effective dates July 1, 2011 through June 30, 2012. This was the second year of his residency program, and he had entered into a similar, annual contract in his first year in the Program, beginning July 1, 2010.

53.     The Agreement incorporates by reference the Policies, Procedures, Rules and Regulations of Palmetto Health, which became a part of the Agreement.

54.     The Agreement also specifically incorporates the Institutional and Program Requirements of the Accreditation Council for Graduate Medical Education ("ACGME"), as well

10

as the ACGME Duty Hour requirements.

55.    Plaintiff fully performed all of his obligations under the Agreement and complied with all terms and conditions of the Agreement.

56.    Defendants Palmetto Health and USC-SOM breached their obligations under the Contract in the following particulars:

       a.    by terminating Plaintiff's employment prior to the end of the term without sufficient "cause" as defined by the Agreement as necessary to justify termination;

       b.    by violating the GMEC's policies on academic remediation, which define the permissible disciplinary actions and remediation measures for academic or professional deficiencies;

       c.    by violating the GMEC's policies on dismissal of residents, which provides that a resident may be dismissed only upon a recommendation for dismissal made by the director of education/program director, and only if such recommendation is accepted by the GMEC;

       d.    by terminating his employment without affording him due process as guaranteed by the Agreement and as defined by the GMEC's due process policies;

       e.    by requiring and/or permitting him to work excessive duty hours substantially in violation of the ACGME's duty hour requirements and the GMEC's policies regarding duty hours;

       f.    by failing to provide adequate supervision and instruction to residents in the

Program; and

g.      by violating the GMEC's policies on working environment, which require, among other things, that the working environment be healthy and safe for the physical needs of residents, free from harassment, and conducive to resident education and the care of patients; that residents may raise and resolve issues without fear of intimidation or retaliation; that residents' personal and family needs must be addressed for them to function optimally; that the residency program must foster humanistic values and respect for all individuals; and that the residency program must provide a commitment to excellence in residency education and provide a supportive learning environment.

57.    Defendants Palmetto Health and USC-SOM's breaches of contract have caused Plaintiff to suffer substantial, consequential damages, including lost earnings, lost future earnings capacity, damage to professional reputation, and lost job opportunities.

58.    Plaintiff is entitled to recover in this action actual damages from Defendants Palmetto Health and USC-SOM to compensate him for his reasonably foreseeable, consequential damages.

59.    In addition, the amount of consequential damages suffered by Plaintiff is a sum certain or is an amount that is capable of being reduced to a certainty. Upon information and belief, Plaintiff is therefore entitled to recover prejudgment interest on the amounts owed to him by Defendants Palmetto Health and USC-SOM, from the time such amounts were payable until the date of the judgment in this matter.

## FOR A FIFTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Breach of Contract–Intended Third-Party Beneficiary of Accreditation Agreement)

60.    Plaintiff repeats and realleges Paragraphs 1-59 as if restated verbatim herein.

61.    Defendants Palmetto Health and USC-SOM applied for and received accreditation from the ACGME for the Program.

62.    In receiving accreditation of the Program through the ACGME, Defendants Palmetto Health and USC-SOM agreed to comply with certain practices, policies, and procedures, including the ACGME's Institutional Requirements and the ACGME's Common Program Requirements. These standards for accreditation amount to a contract between Defendants Palmetto Health/USC-SOM and the ACGME.

63.    As a resident, Plaintiff was an intended, third-party beneficiary of the contract between Defendant Palmetto Health/USC-SOM and the ACGME.

64.    Defendants Palmetto Health and USC-SOM have breached their contract with ACGME in various respects in connection with Plaintiff's employment and termination, including the following particulars:

      a.    the Program failed to provide graduate medical education that facilitates residents' professional, ethical, and personal development;

      b.    the Program failed to inform residents of and adhere to established educational and clinical practices, policies, and procedures;

      c.    the Program failed to provide residents with fair, reasonable, and readily available written institutional policies and procedures for grievance and due process, including minimizing conflicts of interest in the adjudication of

13

academic or other disciplinary actions taken against residents that could result in dismissal, non-renewal of a resident's agreement, non-promotion of a resident to the next level of training, or other actions that could significantly threaten a resident's intended career development;

d.      the Program failed to follow ACGME requirements for duty hours of residents;

e.      the Program failed to provide adequate supervision of residents; and

f.      the Program failed to provide an educational and work environment in which residents may raise and resolve issues without fear of intimidation or retaliation.

