IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C/A No. 3:14-cv-03577-CMC-KDW |
| ) | |
| Palmetto Health; University of South Carolina ) | |
| School of Medicine; David E. Koon, Jr., M.D., ) | |
| etc.; John J. Walsh, IV, M.D., etc. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT PALMETTO HEALTH'S
ANSWER TO PLAINTIFF's COMPLAINT**

COMES NOW Defendant Palmetto Health (hereinafter referred to as "Palmetto Health"), by and through its counsel, and files this Answer in response to the allegations in the Complaint of Plaintiff Afraaz R. Irani, M.D., (hereinafter "Plaintiff").

**FOR A FIRST DEFENSE**

With regard to the specific allegations contained in the Complaint, Palmetto Health responds to each separately numbered paragraph below. Any allegations not herein specifically admitted, modified, or explained are expressly denied.

**I. Parties, Jurisdiction, and Venue**

1. Palmetto Health admits, upon information and belief, that Plaintiff is a citizen and resident of Santa Clara County, California.

2. Admit.

3. Admit.

4. Palmetto Health admits that Defendant David E. Koon, Jr., M.D., is a citizen and resident of Richland County, South Carolina; admits that at all times relevant to the Complaint,

Defendant Koon was the Program Director of the Orthopaedic Surgery Residency Program jointly operated by Defendants Palmetto Health and University of South Carolina School of Medicine ("USC-SOM"); and admits that Plaintiff purports to bring causes of action against Defendant Koon in his individual capacity.  Palmetto Health denies any remaining allegations in Paragraph 4.

5. Palmetto Health admits that Defendant John J. Walsh, IV, M.D., is a citizen and resident of Richland County, South Carolina; admits that at all times relevant to the Complaint, Defendant Walsh was the Chair of the Orthopaedic Surgery Department of USC-SOM; and admits that Plaintiff purports to bring causes of action against Defendant Walsh in his individual capacity.  Palmetto Health denies any remaining allegations in Paragraph 5.

6. Palmetto Health admits that this Court has jurisdiction over it and that Plaintiff alleges this Court has jurisdiction over the other Defendants.  Palmetto Health admits that the United States District Court for the District of South Carolina, Columbia Division, has subject matter jurisdiction (federal question – 28 U.S.C. § 1331) over this case.  Palmetto Health denies any remaining allegations in Paragraph 6.

7. With regard to Paragraph 7 of the Complaint, Palmetto Health admits that Plaintiff has exhausted his internal remedies as to the residency program and his administrative remedies as to Palmetto Health, although they were untimely.  Palmetto Health denies all remaining allegations in Paragraph 7.

8. Admit.

9. Deny.

10. Deny.

11. With regard to the allegations contained in Paragraph 11 of the Complaint, Palmetto Health admits that venue is proper. Palmetto Health denies any remaining allegations in Paragraph 11.

12. Admit.

13. With regard to the allegations contained in Paragraph 13 of the Complaint, Palmetto Health admits that during relevant times the individual defendants were acting at all times as representatives of the Orthopaedic Surgery Residency Program and not in an individual capacity. Palmetto Health denies any remaining allegations in Paragraph 13.

## II. Facts

14. Admit.

15. With regard to the allegations contained in Paragraph 15 of the Complaint, Palmetto Health admits that Plaintiff was promoted from PGY-1 to PGY-2 in July 2011. Palmetto Health denies any remaining allegations in Paragraph 15.

16. Deny.

17. Deny.

18. With regard to the allegations contained in Paragraph 18 of the Complaint, Palmetto Health admits that Plaintiff was placed on Level II Academic Remediation from August 15, 2011 through December 1, 2011. Palmetto Health denies any remaining allegations contained in Paragraph 18.

19. With regard to the allegations contained in Paragraph 19 of the Complaint, Palmetto Health admits that after due consideration Dr. Stephens upheld Plaintiff's Academic Remediation and that he chose not to take his grievance to the next step. Palmetto Health denies all remaining allegations contained in Paragraph 19.

