IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Palmetto Health; University of South Carolina )<br>School of Medicine; David E. Koon, Jr., M.D., )<br>etc.; John J. Walsh, IV, M.D., etc. )<br>)<br>Defendants. )<br>_____ ) | C/A No. 3:14-cv-03577-CMC-KDW |

**DEFENDANT PALMETTO HEALTH'S RESPONSES TO
LOCAL CIVIL RULE 26.03 INTERROGATORIES**

Defendant Palmetto Health submits these Responses to Local Civil Rule 26.03 Interrogatories as required by the Scheduling Order. These Responses are incorporated by reference into the Rule 26(f) Report filed by the parties.

**INTERROGATORY (1):**

A short statement of the facts of the case.

**RESPONSE TO INTERROGATORY (1):**

Plaintiff brought suit against Palmetto Health for discrimination based on "race discrimination, national origin, and/or religion" under Title VII of the Civil Rights Act of 1964 ("Title VII"), race discrimination under §1981, retaliation under both Title VII and 42 U.S.C. § 1981, breach of contract, breach of contract – intended third-party beneficiary, and wrongful discharge in violation of public policy, in addition to other claims asserted against Defendants University of South Carolina School of Medicine ("USC-SOM", David E. Koon, M.D., and John J. Walsh, IV, M.D.).

Plaintiff was a medical resident in the Orthopaedic Surgery Residency Program (the "Program") jointly operated by Palmetto Health and USC-SOM. Generally, he alleges he was treated unfairly and terminated from the Program because of his "Indian/Zoroastrian" heritage and because he raised complaints about the Program and the physicians supervising his work. Defendant denies that it discriminated or retaliated against Plaintiff in any way. Plaintiff was terminated due to his poor performance as a medical resident and failure to show improvement after being placed on an academic remediation plan.

**INTERROGATORY (2):**

The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**RESPONSE TO INTERROGATORY (2):**

In addition to Plaintiff, Palmetto Health identifies the following individuals at this time:

**David E. Koon, Jr., M.D.**

Dr. Koon is a Defendant in this action. Defendant Palmetto Health expects Dr. Koon may testify about the allegations made in Plaintiff's Complaint, concerns about Plaintiff's performance in the Program, and any other relevant information within his personal knowledge.

**John J. Walsh, IV, M.D.**

Dr. Walsh is a Defendant in this action. Defendant Palmetto Health expects Dr. Walsh may testify about the allegations made in Plaintiff's Complaint, concerns about Plaintiff's performance in the Program, and any other relevant information within his personal knowledge.

**Katherine G. Stephens, Ph.D., MBA, FACHE**

Dr. Stephens is the Vice President of Medical Education and Research and the Designated Institutional Official for GMEC at Palmetto Health. She is expected to testify about

the Program, ACGME certification requirements, and any other relevant information within her personal knowledge.

**Jennifer Wood, M.D.**

Dr. Wood was a Chief Resident in the Program. Palmetto Health expects Dr. Wood may testify about Plaintiff's performance in the Program and any other relevant information within her personal knowledge.

**Christopher Mazoue, M.D.**

Dr. Mazoue was an attending physician in the Program. Palmetto Health expects Dr. Mazoue may testify about Plaintiff's performance in the Program and any other relevant information within his personal knowledge.

**Gregory Grabowski, M.D.**

Dr. Grabowski was an attending physician in the Program. Palmetto Health expects Dr. Grabowski may testify about Plaintiff's performance in the Program and any other relevant information within his personal knowledge.

**Jeffrey A. Guy, M.D.**

Dr. Guy was the Chief of Sports Medicine at the University of South Carolina. Palmetto Health expects Dr. Guy may testify about Plaintiff's performance in the Program and any other relevant information within his personal knowledge.

**Other faculty members of the Program and members of the GMEC supported the decision to terminate Plaintiff from the Program; however Palmetto Health does not presently expect to call them as witnesses.**

**INTERROGATORY (3):**

The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

3

**RESPONSE TO INTERROGATORY (3):**

None at this time; however, Palmetto Health may identify experts later in accordance with the proposed Consent Amended Scheduling Order

**INTERROGATORY (4):**

A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE TO INTERROGATORY (4):**

Plaintiff alleged a number of causes of action against Palmetto Health, which include race/national origin/religion discrimination under Title VII, race discrimination under 42 U.S.C. § 1981, retaliation (under Title VII and §1981), breach of contract, breach of contract – intended third-party beneficiary, and wrongful discharge in violation of public policy.

