IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **UNIVERSITY DEFENDANTS'** |
| Palmetto Health; University of South Carolina ) | **ANSWERS TO LOCAL RULE 26.03** |
| School of Medicine; David E. Koon, Jr., M.D., in ) | **INTERROGATORIES** |
| his individual capacity; and John J. Walsh, IV, ) | |
| M.D., in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendants University of South Carolina School of Medicine, David E. Koon, Jr., M.D., and John J. Walsh, IV, M.D. ("University Defendants") answer the Local Civil Rule 26.03(A) interrogatories as follows:

**(1)    A short statement of the facts of the case.**

**RESPONSE**: Plaintiff is a former orthopedic surgery resident whose one-year contractual term of employment with Palmetto Health was terminated for cause in April 2012. The Resident Agreement of Appointment provided grievance procedures that allowed Plaintiff to appeal any action through the Graduate Medical Education Committee's policies. Plaintiff waived and/or exhausted the procedures, and now challenges the process and determinations.

After his termination, Plaintiff applied for a medical license in California and, in the process, he signed a statement authorizing Defendants to disclose information, as follows:

> I hereby authorize all hospitals, institutions or organizations, my references, personal physicians, employers (past, present, and future), or business and professional associates (past, present, and future), and all government agencies . . . to release to the Medical Board of California . . . any information, files or records, including medical records, educational records . . . requested by that Board in connection with this application; or

>>any further or futrue investigation by that Board necessary to determine any medical competence, professional conduct, or physical or mental ability to safely engage in the practice of medicine.

Further, Plaintiff and his legal counsel expressly demanded that Defendants comply with requests from the Medical Board of California, and threatened to sue Defendants if they did not comply. After expressly authorizing and compelling Defendants to release information to the Medical Board of California – and having thus waived any claim against them for doing so – Plaintiff now contends Defendants should not have honored his authorization or complied with his demands.  Plaintiff has otherwise slapped Defendants with a shotgun-scatter of meritless allegations.

**(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE**:  The named Defendants may testify.  The University Defendants may call witnesses identified by other parties in response to Local Rule 26.03 interrogatories and otherwise identified in the course of discovery.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE**:  The University Defendants do not currently anticipate offering an expert witness.

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE**:  Plaintiff's Title VII and wrongful discharge claims against the University fail due to the fact that the University never employed Plaintiff.  Further, there is no contract on which to base Plaintiff's contract-based claims against the University.  *See* Sauner v. Public Serv. Auth., 581 S.E.2d 161 (S.C. 2003); Fuller v. Eastern Fire & Cas. Ins. Co., 124 S.E.2d 602

2

(S.C. 1962).

Natural Defendants Koon and Walsh are entitled to qualified immunity and otherwise to judgment as a matter of law on Plaintiff's § 1983 claims. *See, e.g.*, Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988); Paul v. Davis, 424 U.S. 693 (1976); Garraghty v. Virginia, Dep't of Corrections, 52 F.3d 1274 (4th Cir.1995); Board of Curators of the University of Missouri v. Horowitz, 435 U.S. 78 (1978); Ezekwo v. New York City Health & Hospitals Corp., 940 F.2d 775 (2nd Cir. 1991); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001); Bailey v. Kennedy, 349 F.3d 731 (4th Cir. 2003); Simmons v. Poe, 47 F.3d 1370 (4th Cir. 1995); and Pearson v. Callahan, 555 U.S. 223 (2009).

Plaintiff's claims against Defendant Koon for libel and tortious interference with contract are barred due to Plaintiff's signed authorization submitted to the Medical Board of California (quoted in relevant part in response to interrogatory 1, above), by which he waived any claim against Defendants for their submission of information to that Board. *See also* Flateau v. Harrelson, 584 S.E.2d 413 (S.C. App. 2003) (two-year statute of limitations under Tort Claims Act); S.C. Code § 15-3-550 (two-year statute of limitations for defamation claim); Eldeco v. Charleston County School Dist., 642 S.E.2d 726 (S.C. 2007) (elements of claim of tortious interference with contractual relations).

University Defendants have asserted defenses that the Complaint fails to state a claim; claims are time-barred, barred due to Plaintiff's failure to exhaust his administrative remedies, and barred under the doctrines of estoppel, waiver, and laches; claims are barred or limited under the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. § 11101, *et seq.*, including but not limited to 42 U.S.C. § 11111 and 42 U.S.C. § 11113; claims are barred or limited based on good faith, qualified immunity, truth, qualified privilege, or absolute privilege; tort claims are barred or limited pursuant to the S.C. Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*,

3

including but not limited to § 15-78-60(5), (17), (23), and (25); § 15-78-70; § 15-78-120; § 15-78-200; claims for punitive damages are unsupportable; claims are barred or limited by Plaintiff's own negligence, actions, and failure to avoid negative consequences.

> **(5)  Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.):**
> **(a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.**
> **(b)    Completion of discovery.**

**RESPONSE**: The deadlines set forth in the current scheduling order should be sufficient.

> **(6)  Any special circumstances that would affect the time frames applied in preparing the scheduling order.  *See generally* Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

**RESPONSE**: Defendants are not aware of any such special circumstances at this time.

> **(7)  Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

**RESPONSE**:  Not applicable.


October 23, 2014

    s/ Kathryn Thomas
Kathryn Thomas (DCID No. 5134)
Fred A. Williams (DCID No. 9934)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311 / Fax:  (803) 254-6951
kthomas@gsblaw.net;fwilliams@gsblaw.net

ATTORNEYS FOR DEFENDANTS UNIVERSITY OF SOUTH CAROLINA, KOON, AND WALSH