IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., <br><br> Plaintiff, <br><br> v. <br><br> Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., in his individual capacity; and John J. Walsh, IV, M.D., in his individual capacity, <br><br> Defendants. | C.A. No. 3:14-cv-3577-CMC-KDW <br><br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS KOON AND WALSH'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff, a former orthopedic surgery resident, challenges various actions taken against him. Plaintiff alleges Defendants Koon and Walsh violated his rights to procedural and substantive due process, freedom of speech, and equal protection in violation of the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983. [Complaint ¶¶ 77-113] Defendant Walsh has moved for judgment on the pleadings as to all claims brought against him based on Plaintiff's failure to make allegations sufficient to state a claim against him. Defendants Koon and Walsh have also moved for judgment on the pleadings as to Plaintiff's constitutional claims against them under §1983 on the grounds that those claims are foreclosed by the doctrine of qualified immunity.

**Statement of Facts**

As with motions brought under Rule 12(b), Fed. R. Civ. P., Rule 12(c) requires the Court to assume the truth of the factual allegations of Plaintiff's Complaint.

**I.      Allegations as to Defendant Koon**

As they relate to Defendant Koon, the allegations of the Complaint are as follows: Defendant Koon is "the Program Director of the Orthopaedic Surgery Residency Program jointly operated by Defendants Palmetto Health and [University of South Carolina School of Medicine

("USC-SOM")]." [Complaint ¶ 4] Plaintiff has brought suit against Defendant Koon "in his individual capacity for actions taken under color of state law and for actions taken against Plaintiff with actual malice or outside the course and scope of his employment with Defendants Palmetto Health and USC-SOM." [*Id*.]

Plaintiff is a physician who began the Orthopaedic Surgery Residency Program on or around July 1, 2010, and had an expected graduation date of June 2015. [Complaint ¶ 14] At an unspecified time during his residency, "Defendant Koon repeatedly referred to Plaintiff in front of others as 'Achmed the Terrorist'[1] and jokingly suggested Plaintiff might 'blow the place up.'" [Complaint ¶ 32] Defendant Koon also "repeatedly singled Plaintiff out in group discussions and magnified every misstep that Plaintiff made, while similar mistakes and behaviors by his colleagues in the Program were overlooked or minimized." [*Id*. ¶ 34]

"On or about August 15, 2011, only six weeks into his PGY-2 year, Plaintiff was called into a hostile and intimidating meeting by Defendant Koon, with the Orthopaedics Department practice manager as a witness." [Complaint ¶ 16] Defendant Koon told Plaintiff the program had fired residents before, even those in their final year. [*Id*.] Defendant Koon issued Plaintiff a memorandum listing seven "vague" and "generalized" deficiencies, and refused to clarify those deficiencies or allow Plaintiff to defend himself or "explain his side of the story." [*Id*. ¶ 17] Plaintiff was placed on "Level II academic remediation, or probation" until December 1, 2011, filed a grievance that was denied by Dr. Kathy Stephens, and did not appeal that denial. [*Id*. ¶¶ 18-19]

Defendant Koon told Plaintiff he was going to "recommend Level I remediation once the probation ended on December 1, 2011," later "confronted Plaintiff about taking two vacation

---

[1] "Achmed the Dead Terrorist" is a puppet created by ventriloquist Jeff Dunham that has been featured on television and the internet. *See* http://en.wikipedia.org/wiki/Jeff_Dunham.

days during the probation period," and publicly alleged Plaintiff had disregarded a physician's instructions concerning an MRI.  [Complaint ¶¶ 21-22]  Plaintiff was placed on "Level III remediation, or suspension" on December 12, 2011, following an accusation of "inappropriate treatment in the handling of a trauma patient."  [*Id.* ¶ 23]  Plaintiff was not allowed to respond to that accusation, and grieved his suspension to Dr. Stephens, who denied his grievance.  [*Id*. ¶¶ 23-24]  Plaintiff's appeal of his grievance "to the grievance committee of the Graduate Medical Education Committee ('GMEC')" was denied as untimely.  [*Id*. ¶ 24]

