IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM IN SUPPORT** |
| Palmetto Health; University of South Carolina ) | **OF DEFENDANT DAVID KOON'S** |
| School of Medicine; David E. Koon, Jr., M.D., in ) | **MOTION FOR SUMMARY** |
| his individual capacity; and John J. Walsh, IV, ) | **JUDGMENT ON STATE LAW CLAIMS** |
| M.D., in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### Introduction

Until April 10, 2012, Plaintiff Afraaz Irani ("Dr. Irani") was a medical resident of the Orthopaedic Surgery Residency Program jointly operated by Palmetto Health and the University of South Carolina School of Medicine. In his Complaint, Dr. Irani has asserted two state law claims against Defendant David Koon ("Dr. Koon"): libel *per se* and tortious interference with contract. Dr. Koon now moves for summary judgment on the state law claims.[1]

### Statement of Facts

At all relevant times, Dr. Koon has served as the Program Director of the Orthopaedic Surgery Residency Program jointly operated by Palmetto Health and the University of South Carolina School of Medicine. Dr. Irani was a resident in the program from July 1, 2010, until April 10, 2012. He completed his first year of the program ("PGY-1 year"). Dr. Irani was placed on Level II Academic Remediation from August 15, 2011, through December 1, 2011. Dr. Irani

---

[1]Dr. Koon has a pending motion for judgment on the pleadings as to Dr. Irani's constitutional claims against him under 42 U.S.C. §1983.  [ECF No. 18]

appealed to Dr. Katherine Stephens, who upheld his Academic Remediation, and Dr. Irani did not take his grievance to the next step. Dr. Irani was placed on Level III Academic Remediation from December 9, 2011, until January 31, 2012. After Dr. Stephens upheld Dr. Irani's Academic Remediation in January 2012, Dr. Irani did not timely request a grievance hearing. [Koon Affidavit]

In February 2012, Dr. Irani was again placed on Level II Academic Remediation. In March 2012, Dr. Irani was again placed on Level III Academic Remediation and was suspended from the program pending official action on the recommendation that he be terminated from the program. On April 10, 2012, the Graduate Medical Education Committee ("GMEC") voted to terminate Dr. Irani from the program. After the April 10, 2012 termination decision, Dr. Irani pursued a grievance. Dr. Katherine Stephens upheld the GMEC's decision, and Dr. Irani's grievance was heard by the resident grievance committee on April 30, 2012. The grievance committee upheld the termination decision. By letter dated June 1, 2012, Charles Beamon, CEO of Palmetto Health, notified Dr. Irani that he found the termination to be proper and that he upheld the decision of the grievance committee. [Koon Affidavit]

In May 2012, Dr. Koon learned that attorney David Rothstein had sent a letter to various individuals threatening a lawsuit on behalf of Dr. Irani, and targeting Dr. Koon personally. Mr. Rothstein had previously filed a lawsuit against Palmetto Health, the University, Dr. Koon, and others on behalf of a former resident, Dr. Chad Lamoreaux. At the time of Mr. Rothstein's May 2012 letter threatening litigation on behalf of Dr. Irani, Dr. Koon was a defendant in another lawsuit filed by Mr. Rothstein, this one on behalf of Dr. John Eady, in which, yet again, Mr. Rothstein sued Dr. Koon personally. [Koon Affidavit]

On or about August 31, 2012, Dr. Koon learned, through legal counsel, of an email David Rothstein had sent to attorneys Kathy Helms and Shahin Vafai, attorneys who had represented Palmetto Health, the University, Dr. Koon, and others in Dr. Lamoreaux's lawsuit, and were representing Palmetto Heath, the University, Dr. Koon, and others in Dr. Eady's lawsuit.  In that email, Mr. Rothstein again threatened litigation, this time with specific reference to Dr. Irani's attempts to enter a residency program elsewhere, and stated "I am sure you will advise your clients about their potential liability for defamation, tortious interference, and retaliation if they torpedo Dr. Irani's efforts to further his medical career."  [Koon Affidavit]

Dr. Koon never provided any information about Dr. Irani to any residency program.  In approximately March 2013, Dr. Koon learned that Dr. Irani had been placed with a residency program.  Dr. Koon was relieved because he thought that meant Dr. Irani would move on with his life and not file a lawsuit.  [Koon Affidavit]

On May 28, 2013, Dr. Irani sent Dr. Koon an email in which he informed Dr. Koon that he was applying for a medical license in California, and asked Dr. Koon to fill out a two-page form and mail it to the Medical Board of California.  Dr. Koon sought, obtained, and followed legal advice on the matter, and on June 4, 2013, sent documents ("Exhibit D" to Dr. Koon's affidavit) to the Medical Board of California.  Dr. Koon was trying to balance his concerns about properly performing his obligations as Program Director, being accurate in his submissions to the Medical Board of California, and avoiding a lawsuit by Dr. Irani.  [Koon Affidavit]

On Monday, June 17, 2013, Dr. Koon received a letter that Dr. Irani had hand-delivered to Dr. Koon's office, in which Dr. Irani asked Dr. Koon to address some "errors" in the form he sent to the Medical Board of California on June 4, 2013.  Dr. Koon again sought, obtained, and

followed legal advice on the matter, and sent documents ("Exhibit F" to Dr. Koon's affidavit) to the Medical Board of California on June 17, 2013. At all times, Dr. Koon was trying to balance his concerns about properly performing his obligations as Program Director, being accurate in his submissions to the Medical Board of California, and avoiding a lawsuit by Dr. Irani. [Koon Affidavit]

