IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Palmetto Health; University of South Carolina )<br>School of Medicine; David E. Koon, Jr., M.D., )<br>etc.; John J. Walsh, IV, M.D., etc. )<br>)<br>Defendants. )<br>_____ ) | C/A No. 3:14-cv-03577-CMC-KDW |

**DEFENDANT PALMETTO HEALTH'S
ANSWER TO PLAINTIFF'S AMDENDED COMPLAINT**

COMES NOW Defendant Palmetto Health (hereinafter referred to as "Palmetto Health"), by and through its counsel, and files this Answer in response to the allegations in the Amended Complaint of Plaintiff Afraaz R. Irani, M.D., (hereinafter "Plaintiff").

**FOR A FIRST DEFENSE**

With regard to the specific allegations contained in the Amended Complaint, Palmetto Health responds to each separately numbered paragraph below. Any allegations not herein specifically admitted, modified, or explained are expressly denied.

**I. Parties, Jurisdiction, and Venue**

1. Palmetto Health admits, upon information and belief, that Plaintiff is a citizen and resident of Santa Clara County, California.

2. Admit.

3. Admit.

4. Palmetto Health admits that Defendant David E. Koon, Jr., M.D., is a citizen and resident of Richland County, South Carolina; admits that at all times relevant to the Amended

Complaint, Defendant Koon was the Program Director of the Orthopaedic Surgery Residency Program jointly operated by Defendants Palmetto Health and University of South Carolina School of Medicine ("USC-SOM"); and admits that Plaintiff purports to bring causes of action against Defendant Koon in his individual capacity. Palmetto Health denies any remaining allegations in Paragraph 4.

5. Palmetto Health admits that Defendant John J. Walsh, IV, M.D., is a citizen and resident of Richland County, South Carolina; admits that at all times relevant to the Amended Complaint, Defendant Walsh was the Chair of the Orthopaedic Surgery Department of USC-SOM; and admits that Plaintiff purports to bring causes of action against Defendant Walsh in his individual capacity. Palmetto Health denies any remaining allegations in Paragraph 5.

6. Palmetto Health admits that it removed this case to this Court and this Court has jurisdiction over it and that Plaintiff alleges this Court has jurisdiction over the other Defendants. Palmetto Health admits that the United States District Court for the District of South Carolina, Columbia Division, has subject matter jurisdiction (federal question – 28 U.S.C. § 1331) over this case. Palmetto Health denies any remaining allegations in Paragraph 6.

7. Admit.

8. Admit.

9. Admit.

10. With regard to Paragraph 10 of the Amended Complaint, Palmetto Health admits that Plaintiff has exhausted his internal remedies as to the residency program and his administrative remedies as to Palmetto Health, although they were untimely. Palmetto Health denies all remaining allegations in Paragraph 10.

11. Plaintiff was in part an employee and in part a student. Palmetto Health admits that Plaintiff is sufficiently employed to be covered by Title VII as asserted in Paragraph 11 of the Amended Complaint.

12. Deny.

13. Deny.

14. With regard to the allegations contained in Paragraph 14 of the Amended Complaint, Palmetto Health admits that during relevant times the individual defendants were acting at all times as representatives of the Orthopaedic Surgery Residency Program and not in an individual capacity. Palmetto Health denies any remaining allegations in Paragraph 14.

## II. Facts

15. Admit.

16. With regard to the allegations contained in Paragraph 16 of the Amended Complaint, Palmetto Health admits that Plaintiff was promoted from PGY-1 to PGY-2 in July 2011. Palmetto Health denies any remaining allegations in Paragraph 16.

17. Deny.

18. Deny.

19. With regard to the allegations contained in Paragraph 19 of the Amended Complaint, Palmetto Health admits that Plaintiff was placed on Level II Academic Remediation from August 15, 2011 through December 1, 2011. Palmetto Health denies any remaining allegations contained in Paragraph 19.

20. With regard to the allegations contained in Paragraph 20 of the Amended Complaint, Palmetto Health admits that after due consideration Dr. Stephens upheld Plaintiff's

Academic Remediation and that he chose not to take his grievance to the next step. Palmetto Health denies all remaining allegations contained in Paragraph 20.

