IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) |
|                   Plaintiff, | ) C.A. No. 3:14-cv-3577-CMC-KDW |
| v. | ) |
| | ) **AFFIDAVIT OF** |
| Palmetto Health; University of South Carolina | ) **KATHRYN THOMAS** |
| School of Medicine; David E. Koon, Jr., M.D., in | ) **(filed with Objections to, and Motion to** |
| his individual capacity; and John J. Walsh, IV, | ) **Reconsider, Order of April 3, 2015)** |
| M.D., in his individual capacity, | ) |
|                   Defendants. | ) |

Kathryn Thomas, whose signature appears below, testifies under oath as follows:

1. I am counsel of record in this case. I have personal knowledge and am competent to testify as to the matters stated in this affidavit.

. . .

9. Attorney Fred Williams of our office is working on this case with me. On December 4, 2014, on behalf of Defendants Koon and Walsh, we filed a motion for judgment on the pleadings challenging the Complaint's § 1983 claims on grounds of qualified immunity. (ECF #18) On January 6, 2015 – after the Scheduling Order's deadline for amended pleadings had expired, and the issues of the case were thus set for ruling – we filed a summary judgment motion on the state law claims against Defendant Koon. (ECF #22)

10. Having filed dispositive motions as to all claims asserted against Defendants Koon and Walsh, we prepared a summary judgment motion on behalf of Defendant University of South Carolina School of Medicine. On January 9, 2015, we obtained an affidavit from the highest representative of the University of South Carolina School of Medicine, at that time Interim Dean Caughman Taylor, to confirm in evidentiary format statements made in the

University Defendants' Answer (ECF #6) and the University Defendants' Answers to Rule 26.03 interrogatories (ECF #17), to wit: Alfraaz Irani was never employed by the University of South Carolina School of Medicine; Alfraaz Irani never had a contract with the University of South Carolina School of Medicine; and there was no a contract between the University of South Carolina School of Medicine and the Accreditation Council of Graduate Medical Education (ACGME) that could serve as a basis for a claim by Alfraaz Irani.

11. On January 12, 2015, Plaintiff's counsel, David Rothstein, filed a response to Defendants Koon and Walsh's motion for judgment on the pleadings. (ECF #23) In that filing, Mr. Rothstein repeatedly referred to Plaintiff Irani as a "public employee," suggesting Dr. Irani was employed by the University. Dr. Irani was never employed by the University. Rather, pursuant to the terms of his Resident Agreement of Appointment, Dr. Irani was employed by Palmetto Health, a private entity. These were matters we had set forth in the University Defendants' Answer and Rule 26.03 filing months earlier.

12. Before addressing Mr. Rothstein's "public employee" references with the Court, I wanted to offer Mr. Rothstein the opportunity to correct his filing. Attached hereto as Exhibits K and L are communications Mr. Rothstein and I had on January 13 and 16, 2015. At no point in our exchange did Mr. Rothstein express surprise to learn the facts set forth in Dr. Taylor's affidavit; rather, he stated he disagreed with our position and stood by his representations.

13. On Friday, January 23, 2015, Mr. Rothstein called me to ask for consent to his request to extend the deadline for Plaintiff to name experts. I gave him our consent, and told him we were just about to file the University's summary judgment motion, the last of our clients' dispositive motions, and expected to have dispositive rulings on behalf of all of our clients without the need for expert witnesses. A few hours later, Mr. Rothstein filed a motion to amend

2

the complaint to add a new cause of action against the University Defendants (without first showing me his proposed pleading).

14. At no time before filing his motion to amend did Mr. Rothstein suggest to me that he was surprised by any position we were taking. It was quite obvious to me that the motion to amend was designed to circumvent rulings on the motions we had already filed, and the University's motion I told we were about to file (which we in fact filed the next business day, January 26, 2015).

15. It is my understanding that scheduling orders and Court rules mean what they say. Local Civil Rule 7.03 provides: "Attorneys are expected to file motions immediately after the issues raised thereby are ripe for adjudication." When pleadings are clearly deficient, I consider a motion for judgment on the pleadings to be appropriate. When facts are so clearly indisputable that there is nothing a Plaintiff can present that would withstand summary judgment, I consider it appropriate to file summary judgment motions to address such claims. I generally believe it is in the best interests of my clients, as well as the interests of judicial economy, to file dispositive motions as soon as they are ripe for adjudication.

