UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Afraaz R. Irani, M.D., | ) | C/A No. 3:14-cv-3577-CMC-KDW |
|            Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., in his individual capacity; and John J. Walsh, IV, M.D., in his individual capacity, | ) ) ) ) ) ) | |
|            Defendants. | ) ) ) | |

Plaintiff, Afraaz R. Irani, M.D. ("Plaintiff" or "Irani"), a physician and a former resident in orthopaedic surgery in a program jointly operated by Defendant Palmetto Health ("PH") and Defendant University of South Carolina School of Medicine ("USC-SOM"), initially filed this employment-related action in the South Carolina Court of Common Pleas against Defendants PH, USC-SOM, and individual Defendants David E. Koon, Jr., M.D. and John J. Walsh, IV, M.D. (Defendants Koon and Walsh). Defendant Koon was the program director for the residency program; Defendant Walsh was the chair of the Orthopaedic Surgery Department at USC-SOM. Both individual Defendants are sued in their individual capacities. Am. Compl. ¶¶ 4-5. Pending before the court are three potentially dispositive motions: Motion for Judgment on the Pleadings filed by Defendants Koon and Walsh, ECF No. 18; Motion for Summary Judgment filed by Defendant Koon, ECF No. 22; and Motion for Summary Judgment filed by Defendant USC-SOM, ECF No. 31. Also pending is Plaintiff's Motion to Strike Exhibits Attached to the Reply of Defendants Koon and Walsh in support of their Motion for Judgment on the Pleadings. ECF

No. 30. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a report and recommendation regarding the pending dispositive motions. Having reviewed the parties' submissions and the applicable law, the undersigned recommends the Motion for Judgment on the Pleadings, ECF No. 18; Defendant Koon's Motion for Summary Judgment, ECF No. 22; and Defendant USC-SOM's Motion for Summary Judgment, ECF No. 31, all be *denied without prejudice and with leave to renew after discovery has ended*. Based on these recommendations, the undersigned also recommends *dismissing as moot* Plaintiff's Motion to Strike Exhibits, ECF No. 30.

I.     Plaintiff's Allegations[1]

Plaintiff, a June 2010 graduate of Stanford Medical School, is of Indian/Zoroastrian heritage. Am. Compl. ¶¶ 15, 32. He began the Orthopaedic Surgery Residency Program (the "Program") jointly operated by Defendants PH and USC-SOM on July 1, 2010. Am. Compl. ¶ 15. He expected to graduate from the Program in June 2015. *Id.* Plaintiff completed the first year of the Program (his "PGY-1 year") and received satisfactory performance evaluations from the various rotations during that year. Plaintiff was promoted to his second year (PGY-2) in July 2011, without any limitations, conditions, or probation. *Id.* ¶ 16.

Six weeks into his PGY-2 year, Defendant Koon called Plaintiff into a meeting; the Orthopaedics Department practice manager was also at that meeting. *Id.* ¶ 17. Plaintiff characterized the meeting as "hostile and intimidating," noting Defendant Koon began the

---

[1] Plaintiff's allegations in his Amended Complaint are accepted as true at this stage of the litigation. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (noting standard in considering motions under Federal Rule of Civil Procedure 12(b)(6) and 12(c) are the same and require the court to consider facts in the light most favorable to plaintiff). Although Defendants also seek partial summary judgment, as discussed within, the undersigned recommends that the court decline to rule substantively on the Rule 56 motions at this time. Accordingly, the factual allegations set out herein do not consider evidence proffered by Defendants at this time.

meeting by informing Plaintiff the Program had fired residents in the past, including one PGY-5 senior resident who was to have graduated from the Program within six months. *Id.* During the meeting, Defendant Koon advised Plaintiff of various alleged deficiencies in his job performance, providing Plaintiff with a memorandum that apparently contained the list of these deficiencies. *Id.* ¶ 18.  Plaintiff characterizes the claimed deficiencies as vague, noting that when he sought clarification, Defendant Koon "chastised him further and stated, 'that just shows you lack insight.'" *Id.* ¶ 18. Defendant Koon did not give Plaintiff a "reasonable opportunity to defend himself or explain his side of the story in connection with the seven items in Defendant Koon's memorandum." *Id.* Plaintiff was placed on Level II academic remediation, or probation, which was to run through December 1, 2011. *Id.* ¶ 19.

Plaintiff also alleges Defendant Koon "repeatedly referred to Plaintiff in front of others as 'Achmed the Terrorist' and jokingly suggested that [Plaintiff] might 'blow the place up,' in an obvious reference to Plaintiff's mistakenly perceived middle eastern ethnicity." Am. Compl. ¶ 33.

