# Exhibit B

3:14-cv-03577-CMC     Date Filed 05/07/15     Entry Number 66-2     Page 1 of 4

2010 WL 2430952
Only the Westlaw citation is currently available.
United States District Court,
D. South Carolina,
Anderson/Greenwood Division.

Julia B. SMITH, Plaintiff,
v.
CITY OF GREENWOOD; Mathis Plumbing & Heating Company, Inc; James H. Mathis; Steven J. Brown; Lawrence Ouzts; and Ronnie Powell, in their individual capacities, Defendants.

Civil Action No. 8:09–2061–HFF–BHH.     |     May 13, 2010.

**Attorneys and Law Firms**

James Lewis Cromer, Julius Wistar Babb, IV, Tandi D. Ross, Cromer and Mabry, Columbia, SC, for Plaintiff.

Charles F. Thompson, Jr, Katherine Anne Phillips, Malone Thompson and Summers, Columbia, SC, Roy R. Hemphill, McDonald Patrick Tinsley Baggett Poston and Hemphill, Greenwood, SC, for Defendants.

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BRUCE HOWE HENDRICKS, United States Magistrate Judge.

*1 This matter is before the Court on Defendant Brown's, Ouzts' and Powell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12 [Doc. 33], requesting that the civil conspiracy claim against them be dismissed. In her Amended Complaint [Doc. 13], the plaintiff has pled claims for race discrimination pursuant to Title VII of the Civil Rights Act of 1991, as amended, for interference with contractual relations, and civil conspiracy.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**
Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted).

## DISCUSSION

The defendants Brown, Ouzts, and Powell contend that the plaintiff's civil conspiracy claim should be dismissed because it was not pled prior to the expiration of the two-year statute of limitations period under the South Carolina Tort Claims Act ("SCTA"). *See* S.C.Code § 15–78–110. The plaintiff responds that the SCTA does not apply to her claim of civil conspiracy and, therefore, a three-year statute of limitations is applicable. Specifically, the plaintiff argues that she has expressly sued the defendants in their individual, as opposed to official, capacities, which removes them from the ambit of the SCTA.

Section 15–78–70 of the Act provides:

> (a) This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity. An employee of a governmental entity who commits a tort *while acting within the scope of his official duty* is not liable therefor except as expressly provided in subsection (b).
>
> (b) Nothing In this chapter maybe construed to give an employee of a governmental entity immunity from suit and liability *if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.*

S.C.Code § 15–78–70 (emphasis added). Under Section 15–78–30: " 'Scope of official duty' or 'scope of state employment' means (1) acting in and about the official business of a governmental entity and (2) performing official duties." S.C.Code § 15–78–30(i).

The plaintiff has specifically alleged in her Amended Complaint that "[s]uch actions on the part of the named defendants in their *individual capacities* and all *acting outside the course and scope of their employment* amount to an unlawful conspiracy." (Am. Compl. ¶ 29 (emphasis added).) Accordingly, the plaintiff has attempted to remove her conspiracy claim from the scope of the SCTA by alleging that the acts of the defendants were expressly outside of the scope and course of the defendants' employment.

*2 The defendant's contend that regardless of the averment, the SCTA is the exclusive statutory remedy for all torts against government employees and, therefore, its statute of limitations controls the timeliness of the conspiracy claim, even if it is ultimately proven that the defendants' actions exceeded the scope of their duties. The plaintiff, in contrast, contends that the averment itself, alleging acts outside of the course of the defendants' employment, exempts the claim from the SCTA. Both parties have relied on the South Carolina Court of Appeals' decision, in *Flateau v. Harrelson,* 355 S.C. 197, 584 S.E.2d 413 (S.C.Ct.App.2003), to fan their cause.

In *Flateau,* the South Carolina Court of Appeals considered whether the STCA applied to common law tort claims of outrage, invasion of privacy, and civil conspiracy brought against individual employees of the S.C. Commission for the Blind. Unlike the present case, the Complaint did not allege actions outside of the scope of the defendants' employment and, instead, expressly averred that "[a]t all time of the incident ..., the Defendants were members of the Board of the South Carolina Commission for the Blind." *Id.* at 204, 584 S.E.2d 413. The court of appeals emphasized 6 separate averments that reinforced the express allegation in the Complaint that the defendants were acting pursuant to their official duties. *Id.* at 204–05, 584 S.E.2d 413. The Court of Appeals ultimately concluded that the "pleadings clearly and unequivocally" alleged acts taken in accord with the board members "official duties" about "the official business of the Commission." *Id.* at 205, 584 S.E.2d 413. As a result of its determination that the SCTA "controls," the court of appeals subsequently concluded that the Act's two-year statute of limitations, therefore, applied. *Id.* at 207, 584 S.E.2d 413.

The plaintiff, here, counters that *Flateau* is readily distinguishable from the present case, insofar as allegations of official conduct were pled there, and not here. The defendants have impressively reinforced their view of *Flateau* by citing a difficult portion of it, which appears at the very end of that decision and which would tend to support the defendants' present position on the applicability of the SCTA statute of limitations. Namely, the court of appeals, stated in its conclusion, "We rule the two-year statute of limitations applies *even if the Board members acted outside the scope of their official duties or if their actions constituted fraud, actual malice, intent to cause harm, or a crime involving moral turpitude."* *Id.* at 208, 584 S.E.2d 413 (emphasis added).

