IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) |
|        Plaintiff, | ) C.A. No. 3:14-cv-3577-CMC-KDW |
| v. | ) **DEFENDANT KOON'S OBJECTIONS** |
| | ) **TO MAGISTRATE JUDGE'S REPORT** |
| Palmetto Health; University of South Carolina | ) **AND RECOMMENDATION [ECF #60]** |
| School of Medicine; David E. Koon, Jr., M.D., in | ) **AS TO HIS MOTION FOR SUMMARY** |
| his individual capacity; and John J. Walsh, IV, | ) **JUDGMENT [ECF #22]** |
| M.D., in his individual capacity, | ) |
|        Defendants. | ) |

On April 21, 2015, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 60] on Defendant Koon's motion for summary judgment [ECF No. 22] and other motions, all of which the Magistrate Judge recommended be denied without prejudice and with leave to renew after discovery has ended. Defendant Koon requests the Court decline to adopt the R&R, and instead grant his motion for summary judgment as to the two state law claims brought against him.[1]

**Argument**

The R&R concludes that "Defendant Koon's Motion should be denied without prejudice as it is premature at this juncture." [ECF No. 60, p. 13] The R&R pointed out that the Fourth Circuit Court of Appeals has overturned summary judgment in cases where there has been little or no discovery. [*Id. citing* Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214 (4th Cir.

---

[1] Since Defendant Koon filed his motion for summary judgment, the Magistrate Judge has granted Plaintiff's motion to amend his Complaint to allege a third state law claim against Defendants Koon and Walsh. [ECF No. 47] An objection and motion to reconsider the Magistrate Judge's granting Plaintiff's motion to amend is pending before the Court. [ECF No. 59]

2002)] The Court in Harrods pointed out that "[i]f a party believes that more discovery is necessary for it <u>to demonstrate a genuine issue of material fact</u>, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Id*. at 244 (emphasis added) *quoting* Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir.1996) (both cases decided when the relevant rule was subsection (f) rather than (d)). Because Plaintiff's Rule 56(d) affidavit did not propose to engage in any additional discovery that would allow him to demonstrate a genuine issue of material fact, his request for additional discovery should be denied and summary judgment should be granted.

***Additional discovery cannot overcome undisputed facts in favor of summary judgment.***

The entitlement to more discovery a party opposing summary judgment may request through a Rule 56(d) affidavit is not without limit. The Fourth Circuit has held that a court properly denies additional discovery requested through a 56(d) affidavit when "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Board of Trustees, Craven Community College, 55 F.3d 943, 954 (4th Cir. 1995). Because the additional discovery Plaintiff indicated he planned to engage in could not have created a genuine issue of material fact, Plaintiff's Rule 56(d) affidavit is insufficient to delay a ruling on Defendant Koon's motion for summary judgment.

Defendant Koon's motion for summary judgment established that Plaintiff could not maintain a claim of libel *per se* or tortious interference with contract against him because Plaintiff expressly demanded that Defendant Koon submit information to the Medical Board of California, and because Plaintiff signed a declaration authorizing Defendant Koon to provide all requested information to the Medical Board of California:

2

> . . . I hereby authorize all hospitals, institutions or organizations, my references, personal physicians, employers (past, present, and future), or business and professional associates (past, present, and future), and all governmental agencies (local, state, federal, or foreign) to release to the Medical Board of California or its successors any information, files or records, including medical records, educational records . . . requested by the Board in connection with this application . . .

[ECF No. 22; 22-1; 22-2; 22-3] Plaintiff's signed authorization, and his (and his attorney's) requests and demands that Defendant Koon fill out forms and otherwise fully respond to the Medical Board of California's requests for information, completely defeat his claims of libel *per se* and tortious interference with contract. *See, e.g.*, Martin v. Shank, 831 F.2d 1057, 1987 WL 38797, *1 (4th Cir. Oct. 13, 1987) ("We agree with the district court that Martin authorized the release of his medical records to the Board of Law Examiners and therefore he has no action for defamation."); Dutch Fork Development Group II, LLC v. SEL Properties, LLC, 406 S.C. 596, 604, 753 S.E.2d 840, 844 (2012) (requiring an unjustified and intentional procurement of a breach of a contract to establish tortious interference with contract).

Plaintiff's Rule 56(d) affidavit [ECF No. 25-1] alleged no discovery he planned to engage in that could overcome the fact that he specifically requested Defendant Koon submit documents to the California Medical Board, and signed an authorization approving Defendant Koon doing so. [ECF No. 22-3] As such, his Rule 56(d) does not justify a delay in ruling, and the Court should grant Defendant Koon's motion for summary judgment. *See* Pruitt v. Peninsula Regional Medical Center, 2014 WL 2916863, *5 (D.Md. June 25, 2014) (denying a Rule 56(d) motion and granting defendant summary judgment where the evidence sought by the plaintiff would "not create a genuine issue of material fact sufficient to challenge the legitimacy of her discharge").

## Conclusion

For the foregoing reasons, Defendant Koon requests that the Court reject the R&R and

enter summary judgment in his favor.

May 8, 2015

       s/ Fred A. Williams
Kathryn Thomas (DCID No. 5134)
Fred A. Williams (DCID No. 9934)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina 29201
Ph: (803) 799-9311 / Fax: (803) 254-6951
kthomas@gsblaw.net; fwilliams@gsblaw.net

COUNSEL FOR DEFENDANT KOON