IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C/A No. 3:14-cv-03577-CMC-KDW |
| ) | |
| Palmetto Health; University of South Carolina ) | |
| School of Medicine; David E. Koon, Jr., M.D., ) | |
| etc.; John J. Walsh, IV, M.D., etc. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT PALMETTO HEALTH'S
## MOTION TO COMPEL DISCOVERY RESPONSES AND
## MEMORANDUM IN SUPPORT

COMES NOW Defendant Palmetto Health, by and through its counsel, and files this Motion to Compel Discovery Responses and Memorandum in Support, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.01 of the Local Rules of the United States District Court for the District of South Carolina. Following attempts to resolve the issues, Magistrate Judge Kay West specifically stated that any outstanding issues could be brought before the Court in a Motion to Compel after May 1, 2015. Defendant Palmetto Health now respectfully moves the Court for an Order compelling Plaintiff to submit responses to Defendant Palmetto Health's First Interrogatories and First and Second Requests for Production. This Motion is based on the following:

1. On February 6, 2015, Defendant Palmetto Health served Plaintiff with (1) Defendant Palmetto Health's First Interrogatories to Plaintiff (Exhibit A), and (2) Defendant Palmetto Health's First Requests to Produce to Plaintiff (Exhibit B). These written discovery requests were served on Plaintiff by certified mail, return receipt requested.

2. Pursuant to Federal Rules 6(d), 33(b)(2), and 34(b)(2), Plaintiff's responses to the discovery requests were due on or before March 12, 2015.

3. On March 13, 2015, and again on March 15, 2015, Kathy Helms, attorney for Palmetto Heath, asked counsel for the Plaintiff the status of the discovery response and requested that they be produced within a set period of time.

4. In a communication between counsel on April 2, 2015, Plaintiff's counsel indicated that he intended to take a further extension of time.  Ms. Helms responded that the responses needed to be forthcoming and no further extensions would be granted.

5. On April 13, 2015, Plaintiff produced Plaintiff's Answers to Defendant Palmetto Health's First Interrogatories by e-mail, serving same at a later date.  In the same e-mail, counsel indicated that he was still working on the Requests to Produce but felt that most of the responses to Defendant USC-SOM Requests to the Request to Produce Documents and Other Things were responsive.

6. Plaintiff has never provided any response to Defendant Palmetto Health's First Requests to Produce.

7. On April 17, 2015, Ms. Helms contacted Mr. Rothstein both by e-mail and telephone and discussed in detail the manner in which the responses were deficient.  He responded that he would discuss the issues with Dr. Irani.

8. On April 17, 2015, a conference was also held with all parties and Judge Kaymani D. West to discuss the status of discovery and at the conclusion of the hearing Judge West stated that any motions with regard to discovery could be filed after May 1, 2015.

9. On April 28, 2015, following a series of depositions for which Dr. Irani was present, his counsel had the opportunity to go over his discovery responses with him to correct the

deficiencies, defense counsel wrote to him to again raise these same issues previously raised on April 17 (Exhibit C):

a. Defendant Palmetto Health has received no response to its **First Request for Production of Documents**.

b. **Interrogatory No. 5** – The response as stated is incomplete and therefor nonresponsive. The Acmed the Terrorist comment is very distinct. WHEN in 2011 and 2012 did Koon say these things. If Koon said he might blow things up who were the residents who heard and picked up on the statements (part of the request).

c. **Interrogatory No. 10** is not responsive to the interrogatory and sub-parts as asked.

d. **Interrogatory No. 12** is responsive only as to the provisions in the alleged Agreement that was breached and does not respond as to other portions of the alleged Agreement.

e. **Interrogatory No. 14** – The response does not answer the interrogatory as asked. The interrogatory is "Describe in detail whether Dr. Irani accessed a<u>n</u>d reviewed patient records <u>when he was no longer treating patients at Palmetto Health.</u> Include <u>when he did this</u>, <u>how he did it</u>, <u>for what purpose</u>, and whether he obtained patient or physician permission to do so." The response stating the alleged fact that he had the authority and the ability to access patient information prior to his termination is not at all responsive to this question and is a totally evasive response.

10.     Counsel for Palmetto Health has consulted with counsel for Plaintiff and failed to resolve the issues as noted above.

11.     Counsel has timely filed this Motion and has done so only after the point at which Judge West indicated that it was appropriate to file discovery motions.

12.     Because Counsel made every attempt to resolve this issue without bringing this Motion first, Defendant Palmetto Health respectfully asks the Court to consider ordering that Plaintiff pay the costs and fees Palmetto Health incurred in bringing this Motion and order such other and further relief as the Court deems appropriate.

Dated this the 11th day of May 2015.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

By:   s/Katherine Dudley Helms
       Katherine Dudley Helms (Fed ID No. 1811)

**Attorneys for Defendant Palmetto Health**

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com

4