# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Afraaz R. Irani, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C/A No. 3:14-cv-03577-CMC-KDW |
| | ) | |
| Palmetto Health; University of South Carolina | ) | |
| School of Medicine; David E. Koon, Jr., M.D., | ) | |
| etc.; John J. Walsh, IV, M.D., etc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT PALMETTO HEALTH'S FIRST
## INTERROGATORIES TO PLAINTIFF

Defendant Palmetto Health requests that Plaintiff Afraaz R. Irani, M.D., answer the following Interrogatories separately and fully in writing and under oath within thirty (30) days from the date of service hereof pursuant to Rule 33 of the Federal Rules of Civil Procedure.

## PRELIMINARY INSTRUCTIONS

A.      Unless otherwise indicated, these Interrogatories are to be answered with respect to the start of your employment with Palmetto Health through the present and to be supplemented as need be up and through the beginning of trial.

B.      In answering these Interrogatories, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your personal knowledge. If you cannot answer an Interrogatory in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you possess concerning the unanswered portions.

C.    The Interrogatories which follow are to be considered as continuing, and you are requested to provide, by way of supplemental answers thereto, such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify the answers given to the Interrogatories below.  Such supplemental responses are to be served upon Defendant Palmetto Health no later than thirty (30) days after receipt of such information.

## DEFINITIONS AND IDENTIFICATION

As used herein, the following terms shall have the meanings indicated below:

A.    "Plaintiff" or "you" refers to and includes Plaintiff Afraaz R. Irani, M.D., his agents, attorneys, representatives, and all other persons acting for or on his behalf.

B.    "Person" means natural person, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.  In each question wherein you are asked to identify a person, state with respect to such person:  (1) his or her name; (2) his or her last known address and telephone number; (3) his or her business address and telephone number; (4) his or her employer's name and address; and (5) his or her relationship to you.

C.    "Document" and/or "Tangible Thing" includes, without limitation and in addition to the common meaning attributed to each word, anything (whether handwritten, typed, printed, photocopied, duplicated, whether in draft, or in final form) in your actual or constructive possession or custody, which record or relate to any act, occurrence, event, or communication in connection with or relating in any way to the subject matter of this lawsuit including, but not limited to, letters, notes, correspondence, memoranda, statements, photographs, tape or digital recordings (audio and video), minutes, notes, films, motion pictures, transcripts, contracts, agreements, memoranda of telephone conversations or face-to-face conversations, microfilm,

2

microfiche, computer discs, computer files or records, e-mails, telegrams, magazines, advertisements, periodicals, bulletins, circulars, sketches, drawings, notices, reports, interoffice communications, balance sheets, income and loss statements, profit and loss statements, ledgers, cost ledgers or accounts, time records, journals or diaries, bills, invoices, purchase orders, vouchers, checks, proposals, offers, receipts, calendars, day planners, logs, brochures, catalogs, evaluations, recommendations, analyses, studies, disbursement requests or orders, charts, graphs, projections, data sheets, computer print-out sheets, computer records or files, electronically-created or otherwise recorded matters, and other data compilations.

D.    If any document or tangible thing was, but is no longer, in your possession or control or is no longer in existence, state whether it is:  (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed of.  In each such instance, explain the circumstances surrounding and authorization for such disposition thereof and state the approximate date thereof.

E.    If any document or tangible thing has been prepared in several copies, or additional copies have been made, and the copies are not identical, or by reason of subsequent modifications of the copy by addition or deletion of notations, each non-identical copy is a separate "document" or "tangible thing" and shall be identified and provided separately.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

List all witnesses and provide a short description of the facts to which each is expected to testify.

**INTERROGATORY NO. 2:**

List any and all individuals with whom you have discussed the Palmetto Health USC-SOM residency programs and the issues generally related to the causes of action raised in this litigation since July 1, 2011.

**INTERROGATORY NO. 3:**

When does Plaintiff contend that he was terminated from the residency program?

**INTERROGATORY NO. 4:**

Describe in detail all evidence of malice or intent to specifically harm Dr. Irani by Palmetto Health, the specific actor, and the date.

**INTERROGATORY NO. 5:**

Detail the date, location, and witnesses of each instance where Dr. Koon allegedly referred to Dr. Irani as "Acmed the Terrorist" and each and every other offensive remark made to Dr. Irani on the basis of race or religion on which he bases his claim of discrimination and hostile environment in the workplace. Detail any and all individuals other than Dr. Koon who are alleged to have made the comments detailed or otherwise discriminated against Dr. Irani or made the workplace hostile because of race or religion and not job performance.

**INTERROGATORY NO. 6:**

Identify specifically those individuals who Dr. Irani claims where similarly situated but treated more favorably than he because of race or religion and the specific instances in which that individual was more favorably treated.

4

**INTERROGATORY NO. 7:**

Describe each instance in which Dr. Irani complained of Palmetto Health requiring him to violate the duty hours policy specifically stating for each instance how he complained (verbally or in writing), to whom, and on what date.

