# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) |
|         Plaintiff, | ) |
| v. | ) C/A No. 3:14-cv-03577-CMC-KDW |
| Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., etc.; John J. Walsh, IV, M.D., etc. | ) |
|         Defendants. | ) |

**DEFENDANT PALMETTO HEALTH'S FIRST REQUESTS
FOR PRODUCTION TO PLAINTIFF**

Defendant Palmetto Health requests that Plaintiff Afraaz R. Irani, M.D., produce for inspection and copying the following within thirty (30) days from the date of service hereof, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

**PRELIMINARY INSTRUCTIONS**

A. Unless otherwise indicated, these Requests are to be answered with respect to the start of your employment with Defendant Palmetto Health, through the present and to be supplemented as need be up and through the beginning of trial.

B. In responding to these Requests, furnish all information available to you, including information in the possession of your attorneys or their investigators, and all persons acting on your behalf, and not merely such information known of your personal knowledge. If you cannot answer a Request in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you possess concerning the unanswered portions. To

the extent partial answers or responses are provided, please indicate what requested documents or tangible things are known, but unavailable.

C. The Requests that follow are to be considered as continuing, and you are requested to provide, by way of supplemental answers thereto, such additional information as you or any other person acting on your Plaintiff's behalf may hereafter obtain which will augment or otherwise modify the answers given to the Requests below. Such supplemental responses are to be served upon Defendant Palmetto Health no later than thirty (30) days after receipt of such information.

**Definitions**

A. "Plaintiff" or "you" refers to and includes Plaintiff Afraaz R. Irani, M.D., his agents, attorneys, representatives, and all other persons acting for or on his behalf.

B. "Document" and/or "Tangible Thing" includes, without limitation and in addition to the common meaning attributed to each word, anything (whether handwritten, typed, printed, photocopied, duplicated, whether in draft, or in final form) in your actual or constructive possession or custody, which record or relate to any act, occurrence, event, or communication in connection with or relating in any way to the subject matter of this lawsuit including, but not limited to, letters, notes, correspondence, memoranda, statements, photographs, tape or digital recordings (audio and video), minutes, notes, films, motion pictures, transcripts, contracts, agreements, memoranda of telephone conversations or face-to-face conversations, microfilm, microfiche, computer discs, computer files or records, e-mails, telegrams, magazines, advertisements, periodicals, bulletins, circulars, sketches, drawings, notices, reports, interoffice communications, balance sheets, income and loss statements, profit and loss statements, ledgers, cost ledgers or accounts, time records, journals or diaries, bills, invoices, purchase orders,

vouchers, checks, proposals, offers, receipts, calendars, day planners, logs, brochures, catalogs, evaluations, recommendations, analyses, studies, disbursement requests or orders, charts, graphs, projections, data sheets, computer print-out sheets, computer records or files, electronically-created or otherwise recorded matters, and other data compilations.

    C.    If any document or tangible thing was, but is no longer, in your possession or control or is no longer in existence, state whether it is: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others, and if so, to whom; or (4) otherwise disposed of. In each instance, explain the circumstances surrounding and authorization for such disposition thereof and state the approximate date thereof.

    D.    If any document or tangible thing has been prepared in several copies, or additional copies have been made, and the copies are not identical, or by reason of subsequent modifications of the copy by addition or deletion of notations, each non-identical copy is a separate "document" or "tangible thing" and shall be identified and provided separately.

    E.    "Communications" shall refer to all inquiries, discussions, interviews, messages, statements, meetings, telephone conversations, letters, notes, e-mails, telegrams, or any other form of inter-personal disclosure, whether oral or written.

    F.    "And" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any documents or tangible things which might otherwise be construed as outside its scope.

    G.    The terms "identify," "identification," or "identity" with respect to a person (including both natural persons and persons recognized by law) mean a statement of the person's full name, present address, telephone number, and the person's employer, occupation, and job title, both presently and at the time of the particular occurrence or writing involved.

**REQUEST NO. 1:**

All communications in any form and in any media from July 1, 2010, forward with anyone who is or has been a resident in the Palmetto Health USC-SOM Orthopeadic Residency Program or any of its faculty members.

