# Exhibit C

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

1320 Main Street, Suite 600
Columbia, SC 29201-3266
Telephone: 803.252.1300
Facsimile:  803.254.6517
www.ogletreedeakins.com

**Katherine Dudley Helms**
*kathy.helms@ogletreedeakins.com*

April 28, 2015

David Rothstein, Esq.
Rothstein Law Firm, PA
1312 Augusta Street
Greenville, SC  29605

Re:  Afraaz R. Irani, M.D. v. Palmetto Health, *et al.*
     C/A No. 3:14-cv-03577-CMC-KDW

Dear David:

I realize that we need to reset a couple of depositions but before we reschedule Dr. Stephens and I would like to receive the complete discovery as I have requested. We have discussed my concerns with the deficiencies.

My concerns that I raised in my e-mail of Friday, April 17, remain and have yet to be resolved. As I stated in that e-mail:

Obviously the Requests to Produce are a significant issue. I know you say that you have already produced much in response to Kathryn's request. The two things that come readily to mind are the Residency applications and the Uber receipts. Not much else. Then you say I can go to your expert report to look at damages. That leaves a whole lot unaddressed after I am required to piecemeal those things together.

**Interrogatory No. 5** – The Acmed the Terrorist comment is very distinct. WHEN in 2011 and 2012 did Koon say these things. If Koon said he might blow things up who were the residents who heard and picked up on the statements (part of the request).

**Interrogatory No. 10** is not responsive to the interrogatory and sub-parts as asked.

**Interrogatory No.12** is responsive only as to the provisions in the alleged Agreement that was breached, no other portion of the alleged Agreement.

**Interrogatory No. 14** – the response does not answer the interrogatory as asked. The interrogatory is "Describe in detail whether Dr. Irani accessed and reviewed patient records when he was no longer treating patients at Palmetto Health. Include when he did this, how he did it, for what purpose, and whether he obtained patient or physician permission to do so."

---

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Miami
Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

David Rothstein, Esq.
April 28, 2015
Page 2

The fact that he had the authority and the ability to access patient information prior to his termination is not at all responsive to this question and is a totally evasive response. Please respond as asked. When he was treating patients and with the specifics of WHEN did Dr. Irani access the information, how, and for what purpose.

Dr. Irani has now had additional time to meet with you and been through multiple depositions. There is no reason he cannot fully respond to our discovery and Dr. Stephens should not be expected to attend a deposition without the benefit of the responses.

I understand that you could have noticed her deposition before written discovery was ever served, but you did not and you are asking very detailed questions of witnesses based on documents and of the evidence and I have the right for my witness to be fully informed based on the discovery that we properly did in a timely manner.

I am more than happy to work to reschedule Dr. Stephens' deposition although all of our schedules make that a challenge on the best day, but please have Dr. Irani FULLY and completely answer the Interrogatories and Requests to Produce and provide them to me sufficiently in advance to review with Dr. Stephens prior to her deposition.

I believe you also need to reschedule Dr. Guy's deposition. I have noticed Dr. Eady's deposition for May 26 and hope that date will hold. I have decided that in all likelihood I will not depose your economic expert but will your other two experts. I assume that a Notice of Deposition is sufficient. I will try to look at my calendar and airline flights and get out proposed dates by early next week. We have a lot to do before the end of discovery.

Since we did not extend the discovery deadline, I am going to take the position that we need to get everything done within the discovery deadline. I have been very open about my restrictions during the month of May because of my other cases and my mediations and depositions.

Sincerely,

*Kathy*

Katherine Dudley Helms

KDH:bas
By Certified Mail
cc:     Kathryn Thomas, Esq.