IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) C/A No.: 3:14-cv-03577-CMC-KDW |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S RESPONSES TO DEFENDANT PALMETTO HEALTH'S FIRST REQUESTS FOR PRODUCTION** |
| Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., in his individual capacity; and John J. Walsh, IV, M.D., in his individual capacity, | ) |
| Defendants. | ) |

Plaintiff, Afraaz R. Irani, M.D., by and through his undersigned counsel, hereby provides the following Responses to Defendant Palmetto Health's First Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure

1. All communications in any form and in any media from July 1, 2010, forward with anyone who is or has been a resident in the Palmetto Health USC-SOM Orthopaedic Residency Program or any of its faculty members.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence at trial. Subject to the foregoing objection, responsive documents to this request have already been produced within the documents Bates labeled Irani000001-000006, 000011-000095, 000576-000688, and 001927-001958-A.

[There was no Request No. 2]

3. Any communication in any form and in any media from July 1, 2010, forward with anyone who is or has been a resident in the Palmetto Health USC-SOM Orthopaedic Residency Program with regard to duty hours.

**RESPONSE:** See documents previously produced with Bates labels Irani001942-001945; 001957-001958.

4. Any communication with the ACGME since July 1, 2010, that Dr. Irani has in his possession or that of his counsel. This would include, but is not limited to, Dr. Irani's communications to and from the ACGME or those of any other individual of which he may have a copy in any form.

**RESPONSE:** See documents previously produced with Bates labels Irani000007-000010. See also documents with Bates labels Irani003409-003590 produced herewith.

5. Copies of any social media entries by or to Dr. Irani since July 1, 2010, that mention Dr. Koon, Dr. Walsh, Dr. Jennifer Woods, Dr. Hoover, any nurse in the Emergency Room at Palmetto Richland Hospital or the Palmetto Health USC-SOM Orthopaedic Residency Program or Palmetto Health.

**RESPONSE:** Plaintiff does not have any documents responsive to this request.

6. Copies of all applications to residency programs or for licenses necessary in the practice of medicine since January 1, 2009. Dr. Irani need not provide those applications for licenses he obtained while a resident at Palmetto Health USC-SOM.

**RESPONSE:** See documents previously produced with Bates labels Irani000096-000461. See also documents with Bates labels Irani002581-002660 produced herewith.

7. Each and every document that supports Dr. Irani's prayer(s) for damages against

Palmetto Health.

**RESPONSE:** See Experts Reports of Charles Alford and Julie Sherriff previously produced.

8.     Each and every document that supports Dr. Irani's prayer(s) for punitive damages.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad and unduly burdensome. Plaintiff's prayer for punitive damages is based on the totality of the evidence to be submitted at the trial of this case.

9.     Each and every document evidencing Dr. Irani's annual income from any source whatsoever from January 1, 2009, including, but not limited to federal tax returns.

**RESPONSE:** Plaintiff objects to this request to the extent that Palmetto Health already has possession of documents reflecting Plaintiff's income earned while he was a resident at the Palmetto Health/USC-School of Medicine Orthopaedic Surgery Residency Program. See documents previously produced with Bates labels Irani000462-000510. Plaintiff had no income in 2009 and did not file an income tax return. Copies of Plaintiff's income tax returns for 2010 through 2014 are attached hereto with Bates labels Irani003951-003592 and Irani003386-003401.

10.    Each and every document that either supports or contradicts Dr. Irani's allegations in this lawsuit against Palmetto Health.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and would require Plaintiff or his counsel to reveal litigation strategies in this case that are protected by the attorney work product doctrine. Subject to the foregoing objections, Plaintiff references all documents that he has previously produced in this case, along with documents produced herewith with Bates labels Irani002211-003592.

11.    Copies of all medical records without exception from any healthcare provider of any

3

discipline who Dr. Irani has seen with regard to symptoms he related to the allegations against Palmetto Health. A release for medical records is provided herewith so that Palmetto Health can obtain the records directly should Dr. Irani prefer.

**RESPONSE:** Plaintiff has no documents that would be responsive to this request. Plaintiff has not seen any healthcare provider with regard to any symptoms related to the allegations against Palmetto Health.

12.     All documents, including, but not limited to, notes, diaries, calendars, e-mails, text messages, or other communications where Plaintiff recorded his thoughts or facts related to his employment or his practice of medicine from July 1, 2010, forward.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the attorney-client privilege or the attorney work product doctrine. Subject to the foregoing objections, responsive documents to this request are included within the documents produced with Bates labels Irani000001-003592.

13.     All documents evidencing Dr. Irani's complaints that Dr. Irani was required to violate the Palmetto Health duty hours policy.

**RESPONSE:** See documents with Bates labels Irani001031-001089 previously produced. See also documents with Bates labels Irani003409-003590 produced herewith.

14.     All documents evidencing Dr. Irani's complaints about any member of the faculty, medical staff, employee of Palmetto Health, patient, or family member of a patient.

**RESPONSE:** See document with Bates labels Irani003409-003590 produced herewith.

15.     All documents and tangible things, including statements, affidavits, and recordings, received, obtained, or taken from any person with any information or knowledge covering Plaintiff's

claims or the facts of this case.

**RESPONSE:** See documents with Bates labels Irani 000898-000900, 000935-001000 previously produced.

16. All documents received in response to a subpoena issued to any third party.

**RESPONSE:** Plaintiff has no documents that would be responsive to this request.

17. Copies of all local, state, and/or federal income tax returns, including attachments, schedules, and W-2 forms, filed by Plaintiff concerning or relating to the calendar years 2010 to the present.

