# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Palmetto Health; University of South Carolina ) <br> School of Medicine; David E. Koon, Jr., M.D., in ) <br> his individual capacity; and John J. Walsh, IV, ) <br> M.D., in his individual capacity, ) <br> ) <br> Defendants. ) <br> _____ ) | C.A. No. 3:14-cv-3577-CMC-KDW <br><br><br><br> **USC-SOM'S ANSWERS TO** <br> **PLAINTIFF'S FIRST SET OF** <br> **INTERROGATORIES** |

TO PLAINTIFF AND HIS ATTORNEY:

  Defendant University of South Carolina School of Medicine ("Defendant" or "USC-SOM") asserts attorney/client privileges and immunities as to all communications with its legal counsel, and thus objects to producing or disclosing such communications. Legal counsel assert work product privileges and immunities as to their own work product. Defendant therefore objects to producing such work product. Defendant asserts work product privileges and immunities as to all communications and documentation prepared in anticipation of litigation and thus objects to producing such work product.

  In setting forth these answers, Defendant does not waive any attorney/client, work product, or other privilege or immunity which may attach to information called for in, or which may be responsive to, these interrogatories. Defendant does not concede the relevance or materiality of these interrogatories, the subject matter of these interrogatories, or documents produced in response to these interrogatories. Defendant reserves the right to question the competency, relevancy, materiality, privilege and admissibility of any documents produced or referred to herein. Defendant also reserves the right to revise, correct, supplement or clarify any of its answers or documents referred to herein. Defendant objects to any instructions, definitions, or assumptions set forth in preface to Plaintiff's discovery requests.

  The above objections, privileges and immunities are asserted in response to each of the following interrogatories as if set forth verbatim at the beginning of each interrogatory:

  **Interrogatory 1.** **Identify any and all persons known to Defendant or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.**

  **ANSWER:** Plaintiff's claims against USC-SOM are based on unsupportable allegations

that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. There is no such contract. See affidavit of R. Caughman Taylor. Every person identified in the parties' Local Rule 26.03 filings is expected to refute Plaintiff's allegations. See documents produced and exchanged among the parties, which include statements and information within the knowledge of such individuals.

**Interrogatory 2.** **For each person known to Defendant or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform Plaintiffs of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.**

**ANSWER:** Everyone is expected to confirm that Dr. Irani was never employed by USC-SOM, Dr. Irani had no contract with USC-SOM, and USC-SOM had no contract with the ACGME. See documents produced and exchanged among the parties.

**Interrogatory 3.** **Set forth a list of photographs, plats, sketches or other prepared documents in possession of Defendant that relate to the claims or defenses in this case.**

**ANSWER:** See documents produced and exchanged among the parties. Defendant objects to "set[ting] forth a list" of such documents, as the exercise would be unduly burdensome to Defendant when the amount of documentation is substantial and Plaintiff himself is capable of compiling a "list" of documents produced and exchanged among the parties. Moreover, Plaintiff's claims against USC-SOM are based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. Nothing in a "list" of documents in USC-SOM's possession will establish such a contract.

**Interrogatory 4.** **Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claims and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.**

**ANSWER:**     South Carolina Insurance Reserve Fund
P.O. Box 11066
Columbia, SC 29211

2

Policy No.: T120080512
Policy Limits   $1,000,000 (non-Tort Claims Act claims)
                $300,000/$600,000 (Tort Claims Act claims)
Coverage is otherwise limited by applicable law and policy terms.

**Interrogatory 5.** **Identify any expert witnesses whom Defendant proposes to use as a witness at the trial of the case.**

**ANSWER:** Defendant does not propose an expert witness at this time.

**Interrogatory 6.** **Identify any and all persons who were involved in, participated in, or consulted in connection with the decision to terminate Plaintiff, regardless of whether or not such person agreed with the ultimate decision. For each such person, describe in complete detail the involvement, participation, or consultation that each person had in the decision, and state whether such person supported or opposed the decision.**

**ANSWER:** USC-SOM objects to this interrogatory on grounds that it is overly broad in scope, unduly burdensome, and seeks information not likely to lead to the discovery of admissible evidence. The interrogatory is not designed to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. There are no such contracts to support Plaintiff's claims, and none of the information requested would prove the existence of such a contract.

Subject to this objection, with regard to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see documents produced and exchanged among the parties, which describe information Plaintiff's interrogatories seek.

