**Exhibit C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Afraaz R. Irani, M.D., | ) | |
| | ) | C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **USC-SOM'S RESPONSE** |
| Palmetto Health; University of South Carolina | ) | **TO PLAINTIFF'S FIRST REQUEST** |
| School of Medicine; David E. Koon, Jr., M.D., in | ) | **FOR PRODUCTION** |
| his individual capacity; and John J. Walsh, IV, | ) | |
| M.D., in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

TO PLAINTIFF AND HIS ATTORNEY:

Defendant University of South Carolina School of Medicine ("USC-SOM" or "Defendant") asserts attorney/client privileges and immunities as to all communications with its legal counsel, and thus objects to producing or disclosing such communications. Legal counsel assert work product privileges and immunities as to their own work product. Defendant therefore objects to producing such work product. Defendant asserts work product privileges and immunities as to all communications and documentation prepared in anticipation of litigation and thus objects to producing such work product.

In setting forth these responses, Defendant does not waive any attorney/client, work product, or other privilege or immunity which may attach to information called for in, or which may be responsive to, these requests for production. Defendant does not concede the relevance or materiality of these requests, the subject matter of these requests, or documents produced in response to these requests. Defendant reserves the right to question the competency, relevancy, materiality, privilege and admissibility of any documents produced or referred to herein. Defendant also reserves the right to revise, correct, supplement or clarify any of its answers or documents referred to herein. Defendant objects to any instructions, definitions, or assumptions set forth in preface to Plaintiff's discovery requests.

The above objections, privileges and immunities are asserted in response to each of the following requests as if set forth verbatim at the beginning of each request:

**Request No. 1. Produce any documents referred to or identified in response to any of the above interrogatories, or which were used to prepare the responses to any of the above interrogatories.**

**RESPONSE:** See documents produced and exchanged among the parties.

**Request No. 2. Produce the complete personnel file for Plaintiff, including, but not limited to, any performance evaluations, job applications, requests, interview notes, payroll information, disciplinary action reports, warnings, separation documents, and employee**

benefit information.

**RESPONSE:** This request is based on an unsupportable allegation that USC-SOM employed Dr. Irani. USC-SOM never employed Dr. Irani and does not maintain a personnel file or employment-related documentation on him. See, e.g., affidavit of Dr. R. Caughman Taylor. Dr. Irani was employed by Palmetto Health, as clearly set out in his Resident Agreement of Appointment.

**Request No. 3. Produce a complete copy of any other files about the Plaintiff maintained by the graduate medical education program, the Department of Orthopaedic Surgery, or by any individual physician in the Department.**

**RESPONSE:** USC-SOM does not possess files maintained by the graduate medical education program. That program is administered by Palmetto Health. Copies of files maintained by Defendant USC-SOM are produced.

**Request No. 4. Produce any and all personnel files of Defendants John J. Walsh, M.D. and David E. Koon, M.D., including the official personnel file maintained by Defendant Palmetto Health, as well as any other unofficial files maintained by any department, officer, or director of Defendant Palmetto Health or its graduate medical education program.**

**RESPONSE:** USC-SOM objects to producing the personnel files of Drs. Koon and Walsh. This request is overly broad in scope and time, and seeks information not likely to lead to the discovery of admissible evidence. The request is not designed to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. There are no such contracts to support Plaintiff's claims, and nothing in the personnel files of Drs. Koon and Walsh would create such a contract.

2

**Request No. 5.** Produce any and all documents relating to any alleged misconduct or disciplinary actions of any resident in Defendant Palmetto Health's Orthopaedic Surgery Residency program from July 1, 2004 to the present.

**RESPONSE:** USC-SOM objects to producing such information as relates to residents

other than Plaintiff Alfraaz Irani. This request is overly broad in scope and time, unduly

burdensome, and seeks information not likely to lead to the discovery of admissible evidence.

The request is not designed to establish a valid claim, but rather is vindictively calculated to

harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of

litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations

that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract

with the ACGME. There are no such contracts to support Plaintiff's claims, and nothing relating

to residents' misconduct or disciplinary actions would create such a contract.

**Request No. 6.** Produce any and all documents relating to any disciplinary action, suspension, probation, or academic remediation taken against any resident in any residency program at Palmetto Health/USC School of Medicine from July 1, 2004 to the present.

**RESPONSE:** See response to Request 5.

**Request No. 7.** Produce copies of any and all resident evaluations of the faculty of the Orthopaedic Surgery Department from July 1, 2004 to the present.

**RESPONSE:** USC-SOM objects to producing resident evaluations of its faculty. This

request is overly broad in scope and time, unduly burdensome, and seeks information not likely

to lead to the discovery of admissible evidence. The request is not designed to establish a valid

claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the

issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are

wholly based on unsupportable allegations that Dr. Irani had a contract of employment with

USC-SOM and that USC-SOM had a contract with the ACGME. There are no such contracts to

support Plaintiff's claims, and nothing relating to residents' evaluations of faculty would create

such a contract.

