IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | C/A No. 3:14-cv-03577-CMC-KDW |
|           Plaintiff, ) | |
| vs. ) | **PLAINTIFF'S MEMORANDUM** |
| ) | **IN OPPOSITION TO DEFENDANT** |
| Palmetto Health; University of South ) | **PALMETTO HEALTH'S** |
| Carolina School of Medicine; David E. ) | **MOTION TO COMPEL** |
| Koon, Jr., M.D., in his individual ) | |
| capacity; and John J. Walsh, IV, M.D., ) | |
| in his individual capacity, ) | |
|           Defendants. ) | |

Plaintiff, Afraaz R. Irani, M.D., by and through his undersigned counsel, hereby files this Memorandum in Opposition to Defendant Palmetto Health's Motion to Compel. Throughout the course of this litigation, Plaintiff and his counsel have attempted in good faith to cooperate fully in discovery in this case and to provide thorough and complete responses to all of Defendants' discovery requests. With all due respect, Plaintiff's objections to Defendants' discovery are appropriate and well-founded, and Plaintiff has otherwise attempted to respond fully and completely to the discovery propounded to the best of his abilities. This is a very complicated case involving numerous challenging legal issues, voluminous documents from both sides, and multiple parties and witnesses. Plaintiff has consistently been forthright, conscientious, and thorough in his discovery efforts in this case, far beyond the level of effort and cooperation provided by Defendants in this matter. In addition, Plaintiff's counsel has attempted to work with opposing counsel to address scheduling conflicts, requests for extensions, and other matters throughout the course of discovery.

Neither Plaintiff nor his counsel has done anything in this case to waive objections or warrant an award of attorney's fees or costs in connection with the discovery in this case. Accordingly, Defendant Palmetto Health's Motion to Compel should be denied.

As an initial matter, Plaintiff has now submitted complete, written responses to Defendant Palmetto Health's Requests for Production, although Plaintiff previously produced all documents in his possession that are relevant to any claim or defense in this case. Plaintiff has now produced a total of almost 3,600 pages of documents to Defendants, plus thorough reports and disclosures from three expert witnesses. Many of Defendant Palmetto Health's Requests for Production sought documents that are already in Defendants' possession or control, which Plaintiff has only received from Defendants in response to the discovery in this case.

Plaintiff has also attempted to respond fully and timely to Defendants' interrogatories, subject to the same flexibility in schedules and deadlines that Plaintiff's counsel has afforded to Defendants' counsel. Plaintiff and his counsel firmly believe that Plaintiff's responses to Defendant Palmetto Health's interrogatories were truthful, accurate, and complete, to the best of Plaintiff's abilities to provide meaningful responses. Plaintiff's Answers to Defendant Palmetto Health's Interrogatories are attached hereto as Exhibit A. Plaintiff's written answers to the 25 interrogatories propounded by Defendant Palmetto Health (not counting discrete sub-parts) were 16 pages long.

With regard the four specific interrogatory answers challenged in Defendant Palmetto Health's Motion to Compel, Plaintiff provides the following responses:

(1) **Interrogatory No. 5**. Defendant Palmetto Health's Interrogatory No. 5 states, "Detail the date, location, and witnesses of each instance where Dr. Koon allegedly referred to Dr. Irani as 'Acmed [sic] the Terrorist' and each and every other offensive remark made to Dr. Irani on the basis

of race or religion on which he bases his claim of discrimination and hostile environment in the workplace. Detail any and all individuals other than Dr. Koon who are alleged to have made the comments detailed or otherwise discriminated against Dr. Irani or made the workplace hostile because of race or religion and not job performance."

Plaintiff responded appropriately and fully to this Interrogatory to the best of his ability. Plaintiff does not recall the exact dates of every offensive remark that Dr. Koon made during Plaintiff's year and a half of residency. He did not keep a diary or journal, nor did he otherwise record all of the details of those comments, as requested by the interrogatory. Defendants' counsel can certainly ask follow-up questions about these comments during the deposition of Plaintiff, but the interrogatory has been fully answered.

(2)     **Interrogatory No. 10**.  Defendant Palmetto Health's Interrogatory No. 10 provides, "State specifically each instance that Dr. Irani worked in excess of the duty hours policy providing the following:

a)  The attending physician who required him to exceed the duty hour policy;

b)  Whether Dr. Irani properly reported his hours and the fact that he violated the duty hours policy;

c)  State whether the violation was ever addressed by the faculty; and

d)  Whether any identifiable harm resulted to a patient. Defendant."

Once again, this is an incredibly broad interrogatory that seeks information from Plaintiff that occurred in almost every week of his residency. Plaintiff attempted to explain why the information requested is not contained in the actual duty-hour reports maintained by Defendant. Plaintiff has responded fully and completely to this interrogatory to the best of his ability.

(3)     **Interrogatory No. 12**.  Defendant Palmetto Health's Interrogatory No. 12 states, "Detail the specific manner in which Palmetto Health breached the 2011-2012 Resident Agreement of Appointment with Dr. Irani citing the specific provisions in the Agreement that were breached and the exact actions that caused the breach."

Plaintiff responded by referencing the specific allegations of the Verified Complaint that set forth the details surrounding the breach of contract cause of action.  Requiring Plaintiff's counsel to repeat each and every provision of the contract and each and every action that caused the breach of the contract is an unreasonable and unnecessary exercise.  Again, Plaintiff has responded as fully and completely as he can to this Interrogatory.

(4)     **Interrogatory No. 14**.  Defendant Palmetto Health's Interrogatory No. 14 states, "Describe in detail whether Dr. Irani accessed and reviewed patient records when he was no longer treating patients at Palmetto Health.  Include when he did this, how he did it, for what purpose, and whether he obtained patient or physician permission to do so."  This Interrogatory is based on the premise that Plaintiff should not have accessed patient charts or medical records during the periods of his suspensions from the program, which premise Plaintiff does not believe to be accurate.

Plaintiff's answer to this Interrogatory attempted to explain how and why Plaintiff obtained patient medical records necessary to defend himself before the Palmetto Health grievance process, to corroborate his complaints about the program to the ACGME, and to appeal the denial of his medical license to the California Board of Medicine.  Plaintiff does not believe that his was an evasive response to what he perceived to be an unfairly premised interrogatory.

Plaintiff and his counsel fully believe that Plaintiff's Answers to Defendant Palmetto Health's First Set of Interrogatories were forthcoming, complete, and accurate.  Accordingly,

Plaintiff does not believe that his answers need to be supplemented at this time. Accordingly, Plaintiff respectfully requests that the Court deny Defendant Palmetto Health's Motion to Compel.

                Respectfully submitted,

                s/ David E. Rothstein
                David E. Rothstein, Fed. ID No. 6695
                ROTHSTEIN LAW FIRM, PA
                1312 Augusta Street
                Greenville, South Carolina 29605
                (864) 232-5870 (O)
                (864) 241-1386 (Facsimile)
                derothstein@mindspring.com

                Attorney for Plaintiff, Afraaz R. Irani, M.D.

May 22, 2015

Greenville, South Carolina.