IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) |
| | ) C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, | ) |
| | ) |
| v. | ) ANSWER OF UNIVERSITY OF SOUTH |
| | ) CAROLINA SCHOOL OF MEDICINE, |
| Palmetto Health; University of South Carolina | ) DAVID E. KOON, AND JOHN J. |
| School of Medicine; David E. Koon, Jr., M.D., in | ) WALSH TO PLAINTIFF'S AMENDED |
| his individual capacity; and John J. Walsh, IV, | ) COMPLAINT |
| M.D., in his individual capacity, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Defendant University of South Carolina School of Medicine and its employees, David E. Koon, Jr., M.D., and John J. Walsh, IV, M.D. ("Defendants") answer the Amended Complaint as follows:

## FOR A FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## FOR A SECOND DEFENSE

Plaintiff's causes of action may be barred or limited by applicable statutes of limitations.

## FOR A THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies, and his claims are barred under the doctrines of estoppel, waiver, and laches.

## FOR A FOURTH DEFENSE

Defendants did not violate any of Plaintiff's clearly established federal constitutional or statutory rights and are therefore immune from suit under the doctrine of qualified immunity.

**FOR A FIFTH DEFENSE**

Defendants Koon and Walsh, as Program Director and Department Chair, respectively, cannot have interfered with any contract alleged to relate to the Orthopaedic Surgery Residency Program at issue in this case.

**FOR A SIXTH DEFENSE**

At all times, Defendants acted in good faith, on reasonable grounds, and without malice or intent to harm.

**FOR A SEVENTH DEFENSE**

Any statement published concerning Plaintiff was true or substantially true. Defendants plead truth as a complete defense.

**FOR AN EIGHTH DEFENSE**

Defendants deny publication of any defamatory statement concerning Plaintiff. Any statement about Plaintiff was made under circumstances and on an occasion giving rise to a qualified privilege or absolute privilege. Further, Plaintiff signed an authorization expressly releasing the disclosure of information to the Medical Board of California. Defendants plead qualified privilege, absolute privilege, release, and waiver as defenses to this action.

**FOR A NINTH DEFENSE**

Any act or omission by any Defendant with respect to Plaintiff was privileged.

**FOR A TENTH DEFENSE**

Defendants plead the immunities, limitations, and defenses granted or preserved in the S.C. Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*, including but not limited to § 15-78-60(5), (17), (23), and (25); § 15-78-70; § 15-78-120; § 15-78-200.

**FOR AN ELEVENTH DEFENSE**

At all times relevant to this action, natural Defendants were acting in the course and scope of their employment with the University of South Carolina School of Medicine (USC-SOM), within the scope of discretion entrusted to them by law, and in good faith, and they plead good faith immunity as a complete defense to all tort claims alleged against them individually.

**FOR A TWELFTH DEFENSE**

The imposition of punitive damages against Defendants would represent the deprivation of liberty and property without due process of law and deny equal protection in violation of the Constitutions of the United States and South Carolina.

**FOR A THIRTEENTH DEFENSE**

Punitive damages are not recoverable against Defendants.

**FOR A FOURTEENTH DEFENSE**

Defendants acted at all times for legitimate business reasons, in good faith, and without malice, and are thus subject to qualified privilege.

**FOR A FIFTEENTH DEFENSE**

To the extent that any negligence could be found against Defendants, Plaintiff is himself negligent to a greater degree in causing harm and must be held responsible for his negligence.

**FOR A SIXTEENTH DEFENSE**

Plaintiff has failed to mitigate his damages, and his claims are thus precluded or limited under the doctrine of avoidable consequences.

**FOR A SEVENTEENTH DEFENSE**

Plaintiff's claims or damages are precluded or limited under the doctrine of after-acquired evidence.

## FOR AN EIGHTEENTH DEFENSE AND BY WAY OF ANSWER

A.    Each allegation of the Amended Complaint not hereinafter expressly admitted is denied.

B.    Defendants respond to the allegations of the Amended Complaint by paragraph numbers corresponding to the paragraph numbers of the Amended Complaint as follows:

1.    Admitted, upon information and belief.

2.    Admitted.

3.    Defendants admit only that the University of South Carolina School of Medicine is a school within the University of South Carolina, a state institution of higher learning, and that the University of South Carolina has the statutory authority to contract and to sue and be sued in its own name, and owns property and conducts business in Richland County, South Carolina.

4.    David Koon is a citizen and resident of Richland County, and at relevant times was the Program Director of the Orthopedic Surgery Residency Program jointly operated by Palmetto Health and the University of South Carolina School of Medicine.  Otherwise, denied.

5.    John Walsh is a citizen and resident of Richland County, and at relevant times was the Chair of the Orthopedic Surgery Department of the University of South Carolina School of Medicine.  Otherwise, denied.

6.    The Amended Complaint's jurisdictional allegations do not require a response.

7.    The Amended Complaint's jurisdictional allegations do not require a response.

8.    Venue is proper; otherwise, denied.

9.    The Amended Complaint's jurisdictional allegations do not require a response.

10.    Denied.

11.    Admitted.

12. Denied. Defendants further deny the suggestion that USC-SOM was Plaintiff's employer.

13. Denied. Defendants further deny the suggestions that USC-SOM was subject to an EEOC charge and may be subject to a Title VII claim by Plaintiff.

14. As relates to Plaintiff, Defendants Koon and Walsh at all times acted within the course and scope of their employment with the University of South Carolina School of Medicine and as representatives of the Orthopaedic Surgery Residency Program, and not in an individual capacity. Otherwise, denied.

