IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Afraaz R. Irani, M.D., | ) | C/A No. 3:14-cv-03577-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S MEMORANDUM OF** |
| | ) | **LAW IN RESPONSE TO UNIVERSITY** |
| Palmetto Health; University of South | ) | **DEFENDANTS' OBJECTIONS TO** |
| Carolina School of Medicine; David E. | ) | **MAGISTRATE JUDGE'S REPORT** |
| Koon, Jr., M.D., in his individual | ) | **AND RECOMMENDATION** |
| capacity; and John J. Walsh, IV, M.D., | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Afraaz R. Irani, M.D., by and through his undersigned attorney, hereby files this Memorandum of Law in Response to University Defendants' Objections to Magistrate Judge's Report and Recommendation of April 21, 2015. As set forth herein, the Magistrate Judge properly determined that Defendants' motions for partial summary judgment were premature based on Plaintiff's counsel's Rule 56(d) affidavits. Accordingly, the Court should overrule Defendants' objections and should adopt the Report and Recommendation as written.

At issue in the Report and Recommendation were two motions for partial summary judgment filed by the University Defendants on January 5, 2015, and January 26, 2015, respectively. The first motion was filed by Defendant Koon, attacking two state-law claims (libel and tortious interference with contract) asserted against him in his individual capacity. The second motion was filed by Defendant USC School of Medicine, attacking Plaintiff's claims against it for breach of contract and third-party breach of contract.

In response to each motion, Plaintiff's counsel filed a Rule 56(d) Affidavit stating that Plaintiff has not yet had a reasonable opportunity to conduct discovery on the issues raised in the motions, since the discovery deadline is June 8, 2015, and the dispositive motions deadline is June 22, 2015. Plaintiff's counsel also identified the issues for which he intended to conduct discovery in order to rebut Defendants' argument on summary judgment.

Rule 56(d) of the Federal Rules of Civil Procedure provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A trial court's response in light of a Rule 56(d) Affidavit is a matter committed to the sound discretion of the trial judge. Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). In Harrods, the Fourth Circuit recognized that, "[g]enerally speaking, 'summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). The Magistrate Judge correctly relied on Rule 56(d) in her Report and Recommendation, concluding that both of Defendants' summary judgment motions should be denied without prejudice.

With respect to Defendant Koon's motion, the release signed by Plaintiff as part of his application for medical licensure in California merely authorized Defendants to provide copies of Plaintiff's personnel file to the California Medical Board. Plaintiff was merely giving permission for Defendants to transmit the personal information about Plaintiff to a third party so as not to violate FERPA or Plaintiff's common-law privacy rights. That document was not intended to release

2

anyone from liability for common-law defamation or tortious interference with contract for maliciously adding false information to Plaintiff's personnel file shortly before it was sent to California. The critical document at issue here is the Memorandum of Record dated June 26, 2013, authored by Defendant Koon. (A true and accurate copy of this document is attached hereto as Exhibit A). Significantly, the June 26, 2013 Memorandum was written over 14 months after Plaintiff was terminated from the program and over a year after Plaintiff's termination was upheld by the CEO of Defendant Palmetto Health. This document was stamped "Received" by the California Medical Board on July 1, 2013, weeks after the two other letters from Defendant Koon about Plaintiff as acknowledged in Defendant Koon's Declaration. This Memorandum states that Plaintiff "failed in the competencies of patient care, interpersonal skills and communication, and professionalism." The Memorandum also states, "We investigated these encounters thoroughly. No reasonable explanation could be identified for his actions." Plaintiff alleges that these statements in Defendant Koon's Memorandum are demonstrably false and are, therefore, defamatory. The mere fact that Plaintiff previously authorized the release of his personnel file to the California Medical Board several weeks before the Memorandum did not give Defendant Koon unlimited permission to add whatever excoriating document he wanted to the file before it was sent to California.

The circumstances surrounding the creation of Defendant Koon's Memorandum of June 26, 2013, and its subsequent communication to the California Medical Board are the subject of on-going discovery. Plaintiff still has not yet been able to take Defendant Koon's deposition yet, because his deposition has now been canceled twice by Defendants' counsel: once for an alleged conflict with his surgery schedule and later because of his alleged heart condition on the advice of his cardiologist.

The case of Martin v. Shank, 831 F.2d 1057, 1987 WL 38797 (4th Cir. 1987) (unpublished),

is not controlling authority, especially on a motion for summary judgment.  The <u>Martin</u> case is an

unpublished, <u>per curiam</u> decision from over 27 years ago, applying the common-law of the State of

Maryland.  The entire opinion is two paragraphs long and contains absolutely no analysis or citation

to any legal authority.

Plaintiff's Rule 56(d) Affidavit was reasonably detailed and sufficient to demonstrate that

additional discovery is necessary before Plaintiff is afforded a full and fair opportunity to oppose

summary judgment on this issue.  Accordingly, the Magistrate was correct in recommending the

denial of Defendant Koon's Motion for Summary Judgment on this issue.

The second summary judgment motion asserts that Plaintiff was never an employee of

Defendant USC School of Medicine, but was solely an employee of Defendant Palmetto Health.