65.      Defendants Palmetto Health and USC-SOM's breaches of contract as set forth above have directly and proximately caused Plaintiff to suffer substantial, consequential damages, including lost earnings, lost future earnings capacity, damage to professional reputation, and lost job opportunities.

66.      Plaintiff is entitled to recover in this action actual damages from Defendants Palmetto Health and USC-SOM to compensate him for his consequential damages.

67.      In addition, the amount of consequential damages suffered by Plaintiff is a sum certain or is an amount that is capable of being reduced to a certainty. Upon information and belief, Plaintiff is therefore entitled to recover prejudgment interest on the amounts owed to him by Defendants Palmetto Health and USC-SOM, from the time such amounts were payable until the date of the judgment in this matter.

14

## FOR A SIXTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Wrongful Discharge in Violation of Public Policy)

68.    Plaintiff repeats and realleges Paragraphs 1-67 as if restated verbatim herein.

69.    Throughout his participation in the Program, Plaintiff was repeatedly required and expected to work excessive hours, substantially beyond the duty hour limits of the ACGME and the written policies of Defendants Palmetto Health and USC-SOM. Plaintiff regularly exceeded the 80-hour average work-week limitations during a four-week period, as well as the on-call duty hour limitations and the free-time and rest-period standards.

70.    The duty-hour limitations are a matter of public concern because they impact the health and well-being of residents and minimize fatigue, which can have potentially serious, negative effects on patient care and learning.

71.    Plaintiff objected to the excessive duty hours of the residency Program and reported duty-hour violations to his co-workers, his supervisors, the ACGME, and the grievance committee of the GMEC.

72.    Plaintiff also complained about inadequate resident supervision in the Program to the ACGME and the grievance committee of the GMEC.

73.    Plaintiff's actions in objecting to the duty hour violations of the Program and in complaining about inadequate resident supervision are protected activities under the clear mandates of the State of South Carolina's public policy.

74.    Defendants Palmetto Health and USC-SOM wrongfully terminated Plaintiff in violation of public policy by retaliating against him for raising the duty hour violations in the Program and for complaining about inadequate resident supervision.

15

75.    Defendants' wrongful termination of Plaintiff has directly and proximately caused him to suffer actual damages in the form of lost earnings, lost future earnings capacity, damage to professional reputation, lost job opportunities, job search expenses, and professional stigma, lost employment benefits, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. Accordingly, Plaintiff is entitled to recover in this action actual damages from these Defendants sufficient to compensate him for his economic and non-economic damages caused by theses Defendants' wrongful termination of him.

76.    Upon further information and belief, these Defendants' wrongful termination of Plaintiff was intentional and in reckless disregard of his rights to be free from such retaliation. Therefore, Plaintiff is entitled to recover punitive damages against these Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such unlawful actions in the future.

**FOR A SEVENTH CAUSE OF ACTION**
**(Against Defendants Koon and Walsh)**
**(Procedural Due Process–42 U.S.C. § 1983)**

77.    Plaintiff repeats and realleges Paragraphs 1-76 as if restated verbatim herein.

78.    Plaintiff had a constitutionally protected property interest in continued employment as a resident in the Program because, in light of his employment Agreement and the written policies and procedures of the GMEC, he had a reasonable understanding, expectation, and entitlement that his employment would continue absent sufficient cause for his termination. Plaintiff also had a property interest in graduating from the Program and in obtaining the necessary credentials to become an orthopaedic surgeon.

79.    In addition, Plaintiff had a constitutionally protected liberty interest in his good name,

16

reputation, honor, and integrity in his chosen professional career as a physician.

80.    Furthermore, Defendants have publicly disclosed the reasons for Plaintiff's termination or, under applicable laws and practices, Plaintiff is required to disclose his termination in all future applications for licensure, certification, or other employment or training opportunities as a physician.

81.    Also, the abrupt removal of Plaintiff from the residency program has created a stigma that seriously damages his reputation in the medical community, which has a detrimental impact on his ability to obtain future employment opportunities in his chosen profession.