20. Deny.

21. Deny.

22. Deny.

23. With regard to the allegations contained in Paragraph 23 of the Complaint, Palmetto Health admits that Plaintiff was placed on Level III Academic Remediation from December 9, 2011 until January 31, 2012. Palmetto Health denies any remaining allegations contained in Paragraph 23.

24. With regard to the allegations contained in Paragraph 24 of the Complaint, Palmetto Health admits that Plaintiff sought to grieve his Academic Remediation but he did not request it within the time limits and that Plaintiff represented that he did not count Martin Luther King day when calculating time. Palmetto Health denies all remaining allegations contained in Paragraph 24.

25. Admit.

26. Admit.

27. With regard to the allegations contained in Paragraph 27 of the Complaint, on April 10, 2012, the GMEC voted to terminate Plaintiff based on the recommendation from the Residency Program and Plaintiff was promptly informed of this fact. Palmetto Health denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. With regard to Paragraph 28 of the Complaint, Palmetto Health admits that Plaintiff filed a grievance, that his termination was upheld by Dr. Stephens, and that his grievance was heard by the GMEC grievance committee on April 30, 2012, and he was verbally informed his termination was upheld. All remaining allegations in Paragraph 28 are denied.

29. With regard to Paragraph 29 of the Complaint, Palmetto Health admits that by letter dated June 1, 2012, Mr. Beaman notified Plaintiff that he found the termination to be proper and upheld the decision of the Grievance Committee. Palmetto Health denies all remaining allegations contained in Paragraph 29.

### FOR A FIRST CAUSE OF ACTION
### (Title VII – Disparate Treatment and Hostile Work Environment)
### (Against Defendants Palmetto Health and USC-SOM)

30. With regard to Paragraph 30 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-29 above as if restated verbatim herein.

31. Palmetto Health does not have information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, therefore, denies the same.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

### FOR A SECOND CAUSE OF ACTION
### (Race Discrimination – 42 U.S.C. § 1981)
### (Against Defendant Palmetto Health)

39. With regard to Paragraph 39 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-38 above as if restated verbatim herein.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

## FOR A THIRD CAUSE OF ACTION
### (Retaliation—Title VII and 42 U.S.C. § 1981)
### (Against Defendants Palmetto Health and USC-SOM)

44. With regard to Paragraph 44 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-43 above as if restated verbatim herein.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

## FOR A FOURTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Breach of Contract)

51. With regard to Paragraph 51 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-50 above as if restated verbatim herein.

52. With regard to the allegations contained in Paragraph 52 of the Complaint, Palmetto Health admits that it entered into two one-year Resident Agreements of Appointment with Plaintiff with the effective dates of July 1, 2010 – June 30, 2011 and July 1, 2011 – June 30, 2012.  Palmetto Health denies all remaining allegations contained in Paragraph 52.

53. With regard to Paragraph 53 of the Complaint, Palmetto Health admits that the Agreement makes reference to certain rules or regulations of Palmetto Health.  Palmetto Health denies all remaining allegations in Paragraph 53.

6

54. Palmetto Health admits that the Agreement makes reference to certain rules or regulations of the Accreditation Council for Graduate Medical Education ("ACGME"). Palmetto Health denies all remaining allegations in Paragraph 54.

55. Deny.

56. With regard to Paragraph 56 of the Complaint, Palmetto Health denies all of its allegations including the allegations contained in its subparts.

57. Deny.

58. Deny.

59. Deny.

### FOR A FIFTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Breach of Contract – Intended Third-Party Beneficiary of Accreditation Agreement)

60. With regard to Paragraph 60 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-59 above as if restated verbatim herein.

61. With regard to the allegations contained in Paragraph 61 of the Complaint, Palmetto Health admits that the Palmetto Health/USC-SOM residency program in orthopaedics applied for and is accredited by the ACGME at present. Palmetto Health denies all remaining allegations in Paragraph 61.