As to Plaintiff's claims under Title VII, any such claims are barred by the applicable statute of limitations because Plaintiff did not file a charge of discrimination within 300 days of the termination of his employment. *See* 42 U.S.C. § 2000e-5(e)(1).

As to Plaintiff's discrimination claims, Palmetto Health intends to demonstrate that Plaintiff cannot show that his race/national origin/religion was a factor in his termination and that it had legitimate, non-discriminatory reasons for terminating Plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

As to Plaintiff's retaliation claims, Palmetto Health intends to demonstrate that Plaintiff cannot show he engaged in protected identity. *See Hopkins v. Baltimore Gas & Electric Co.*, 77 F.3d 745, 754 (4th Cir. 1996) (citing elements of Title VII retaliation). In the alternative, Palmetto Health intends to demonstrate that Plaintiff cannot show a causal connection between any alleged protected activity and his termination. *Id.*

4

With respect to Plaintiff's claim of breach of contract and breach of contract - intended third-party beneficiary claims, Palmetto Health intends to demonstrate that Plaintiff cannot show it violated any provisions of his residency contract and/or accreditation requirements. Thus, Plaintiff cannot prove the elements of breach of contract. *See Fuller v. Eastern Fire & Casualty Ins. Co.*, 240 S.C. 75, 89 (1962) (listing the elements of breach of contract) (citing *Baughman v. Southern Railway Co.*, 127 S.C. 493). Further, specifically as to Plaintiff's breach of contract – intended third-party beneficiary claim, Palmetto Health intends to demonstrate Plaintiff cannot show there is or has ever been a contract between Palmetto Health and the ACGME based on accreditation. *See Sauner v. Public Serv. Auth.*, 354 S.C. 397, 406 (2003) (listing the elements of a contract) (quoting *Carolina Amusement Co. v. Connecticut Nat'l Life Ins. Co.*, 313 S.C. 215 (Ct. App. 1993)). Thus, there is no contract to which Plaintiff could have been an intended beneficiary.

Lastly, with respect to Plaintiff's claim of wrongful discharge in violation of public policy, this claim fails as a matter of law since Plaintiff admits he had a contract of employment. Thus, the public policy exception to *at-will employment* does not apply to his termination. *See Keeshan v. Eau Claire Cooperative Health Centers, Inc.*, 394 F. App'x 987, 992 (4th Cir. 2010) (affirming the grant of summary judgment on a wrongful discharge claim because the plaintiff was not an at-will employee). Further, even assuming the public policy exception does apply, Plaintiff's termination did not violate any clear mandate of public policy under South Carolina law. *See Greene v. Quest Diagnostics Clinical Labs., Inc.*, 455 F. Supp. 2d 483, 490 (D.S.C. 2006) (" . . . [T]he termination must always violate a *clear mandate* of public policy") (emphasis in original) (citations omitted).

**INTERROGATORY (5):**

Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b) Completion of discovery.

**RESPONSE TO INTERROGATORY (5):**

During their Rule 26(f) Conference, the parties agreed to extend the deadlines identified in the September 16, 2014, Conference and Scheduling Order. The parties have proposed that the amended deadline for the conclusion of discovery be modified and have proposed June 8, 2015, as the new discovery deadline in their proposed Consent Amended Scheduling Order.

**INTERROGATORY (6):**

The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

**RESPONSE TO INTERROGATORY (6):**

A proposed, modified scheduling order is being submitted with the Rule 26(f) report reflecting the specific dates.

**INTERROGATORY (7):**

The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**RESPONSE TO INTERROGATORY (7):**

The parties have agreed to waive the exchange of Rule 26(a)(1) initial disclosures.

Dated this 22nd day of October 2014.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

By:  s/Katherine Dudley Helms
      Katherine Dudley Helms (Fed ID No. 1811)

      s/Todd S. Timmons
      Todd S. Timmons (Fed ID No. 11254)

**Attorneys for Defendant Palmetto Health**

1320 Main Street – Suite 600
Columbia, SC  29201
803.252.1300 (Telephone)
803.254.6517 (Facsimile)
kathy.helms@ogletreedeakins.com
todd.timmons@ogletreedeakins.com