Plaintiff was placed on Level II remediation on February 6, 2012, placed on Level III remediation on March 5, 2012 "pending official action on the recommendation he be terminated from the program," and terminated from the program by the GMEC in April 2012.  [Complaint ¶¶ 25-27]  Plaintiff's subsequent grievances of his termination to Dr. Stephens, GMEC, and the CEO of Palmetto Health were denied following a GMEC hearing.   [*Id*. ¶¶ 28-29]

## II. Allegations as to Defendant Walsh

As they relate to Defendant Walsh, the allegations of the Complaint are as follows: Defendant Walsh is "the Chair of the Orthopaedic Surgery Department of Defendant USC-SOM."  [Complaint ¶ 5]  Plaintiff has sued Defendant Walsh "in his individual capacity for actions taken under color of state law and for actions taken against Plaintiff with actual malice or outside the course and scope of his employment with Defendants Palmetto Health and USC-SOM."  [*Id*.]

## Argument

## I. The Complaint lacks allegations as to Defendant Walsh.

"[I]n order for an individual to be liable under Section 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Garraghty v. Virginia, Dep't of Corrections, 52 F.3d 1274, 1280 (4th Cir.1995) (quoting Wright v. Collins, 766 F.2d 841, 850 (4th Cir.1985)) (internal citations omitted); Vinnedge v. Gibbs, 550

F.2d 926,928 (4th Cir.1977). To be held liable under §1983, a plaintiff must establish that "each Government-official defendant, through the official's own individuals actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

The Complaint alleges Defendant Walsh was Chair of the Orthopaedic Surgery Department and is sued in his individual capacity. [Complaint ¶ 5] The Complaint is silent as to any basis on which Defendant Walsh may be held liable, and only includes allegations concerning the actions of Defendant Walsh's subordinate, Defendant Koon. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 556 U.S. at 676. Thus, Defendant Walsh is entitled to judgment on the pleadings because Plaintiff's Complaint does not allege he personally took any action against Plaintiff. See Garraghty, 52 F.3d at1280; Vinnedge, 550 F.2d at 928; and Iqbal, 556 U.S. at 676. Defendant Walsh is also entitled to a judgment on the pleadings based on qualified immunity as discussed below.

**II.     Defendants Koon and Walsh are entitled to qualified immunity.**

Qualified immunity protects a government official from liability in §1983 actions arising from the performance of discretionary actions. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies so long as the official's conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. The analysis of a qualified immunity claim entails two steps. First, the court must decide "whether a constitutional right would have been violated on the facts alleged." Saucier v. Katz, 533 U.S. 194, 200 (2001); Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Then, the court must determine whether, at the time of the violation, a reasonable person in the defendant's position would know that his actions would violate a clearly established right. Reichle v. Howards, —— U.S. ——, 132 S.Ct. 2088, 2093 (2012) ("Qualified immunity shields government officials from

4

civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."); Simmons v. Poe, 47 F.3d 1370, 1385 (4th Cir. 1995).

"To be clearly established, a right must be sufficiently clear that *every* reasonable official would [have understood] that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question *beyond debate.*" Reichle,132 S.Ct. at 2093 (internal quotations and citations omitted; brackets original; emphasis added). Thus, "if judges . . . disagree on a constitutional question, it is unfair to subject [public officials] to money damages for picking the losing side of the controversy." *Id.*, at 2096 (internal quotations and end citation omitted).  For a right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002).  "[T]o defeat defendant's claim of qualified immunity, it is not enough to show that defendant violated [plaintiff's] First Amendment rights, she must further show that at the time of the alleged violation those rights were clearly established." Fields v. Prater, 566 F.3d 381, 389 (4th Cir. 2009).  As the court of appeals has repeatedly stressed, "'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " *Id.*, quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992).

A plea of qualified immunity is a threshold issue to be decided by the Court, Willingham v. Crooke, 412 F.3d 553, 560 (4th Cir. 2005); DiMeglio v. Haines, 45 F.3d 790, 794-95; 803-04 (4th Cir. 1995), and must be sustained if the plaintiff has failed to allege or show facts that "make out a violation of a constitutional right[ ]" *or* if he has failed to establish that "the right at issue was clearly established at the time of defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2009).  "Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation." Saucier, 533 U.S. at 200 (internal quotation marks and citations omitted).