Other than the documents attached as Exhibits D and F to Dr. Koon's affidavit, Dr. Koon has not submitted any documentation or other information to the Medical Board of California. Dr. Koon has not submitted any documentation or other information to any other entity with whom Dr. Irani may have sought or obtained a license, residency, or employment. [Koon Affidavit]

## Argument

**A.    Libel *Per Se***

In the eleventh cause of action of his Complaint, Dr. Irani asserts a claim against Dr. Koon for "Libel *Per Se*." "In order to prove defamation, the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Erickson v. Jones Street Publishers, L.L.C., 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006) (citation omitted). "Under the common law, '[l]ibel is actionable *per se* if it involves written or printed words which tend to degrade a person, that is, to reduce his character or reputation in the estimation of his friends or acquaintances, or the public, or to disgrace him, or to render him odious, contemptible, or ridiculous.'" *Id*. at 465-66, 664. Whether a statement is actionable *per se* is a matter of law for

the court to resolve. *Id.*

The Complaint alleges Dr. Koon published untrue written statements that Dr. Irani was incompetent to practice medicine, had persistent patient care issues, failed to complete remediation measures, did not provide proper patient care on at least two occasions, and had failures in several areas of competency in patient care "to third parties, including the Medical Board of California." [Complaint ¶¶ 115-17] While the Complaint suggests an allegation of publication to unspecified third parties, the only third party mentioned by name in the entirety of Dr. Irani's 26-page Complaint is the Medical Board of California, and the only special damages alleged involve the denial of Dr. Irani's California medical license. [*Id.* ¶ 116, 119] Moreover, Dr. Koon has not submitted any documentation or other information to any entity, other than the Medical Board of California, with whom Dr. Irani may have sought or obtained a license, residency, or employment. [Koon Affidavit]

Dr. Irani cannot maintain a claim of libel *per se* because he specifically asked Dr. Koon to submit information to the Medical Board of California. [Koon Affidavit] Further, Dr. Irani signed a declaration specifically authorizing Dr. Koon, and all others affiliated with the residency program, to provide all requested information to the Medical Board of California. In pertinent part, Dr. Irani's signed and notarized authorization provides:

> . . . I hereby authorize all hospitals, institutions or organizations, my references, personal physicians, employers (past, present, and future), or business and professional associates (past, present, and future), and all governmental agencies (local, state, federal, or foreign) to release to the Medical Board of California or its successors any information, files or records, including medical records, educational records . . . requested by the Board in connection with this application . . .

[Thomas Affidavit Ex. G]

5

Dr. Irani's signed authorization, and his requests and demands that Dr. Koon fill out forms and otherwise fully respond to the Medical Board of California's requests for information, completely defeat his claim of libel *per se*. *See, e.g.*, Martin v. Shank, 831 F.2d 1057, 1987 WL 38797, *1 (4th Cir. Oct. 13, 1987) ("We agree with the district court that Martin authorized the release of his medical records to the Board of Law Examiners and therefore he has no action for defamation.").

Accordingly, Dr. Irani cannot establish a claim of libel *per se*, and Dr. Koon is entitled to summary judgment on the Complaint's eleventh cause of action.

**B.      Tortious Interference with Contract**

In the twelfth cause of action of his Complaint, Dr. Irani asserts a claim against Dr. Koon for "Tortious Interference with Contract." "'The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages.'" Dutch Fork Development Group II, LLC v. SEL Properties, LLC, 406 S.C. 596, 604, 753 S.E.2d 840, 844 (2012) *quoting* Camp v. Springs Mortgage Corp., 310 S.C. 514, 517, 426 S.E.2d 304, 305 (1993). Dr. Irani cannot establish Dr. Koon engaged in an unjustified and intentional procurement of a breach of any contract Dr. Irani may have had with any third party.

As set forth above and in Dr. Koon's affidavit, Dr. Koon provided information to the Medical Board of California, at Dr. Irani's request and authorization, after seeking and obtaining legal advice. Rather than an unjustified and intentional procurement of a breach of a contract, the record shows Dr. Koon did everything within professional and ethical bounds to be

6

supportive of Dr. Irani's efforts to pursue a medical career.  [*See* Koon Affidavit]

Accordingly, Dr. Irani cannot establish a claim of tortious interference with contract, and Dr. Koon is entitled to summary judgment on the Complaint's twelfth cause of action.

## Conclusion

Dr. Koon respectfully requests that summary judgment be granted in his favor on the Complaint's eleventh and twelfth causes of action.

|  |  |
|---|---|
|  | s/ Fred A. Williams |
|  | Kathryn Thomas (DCID No. 5134) |
|  | Fred A. Williams (DCID No. 9934) |
|  | GIGNILLIAT, SAVITZ & BETTIS, LLP |
|  | 900 Elmwood Avenue, Suite 100 |
|  | Columbia, South Carolina  29201 |
|  | Ph: (803) 799-9311 / Fax:  (803) 254-6951 |
| January 6, 2015 | kthomas@gsblaw.net; fwilliams@gsblaw.net |

ATTORNEYS FOR DEFENDANT DAVID KOON, JR., M.D.