21. Deny.

22. Deny.

23. Deny.

24. With regard to the allegations contained in Paragraph 24 of the Amended Complaint, Palmetto Health admits that Plaintiff was placed on Level III Academic Remediation from December 9, 2011 until January 31, 2012. Palmetto Health denies any remaining allegations contained in Paragraph 24.

25. With regard to the allegations contained in Paragraph 25 of the Amended Complaint, Palmetto Health admits that Plaintiff sought to grieve his Academic Remediation but he did not request it within the time limits and that Plaintiff represented that he did not count Martin Luther King day when calculating time. Palmetto Health denies all remaining allegations contained in Paragraph 25.

26. Admit.

27. Admit.

28. With regard to the allegations contained in Paragraph 28 of the Amended Complaint, on April 10, 2012, the GMEC voted to terminate Plaintiff based on the recommendation from the Residency Program and Plaintiff was promptly informed of this fact. Palmetto Health denies all remaining allegations contained in Paragraph 28.

29. With regard to Paragraph 29 of the Amended Complaint, Palmetto Health admits that Plaintiff filed a grievance, that his termination was upheld by Dr. Stephens, and that his

grievance was heard by the GMEC grievance committee on April 30, 2012, and he was verbally informed his termination was upheld. All remaining allegations in Paragraph 29 are denied.

30. With regard to Paragraph 30 of the Amended Complaint, Palmetto Health admits that by letter dated June 1, 2012, Mr. Beaman notified Plaintiff that he found the termination to be proper and upheld the decision of the Grievance Committee. Palmetto Health denies all remaining allegations contained in Paragraph 30.

## FOR A FIRST CAUSE OF ACTION
### (Title VII – Disparate Treatment and Hostile Work Environment)
### (Against Defendants Palmetto Health and USC-SOM)

31. With regard to Paragraph 31 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-30 above as if restated verbatim herein.

32. Palmetto Health does not have information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, therefore, denies the same.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

## FOR A SECOND CAUSE OF ACTION
### (Race Discrimination – 42 U.S.C. § 1981)
### (Against Defendant Palmetto Health)

40. With regard to Paragraph 40 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-39 above as if restated verbatim herein.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

## FOR A THIRD CAUSE OF ACTION
### (Retaliation—Title VII and 42 U.S.C. § 1981)
### (Against Defendants Palmetto Health and USC-SOM)

45. With regard to Paragraph 45 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-44 above as if restated verbatim herein.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50  Deny.

51. Deny.

## FOR A FOURTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Breach of Contract)

52. With regard to Paragraph 52 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-51 above as if restated verbatim herein.

53. With regard to the allegations contained in Paragraph 53 of the Complaint, Palmetto Health admits that it entered into two one-year Resident Agreements of Appointment with Plaintiff with the effective dates of July 1, 2010 – June 30, 2011 and July 1, 2011 – June 30, 2012.  Palmetto Health denies all remaining allegations contained in Paragraph 53.

6

54. With regard to Paragraph 54 of the Amended Complaint, Palmetto Health admits that the Agreement makes reference to certain rules or regulations of Palmetto Health. Palmetto Health denies all remaining allegations in Paragraph 54.

55. Palmetto Health admits that the Agreement makes reference to certain rules or regulations of the Accreditation Council for Graduate Medical Education ("ACGME"). Palmetto Health denies all remaining allegations in Paragraph 55.

56. Deny.

57. With regard to Paragraph 57 of the Amended Complaint, Palmetto Health denies all of its allegations including the allegations contained in its subparts.

58. Deny.

59. Deny.

60. Deny.

**FOR A FIFTH CAUSE OF ACTION**
**(Against Defendants Palmetto Health and USC-SOM)**
**(Breach of Contract – Intended Third-Party Beneficiary of Accreditation Agreement)**

61. With regard to Paragraph 61 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-60 above as if restated verbatim herein.

62. With regard to the allegations contained in Paragraph 62 of the Amended Complaint, Palmetto Health admits that the Palmetto Health/USC-SOM residency program in orthopaedics applied for and is accredited by the ACGME at present. Palmetto Health denies all remaining allegations in Paragraph 62.