16. We put a great deal of work into bringing the University Defendants' dispositive motions to the Court for rulings. Defendants Koon and Walsh were able to address the original Complaint with dispositive motions without engaging in discovery in their individual capacities. With the new cause of action in the Amended Complaint, however, Defendants Koon and Walsh may need to engage in individual discovery efforts – which they cannot do until the Court grants them qualified immunity – and there is not enough time remaining in the scheduled discovery period for them to initiate their own discovery efforts to address the lately added cause of action. Drs. Koon and Walsh are substantially prejudiced by a belated amended pleading that

3

undermines the pending motions filed on their behalf and that asserts a new claim that may require them to engage in substantial discovery efforts.

    I testify under penalty of perjury this 20th day of April, 2015, that the foregoing statements are true and correct.

*/s/ Kathryn Thomas*
Kathryn Thomas

**Kathryn Thomas**

| | |
|---|---|
| **From:** | Kathryn Thomas |
| **Sent:** | Friday, January 16, 2015 11:45 AM |
| **To:** | David Rothstein |
| **Cc:** | Fred Williams |
| **Subject:** | Irani |
| **Attachments:** | C. Taylor Affidavit (signed).pdf |



David –

There is no doubt that Drs. Koon and Walsh are employees of the USC-SOM. That does not justify a representation that Dr. Irani is a public employee. As set forth in the attached affidavit, Dr. Irani was never employed by USC-SOM in any capacity. Also, as you are aware from the deposition of Dr. Raymond in the Lamoreaux lawsuit, as well as the Resident Agreement of Appointment itself, Dr. Irani had a contact of employment only with Palmetto Health. Dr. Raymond testified, on page 181 of his deposition:

> 22  Q:   Is a resident an employee of Palmetto Health?
> 23  A:   Residents are employees of Palmetto Health,
> 24       yes.

What evidence might you conceivably present to contradict the above and attached sworn testimony? What witness do you presume might substantiate a representation that Dr. Irani was a public employee? What documentation do you presume would substantiate that representation?

---

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Tuesday, January 13, 2015 8:48 PM
**To:** Kathryn Thomas
**Subject:** RE: Irani

Kathryn. With all due respect, I stand by my brief. Drs. Koon and Walsh are clearly state actors and are subject to liability under Section 1983. USC is clearly a joint employer of these residents, regardless of where the paychecks come from or whose legal department drafted the resident contracts. I think your arguments will need to be made to the court. I do not see a need for me to file a corrected brief or to recant my arguments. These issues may be more appropriately addressed at the summary judgment stage, rather than a Rule 12 motion, so we can explore the issues in discovery. Thank you. Dave.

David E. Rothstein
Certified Specialist in Employment and Labor Law (S.C.)
(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC  29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com

1

www.rothsteinlawfirm.com

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Tuesday, January 13, 2015 5:33 PM
**To:** David Rothstein
**Subject:** Irani

David –

On pages 17 through 25 of your memorandum, you present factual assertions and legal argument as if you were representing a public employee plaintiff. You assert on page 17 that Dr. Irani has "the right to be free from discrimination . . . in *public employment*." On page 18, you argue that Dr. Irani had interests "in continued employment with *the Department*." You argue on page 22 that Dr. Irani is asserting a "claim in the context of *public employment* discrimination." You argue beginning at the bottom of page 23 that a case involving "a *public employee's* speech" applies to Dr. Irani's claims. You argue on page 25 that a case involving termination of a *university employee* applies to Dr. Irani's claims. Throughout pages 17 through 25 of your memorandum, you represent that Dr. Irani's *employment* is a basis for claims against Dr. Koon and Dr. Walsh, and you represent there is an *employment contract* between Dr. Irani and USC-SOM.

The Resident Agreements are clearly between Dr. Irani and Palmetto Health. You know that Dr. Irani has never received salary or employment benefits through the State of South Carolina. There is no contract between Dr. Irani and USC-SOM, and Dr. Irani has never been employed by USC-SOM. If you have read the ACGME materials you cite in the Complaint, you know that Palmetto Health, as the "Sponsoring Institution," is required to provide residents salary and benefits. You know that Palmetto Health is a private entity.