Plaintiff filed a first-step grievance of his probation, which was summarily denied by Defendant PH's Designated Institutional Official ("DIO"), Dr. Kathy Stephens. Plaintiff decided not to appeal his probation further to the grievance committee, but instead decided to accept his probation and move forward. Am. Compl. ¶ 20. Plaintiff attempted to comply with his remediation plan and was informed by Defendant Koon in October 2011 that he appeared to be making satisfactory improvements. At a meeting on November 21, 2011, Defendant Koon advised Plaintiff that he would recommend Level I remediation once the probation ended on December 1, 2011. *Id.* ¶¶ 21-22. Thereafter, at a department faculty meeting, Defendant Koon "confronted Plaintiff about taking two days of vacation during the probation period[]" and

"blind-sided Plaintiff about an allegation that Plaintiff had disregarded the instruction of an attending physician about ordering an MRI for a patient who had a possible infection following a surgical procedure." *Id.* ¶ 23. Plaintiff avers he was not permitted a "reasonable opportunity to present his version of events before the allegations were publicly made in front of Plaintiff's colleagues." *Id.*

On December 12, 2011, Plaintiff was placed on Level III remediation, or suspension, effective December 9, 2011 through January 30, 2012. Am. Compl. ¶ 24. Plaintiff was accused of inappropriate treatment in the handling of a trauma patient, but was never interviewed or allowed an opportunity to discuss the case or provide a written response during the purported investigation into that matter. *Id.* ¶ 24. Plaintiff submitted a first-step grievance of his suspension to DIO Stephens, who denied his appeal on or about January 11, 2012. *Id.* ¶ 25. Thereafter, Plaintiff attempted to appeal the matter to the grievance committee of the Graduate Medical Education Committee ("GMEC") on January 26, 2012. Plaintiff's request for a grievance hearing was rejected because his request had not been filed within 10 business days, according to Defendant PH's Human Resources Department. Plaintiff believed that the Martin Luther King, Jr. Holiday did not count as a "business day" under the resident handbook, because it is a national holiday, and the orthopaedic clinic was actually closed in observance of the holiday. Plaintiff's argument regarding the timeliness of his grievance was summarily rejected. *Id.*

When Plaintiff returned from suspension, on or about February 6, 2012, he was again placed on Level II remediation (probation). Am. Compl. ¶ 26. On or about March 5, 2012, Plaintiff was placed on Level III remediation and again suspended from the Program, pending official action on the recommendation that he be terminated from the Program. On or about April 15, 2012, Plaintiff was informed that the GMEC had accepted the recommendation to terminate

4

him from the Program. *Id.* ¶¶ 27-28. Plaintiff filed a grievance over his termination, which DIO Stephens summarily denied. Plaintiff then requested a grievance hearing before the GMEC. The GMEC held the hearing on April 30, 2012. In a May 7, 2012 memorandum, Plaintiff was informed that the GMEC had denied his appeal. *Id.* ¶ 29.

Plaintiff submitted a final appeal to the CEO of Defendant PH, Charles D. Beaman, Jr. On or around June 1, 2012, a letter from Mr. Beaman informed Plaintiff of the final decision to terminate his employment from the Program. Am. Compl. ¶ 30.

According to Plaintiff, throughout his participation in the Program, Plaintiff repeatedly was required to work hours in excess of the maximum duty-hour restrictions imposed by the ACGME. Am. Compl. ¶ 70. Plaintiff avers he objected to the excessive hours and "reported duty-hour violations to his co-workers, his supervisors, the ACGME,[2] and the grievance committee of the GMEC." *Id.* ¶ 72. He also complained to the GMEC Grievance Committee that residents in the Program were not adequately supervised. *Id.* ¶ 73.

Plaintiff entered into an employment contract to begin in June 2013 in the emergency medicine residency program of Kern Medical Center in Bakersfield, California. Am. Compl. 135. Plaintiff's application for a medical license from the Medical Board of California was denied; Plaintiff alleges the denial was based upon Defendant Koon's "submitting false and defamatory comments" about him to the California Board. *Id.* ¶ 137.

II.     Procedural History/Motions to be Considered

Plaintiff submitted charges of discrimination against Defendants PH and USC-SOM with the Equal Employment Opportunity Commission and the South Carolina Human Affairs Commission. Am. Compl. ¶ 13. After receiving a right-to-sue letter from the EEOC, *id.* ¶ 14,

---

[2] The acronym references the Accreditation Council for Graduate Medical Education ("ACGME"). *See, e.g.*, Am. Compl. ¶ 55 (referencing the ACGME Institutional and Program Requirements and the ACGME Duty Hour requirements).