This statement has caused the undersigned some consternation and is, frankly, hard to understand. The court of appeals did not expound on its stray remark. The Court has tried to understand *Flateau* both in the context of its specific facts and holding and prior precedent.

First, courts have been generally consistent in concluding that intentional acts of a governmental employee, intended to do others harm, are deemed outside the scope of their employment and, therefore, constitute an exception to South Carolina's waiver of immunity under the Tort Claims Act. *See* S.C.Code § 15–78–60(17). The **South Carolina Court of Appeals,** *Moore by Moore v. Berkeley County School Dist.,* 326 S.C. 584, 486 S.E.2d 9, 11 (S.C.App.1997); the **Fourth Circuit,** *Anthony v. Ward,* 336 Fed. Appx. 311, 316–17 (4th Cir.2009) ("The jury's finding that Defendants had civilly conspired against Plaintiff was sufficient to remove from the purview of the SCTCA's protected class of government employees."); and **courts of this district,** *Moody v. Darnell,* 2010 WL 297810, at *3 (D.S.C. January 21, 2010); *Carthens v. Lewis,* 2009 WL 394299, at*6 (D.S.C. February 17, 2009); *Harkness v. City of Anderson, S.C.,* 2005 WL 2777574, at *4 (D.S.C. October 25, 2005); *McCall v. Williams,* 52 F.Supp.2d 611, 615 (D.S.C.1999), have all agreed.

*3 Second, the court of appeals analysis, in *Flateau,* specifically turned on the way in which the Complaint had been pled. The court went to some length to explain how the averments implicated the SCTA, by virtue of their focus on official duty acts. It is a reasonable interpretation of the difficult conclusion in *Flateau,* that the court meant to say that the statute of limitations for the SCTA was applicable, even if it was later demonstrated that acts outside of the scope of the defendants' employment were committed, because the Complaint had rightly implicated the SCTA in the first instance. The Court is unaware of any other interpretation which would render *Flateau* and prior and controlling precedent comparably harmonious.

Turning to the Complaint at issue here, the plaintiff has, differently than in *Flateau,* pled her claim so as to limit her allegations to conduct which purports to either be beyond the scope of the defendants' employment or otherwise intended to cause harm. *See* S.C.Code § 15–78–70. As stated, the Amended Complaint alleges that the conspiracy was performed in the defendants' "individual capacities" and "outside the course and scope of their employment." (Amend.Comp.¶ 29.) The defendants would be liable, therefore, if at all, only to the extent their conduct, in fact, proved of the kind left expressly beyond the reach of the SCTCA. Moreover, a civil conspiracy claim requires, as one of its three elements, proof of an intent to injure the plaintiff. *See Pye v. Estate of Fox,* 369 S.C. 555, 633 S.E.2d 505, 511 (2006); *Kuznik v. Bees Ferry Assocs.,* 342 S.C. 579, 538 S.E.2d 15, 31 (Ct.App.2000). Accordingly, the Court finds the SCTCA, and its concomitant statute of limitations, inapplicable. Instead, the general three-year statute of limitations applies to the civil conspiracy claim pursuant to S.C.Code § 15–3–530(5). *See Dorman v. Campbell,* 331 S.C. 179, 500 S.E.2d 786, 788–790 (S.C.Ct.App.1998). This district has recently agreed. *See Moody v. Darnell,* 2010 WL 297810, at *3 (D.S.C. January 21, 2010) (*"Based upon the allegations in the complaint,* the SCTCA statute of limitations would not apply to these claims." (emphasis added). The defendants do not contend that the claim is untimely under that general statute of limitations.

To the extent the district court disagrees and finds that the Act is, in fact, applicable, the claim must be dismissed without prejudice and the statute of limitations issue left undecided. The circuit courts of South Carolina have exclusive jurisdiction over state-law claims against governmental entities pursuant to the South Carolina Tort Claims Act ("SCTCA"). *See* S.C.Code Ann. § 15–78–100(b). The District of South Carolina has recognized this limitation on its jurisdiction, based both on Section 15–78–100 and Section 15–78–20(e) of the South Carolina Code, which, expressly preserve the State of South Carolina's Eleventh Amendment immunity from suit in federal court. *See Stewart v. Beaufort County,* 481 F.Supp.2d 483, 493 (D.S.C.2007); *Smith v. Ozmint,* 2007 WL 858749, at *35 (D.S.C. March 20, 2007). Accordingly, whatever claims the plaintiff has pursuant to SCTCA should be dismissed *without prejudice.*

## CONCLUSION AND RECOMMENDATION

*4 Wherefore, based upon the foregoing, the Court recommends that the defendants' motion to dismiss be DENIED.

IT IS SO RECOMMENDED.

---

**End of Document**                                  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2015 Thomson Reuters. No claim to original U.S. Government Works.                          3