**INTERROGATORY NO. 8:**

Describe each instance in which Dr. Irani complained of the Palmetto Health not providing proper supervision of his work as a resident while in the Orthopeadic Residency Program specifically stating for each whether he complained in writing or orally, to whom, and on what date.

**INTERROGATORY NO. 9:**

State specifically each instance in which Dr. Irani was required to provide patient care without proper supervision.

**INTERROGATORY NO. 10:**

State specifically each instance that Dr. Irani worked in excess of the duty hours policy providing the following:

a)     The attending physician who required him to exceed the duty hour policy;

b)     Whether Dr. Irani properly reported his hours and the fact that he violated the duty hours policy;

c)     State whether the violation was ever addressed by the faculty; and

d)     Whether any identifiable harm resulted to a patient.

**INTERROGATORY NO. 11:**

State with specificity and separately as to each alleged complaint the manner in which Palmetto Health retaliated against Dr. Irani 1) for filing a grievance; 2) for grieving his termination; and 3) for filing a Charge with the EEOC.

**INTERROGATORY NO. 12:**

Detail the specific manner in which Palmetto Health breached the 2011-2012 Resident Agreement of Appointment with Dr. Irani citing the specific provisions in the Agreement that were breached and the exact actions that caused the breach.

**INTERROGATORY NO. 13:**

State specifically what evidence there is of any contract between Palmetto Health and the ACGME and what evidence it would intend to cover Dr. Irani separately from other residents in the Orthopaedic Residency Program.

**INTERROGATORY NO. 14:**

Describe in detail whether Dr. Irani accessed and reviewed patient records when he was no longer treating patients at Palmetto Health. Include when he did this, how he did it, for what purpose, and whether he obtained patient or physician permission to do so.

**INTERROGATORY NO. 15:**

For each type of monetary damages that Plaintiff claims in this lawsuit, state the dollar amount sought and explain how each amount was calculated. If Plaintiff contends the dollar amount of any type of monetary damages is not presently known, state the method by which Plaintiff intends to calculate the amount at a later date.

**INTERROGATORY NO. 16:**

State all social media on which you have had a presence since 2010 and your specific screen name or account ID by which you are identified in that particular mode of social media. Note specifically the dates for which you have had an account with each entity. State specifically whether you have ever discussed Palmetto Health and on which social media.

**INTERROGATORY NO. 17:**

State whether you have sued the ACGME since your dismissal from the Palmetto Health USC-SOM Orthopaedic Residency Program or filed any formal complaint against the ACGME. If so, please provide the forum and the complaint number.

**INTERROGATORY NO. 18:**

During his residency did Dr. Irani complain of any member of the faculty other than Dr. Koon? If so, specifically for what, when, and to whom.

**INTERROGATORY NO. 19:**

Is Plaintiff eligible for or has he applied for or enrolled in Medicare? If yes, were any medical bills, invoices, or charges for which damages are sought in this lawsuit submitted to or paid for by Medicare?

**INTERROGATORY NO. 20:**

Has Plaintiff applied to the Social Security Administration for Social Security Disability Insurance ("SSDI") benefits?

**INTERROGATORY NO. 21:**

Identify all sources of income for Plaintiff since January 1, 2011, including the total amount of income received from each source and the time frame during which it was received.

**INTERROGATORY NO. 22:**

Reviewing Palmetto Health Bates Nos. 00001-000130, the documents Palmetto Health submitted to the California Medical Board at Dr. Irani's insistence, please identify specifically each and every document Dr. Irani takes issue with being provided to the California Medical Board and the reason and basis that Palmetto Health should have known not to provide it given the authority provided by Dr. Irani.

**INTERROGATORY NO. 23:**

State specifically whether greater harm would have been provided by providing Palmetto Health Bates Nos. 00001-000130 or by providing no response whatsoever?

**INTERROGATORY NO. 24:**

Identify those Dr. Irani asserts were treated more favorably than he was.

**INTERROGATORY NO. 25:**

With regard to the allegations contained in Paragraph 42, describe in detail the basis for Dr. Irani's allegations that Palmetto Health's actions were intentional and reckless.

**[SIGNATURE PAGE TO FOLLOW]**

Dated this 6th day of February 2015.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _Katherine Dudley Helms_

Katherine Dudley Helms (Fed. ID No. 1811)
Todd S. Timmons (Fed. ID No. 11254)

**Attorneys for Defendant Palmetto Health**

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com
todd.timmons@ogletreedeakins.com

9

## CERTIFICATE OF SERVICE

I, Meredith Smith, do hereby certify that the foregoing **DEFENDANT PALMETTO HEALTH'S FIRST INTERROGATORIES TO PLAINTIFF** has been served upon the following person by certified mail, return receipt requested, properly addressed, and with the correct amount of postage affixed thereto:

> David Rothstein, Esq.
> Rothstein Law Firm, PA
> 1312 Augusta Street
> Greenville, SC  29605

Dated this 6th day of February 2015.

Meredith Smith
*Legal Assistant*

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
meredith.smith@ogletreedeakins.com