**REQUEST NO. 3:**

Any communication in any form and in any media from July 1, 2010, forward with anyone who is or has been a resident in the Palmetto Health USC-SOM Orthopaedic Residency Program with regard to duty hours.

**REQUEST NO. 4:**

Any communication with the ACGME since July 1, 2010, that Dr. Irani has in his possession or that of his counsel. This would include, but is not limited to, Dr. Irani's communications to and from the ACGME or those of any other individual of which he may have a copy in any form.

**REQUEST NO. 5:**

Copies of any social media entries by or to Dr. Irani since July 1, 2010, that mention Dr. Koon, Dr. Walsh, Dr. Jennifer Woods, Dr. Hoover, any nurse in the Emergency Room at Palmetto Richland Hospital or the Palmetto Health USC-SOM Orthopeadic Residency Program or Palmetto Health.

**REQUEST NO. 6:**

Copies of all applications to residency programs or for licenses necessary in the practice of medicine since January 1, 2009. Dr. Irani need not provide those applications for licenses he obtained while a resident at Palmetto Health USC-SOM.

4

**REQUEST NO. 7:**

Each and every document that supports Dr. Irani's prayer(s) for damages against Palmetto Health.

**REQUEST NO. 8:**

Each and every document that supports Dr. Irani's prayer(s) for punitive damages.

**REQUEST NO. 9:**

Each and every document evidencing Dr. Irani's annual income from any source whatsoever from January 1, 2009, including, but not limited to federal tax returns.

**REQUEST NO. 10:**

Each and every document that either supports or contradicts Dr. Irani's allegations in this lawsuit against Palmetto Health.

**REQUEST NO. 11:**

Copies of all medical records without exception from any healthcare provider of any discipline who Dr. Irani has seen with regard to symptoms he related to the allegations against Palmetto Health. A release for medical records is provided herewith so that Palmetto Health can obtain the records directly should Dr. Irani prefer.

**REQUEST NO. 12:**

All documents, including, but not limited to, notes, diaries, calendars, e-mails, text messages, or other communications where Plaintiff recorded his thoughts or facts related to his employment or his practice of medicine from July 2, 2010, forward.

**REQUEST NO. 13:**

All documents evidencing Dr. Irani's complaints that Dr. Irani was required to violate the Palmetto Health duty hours policy.

5

**REQUEST NO. 14:**

All documents evidencing Dr. Irani's complaints about any member of the faculty, medical staff, employee of Palmetto Health, patient, or family member of a patient.

**REQUEST NO. 15:**

All documents and tangible things, including statements, affidavits, and recordings, received, obtained, or taken from any person with any information or knowledge covering Plaintiff's claims or the facts of this case.

**REQUEST NO. 16:**

All documents received in response to a subpoena issued to any third party.

**REQUEST NO. 17:**

Copies of all local, state, and/or federal income tax returns, including attachments, schedules, and W-2 forms, filed by Plaintiff concerning or relating to the calendar years 2010 to the present.

**REQUEST NO. 18:**

All documents or tangible things beyond those produced in response to Request No. 9 above which refer to or reflect Plaintiff's income, other than income received from Defendant, from January 1, 2010, to the present.

**REQUEST NO. 19:**

All documents and tangible things supporting Plaintiff's claim, if any, of physical and mental injuries, including without limitation medical records, medical bills, appointment notices, and correspondence with physicians, counselors, ministers, psychologists, psychiatrists, or caseworkers.

As to documents in the possession of third parties, please provide a signed release for each such individual, permitting disclosure of such records to counsel for Palmetto Health. The form release attached to Palmetto Health's Interrogatories can be used for this purpose.

**REQUEST NO. 20:**

All documents and tangible things upon which Plaintiff relied, identified, or which he referenced for the purpose of answering Palmetto Health's Interrogatories, which are not otherwise responsive to any Request listed above. This Request does not seek legal resources (rules, statutes, case law, etc.) upon which Plaintiff's attorney relied in preparing those Interrogatory answers.

**REQUEST NO. 21:**

Provide copies of all documents that you believe demonstrate that a contract exists between Palmetto Health and the ACGME.

**REQUEST NO. 22:**

Provide copies of all documents that you believe demonstrate that Dr. Irani is an intended beneficiary or was ever an intended beneficiary of any contract between the ACGME and Palmetto Health providing all documentary evidence thereof.