**RESPONSE:** See response to Request No. 9 above.

18. All documents or tangible things beyond those produced in response to Request No. 9 above which refer to or reflect Plaintiff's income, other than income received from Defendant, from January 1, 2010, to the present.

**RESPONSE:** See response to Request No. 9 above. Plaintiff has no additional documents that would be responsive to this request.

19. All documents and tangible things supporting Plaintiff's claim, if any, of physical and mental injuries, including without limitation medical records, medical bills, appointment notices, and correspondence with physicians, counselors, ministers, psychologists, psychiatrists, or caseworkers. As to documents in the possession of third parties, please provide a signed release for each such individual, permitting disclosure of such records to counsel for Palmetto Health. The form release attached to Palmetto Health's Interrogatories can be used for this purpose.

**RESPONSE:** Plaintiff has no documents that would be responsive to this request, because Plaintiff has not sought any treatment for physical or mental injuries relating to this case.

20. All documents and tangible things upon which Plaintiff relied, identified, or which he referenced for the purpose of answering Palmetto Health's Interrogatories, which are not otherwise responsive to any Request listed above. This Request does not seek legal resources (rules, statutes, case law, etc.) upon which Plaintiff's attorney relied in preparing those Interrogatory answers.

**RESPONSE**: See documents with Bates labels Irani000001-002210 previously produced. See also documents with Bates labels Irani002211-003592 produced herewith.

21. Provide copies of all documents that you believe demonstrate that a contract exists between Palmetto Health and the ACGME.

**RESPONSE**: Plaintiff does not have any documents that would be responsive to this request, other than documents he has received from Defendants.

22. Provide copies of all documents that you believe demonstrate that Dr. Irani is an intended beneficiary or was ever an intended beneficiary of any contract between the ACGME and Palmetto Health providing all documentary evidence thereof.

**RESPONSE**: Plaintiff does not have any documents that would be responsive to this request, other than documents he has received from Defendants.

23. Provide all documents that demonstrate that Palmetto Health in any way prevented Dr. Irani from entering into any contract because of his race and provide a copy of the contract.

**RESPONSE**: Plaintiff does not have any documents that would be responsive to this request, other than documents he has received from Defendants.

24. Provide any evidence that Dr. Irani believes supports his position that he was performing adequately at the time of his termination.

**RESPONSE:** Plaintiff does not have any documents that would be responsive to this request, other than documents he has received from Defendants.

25. Produce all documents that support Dr. Irani's contention that he made a complaint with regard to duty hours and a lack of supervision that in some way led to his termination.

**RESPONSE:** See documents with Bates labels Irani001031-001089 previously produced. See also documents with Bates labels Irani003409-003590 produced herewith.

26. Provide all documents that support Dr. Irani's contention in Paragraph 42 that Palmetto Health's alleged actions were intentional and reckless.

**RESPONSE:** Plaintiff does not have possession of any specific documents that would be responsive to this request, other that documents he has received from Defendants.

27. Provide all documents that Dr. Irani believes support his contention that Palmetto Heath subjected him to a hostile work environment because of his race, national origin, and/or religion.

**RESPONSE:** Plaintiff does not have any documents that would be responsive to this request, other than documents he has received from Defendants.

28. Any communication Dr. Irani has had since 2010 with any physician or healthcare provider who is or ever has been employed at any time by Palmetto Health in any capacity.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence at trial. Subject to the foregoing objection, responsive documents to this request have already been produced within the documents Bates labeled Irani000001-000006, 000011-000095, 000576-000688, and 001927-

001958-A.

29.     A copy of each and every Electronic Resident Application Service packet of Dr. Irani from 2012 to the present.

**RESPONSE:** See document with Bates labels Irani000176-000461; 001189-01190; and 00194-001210 previously produced.

30.     A copy of each National Resident Matching Program for Dr. Irani from 2009 forward.

**RESPONSE:** Plaintiff does not understand the term "National Resident Matching Program" as used in this request. Plaintiff has no documents that would be responsive to this request.

31.     A copy of any document produced to the California Medical Board that Dr. Irani contends was retaliatory and should not have been sent pursuant to his request.

**RESPONSE:** Plaintiff does not have any documents that would be responsive to this request, other than documents he has received from Defendants.

Respectfully submitted,

/s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, SC  29605
(864) 232-5870 (Office)
(864) 241-1386 (Facsimile)
drothstein@rothsteinlawfirm.com

Attorneys for Plaintiff, Afraaz R. Irani, M.D.

May 20, 2015

Greenville, SC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the he served a copy of the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT PALMETTO HEALTH'S FIRST REQUESTS FOR PRODUCTION** upon counsel for Defendants by e-mail and by depositing a copy of the same in the United States mail, proper first-class postage pre-paid, this 20th day of May, 2015, addressed as follows:

Kathy Dudley Helms, Esq. (Kathy.Helms@ogletreedeakins.com)
Ogletree Deakins Nash Smoak & Stewart, PC
1320 Main Street, Suite 600
Columbia, SC 29201-3266

Kathryn Thomas, Esq. (Kthomas@gsblaw.net)
Gignilliat, Savitz & Bettis, LLP
900 Elmwood Avenue, Suite 100
Columbia, SC 29201

David E. Rothstein

Greenville, South Carolina.