**Interrogatory 7.** **State in complete detail the basis for Plaintiff's termination by Defendant from the orthopaedic surgery residency program, including the identification of any policy, procedure, or practice of Defendant that Plaintiff is alleged to have violated.**

**ANSWER:**   See response to Interrogatory 6.

**Interrogatory 8.** **State in complete detail the basis for Plaintiff's placement on Level II Academic Remediation on August 15, 2011, including the identification of any**

3

policy, procedure, or practice of Defendant that Plaintiff is alleged to have violated.

ANSWER: See response to interrogatory 6.

**Interrogatory 9.** State in complete detail the basis for Plaintiff's placement on Level III Academic Remediation on December 9, 2011, including the identification of any policy, procedure, or practice of Defendant that Plaintiff is alleged to have violated.

ANSWER: See response to interrogatory 6.

**Interrogatory 10.** State in complete detail the provision(s) of Plaintiff's Resident Agreement of Appointment, effective July 1, 2011, that Defendant relied upon in terminating that Agreement prior to completion of its term.

ANSWER: This interrogatory is based on unsupportable allegations that Dr. Irani had a Resident Agreement of Appointment with USC-SOM. Dr. Irani had no such agreement with USC-SOM.

**Interrogatory 11.** Identify any and all employees of Defendant who were responsible for evaluating Plaintiff's job performance at any time during his employment with Defendant.

ANSWER: This interrogatory is based on unsupportable allegations that Dr. Irani was employed by USC-SOM. Dr. Irani has never been employed by USC-SOM.

**Interrogatory 12.** State Plaintiff's salary at the time of his termination, and state the value of any and all employment benefits received by him as of the time of his termination. If the salary and benefits were funded or paid from different sources, set forth each funding source and the amount of salary (or the proportion of the salary) attributable to each source.

ANSWER: This interrogatory is based on the unsupportable allegations that Dr. Irani was employed by USC-SOM. Dr. Irani has never been employed by USC-SOM. USC-SOM has never provided Dr. Irani with a salary or employment benefits.

**Interrogatory 13.** Identify any and all lawsuits in which Defendant Palmetto Health has been involved as a party within the past ten years involving any employee of, applicant to, or resident in any residency program of Palmetto Health/USC School of Medicine.

ANSWER: This interrogatory is addressed to Palmetto Health, not to USC-SOM. To

4

the extent Plaintiff meant to direct it to USC-SOM, see response to interrogatory 6.

**Interrogatory 14.** Identify any and all individuals who have been terminated, or resigned in lieu of termination, from any residency program of Palmetto Health/USC School of Medicine from July 1, 2000 to the present. For each such person, provide the following information:
- a. Name,
- b. Current or last know address and telephone number;
- c. Residency program involved;
- d. Dates of participation in any residency program of Defendants Palmetto Health/USC School of Medicine;
- e. Detailed reason for termination;
- f. Identification of any policy, procedure, rule, or practice of Defendants allegedly violated; and
- g. Any other disciplinary action taken against the individual prior to termination.

**ANSWER:** See response to interrogatory 6.

**Interrogatory 15.** Identify any patient to which the Plaintiff is alleged to have administered inappropriate or deficient treatment, including the patient ID and dates in the Defendant's facility.

**ANSWER:** USC-SOM objects to this interrogatory, which seeks patients' federally-protected health information and is not likely to lead to the discovery of admissible evidence. The request is not designed to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. There are no such contracts to support Plaintiff's claims, and the disclosure of patients' protected health information would do nothing to further Plaintiff's claims.

**Interrogatory 16.** Identify all persons who participated or assisted in the preparation of the responses to these Interrogatories and Requests for Production, and describe in detail the nature of their participation or assistance.

**ANSWER:** The undersigned legal counsel prepared these responses based on documentation provided by her clients and by Palmetto Health, and through communications

5

with Plaintiff's counsel, David Rothstein, who has failed to present any evidence that Dr. Irani had an employment contract with USC-SOM or that USC-SOM had a contract with the ACGME.

January 20, 2015

*[signature]*
Kathryn Thomas (DCID No. 5134)
Fred A. Williams (DCID No. 9934)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina 29201
Ph: (803) 799-9311 / Fax: (803) 254-6951
kthomas@gsblaw.net;fwilliams@gsblaw.net

ATTORNEYS FOR DEFENDANTS UNIVERSITY OF SOUTH CAROLINA, KOON, AND WALSH

**Certificate of Service**

I hereby certify that on the above date, I caused to be served on counsel of record a true and correct copy of this document by mail.

*[signature]*
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.

6