**Request No. 8.** **Produce a fully executed copy of Plaintiff's Resident Agreements of Appointment from 2010 to the present.**

**RESPONSE:** Such Agreements, entered into between Dr. Irani and Palmetto Health, and

to which USC-SOM is not a party, are maintained by Palmetto Health. See documents produced

and exchanged among the parties.

**Request No. 9.** **Produce any and all recommendations, reports, or correspondence (including e-mails) from the Department of Orthopaedic Surgery to the Graduate Medical Education Committee ("GMEC") regarding Plaintiff.**

**RESPONSE:** See documents produced and exchanged among the parties.

**Request No. 10.** **Produce the minutes, notes, agendas, tape recordings, and transcripts of all meetings of the GMEC or the Executive Committee of the GMEC from July 1, 2010 to the present, including all regular meetings, special meetings, and executive session meetings.**

**RESPONSE:** Such documents are maintained by Palmetto Health. See documents

exchanged among the parties.

**Request No. 11.** **Produce a copy of the current written policies and procedures governing resident duty hours for the Orthopaedic Surgery Residency Program, as well as any prior versions of the policies and procedures from July 1, 2010 to the present.**

**RESPONSE:** As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see

documents produced and exchanged among the parties.

**Request No. 12.** **Produce any and all signed Duty Hours Report forms for any resident of Defendants Palmetto Health/USC School of Medicine's Orthopaedic Surgery Residency Program from July 1, 2010 to the present.**

**RESPONSE:** USC-SOM objects to this request. This request is overly broad in scope

and time, and seeks information not likely to lead to the discovery of admissible evidence. The

request is not designed to establish a valid claim, but rather is vindictively calculated to harass

4

and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation.

Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani

had a contract of employment with USC-SOM and that USC-SOM had a contract with the

ACGME. There are no such contracts to support Plaintiff's claims, and nothing relating to

residents' duty hours would create such a contract.

**Request No. 13.** **Produce any and all documents relating to any complaints by any resident of any of Defendants Palmetto Health/USC School of Medicine's residency programs about duty hours from July 1, 2010 to the present.**

**RESPONSE:** See response to Request 12. Subject to this objection, USC-SOM is

unaware of any resident complaint about duty hours before the complaint Dr. Irani made to the

ACGME after his termination from the orthopaedic surgery residency program.

**Request No. 14.** **Produce the minutes, notes, agendas, tape recordings, transcripts, and findings of the meeting of the grievance committee on or about April 30, 2012 regarding Plaintiff.**

**RESPONSE:** Such documents are maintained by Palmetto Health. See documents

exchanged among the parties.

**Request No. 15.** **Produce any and all employee and resident handbooks, supervisor guidebooks, manuals, or other documents containing any employment policies, practices, and procedures of Defendant, from July 1, 2010, to the present, including any and all revisions of such documents.**

**RESPONSE:** USC-SOM objects to this request to the extent it seeks USC-SOM's

"employee" handbooks, "employment policies, practices, and procedures," and the like. USC-

SOM never employed Dr. Irani. USC-SOM's "employment" policies and procedures are

otherwise not likely to lead to the discovery of admissible evidence. This request is not designed

to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to

obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against

USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of

employment with USC-SOM and that USC-SOM had a contract with the ACGME. There are no

such contracts to support Plaintiff's claims, and nothing relating to USC-SOM's employment

policies and procedures would create such a contract.

As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see documents

produced and exchanged among the parties.

**Request No. 16. Produce any and all documents relating to any investigation of Plaintiff at any time during his employment with Defendant.**

**RESPONSE:** This request is based on an unsupportable allegation that USC-SOM

employed Dr. Irani. As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see

documents produced and exchanged among the parties.

**Request No. 17. Produce any and all evidence, statements (whether written or recorded), or other documents on which the decision to terminate Plaintiff's employment was based or which played any role in the decision to terminate his employment, regardless of whether such item supported or contradicted the decision.**

**RESPONSE:** This request is based on an unsupportable allegation that USC-SOM

employed Dr. Irani. As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see

documents produced and exchanged among the parties.

**Request No. 18. Produce any and all evidence, statements (whether written or recorded), or other documents on which the decisions to place Plaintiff on academic remediation, probation, or suspension were based or which played any role in the decisions, regardless of whether such item supported or contradicted the decisions.**

**RESPONSE:** See documents produced and exchanged among the parties.

**Request No. 19. Produce any and all memoranda, correspondence, letters, notes, phone messages, e-mail messages, text messages, voice mail messages, or other documents relating in any way to Plaintiff, his employment with Defendant, or his termination, which are not otherwise included in other of these requests.**

**RESPONSE:** This request is based on an unsupportable allegation that USC-SOM

employed Dr. Irani. As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see

documents produced and exchanged among the parties.