15. Admitted.

16. Plaintiff completed his PGY-1 year. Otherwise, denied.

17. Denied.

18. Denied.

19. Plaintiff was placed on Level II Academic Remediation from August 15, 2011, through December 1, 2011. Otherwise, denied.

20. After due consideration, Dr. Kathy Stephens upheld Plaintiff's Academic Remediation, and Plaintiff did not take his grievance to the next step. Otherwise, denied. Defendants cannot admit or deny Plaintiff's intentions.

21. Denied.

22. Denied.

23. Denied.

24. Plaintiff was placed on Level III Academic Remediation from December 9, 2011, until January 31, 2012. Otherwise, denied.

25. After Dr. Stephens upheld Plaintiff's Academic Remediation in January 2012,

Plaintiff did not timely request a grievance hearing. Otherwise, denied.

26. In February 2012, Plaintiff was again placed on Level II Academic Remediation.

27. In March 2012, Plaintiff was again placed on Level III Academic Remediation and was suspended from the Residency Program pending official action on the recommendation that he be terminated from the Residency Program.

28. Denied as alleged. On April 10, 2012, the GMEC voted to terminate Plaintiff from the Residency Program based on the recommendation from the Residency Program, and Plaintiff was promptly informed of the decision. Otherwise, denied.

29. After the April 10, 2012 termination decision, Plaintiff pursued a grievance, Dr. Kathy Stephens upheld the GMEC's decision, Plaintiff's grievance was heard by the GMEC grievance committee on April 30, 2012, and Plaintiff was promptly informed of each step in the process. Otherwise, denied.

30. By letter dated June 1, 2012, Charles Beamon, CEO of Palmetto Health, notified Plaintiff that he found the termination to be proper and that the decision of the grievance committee would stand. Otherwise, denied.

31. Denied.

32. Defendants are unaware of Plaintiff's alleged heritage and deny the allegation.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Plaintiff entered into two one-year agreements with Palmetto Health. Otherwise, denied.

54. Plaintiff's agreements with Palmetto Health make reference to certain rules or regulations of Palmetto Health. Otherwise, denied.

55. Plaintiff's agreements with Palmetto Health make reference to certain rules or regulations of the Accreditation Council for Graduate Medical Education ("ACGME"). Otherwise, denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. The Orthopedics Residency Program applied for and is accredited by the ACGME at present. Otherwise, denied.

63. The Orthopedics Residency Program must comply with certain requirements to retain accreditation, but Defendants have never had a contract with ACGME based on the Program's accreditation. Otherwise, denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Defendants are aware that, after his termination from the Orthopedic Surgery Residency Program, Plaintiff reported an alleged duty-hour violation to the ACGME. ACGME investigated, found no such violation, and notified Plaintiff that it had found no violation. Otherwise, denied.

73. Denied.

74. Denied.

8

75. Denied.

76. Denied.

77. Denied.

78. Denied

79. Plaintiff had a Resident Agreement of Appointment with Palmetto Health, the Sponsoring Institution of the Orthopaedic Surgery Residency Program. There is no other contract that Plaintiff had with anyone as relates to this litigation.

80. The ACGME is an accrediting entity. Plaintiff imagines a contract with the ACGME, where none exists. Where there is no contract, Plaintiff cannot be considered a third-party beneficiary.

81. Defendants are aware of Plaintiff's Resident Agreements of Appointment with Palmetto Health, the Sponsoring Institution of the Orthopaedic Surgery Residency Program.

82. Denied. Once again, Plaintiff imagines a contract between Palmetto Health and the ACGME, where none exists. Where there is no contract, Plaintiff certainly cannot be considered a third-party beneficiary.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied as alleged. In the course of his duties and responsibilities, and in his official capacity as an employee of the University of South Carolina, Dr. Koon has made privileged statements about Plaintiff as required of the Program Director of the Orthopaedic Surgery Residency Program. Such statements were limited in scope and are privileged.

128. Denied as alleged. In the course of his duties and responsibilities, and in his official capacity as an employee of the University of South Carolina, Dr. Koon has made privileged statements about Plaintiff as required of the Program Director of the Orthopaedic Surgery Residency Program,. Such statements were limited in scope and are privileged. Further, Plaintiff signed an authorization that expressly released Defendants from liability for providing information to the Medical Board of California in connection with Plaintiff' application to

practice medicine in California. Plaintiff has admitted signing that authorization.

129. Denied.

130. Denied.

131. Denied.

132. Denied

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

C. Defendants deny Plaintiff's request for relief.

WHEREFORE, having fully answered Plaintiff's Amended Complaint and set out various defenses, Defendants request that the Amended Complaint be dismissed, that Defendants be awarded their attorneys' fees and costs under applicable authority, and that Defendants be provided such further relief as the Court may deem appropriate.

|  |  |
|---|---|
| May 23, 2015 | s/ Kathryn Thomas |
|  | Kathryn Thomas (DCID No. 5134) |
|  | Fred A. Williams (DCID No. 9934) |
|  | GIGNILLIAT, SAVITZ & BETTIS, LLP |
|  | 900 Elmwood Avenue, Suite 100 |
|  | Columbia, South Carolina  29201 |
|  | Ph: (803) 799-9311 / Fax:  (803) 254-6951 |
|  | kthomas@gsblaw.net; fwilliams@gsblaw.net |
|  |  |
|  | ATTORNEYS FOR DEFENDANTS UNIVERSITY OF SOUTH CAROLINA, KOON, AND WALSH |