Again, this issue is premature, for the reasons set forth in the second Rule 56(d) Affidavit of

Plaintiff's Counsel.  As Plaintiff previously noted in response to Defendants objections to the

Magistrate Judge's Order Granting Plaintiff's Motion for Leave to Amend the Complaint, discovery

in the case thus far has completely gutted the Affidavit of R. Caughman Taylor, M.D., the former

interim Dean of the USC School of Medicine.  During his deposition, Dr. Taylor conceded that his

Affidavit was nothing more than a recitation of Defendants' Counsel's opinion of the legal

relationship between Plaintiff and Defendant USC School of Medicine.  <u>See</u> Taylor Depo., at 16

("Q: What did you to do confirm that the statements in this affidavit are true?  A.  Discussed with

legal counsel.  Q. . . . Other than discussions with legal counsel, did you do anything else in terms

of making yourself familiar with this situation or researching the situation in preparing your

affidavit?  A.  No, sir."); <u>id.</u> at 21 ("Q.  Now looking at paragraph four of your affidavit, what did

you do to confirm that Dr. Irani never had a contract with the University of South Carolina School

4

of Medicine? A. Confirmed with legal counsel. Q. Anything other than talking to the lawyers from the USC School of Medicine? A. No, sir."); id. at 22-23 ("Q. . . . So when you said there was no contract between Dr. Irani and the University of South Carolina School of Medicine, you didn't consider the possibility that this document [i.e., the USC Orthopaedic Surgery Department Resident Manual] could create an employment contract, did you? A. Again, I discussed it all with legal counsel. Q. My question is when you made the statement in your affidavit you didn't consider whether the residency manual or residency handbook could create an employment contract between USC and Dr. Irani, did you? A. I would have no reason to know that or expect that.") (Excerpts of Dr. Taylor's Deposition were attached as Exhibit A to Plaintiff's Memorandum of Law in Response to University Defendants' Objections to, and Motion to Reconsider, April 3, 2015 Order Permitting Plaintiff to File an Amended Complaint [Dkt. No. 66-1]).

    Plaintiff strongly disagrees with the naked assertions expressed in Dr. Taylor's Affidavit–that Plaintiff was solely an employee of Palmetto Health, not USC-SOM; that there was no employment contract between Plaintiff and USC-SOM; and that USC-SOM was not a party to any contract that might provide Plaintiff rights as an intended third-party beneficiary. Although discovery in this case is still on-going, Plaintiff has already identified at least three crucial documents that amply support his breach of contract claims against Defendant USC-SOM: (1) the Affiliation Agreement for Medical Education, Research and Other Related Activities between Defendants Palmetto Health and USC-SOM; (2) the Department of Orthopaedic Surgery Residency Manual; and (3) the Program Letter of Agreement ("PLA") between Defendant Palmetto Health and the University Specialty Clinics–Orthopedic Surgery. All three of these documents provide support for Plaintiff's contract-related causes of action, either directly or as a third-party beneficiary. These documents were not

5

produced in discovery in this case until after the University Defendants filed their motions for partial summary judgment and after Dr. Taylor filed his Affidavit in this case.

The Affiliation Agreement provides, in relevant part, "Palmetto Health and the School of Medicine will <u>share the responsibility</u> for ensuring an appropriate learning environment and that clinical instruction occurs in an atmosphere of mutual respect and collegiality between faculty, residents, medical students and staff."  Affiliation Agreement, at 3, ¶ 3.2 (emphasis added) (copy attached hereto as Exhibit B).

The Orthopaedic Surgery Department Handbook provides, in relevant part under "General Residency Requirements" that the Residency Program will "Adhere to established practices, procedures, and policies of the University of South Carolina School of Medicine and Palmetto Health."  The Handbook also all expressly incorporates the requirements of the ACGME and specifically the ACGME's orthopaedic surgery Residency Review Committee requirements for Defendants' residency program in orthopaedic surgery.  Handbook, at 7 (excerpts attached hereto as Exhibit C).

Finally, the PLA provides, in relevant part, "the educational experiences of the resident while on rotation at your site <u>will be provided</u> in a manner consistent with applicable Accreditation Council for Graduate Medical Education (ACGME) Residency Review Committee (RRC) requirements, and other federal, state and local laws, rules and regulations."  PLA, at 2 (attached hereto as Exhibit D)."

Plaintiff incorporates the arguments and factual material previously submitted in Plaintiff's Memorandum of Law in Opposition to Defendant University of South Carolina School of Medicine's Motion for Summary Judgment [Dkt. No. 35].  Those exhibits and web-pages attached to the Memorandum clearly reflect that Defendants Palmetto Health and USC School of Medicine

jointly operated the orthopaedic surgery residency program at issue here; therefore, both entities could be liable to Plaintiff as joint employers under Plaintiff's various claims, even if Plaintiff's paychecks came solely from Defendant Palmetto Health.

The Magistrate Judge properly recognized that this important issue should not have been decided definitively several months before the end of discovery in this case. Again, the Magistrate Judge correctly accepted Plaintiff's Rule 56(d) Affidavit and appropriately recommended the denial of Defendant USC-SOM's motion for summary judgment on this issue.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court affirm the Magistrate Judge's Report and Recommendation to deny Defendants' Motions for Summary Judgment without prejudice and with leave to renew such motions after the close of discovery in this case.

Respectfully submitted,

s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, South Carolina 29605
(864) 232-5870 (O)
(864) 241-1386 (Facsimile)
derothstein@mindspring.com

Attorney for Plaintiff, Afraaz R. Irani, M.D.

May 26, 2015

Greenville, South Carolina.