82.    Defendants have deprived Plaintiff of these property and liberty interests without due process of law, because of the following particulars:

    a.    failing to provide notice to him of the charges against him or an opportunity for a hearing prior to his termination;

    b.    failing to provide adequate notice to him that termination was being considered by the GMEC as a possible disciplinary action;

    c.    refusing to allow him to be represented by counsel during the grievance process or hearing;

    d.    refusing to allow him to review all relevant files and all evidence that was being used against him;

    e.    failing to provide him the opportunity to appear in person before the GMEC to be heard in his own defense;

    f.    failing to provide him the right to cross-examine or confront adverse witnesses at the GMEC meeting prior to his termination, and failing to allow

17

any meaningful opportunity for cross-examination at the post-termination grievance hearing;

g.    failing to provide him the right to conduct discovery prior to his termination;

h.    failing to provide him the right to compel witnesses to testify at the hearing on his behalf;

i.    failing to provide assurances to any potential witnesses that they would not be retaliated against for providing truthful testimony at the hearing;

j.    failing to provide him with a reasonable amount of time in which to defend himself at the post-termination grievance hearing;

k.    using prior allegations of misconduct against him, which allegations had been fully remediated;

l.    considering irrelevant, prejudicial evidence that should have been excluded;

m.    failing to notify him or the decision-makers of the applicable burden of proof, quantum of proof necessary to support the decision, or the applicable standard of review for the grievance;

n.    failing to follow the GMEC's own written policies regarding the time frames for applicable decision;

o.    failing to follow the GMEC's own, written policies about acting on a recommendation of termination from the resident's department about appropriate disciplinary action; and

p.    failing to provide impartial and independent decision-makers to review the termination decision.

18

83.    Moreover, as described in detail above, Defendants did not afford Plaintiff any meaningful, post-termination procedures for challenging the termination decision.

84.    The individual Defendants, Koon and Walsh, both acting under color of state law, deprived Plaintiff of his rights to due process, which are guaranteed by the Constitution and laws of the United States and of South Carolina, in violation of 42 U.S.C. § 1983.

85.    As a direct and proximate result of Defendants' violations of Plaintiff's constitutionally protected rights to due process, he has suffered, and continues to suffer, injuries including lost wages, lost earning capacity, mental and emotional anguish, humiliation, loss of enjoyment of life, and other economic and non-economic damages.

86.    Upon information and belief, Defendants' actions against Plaintiff were intentional, malicious, and in reckless disregard for his rights to be free from such unlawful action.  Therefore, Plaintiff is entitled to recover punitive damages against the individual Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such unlawful actions in the future.

87.    Upon information and belief, Plaintiff is entitled to an award of compensatory damages; back pay, front pay, and interest thereon; lost employment benefits; attorney's fees, expert fees, and costs; and other actual damages in an amount to be proven at trial.

### FOR AN EIGHTH CAUSE OF ACTION
**(Against Defendants Koon and Walsh)**
**(Substantive Due Process–42 U.S.C. § 1983)**

88.    Plaintiff repeats and realleges Paragraphs 1-87 as if restated verbatim herein.

89.    Plaintiff had liberty and property interests, as described in detail above, in his position in the Program, in his training to become an orthopaedic surgeon, and in his professional reputation

19

and standing in the community. These liberty and property interests are protected by the Constitutions of the United States and the State of South Carolina.

90.     In terminating Plaintiff from the residency program, Defendants violated his substantive due process rights by acting in an unreasonable, vindictive, malicious, arbitrary, and capricious manner.

91.     The individual Defendants, Koon and Walsh, both acting under color of state law, deprived Plaintiff of his rights to due process, which are guaranteed by the Constitution and laws of the United States and of South Carolina, in violation of 42 U.S.C. § 1983.

92.     As a direct and proximate result of Defendants' violations of Plaintiff's constitutionally protected rights to due process, he has suffered, and continues to suffer, injuries including lost wages, lost earning capacity, mental and emotional anguish, humiliation, loss of enjoyment of life, and other economic and non-economic damages.

93.     Upon information and belief, Defendants' actions against Plaintiff were intentional, malicious, and in reckless disregard for his rights to be free from such unlawful action. Therefore, Plaintiff is entitled to recover punitive damages against the individual Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such unlawful actions in the future.

94.     Upon information and belief, Plaintiff is entitled to an award of compensatory damages; back pay, front pay, and interest thereon; lost employment benefits; attorney's fees, expert fees, and costs; and other actual damages in an amount to be proven at trial.