62. With regard to the allegations contained in Paragraph 62 of the Complaint, Palmetto Health admits that the Residency Program must comply with certain requirements to retain accreditation; however, Palmetto Health denies that there is or has ever been a contract between it and the ACGME based on its accreditation. Palmetto Health denies all remaining allegations in Paragraph 62.

63. Deny.

64. With regard to Paragraph 64 of the Complaint, Palmetto Health denies all allegations contained therein, including all subparts.

65. Deny.

66. Deny.

67. Deny.

## FOR A SIXTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Wrongful Discharge in Violation of Public Policy)

68. With regard to Paragraph 68 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-67 above as if restated verbatim herein.

69. Deny.

70. Deny.

71. With regard to Paragraph 71 of the Complaint, Palmetto Health admits that after his termination Plaintiff reported an alleged duty-hour violation to the ACGME of which the ACGME found no violations. Palmetto Health denies all remaining allegations in Paragraph 71.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

## FOR A SEVENTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (Procedural Due Process-42 U.S.C. § 1983)

77. With regard to Paragraph 77 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-76 above as if restated verbatim herein.

8

78. With regard to Paragraphs 78-87 of the Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs or their subparts apply to Palmetto Health, it denies the allegations contained therein.

### FOR AN EIGHTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (Substantive Due Process-42 U.S.C. § 1983)

88. With regard to Paragraph 88 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-87 above as if restated verbatim herein.

89. With regard to Paragraphs 89-94 of the Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

### FOR A NINTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (First Amendment Retaliation-42 U.S.C. § 1983)

95. With regard to Paragraph 95 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-94 above as if restated verbatim herein.

96. With regard to Paragraphs 96-105 of the Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

### FOR A TENTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (Equal Protection Clause-42 U.S.C. § 1983)

106. With regard to Paragraph 106 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-105 above as if restated verbatim herein.

107.    With regard to Paragraphs 107-113 of the Complaint, these Paragraphs are not directed to Palmetto Health.  To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

### FOR AN ELEVENTH CAUSE OF ACTION
### (Against Defendant Koon)
### (Libel Per Se)

114.    With regard to Paragraph 114 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-113 above as if restated verbatim herein.

115.    With regard to Paragraphs 115-121 of the Complaint, these Paragraphs are not directed to Palmetto Health.  To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

### FOR A TWELFTH CAUSE OF ACTION
### (Against Defendant Koon)
### (Tortious Interference with Contract)

122.    With regard to Paragraph 122 of the Complaint, Palmetto Health reasserts and realleges Paragraphs 1-121 above as if restated verbatim herein.

123.    With regard to Paragraphs 123-127 of the Complaint, these Paragraphs are not directed to Palmetto Health.  To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

As to the WHEREFORE Paragraph and its subparts, Palmetto Health denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

### FOR A SECOND DEFENSE
### (Failure to State a Claim)

As it may apply to one or more Causes of Action, the Complaint fails to state facts sufficient to state a claim upon which relief can be granted and, therefore, must be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Failure to Mitigate)**

Plaintiff's claims are barred or limited to the extend he failed to mitigate alleged damages.

**FOR A FOURTH DEFENSE**
**(Statute of Limitations)**

One or more of the Causes of Action in the Complaint may be barred by the applicable statute of limitations.

**FOR A FIFTH DEFENSE**
**(No Punitive Damages – Unconstitutional)**

Plaintiff cannot recover punitive damages because Palmetto Health has not acted with intentional or reckless indifference to Plaintiff's rights and any punitive damage award would violate Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Dated this the 15th day of September 2014.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/Katherine Dudley Helms
Katherine Dudley Helms (Fed ID No. 1811)

s/Todd S. Timmons
Todd S. Timmons (Fed ID No. 11254)

**Attorneys for Defendant Palmetto Health**

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com
todd.timmons@ogletreedeakins.com