*i.     Equal Protection.*

To establish a violation of the Equal Protection Clause, a plaintiff must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). The Complaint alleges Plaintiff was informed by Defendant Koon that the Program had fired residents before, even those in their final year. [Complaint ¶ 16] There is no allegation that the other residents who were terminated were similarly-situated to Plaintiff.[2] The Complaint also alleges Defendant Koon "repeatedly singled Plaintiff out in group discussions and magnified every misstep that Plaintiff made, while similar mistakes and behaviors by his colleagues in the Program were overlooked or minimized." [*Id*. ¶ 34] There is no allegation that residents who made mistakes similar to Plaintiff's, but were not singled out in group discussions, were not similarly-situated to Plaintiff. Further, while the Complaint alleges Defendant Koon was prejudiced based on Plaintiff's race, national origin, and religion [*id*. ¶ 33], the Complaint fails to allege any link between that alleged prejudice and the termination of Plaintiff's participation in the residency program. Thus, Plaintiff has failed to plead an equal protection claim. Halverson v. University of Utah School of Medicine, 2007 WL 2892633, *14 (D. Utah 2007).

Even if Plaintiff had alleged a violation of his constitutional right to equal protection, such a right was not clearly established. *See* Halverson, 2007 WL 2892633 at *14 (plaintiff failed to show any clearly established law as to equal protection claim, thus entitling the individual defendants in medical residency case to qualified immunity). Therefore, even if a

---

[2]In fact, the resident to whom Defendant Koon allegedly referred was not similarly-situated to Plaintiff. *See* Lamoreaux v. Palmetto Health *et al.*, Civil Action No. 3:09-cv-1457-CMC.

6

violation existed, it was not "beyond debate" and Defendants Koon and Walsh are entitled to qualified immunity. Reichle,132 S.Ct. at 2093.

  *ii.  Procedural Due Process.*

  To establish a §1983 procedural due process claim against Defendants Koon and Walsh, Plaintiff must establish three elements: (1) Plaintiff had a liberty or a property interest (2) of which Defendants Koon and Walsh deprived him (3) without due process of law. Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 826 (4th Cir.1995). The Complaint's allegations reveal that Plaintiff's dismissal from the Residency Program was academic in nature, as opposed to disciplinary. [Complaint ¶ 22 (Plaintiff was alleged to have "disregarded the instructions of an attending physician about ordering an MRI for a patient") and ¶ 23 ("Plaintiff was accused of inappropriate treatment of in the handling of a trauma patient.")] In the case of academic dismissals, procedural due process does not require any form of hearing before a decision-making body, either before or after the termination decision is made. Board of Curators of the University of Missouri v. Horowitz, 435 U.S. 78, 87-91 (1978).

  In the instance of an academic dismissal, it is sufficient that the plaintiff was informed of the nature of the faculty's dissatisfaction and that the ultimate decision to dismiss was "careful and deliberate." Horowitz, 435 U.S. at 85. The Complaint alleges Plaintiff received a memorandum listing seven deficiencies prior to his initial remediation [Complaint ¶ 17], was informed that Koon believed Plaintiff "disregarded the instructions of an attending physician about ordering an MRI for a patient" [*id*. ¶ 22], and "was accused of inappropriate treatment in the handling of a trauma patient" [*id*. ¶ 23]. Therefore, based on the allegations of the Complaint, it is clear Plaintiff was informed of the nature of Koon's dissatisfaction.