63. With regard to the allegations contained in Paragraph 63 of the Amended Complaint, Palmetto Health admits that the Residency Program must comply with certain requirements to retain accreditation; however, Palmetto Health denies that there is or has ever

been a contract between it and the ACGME based on its accreditation. Palmetto Health denies all remaining allegations in Paragraph 63.

64. Deny.

65. With regard to Paragraph 65 of the Amended Complaint, Palmetto Health denies all allegations contained therein, including all subparts.

66. Deny.

67 Deny.

68. Deny.

## FOR A SIXTH CAUSE OF ACTION
### (Against Defendants Palmetto Health and USC-SOM)
### (Wrongful Discharge in Violation of Public Policy)

69. With regard to Paragraph 69 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-68 above as if restated verbatim herein.

70. Deny.

71. Deny.

72. With regard to Paragraph 72 of the Amended Complaint, Palmetto Health admits that after his termination Plaintiff reported an alleged duty-hour violation to the ACGME of which the ACGME found no violations. Palmetto Health denies all remaining allegations in Paragraph 72.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

8

## FOR A SEVENTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (Tortious Interference with Contract)

78. With regard to Paragraph 78 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-77 above as if restated verbatim herein.

79. With regard to Paragraphs 79-88 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

## FOR AN EIGHTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (Procedural Due Process-42 U.S.C. § 1983)

89. With regard to Paragraph 89 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-88 above as if restated verbatim herein.

90. With regard to Paragraphs 90-99 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs or their subparts apply to Palmetto Health, it denies the allegations contained therein.

## FOR AN NINTH CAUSE OF ACTION
### (Against Defendants Koon and Walsh)
### (Substantive Due Process-42 U.S.C. § 1983)

100. With regard to Paragraph 100 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-99 above as if restated verbatim herein.

101. With regard to Paragraphs 101-106 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

**FOR A TENTH CAUSE OF ACTION**
(Against Defendants Koon and Walsh)
(First Amendment Retaliation-42 U.S.C. § 1983)

107. With regard to Paragraph 107 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-106 above as if restated verbatim herein.

108. With regard to Paragraphs 108-117 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

**FOR AN ELEVENTH CAUSE OF ACTION**
(Against Defendants Koon and Walsh)
(Equal Protection Clause-42 U.S.C. § 1983)

118. With regard to Paragraph 118 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-117 above as if restated verbatim herein.

119. With regard to Paragraphs 119-125 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

**FOR A TWELFTH CAUSE OF ACTION**
(Against Defendant Koon)
(Libel Per Se)

126. With regard to Paragraph 126 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-125 above as if restated verbatim herein.

127. With regard to Paragraphs 127-133 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

## FOR A THIRTEENTH CAUSE OF ACTION
### (Against Defendant Koon)
### (Tortious Interference with Contract)

134. With regard to Paragraph 134 of the Amended Complaint, Palmetto Health reasserts and realleges Paragraphs 1-133 above as if restated verbatim herein.

135. With regard to Paragraphs 135-139 of the Amended Complaint, these Paragraphs are not directed to Palmetto Health. To the extent that any of these Paragraphs apply to Palmetto Health, it denies the allegations contained therein.

As to the WHEREFORE Paragraph and its subparts, Palmetto Health denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

As it may apply to one or more Causes of Action, the Amended Complaint fails to state facts sufficient to state a claim upon which relief can be granted and, therefore, must be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Failure to Mitigate)

Plaintiff's claims are barred or limited to the extend he failed to mitigate alleged damages.

## FOR A FOURTH DEFENSE
### (Statute of Limitations)

One or more of the Causes of Action in the Amended Complaint may be barred by the applicable statute of limitations.

**FOR A FIFTH DEFENSE**
**(No Punitive Damages – Unconstitutional)**

Plaintiff cannot recover punitive damages because Palmetto Health has not acted with intentional or reckless indifference to Plaintiff's rights and any punitive damage award would violate Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Dated this the 20th day of April 2015.

> Respectfully submitted,
>
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
> By: s/Katherine Dudley Helms
> Katherine Dudley Helms (Fed ID No. 1811)
>
> **Attorneys for Defendant Palmetto Health**

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com