I wanted to give you the opportunity to substitute a corrected memorandum. If you choose not to do so, we will necessarily address the matter with the Court.

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Tuesday, January 13, 2015 4:31 PM
**To:** Kathryn Thomas
**Subject:** RE: Irani

Kathryn. First of all, I do not recall making a representation in my brief that Dr. Irani is a "public employee." I just did a word-search of my brief for the word "public" and could not find a single place where I made such a representation, much less "repeatedly" as you assert. Please give me the page number(s) and line(s) of my brief where you believe I made such a representation. Secondly, even if I did make such a representation, I do not believe that would be a misrepresentation because I believe that would be essentially true. As I observed in my brief and alleged in the Complaint in this case, the Orthopaedic Surgery Residency Program is jointly operated by Palmetto Health and USC-School of Medicine. (Complaint, ¶ 14). Both your clients and Palmetto Health admitted that paragraph of the Complaint. I also alleged in Paragraph 52 of the Complaint that "Plaintiff entered into a Resident Agreement of Appointment (hereinafter "Agreement") with Defendants Palmetto Health and USC-SOM for a one-year term, with effective dates July 1, 2011 through June 30, 2012." I have sued both USC and Palmetto Health for breach of contract on Dr. Irani's behalf. I do not have any other information to suggest that the contract is purely a Palmetto Health contract, as you assert. If you want to take that position in the case, you are certainly free to do so, but I do not agree with that position. If USC has potential liability under the contract, then I believe that Dr. Irani could very well be considered a public employee under the law. I am perfectly comfortable with the representations and arguments I raised to the court, and I do not see any need for me to correct or retract any portion of my brief. If you would like to discuss this further, please feel free to call me. Dave.

David E. Rothstein

Certified Specialist in Employment and Labor Law (S.C.)
(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC 29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Tuesday, January 13, 2015 2:16 PM
**To:** David Rothstein (drothstein@rothsteinlawfirm.com)
**Cc:** Fred Williams
**Subject:** Irani

David –

I am reading your filing from yesterday. In your responsive memorandum, you repeatedly refer to Dr. Irani as a "public employee." You also make reference to Dr. Irani's employment contract. The only employment contracts he had were the Resident Agreements he had with Palmetto Health, a private entity. How can you maintain that he was a public employee? I understand you are responding to a motion on the pleadings, but I don't believe you can in good faith represent there was a contract of "public employment" when there was not.

Kathryn Thomas
Certified Specialist in Employment and Labor Law
Gignilliat, Savitz & Bettis, LLP
900 Elmwood Avenue, Suite 100
Columbia, SC 29201
(803) 799-9311
(803) 799-1270 (direct line)
(803) 206-0574 (cell)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) |
|                 Plaintiff, | ) C.A. No. 3:14-cv-3577-CMC-KDW |
| v. | ) |
| Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., in his individual capacity; and John J. Walsh, IV, M.D., in his individual capacity, | ) **AFFIDAVIT OF** <br> **R. CAUGHMAN TAYLOR** |
|                 Defendants. | ) |

R. Caughman Taylor, whose signature appears below, testifies under oath as follows:

1. I am Interim Dean of the University of South Carolina School of Medicine. I ~~have~~ have personal knowledge and am competent to testify as to the matters stated in this affidavit.

2. Dr. Alfraaz Irani is a former resident in the Orthopaedic Surgery Residency Program sponsored by Palmetto Health.

3. I have confirmed Dr. Irani was never employed by the University of South Carolina School of Medicine.

4. I have confirmed Dr. Irani never had a contract with the University of South Carolina School of Medicine.

5. I have confirmed the University of South Carolina School of Medicine does not have a contract with the Accreditation Council for Graduate Medical Education (ACGME) that would benefit Dr. Irani.

I testify under penalty of perjury this 9th day of January, 2015, that the foregoing statements are true and correct.