Plaintiff filed this action in South Carolina state court. Defendants removed the matter to this court on September 8, 2014. *See* ECF No. 1. The court granted Plaintiff's Motion to Amend the Complaint, *see* ECF No. 47, making Plaintiff's Amended Complaint, ECF No. 49, the operative Complaint.

Plaintiff's Amended Complaint consists of the following causes of action against both PH and USC-SOM, as characterized by headings in the pleading: Title VII Disparate Treatment and Hostile Work Environment; Retaliation—Title VII and 42 U.S.C. § 1981; Breach of Contract; Breach of Contract—Intended Third Party Beneficiary of Accreditation Agreement; Wrongful Discharge in Violation of Public Policy. The Amended Complaint also includes a cause of action against PH for Race Discrimination—42 U.S.C. § 1981; and 42 U.S.C. § 1983 claims for Procedural Due Process, Substantive Due Process, First Amendment Retaliation, and Equal Protection, against Defendants Koon and Walsh. Plaintiff also brings a cause of action for Tortious Interference with Contract against Defendants Koon and Walsh. Plaintiff also brings a claim of libel per se and Tortious Interference with Contract against Defendant Koon. Am. Compl., ECF No. 49.

Ripe for the court's consideration are four motions that are potentially dispositive of some claims for some defendants. Motion for Judgment on the Pleadings filed by Defendants Koon and Walsh, ECF No. 18; Motion for Summary Judgment filed by Defendant Koon, ECF No. 22; and Motion for Summary Judgment filed by Defendant USC-SOM, ECF No. 31. Also pending is Plaintiff's Motion to Strike Exhibits Attached to the Reply of Defendants Koon and Walsh in support of their Motion for Judgment on the Pleadings. ECF No. 30.

III.   Motion for Judgment on the Pleadings filed by Defendants Koon and Walsh, ECF No. 18

   A.   Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Courts follow a 'fairly restrictive standard' in ruling on Rule 12(c) motions, as 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense.'" *Lewis v. Excel Mech., LLC*, No. 2:13-cv-281-PMD, 2013 WL 4585873, at *1 (D.S.C. Aug. 28, 2013) (quoting 5C Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1368 (3d ed. 2011)).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. I.R.S.,* 361 Fed. App'x 527, 529 (4th Cir. 2010. To survive a motion for judgment on the pleadings, the pleadings must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In reviewing the pleadings, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the non-moving party. *Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). If, in considering a Rule12(c) motion, "matters outside the pleadings are presented to and not excluded from the court, the motion must be treated as one for summary

7

judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to that motion." Fed. R. Civ. P. 12(d).

    B. Analysis

        1) Allegations Against Defendant Walsh

Defendant Walsh argues he is entitled to judgment on the pleadings because claims brought against him under 42 U.S.C. § 1983 do not affirmatively demonstrate his personal involvement in the alleged deprivation of Plaintiff's constitutional rights. ECF No. 18-1 at 3.

Plaintiff responds that several causes of action have been brought against Defendant Walsh (along with Defendant Koon). Further, Plaintiff submits that he has reason to believe that Defendant Walsh, as Chair of the Department of Orthopaedic Surgery at USC-SOM, "was integrally involved in the process" that led to Plaintiff's termination. ECF No. 23 at 8. Plaintiff submits that Defendant Walsh's involvement is not speculative or implausible. *Id.* at 9 & n.1 (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 262 (4th Cir. 2009)).

The undersigned agrees with Plaintiff that, based on these facts, he has satisfied the "plausibility" pleading standard. As explained by the Fourth Circuit in *Nemet Chevrolet*:

> While *Twombly* and *Iqbal* announced a new, stricter pleading standard, they did not merge the pleading requirements of Rule 8 with the burden of proof required for summary judgment. In fact, the Court in *Twombly* stated that "[a]sking for plausible grounds to infer" a claim's existence "does not impose a probability requirement at the pleading stage." *Twombly,* 550 U.S. at 556. The plausibility standard "simply calls for enough fact to raise a reasonable expectation that discovery" will lead to information supporting the plaintiff's claim. *Id.*

591 F.3d at 262. Here, Plaintiff has alleged that Defendants Koon *and Walsh* violated Plaintiff's procedural and substantive due process rights, his rights under the First Amendment, and his right to equal protection. Am. Compl. ¶¶ 89-125. The pleadings include particulars as to each claim. *See, e.g.*, Am. Compl. ¶ 94 (subparagrahs (a) through (p) setting out ways procedural due

8

process rights were violated). Whether discovery will reveal evidence to support Plaintiff's claims against Walsh remains to be seen. The court is mindful that in *Iqbal,* the Court admonished that there could be no vicarious liability for § 1983 (or *Bivens*) claims. *See Iqbal*, 556 U.S. at 676-91. Plaintiff has plausibly alleged more than mere supervisory liability in his § 1983 claims against Defendant Walsh.