**REQUEST NO. 23:**

Provide all documents that demonstrate that Palmetto Health in any way prevented Dr. Irani from entering into any contract because of his race and provide a copy of the contract.

**REQUEST NO. 24:**

Provide any evidence that Dr. Irani believes supports his position that he was performing adequately at the time of his termination.

**REQUEST NO. 25:**

Produce all documents that support Dr. Irani's contention that he made a complaint with regard to duty hours and a lack of supervision that in some way led to his termination.

**REQUEST NO. 26:**

Provide all documents that support Dr. Irani's contention in Paragraph 42 that Palmetto Health's alleged actions were intentional and reckless.

**REQUEST NO. 27:**

Provide all documents that Dr. Irani believes support his contention that Palmetto Heath subjected him to a hostile work environment because of his race, national origin, and/or religion.

**REQUEST NO. 28:**

Any communication Dr. Irani has had since 2010 with any physician or healthcare provider who is or ever has been employed at any time by Palmetto Health in any capacity.

**REQUEST NO. 29:**

A copy of each and every Electronic Resident Application Service packet of Dr. Irani from 2012 to the present.

**REQUEST NO. 30:**

A copy of each National Resident Matching Program for Dr. Irani from 2009 forward.

**REQUEST NO. 31:**

A copy of any document produced to the California Medical Board that Dr. Irani contends was retaliatory and should not have been sent pursuant to his request.

Dated this 6th day of February 2015.

                          Respectfully submitted,

                          OGLETREE, DEAKINS, NASH,
                          SMOAK & STEWART, P.C.

                By: *Katherine Dudley Helms*
                     Katherine Dudley Helms (Fed. ID No. 1811)
                     Todd S. Timmons (Fed. ID No. 11254)

                        **Attorneys for Defendant Palmetto Health**

1320 Main Street, Suite 600
Columbia, SC 29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com
todd.timmons@ogletreedeakins.com

9

## AUTHORIZATION TO RELEASE MEDICAL RECORDS

**RE:        Afraaz R. Irani**
**DOB:**
**SSN:**

      In accordance with the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 C.F.R. Section 164.508, I hereby authorize any of my healthcare providers to release all medical records pertaining to me including, but not limited to, physical records, psychological records (other than psychotherapy notes which must be requested by separate authorization), counseling records, pharmaceutical records, insurance records, notes, observations, diagnoses, and test results concerning any medical treatment that I have received, to:

                Kathy Dudley Helms, Esq.
                Todd S. Timmons, Esq.
                OGLETREE, DEAKINS, NASH,
                   SMOAK & STEWART, P.C.
                1320 Main Street, Suite 600
                Columbia, SC  29201

or any persons she/he may designate.  I understand these records are being released at my request and for the purpose of litigation.  I further understand that the information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by HIPAA privacy regulations.

      Notwithstanding the foregoing, the Genetic Information Non-Discrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by law.  Nothing in this Authorization seeks the disclosure of Genetic Information, and you are asked NOT TO PROVIDE ANY GENETIC INFORMATION when responding to this request for medical information.  "Genetic Information" as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

      This authorization expires three years from the date listed below.  However, I can revoke this authorization at any time by providing a signed, written notice of revocation to my healthcare providers and the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.  My healthcare providers may not condition treatment or payment on the execution of this agreement.

A photocopy of this authorization shall be considered as effective and valid as the original.

_____          _____
Afraaz R. Irani                                                                   Date

Sworn to and subscribed before me this the
_____ day of _____ 2015.

_____
Notary Public for the State of South Carolina
My Commission Expires: _____

2

## CERTIFICATE OF SERVICE

I, Meredith Smith, do hereby certify that the foregoing **DEFENDANT PALMETTO HEALTH'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF** has been served upon the following person by certified mail, return receipt requested, properly addressed, and with the correct amount of postage affixed thereto:

> David Rothstein, Esq.
> Rothstein Law Firm, PA
> 1312 Augusta Street
> Greenville, SC  29605

Dated this 6th day of February 2015.

                                                           Meredith Smith
                                                         *Legal Assistant*

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
meredith.smith@ogletreedeakins.com