     **Request No. 20**. **Produce any and all documents relating to the accreditation or re-accreditation of Defendants Palmetto Health/USC School of Medicine's Orthopaedic Surgery Residency Program by the ACGME from July 1, 2010 to the present, including applications, correspondence to or from the ACGME, reports, letters of accreditation, and remediation plans.**

     **RESPONSE:** As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see documents produced and exchanged among the parties. USC-SOM objects to this request to the extent that it seeks "all documents relating to the accreditation or re-accreditation" by the ACGME after Dr. Irani's termination from the program. In that respect, the request is overly broad in scope and time, and seeks information not likely to lead to the discovery of admissible evidence. The request, as relates to ACGME accreditation after Dr. Irani's termination from the program, is not designed to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. There are no such contracts to support Plaintiff's claims, and no document generated after Dr. Irani's termination from the Program could be considered to create a contract on which Dr. Irani may base a claim.

     **Request No. 21.** **Produce copies of any and all documents relating to personal leave, sick leave, or vacation leave for Plaintiff from July 1, 2010 to the present.**

     **RESPONSE:** This request is based on an unsupportable allegation that USC-SOM employed Dr. Irani. As to Dr. Irani's orthopaedic surgery residency at issue in this lawsuit, see documents produced and exchanged among the parties.

     **Request No. 22.** **Produce copies of all call schedules for the Orthopaedic Surgery Department from July 1, 2010 to the present.**

**RESPONSE:** USC-SOM objects to this request. This request is overly broad in scope and time, and seeks information not likely to lead to the discovery of admissible evidence. The request is not designed to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with the ACGME. There are no such contracts to support Plaintiff's claims, and nothing relating to call schedules would create such a contract.

**Request No. 23.** **Provide Defendant's balance sheets, income statements, cash-flow statements, and state and federal income tax returns for each fiscal year from 2010 to the present.**

**RESPONSE:** USC-SOM objects to this request. This request is overly broad in scope and time, and seeks information not likely to lead to the discovery of admissible evidence. The request is not designed to establish a valid claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the issues, and to needlessly increase the costs of litigation. Plaintiff's claims against USC-SOM are wholly based on unsupportable allegations that Dr. Irani had a contract of employment with USC-SOM and that USC-SOM had a contract with ACGME. There are no such contracts to support Plaintiff's claims, and nothing relating to USC-SOM's financial statements or tax returns would create such a contract. Moreover, punitive damages are not recoverable against a governmental entity such as USC-SOM.

**Request No. 24.** **Produce a complete copy of any liability insurance policy that might provide coverage for the claims Plaintiff raised in this lawsuit, including any riders, declarations pages, exclusions, or addenda.**

**RESPONSE:** *See* "Policyholder's Manual" under Manuals at www.irf.sc.gov.

**Request No. 25.** **Produce all documents reflecting or relating to communications between Plaintiff and Defendant Koon or Defendant Walsh, including meeting minutes and**

notes, memoranda, reviews, and direct correspondence.

      **RESPONSE:**  See documents produced and exchanged among the parties.

      **Request No. 26**. **Produce all documents reflecting or relating to any recommendation that Plaintiff be terminated from the Orthopaedic Surgery Residency Program.**

      **RESPONSE:**  See documents produced and exchanged among the parties.

      **Request No. 27**. **Produce all documents relating to grievances or appeals filed by the Plaintiff in response to his probation, suspension, or termination, including all documents relating to evaluating and resolving said grievances and appeals.**

      **RESPONSE:**  See documents produced and exchanged among the parties.

      **Request No. 28**. **Produce the medical records for any patient to whom Plaintiff is alleged to have administered inappropriate or deficient medical treatment.**

      **RESPONSE:**  USC-SOM objects to this request.  This request is overly broad in scope

and time, seeks patients' federally-protected health information, and seeks information not likely

to lead to the discovery of admissible evidence.  The request is not designed to establish a valid

claim, but rather is vindictively calculated to harass and annoy Defendants, to obfuscate the

issues, and to needlessly increase the costs of litigation.  Plaintiff's claims against USC-SOM are

wholly based on unsupportable allegations that Dr. Irani had a contract of employment with

USC-SOM and that USC-SOM had a contract with the ACGME.  There are no such contracts to

support Plaintiff's claims, and nothing in patients' medical records would create such a contract.

      **Request No. 29**. **Produce all documents relating to Plaintiff that have been transmitted or communicated from the Defendant (including employees, agents, representatives) to the California Medical Board or any other outside medical board or body.**

      **RESPONSE:**  See documents produced and exchanged among the parties.

      **Request No. 30**. **Produce any and all documents or other tangible things you intend to use at the trial of this case, either as affirmative evidence, demonstrative aids, or impeachment materials.**

**RESPONSE:**  USC-SOM does not yet know what documents it might use in the unlikely event this matter proceeds to trial.  Such documents may include those produced and exchanged among the parties.

January 20, 2015

_Kathryn Thomas_
Kathryn Thomas (DCID No. 5134)
Fred A. Williams (DCID No. 9934)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311 / Fax:  (803) 254-6951
kthomas@gsblaw.net;fwilliams@gsblaw.net

ATTORNEYS FOR DEFENDANT UNIVERSITY OF SOUTH CAROLINA

**Certificate of Service**

I hereby certify that on the above date, I caused to be served on counsel of record a true and correct copy of this document by mail.

_Kathryn Thomas_
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.