20

**FOR A NINTH CAUSE OF ACTION**
**(Against Defendants Koon and Walsh)**
**(First Amendment Retaliation–42 U.S.C. § 1983)**

95.    Plaintiff repeats and realleges Paragraphs 1-94 as if restated verbatim herein.

96.    Throughout his participation in the Program, Plaintiff was repeatedly required and expected to work excessive hours, substantially beyond the duty hour limits of the ACGME and the written policies of Defendants Palmetto Health and USC-SOM. Plaintiff regularly exceeded the 80-hour average work-week limitations during a four-week period, as well as the on-call duty hour limitations and the free-time and rest-period standards.

97.    The duty-hour limitations are a matter of public concern because they impact the health and well-being of residents and minimize fatigue, which can have potentially serious, negative effects on patient care and learning.

98.    Plaintiff objected to the excessive duty hours of the residency Program and reported duty-hour violations to his co-workers, his supervisors, the ACGME, and the grievance committee of the GMEC.

99.    Plaintiff also complained to the ACGME and the grievance committee of the GMEC about the lack of resident supervision in the Program

100.    Plaintiff's actions in objecting to the duty hour violations and inadequate resident supervision within the Program constitute protected free speech under the Constitutions of the United States and the State of South Carolina.

101.    Defendants unlawfully terminated Plaintiff in retaliation for speaking out about a matter of public concern.

102.    The individual Defendants, Koon and Walsh, both acting under color of state law,

deprived Plaintiff of his free speech rights, which are guaranteed by the Constitution and laws of the United States and of South Carolina, in violation of 42 U.S.C. § 1983.

103.     As a direct and proximate result of Defendants' violations of Plaintiff's constitutionally protected rights to free speech, he has suffered, and continues to suffer, injuries including lost wages, lost earning capacity, job search expenses, mental and emotional anguish, humiliation, loss of enjoyment of life, and other economic and non-economic damages.

104.     Upon information and belief, Defendants' actions against Plaintiff were intentional, malicious, and in reckless disregard for his rights to be free from such unlawful action.  Therefore, Plaintiff is entitled to recover punitive damages against the individual Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such unlawful actions in the future.

105.     Upon information and belief, Plaintiff is entitled to an award of compensatory damages; back pay, front pay, and interest thereon; lost employment benefits; attorney's fees, expert fees, and costs; and other actual damages in an amount to be proven at trial.

### FOR A TENTH CAUSE OF ACTION
**(Against Defendants Koon and Walsh)**
**(Equal Protection Clause–42 U.S.C. § 1983)**

106.     Plaintiff repeats and realleges Paragraphs 1-105 as if restated verbatim herein.

107.     Throughout his participation in the Program, Plaintiff was singled out for overly harsh treatment and criticism that was not provided to similarly situated individuals in the Program.

108.     Plaintiff is informed and believes that his disparate treatment was motivated by discriminatory animus based on his race, religion, national origin, or ethnic background.

109.     Plaintiff had a right under the Equal Protection Clause to be treated equally in the

terms and conditions of his employment.

110.    The individual Defendants, Koon and Walsh, both acting under color of state law, deprived Plaintiff of his rights to Equal Protection, which are guaranteed by the Constitution and laws of the United States and of South Carolina, in violation of 42 U.S.C. § 1983.

111.    As a direct and proximate result of Defendants' violations of Plaintiff's constitutionally protected rights to equal protection, he has suffered, and continues to suffer, injuries including lost wages, lost earning capacity, job search expenses, mental and emotional anguish, humiliation, loss of enjoyment of life, and other economic and non-economic damages.

112.    Upon information and belief, Defendants' actions against Plaintiff were intentional, malicious, and in reckless disregard for his rights to be free from such unlawful action. Therefore, Plaintiff is entitled to recover punitive damages against the individual Defendants, in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such unlawful actions in the future.

113.    Upon information and belief, Plaintiff is entitled to an award of compensatory damages; back pay, front pay, and interest thereon; lost employment benefits; attorney's fees, expert fees, and costs; and other actual damages in an amount to be proven at trial.