  The only remaining requirement for an academic dismissal to meet the constitutional procedural due process standard is that it must be "careful and deliberate." Horowitz, 435 U.S. at 85. The Complaint alleges Plaintiff was placed on two levels of remediation and was allowed to

7

grieve each step of the process, and the ultimate dismissal decision was made only after consideration by the GMEC. [Complaint ¶¶ 18-29] Thus, it is clear the decision to dismiss Plaintiff was "careful and deliberate." *See* Rose v. University of Texas Southwestern Medical School at Dallas, 32 Fed.Appx. 131, *1 (5th Cir. 2002) ("Rose was informed of his probationary status for deficient performance, and, upon termination, he was afforded a hearing during which he was allowed to question and present witnesses. Rose was given more process than was owed under the circumstances.") *see also* Davis v. Mann, 721 F.Supp. 796, 799 (S.D. Miss. 1988).

Even if Plaintiff had alleged a violation of his constitutional right to procedural due process, such a right was not clearly established. *See* Nigro v. Virginia Commonwealth University Medical College of Virginia, 2010 WL 2262539, *6 (W.D. Va. 2010) (first-year resident enrolled in a physician's residency program "failed to allege sufficient facts to support the notion that she had a property interest in the three-year residency program for the purposes of procedural due process."). Therefore, even if a violation existed, it was not "beyond debate" and Defendants Koon and Walsh are entitled to qualified immunity. Reichle,132 S.Ct. at 2093.

   iii. *Substantive Due Process.*

To successfully allege a substantive due process claim against Defendants Koon and Walsh, Plaintiff must demonstrate (1) he had liberty or a property interest, (2) Defendants Koon and Walsh deprived him of such interest, and (3) Defendants Koon and Walsh's actions fall so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency. Sylvia Dev. Corp., 48 F.3d at 827 (citing Love v. Pepersack, 47 F.3d 120, 122 (4th Cir.1995). "Substantive due process review entails a consideration of the merits of a hospital's decision rather than just the process by which the hospital reached its decision." Loxley v. Chesapeake Hospital Authority, 166 F.3d 333, *4 (4th Cir. 1998). Defendant Koon's evaluation of Plaintiff as a physician was, as alleged in the Complaint, central to Koon's recommendation that Plaintiff's participation in the residency program be terminated. [Complaint ¶ 22 (Plaintiff

8

was alleged to have "disregarded the instructions of an attending physician about ordering an MRI for a patient") and ¶ 23 ("Plaintiff was accused of inappropriate treatment of in the handling of a trauma patient.")] "Evaluating a doctor's qualifications requires medical expertise and involves the overriding and compelling state interest in safeguarding and protecting health, safety and lives. Accordingly, such review is extremely deferential." Loxley, 166 F.3d at *4 (quotation omitted).

"Substantive due process is a far narrower concept than procedural; it is an absolute check on certain governmental actions notwithstanding the fairness of the procedures used to implement them." Love, 47 F.3d at122. In Bell v. Ohio State Univ., 351 F.3d 240 (6th Cir. 2003), the Sixth Circuit Court of Appeals went so far as to say that where there is no equal protection violation "we can see no basis for finding that a medical student's interest in continuing her medical school education is protected by substantive due process." *Id*. at 251. Because Plaintiff's procedural due process and equal protection claims fail for the reasons stated above, Plaintiff's substantive due process claim also fails. *See id*., *see also* Fuller v. Schoolcraft College, 909 F.Supp.2d 862, 878-79 (E.D. Mich. 2012).

Even if Plaintiff had alleged a violation of his constitutional right to substantive due process, such a right was not clearly established. *See* Nigro, 2010 WL 2262539 at *6 (first-year resident enrolled in a physician's residency program "pointed to no authority indicating that students possess a right to continued enrollment in the context of substantive due process."). Therefore, even if a violation existed, it was not "beyond debate" and Defendants Koon and Walsh are entitled to qualified immunity. Reichle,132 S.Ct. at 2093.

    iv.    *First Amendment right to free speech.*

To successfully allege a First Amendment §1983 retaliation claim against Defendants Koon and Walsh, Plaintiff must demonstrate (1) his speech was protected; (2) Defendants Koon and Walsh's alleged retaliatory action adversely affected the plaintiff's constitutionally protected

9

speech; and (3) a causal relationship exists between his speech and the defendants' retaliatory action.  Bretemps v. Town of Brentwood, Md., 9 F.Supp.3d 571 (D. Md. 2014) (citing Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir.1990) and ACLU v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir.1993)).