_____
R. Caughman Taylor

**Kathryn Thomas**

| | |
|---|---|
| **From:** | Kathryn Thomas |
| **Sent:** | Friday, January 16, 2015 1:45 PM |
| **To:** | David Rothstein |
| **Cc:** | Fred Williams |
| **Subject:** | Irani |
| **Attachments:** | C. Taylor Affidavit (signed).pdf |



David –

I am not communicating with you just for the purposes of Drs. Koon and Walsh's motion on the pleadings. Dr. Irani's entire case against USC-SOM is based on allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with ACGME. I have presented you with sworn testimony that refutes those allegations, and also refutes your latest representation to the court that Dr. Irani was a public employee. I understand you would prefer to address your arguments to the Court before supporting your allegations with facts, but you have already presented your argument to the Court without factual support. I am attempting to confer with you in good faith before addressing the matter with the Court. You have yet to respond to the affidavit of R. Caughman Taylor that I sent you with my email below. I am attaching another copy to this email for your reference. Are you simply going to say that you "disagree" with Dr. Caughman's sworn testimony, just as you "disagree" with Dr. Raymond's sworn testimony?

It appears from your latest email that you now suggest Dr. Irani may have been employed by the VA. What evidence do you have to support such an assertion?

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Friday, January 16, 2015 12:58 PM
**To:** Kathryn Thomas
**Cc:** Fred Williams
**Subject:** Re: Irani

Kathryn. Dr. Raymond said a lot of things in his deposition I don't agree with. His testimony only binds Palmetto Health. Anyway, being a Palmetto Health employee is not mutually exclusive of being considered a USC employee or a VA employee. That is the whole idea of joint employment. This is a motion for judgment on the pleadings, not a summary judgment motion or trial. I would prefer to address our arguments to the court on these issues.

David E. Rothstein
Rothstein Law Firm, PA
**[Please note new address effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC 29605
(864) 232-5870
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

On Jan 16, 2015, at 11:45 AM, Kathryn Thomas <kthomas@gsblaw.net> wrote:

> David –
>
> There is no doubt that Drs. Koon and Walsh are employees of the USC-SOM. That does not justify a representation that Dr. Irani is a public employee. As set forth in the attached affidavit, Dr. Irani was

1

never employed by USC-SOM in any capacity. Also, as you are aware from the deposition of Dr. Raymond in the Lamoreaux lawsuit, as well as the Resident Agreement of Appointment itself, Dr. Irani had a contact of employment only with Palmetto Health. Dr. Raymond testified, on page 181 of his deposition:

<image001.png>

What evidence might you conceivably present to contradict the above and attached sworn testimony? What witness do you presume might substantiate a representation that Dr. Irani was a public employee? What documentation do you presume would substantiate that representation?

---

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Tuesday, January 13, 2015 8:48 PM
**To:** Kathryn Thomas
**Subject:** RE: Irani

Kathryn. With all due respect, I stand by my brief. Drs. Koon and Walsh are clearly state actors and are subject to liability under Section 1983. USC is clearly a joint employer of these residents, regardless of where the paychecks come from or whose legal department drafted the resident contracts. I think your arguments will need to be made to the court. I do not see a need for me to file a corrected brief or to recant my arguments. These issues may be more appropriately addressed at the summary judgment stage, rather than a Rule 12 motion, so we can explore the issues in discovery. Thank you. Dave.

David E. Rothstein
Certified Specialist in Employment and Labor Law (S.C.)
(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC 29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

---

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Tuesday, January 13, 2015 5:33 PM
**To:** David Rothstein
**Subject:** Irani

David –

On pages 17 through 25 of your memorandum, you present factual assertions and legal argument as if you were representing a public employee plaintiff. You assert on page 17 that Dr. Irani has "the right to be free from discrimination . . . in *public employment*." On page 18, you argue that Dr. Irani had interests "in continued employment with *the Department*." You argue on page 22 that Dr. Irani is asserting a "claim in the context of *public employment* discrimination." You argue beginning at the bottom of page 23 that a case involving "a *public employee's* speech" applies to Dr. Irani's claims. You argue on page 25 that a case involving termination of a *university employee* applies to Dr. Irani's claims. Throughout pages 17 through 25 of your memorandum, you represent that Dr. Irani's

2

*employment* is a basis for claims against Dr. Koon and Dr. Walsh, and you represent there is an *employment contract* between Dr. Irani and USC-SOM.