Additionally, although not in existence at the time Defendant Walsh filed his motion for judgment on the pleadings, Plaintiff's Amended Complaint also includes a cause of action against Defendants Koon and Walsh for tortious interference with contract. Am. Compl. ¶¶ 78-88. This claim, too, sets out particulars of how Defendants Koon and Walsh allegedly harmed Plaintiff. *Id.* ¶ 84 (a) through (g).

At this juncture, the undersigned finds Plaintiff has sufficiently pleaded claims against Walsh. It is recommended that this portion of the Motion for Judgment on the Pleadings be *denied*.

2. Qualified Immunity

In their Motion for Judgment on the Pleadings, Defendants Koon and Walsh also seek the court's ruling that they are immune from suit by Plaintiff based on the doctrine of qualified immunity. ECF No. 18-1 at 4-11. The undersigned is of the opinion that a ruling on their qualified immunity defense would be premature based on the record in its current posture. Under the doctrine of qualified immunity, government officials are not subject to liability for civil damages for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). In *Saucier v. Katz,* 533 U.S. 194, 201 (2001), the Supreme Court of the United States established a two-step sequence for determining a defendant's entitlement to qualified immunity.

First, "a court must decide whether the facts that a plaintiff has alleged (*see* Fed. R. Civ. P. 12(b)(6), (c)) or shown (*see* Fed. R. Civ. P. 50, 56) make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citing *Saucier,* 533 U.S. at 201 (internal citations omitted)). In 2009, the Supreme Court held that courts no longer need to adhere to the rigid sequence of the analysis established in *Saucier. See Pearson,* 555 U.S. at 235-37. However, the Court did not modify the elements of the qualified immunity analysis. *See id.* Rather, *Pearson* held that lower courts may decide on a case-by-case basis whether to follow or to vary from the sequence set forth in *Saucier. See id.* at 818.

Based upon the record of this action as currently developed, the court believes that conducting a qualified immunity analysis is premature. *See Pearson*, 555 U.S. at 238-39 ("When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify."). Discovery is nearing completion. If the parties choose to file dispositive motions in accordance with the governing scheduling order (due July 22, 2015, *see* ECF No. 55), the parties' memoranda and any exhibits attached thereto, as permitted by the Federal Rules of Civil Procedure, may assist this court in determining the sequence of the qualified immunity analysis should Defendants Koon and Walsh raise the issue at that stage.

It is recommended that Defendants' Motion for Judgment on the Pleadings be *denied* in its entirety.

### 3. Plaintiff's Related Motion to Strike, ECF No. 30

Defendants included exhibits with the reply brief in support of the Motion for Judgment on the Pleadings. ECF No. 26. Plaintiff filed a motion seeking to either strike those exhibits from

the record or have the motion converted to one for summary judgment. ECF No. 30. In considering the Motion for Judgment on the Pleadings, the court did not rely on any exhibits included in the reply brief. Accordingly, the Motion to Strike should be *denied.*

IV.     Motions for Summary Judgment

    A. Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

"[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. at 250 n.5. Nonetheless, a party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996). If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(d) affidavit stating "that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Id.* (citing Fed. R. Civ. P. 56(f), which is now Fed. R. Civ. P. 56(d)). Rule 56(d) provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

B.  Defendant Koon's Motion for Summary Judgment on State Law Claims, ECF No. 22

Defendant Koon also has filed a Motion for Summary Judgment as to the state law claims of libel per se and tortious interference with contract. In support of the Motion, Defendant Koon includes his own affidavit setting out facts regarding his communications with the California Medical Board and includes copies of the relevant correspondence. ECF No. 22-2. Also included is his counsel's affidavit attaching a release signed by Plaintiff that permitted information to be provided to that Board. ECF No. 22-3. Koon argues that the facts he has presented entitle him to judgment as a matter of law.