## FOR AN ELEVENTH CAUSE OF ACTION
### (Against Defendant Koon)
### (Libel Per Se)

114.    Plaintiff repeats and realleges Paragraphs 1-113 as if restated verbatim herein.

115.    Defendant Koon has made written statements about Plaintiff, including that he is incompetent to practice medicine, that he had persistent patient care issues, that he failed to complete remediation measures, that he departed from acceptable standards of care in at least two patient

23

encounters, and that he failed in the competencies of patient care, interpersonal skills and communication, and professionalism.

116.    Defendant Koon published these statements to third parties, including the Medical Board of California.

117.    The statements by Defendant Koon described herein were and are untrue.

118.    The statements by Defendant Koon, described herein constitute libel per se, because they impugn Plaintiff's abilities and competencies in his trade, occupation, or profession.

119.    The statements by Defendant Koon described herein have directly and proximately caused actual damages to Plaintiff, including denial of his license to practice medicine in the state of California, termination from his employment in a subsequent residency program, lost earning capacity, attorney's fees and costs in connection with the appeal of his California medical license, embarrassment, humiliation, emotional distress, injury to reputation, and loss of enjoyment of life. In addition, because the statements at issue constitute libel per se, general damages are presumed.

120.    The statements by Defendant Koon described herein were made intentionally, with actual malice, or were made in reckless disregard for the truth or falsity of the matters asserted by them. Accordingly, Defendant Koon is not entitled to any qualified immunity or qualified privilege under applicable common law or under the Healthcare Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. § 11101 et seq.

121.    In addition, Plaintiff is entitled to an award of punitive damages to deter this Defendant and others from engaging in similar, malicious action in the future.

## FOR A TWELFTH CAUSE OF ACTION
### (Against Defendant Koon)
### (Tortious Interference with Contract)

122.    Plaintiff repeats and realleges Paragraphs 1-121 as if restated verbatim herein.

123.    Plaintiff had a valid contract of employment for an emergency medicine residency training program at Kern Medical Center in Bakersfield, CA, starting in June 2013.

124.    Defendant Koon had knowledge of Plaintiff's employment contract as set forth in the preceding paragraph.

125.    Defendant Koon intentionally and maliciously procured the breach of Plaintiff's employment contract and tortiously interfered with Plaintiff's employment contract, by submitting false and defamatory comments to the Medical Board of California, causing Plaintiff's medical license in California to be denied.

126.    As a direct and proximate result of Defendant Koon's tortious interference with contract, Plaintiff has suffered actual damages in the form of lost earnings, lost future earnings capacity, damage to professional reputation, lost job opportunities, and professional stigma, lost employment benefits, emotional distress, humiliation, embarrassment, and loss of enjoyment of life. Accordingly, Plaintiff is entitled to recover in this action actual damages from Defendant Koon sufficient to compensate him for his economic and non-economic damages caused by Defendant Koon's tortious interference with contract.

127.    Upon further information and belief, Defendant Koon's tortious interference with Plaintiff's employment contract was intentional and in reckless disregard of his rights to be free from such unlawful and malicious conduct. Therefore, Plaintiff is entitled to recover punitive damages against Defendant Koon, in an amount to be determined by the jury, sufficient to deter this

25

Defendant and others from engaging in such unlawful actions in the future.

WHEREFORE, having fully set forth his allegations against Defendants, Plaintiff respectfully requests the following relief:

a.   actual, compensatory damages for economic and non-economic injuries;

b.   punitive damages;

c.   pre-judgment interest;

d.   attorneys' fees and costs; and

e.   such further relief as the Court deems just and appropriate.

Respectfully submitted,

David E. Rothstein
ROTHSTEIN LAW FIRM, PA
514 Pettigru Street
Greenville, South Carolina  29601
(864) 232-5870
(864) 241-1386 (facsimile)
derothstein@mindspring.com

Attorney for Plaintiff, Afraaz R. Irani

June _12_, 2014

Greenville, South Carolina.

26

STATE OF SOUTH CAROLINA          )
                                 )          VERIFICATION
COUNTY OF GREENVILLE             )
                                 )

    Afraaz R. Irani, M.D., after first being duly sworn, says that he is the Plaintiff herein and has read the foregoing Complaint and knows the contents thereof, that the same is true of his own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters, he believes them to be true.


_____
Afraaz R. Irani


SWORN to and Subscribed before me

this __4th__ day of June, 2014

_____ (L.S.)

Notary Public for South Carolina


My Commission Expires: __2/11/2018__