The Complaint alleges Plaintiff complained about excessive work hours and a lack of supervision.  [Complaint ¶¶ 96-101].  Retaliation for complaints about factors affecting only an individual plaintiff are not sufficient grounds for a claim of First Amendment retaliation.

> In Stroman v. Colleton County School District, 981 F.2d 152 (4th Cir.1992), we stated that "[p]ersonal grievances [such as] complaints about conditions of employment ... do not constitute speech about matters of public concern that are protected by the First Amendment." *Id*. at 156. Similarly, in Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337 (4th Cir.2000), we held that "mere allegations of favoritism ... and other complaints of interpersonal discord[ ] are not treated as matters of public policy." *Id*. at 352. Thus, although this court has declined to "articulate any sort of bright-line rule," Campbell v. Galloway, 483 F.3d 258, 269 (4th Cir.2007), we have been wary of affording the broad cover of the First Amendment to comments limited to "grievances about conditions of employment that cannot be considered matters of public concern," *id*. at 267.

Brooks v. Arthur, 685 F.3d 367, 372 (4th Cir. 2012) (plaintiff's "speech pertained to personal grievances and complaints about conditions of employment rather than broad matters of policy meriting the protection of the First Amendment.").  This rule applies equally to medical residents.  Ezekwo v. New York City Health & Hospitals Corp., 940 F.2d 775, 781 (2nd Cir. 1991) (resident's complaints about aspects of residency program that negatively affected her did not implicate matters of public concern)

Further, Plaintiff has a "rigorous" causation burden that his Complaint establishes he cannot meet.  Goad v. Silverman, 121 F.3d 698, *5 (4th Cir. 1997) (table decision).  Plaintiff alleges he received a memorandum listing seven deficiencies prior to his initial remediation [Complaint ¶ 17], he was informed that Koon believed Plaintiff "disregarded the instructions of

an attending physician about ordering an MRI for a patient" [*id*. ¶ 22], and he "was accused of inappropriate treatment of in the handling of a trauma patient" [*id*. ¶ 23]. In Goad, the Fourth Circuit Court of Appeals found a psychiatry resident could not establish his causation burden for a claim of First Amendment retaliation where "defendants had more than enough reason to terminate Goad from the program, separate and apart from any speech concerns." *Id*. at *6. The Complaint alleges non-speech-related incidents which caused Plaintiff's termination. Thus, his First Amendment retaliation claim fails.

Even if Plaintiff had alleged a violation of his constitutional right to free speech, such a right was not clearly established. *See* Syed v. Board of Trustees of Southern Illinois University, 2010 WL 3283008, *5-6 (C.D. Ill. 2010) (defendants in medical residency case lacked clear guidance on the plaintiff's status for First Amendment purposes). Therefore, even if a violation existed, it was not "beyond debate" and Defendants Koon and Walsh are entitled to qualified immunity. Reichle, 132 S.Ct. at 2093.

**Conclusion**

Defendant Walsh is entitled to judgment on the pleadings as to all claims brought against him based on Plaintiff's failure to make allegations sufficient to state a claim against him. Defendants Koon and Walsh are also entitled to judgment on the pleadings as to Plaintiff's constitutional claims against them under §1983 on the grounds that those claims are foreclosed by the doctrine of qualified immunity. Therefore, Defendants Koon and Walsh respectfully request that they be granted judgment on the pleadings.

|  |  |
|---|---|
| December 4, 2014 | s/ Fred A. Williams<br>Kathryn Thomas (DCID No. 5134)<br>Fred A. Williams (DCID No. 9934)<br>GIGNILLIAT, SAVITZ & BETTIS, LLP<br>900 Elmwood Avenue, Suite 100<br>Columbia, South Carolina  29201<br>Ph: (803) 799-9311 / Fax:  (803) 254-6951<br>kthomas@gsblaw.net; fwilliams@gsblaw.net<br><br>ATTORNEYS FOR DEFENDANTS DAVID KOON, JR., M.D., AND JOHN J. WALSH IV, M.D. |