The Resident Agreements are clearly between Dr. Irani and Palmetto Health. You know that Dr. Irani has never received salary or employment benefits through the State of South Carolina. There is no contract between Dr. Irani and USC-SOM, and Dr. Irani has never been employed by USC-SOM. If you have read the ACGME materials you cite in the Complaint, you know that Palmetto Health, as the "Sponsoring Institution," is required to provide residents salary and benefits. You know that Palmetto Health is a private entity.

I wanted to give you the opportunity to substitute a corrected memorandum. If you choose not to do so, we will necessarily address the matter with the Court.

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Tuesday, January 13, 2015 4:31 PM
**To:** Kathryn Thomas
**Subject:** RE: Irani

Kathryn. First of all, I do not recall making a representation in my brief that Dr. Irani is a "public employee." I just did a word-search of my brief for the word "public" and could not find a single place where I made such a representation, much less "repeatedly" as you assert. Please give me the page number(s) and line(s) of my brief where you believe I made such a representation. Secondly, even if I did make such a representation, I do not believe that would be a <u>mis</u>representation because I believe that would be essentially true. As I observed in my brief and alleged in the Complaint in this case, the Orthopaedic Surgery Residency Program is jointly operated by Palmetto Health and USC-School of Medicine. (Complaint, ¶ 14). Both your clients and Palmetto Health admitted that paragraph of the Complaint. I also alleged in Paragraph 52 of the Complaint that "Plaintiff entered into a Resident Agreement of Appointment (hereinafter "Agreement") with Defendants Palmetto Health and USC-SOM for a one-year term, with effective dates July 1, 2011 through June 30, 2012." I have sued both USC and Palmetto Health for breach of contract on Dr. Irani's behalf. I do not have any other information to suggest that the contract is purely a Palmetto Health contract, as you assert. If you want to take that position in the case, you are certainly free to do so, but I do not agree with that position. If USC has potential liability under the contract, then I believe that Dr. Irani could very well be considered a public employee under the law. I am perfectly comfortable with the representations and arguments I raised to the court, and I do not see any need for me to correct or retract any portion of my brief. If you would like to discuss this further, please feel free to call me. Dave.

David E. Rothstein
Certified Specialist in Employment and Labor Law (S.C.)
(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC  29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

3

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Tuesday, January 13, 2015 2:16 PM
**To:** David Rothstein (drothstein@rothsteinlawfirm.com)
**Cc:** Fred Williams
**Subject:** Irani

David –

I am reading your filing from yesterday. In your responsive memorandum, you repeatedly refer to Dr. Irani as a "public employee." You also make reference to Dr. Irani's employment contract. The only employment contracts he had were the Resident Agreements he had with Palmetto Health, a private entity. How can you maintain that he was a public employee? I understand you are responding to a motion on the pleadings, but I don't believe you can in good faith represent there was a contract of "public employment" when there was not.

Kathryn Thomas
Certified Specialist in Employment and Labor Law
Gignilliat, Savitz & Bettis, LLP
900 Elmwood Avenue, Suite 100
Columbia, SC 29201
(803) 799-9311
(803) 799-1270 (direct line)
(803) 206-0574 (cell)


<C. Taylor Affidavit (signed).pdf>

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., in his individual capacity; and John J. Walsh, IV, M.D., in his individual capacity,<br><br>    Defendants. | C.A. No. 3:14-cv-3577-CMC-KDW<br><br>**AFFIDAVIT OF**<br>**R. CAUGHMAN TAYLOR** |

R. Caughman Taylor, whose signature appears below, testifies under oath as follows:

1. I am Interim Dean of the University of South Carolina School of Medicine. I ~~have~~ have personal knowledge and am competent to testify as to the matters stated in this affidavit.

2. Dr. Alfraaz Irani is a former resident in the Orthopaedic Surgery Residency Program sponsored by Palmetto Health.

3. I have confirmed Dr. Irani was never employed by the University of South Carolina School of Medicine.

4. I have confirmed Dr. Irani never had a contract with the University of South Carolina School of Medicine.

5. I have confirmed the University of South Carolina School of Medicine does not have a contract with the Accreditation Council for Graduate Medical Education (ACGME) that would benefit Dr. Irani.

I testify under penalty of perjury this 9th day of January, 2015, that the foregoing statements are true and correct.

_____
R. Caughman Taylor