Plaintiff opposes Defendant Koon's Motion as premature, asking that the Motion be denied at this stage of the proceedings. Pl.'s Resp. 1-2, ECF No. 25. Plaintiff submits summary judgment is inappropriate at this stage because he has not yet had the opportunity to obtain information through discovery that is essential to opposing the motion. *Id.* In support, Plaintiff's counsel submits his affidavit as provided for in Rule 56(d) of the Federal Rules of Civil Procedure. Jan. 23, 2015 Aff. of Pl. Counsel David E. Rothstein, ECF No. 25-1. Counsel notes the discovery deadline is June 8, 2015 and that discovery is ongoing. Counsel notes questions about statements in Defendant Koon's affidavit and indicates his plan to subpoena documents from the California Medical Board concerning the issue. *See id.* ¶¶ 4-7.

In reply, Defendant Koon argues Plaintiff has not sufficiently identified additional evidence he might obtain in discovery that would defeat summary judgment. ECF No. 32.

The undersigned agrees with Plaintiff that Defendant Koon's Motion should be denied without prejudice as it is premature at this juncture. Defendant Koon filed this Motion for Summary Judgment on January 6, 2015, while discovery was very much underway and before depositions were taken. *See* ECF No. 25-1 ¶ 3e. Based on the case's procedural posture, and based on Plaintiff's Response and the supporting Rule 56(d) affidavit of counsel, the undersigned recommends the Motion be denied. The Fourth Circuit Court of Appeals has overturned summary judgment awards as premature in cases in which there has been little to no discovery. *See, e.g., Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (deeming summary judgment award premature when, among other things, court made its award six weeks after complaint was filed and before significant discovery). Further, courts in this district have denied summary judgment motions as premature under similar circumstances. *See, e.g., Investors Title Co. v. Bair*, 232 F.R.D. 254, 256-57 (D.S.C. 2005); *Woodward v. Lane*, C/A

No. 0:12-446-CMC-SVH, 2012 WL 5878104 (D.S.C. Oct. 25, 2012), adopted as modified, 2012 WL 5878095 (D.S.C. Nov. 21, 2012).

Accordingly, the undersigned recommends Defendant Koon's Motion for Summary Judgment, ECF No. 22, be *denied without prejudice as premature*.

C.  USC-SOM's Motion for Summary Judgment, ECF No. 31

Also pending is the Motion for Summary Judgment filed by USC-SOM as to all claims brought against it "on grounds that it never employed Dr. Irani, never had a contract with Dr. Irani, and never had a contract with ACGME [Accreditation Council for Graduate Medical Education] to which Dr. Irani was an intended third-party beneficiary." ECF No. 31-1 at 1. In support of its Motion, USC-SOM attaches the affidavit of R. Caughman Taylor, Interim Dean of USC-SOM; the affidavit of counsel, to which Plaintiff's contracts of employment for his residency in the Program are attached; and the deposition testimony of an officer of Defendant Palmetto Health that was taken in another matter. ECF Nos. 31-2 through 4.

In response, Plaintiff again argues the Motion is premature, asking that the Motion be denied at this stage of the proceedings. Pl.'s Resp., ECF No. 35. Plaintiff submits summary judgment is inappropriate at this stage because discovery is ongoing and because information Plaintiff has obtained in early discovery "appear to directly contradict Defendant USC-SOM's argument that it cannot be considered Plaintiff's employer . . . ." *Id.* at 2. Plaintiff's counsel again includes his affidavit as provided for in Rule 56(d) of the Federal Rules of Civil Procedure. Feb. 12, 2015 Aff. of Pl. Counsel David E. Rothstein, ECF No. 35-1.

The undersigned agrees with Plaintiff that Defendant USC-SOM's Motion should be denied without prejudice as it is premature at this juncture. The Motion was filed on January 26, 2015; discovery is not to end until June 8, 2015. The undersigned is of the opinion that

determining whether Defendant USC-SOM is Plaintiff's "employer" in this employment-related case is not one that should be made before the close of discovery and certainly should not be made by review of deponent's testimony in another matter. Based on the case's procedural posture, and based on Plaintiff's Response and the supporting Rule 56(d) affidavit of counsel, the undersigned recommends the Motion be denied. *See, e.g., Harrods Ltd.*, 302 F.3d at 244.

Accordingly, the undersigned recommends Defendant USC-SOM's Motion for Summary Judgment, ECF No. 31, be *denied without prejudice as premature*.

V.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the Motion for Judgment on the Pleadings, ECF No. 18; Defendant Koon's Motion for Summary Judgment, ECF No. 22; and Defendant USC-SOM's Motion for Summary Judgment, ECF No. 31, all be *denied* at this time. Plaintiff's Motion to Strike, ECF No. 30, should be *dismissed as moot*.

IT IS SO RECOMMENDED.

April 21, 2015                                                                                      Kaymani D. West
Florence, South Carolina                                                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**