IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) |
| | ) C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Palmetto Health; University of South Carolina | ) **RESPONSE TO PLAINTIFF'S** |
| School of Medicine; David E. Koon, Jr., M.D., in | ) **MOTION REGARDING** |
| his individual capacity; and John J. Walsh, IV, | ) **"CONFIDENTIAL" DESIGNATIONS** |
| M.D., in his individual capacity, | ) **OF CALIFORNIA MATTER [ECF #94]** |
| | ) |
| Defendants. | ) |
| | ) |

As shown in the attachments to Plaintiff's motion (ECF #94), the undersigned on March 26, 2015, made a clear challenge to the "confidential" designation Plaintiff's counsel affixed to Plaintiff's documents Irani1211-1926. [See ECF #94-1]  The referenced documents 1211-1926 from the California proceedings include (1) A Statement of Issues dated March 4, 2014; (2) a transcript of three days of court proceedings that began on September 29, 2014; (3) a document captioned "Closing Argument" signed by Plaintiff's California attorney dated November 10, 2014; (4) a document captioned "Complainant's Closing Argument" dated December 8, 2014; and (5) a document captioned "Applicant's Reply to Complainant's Closing Argument" dated December 22, 2014.

As reflected in ECF #94-1, the undersigned's March 26 challenge to Plaintiff's "confidential" designation was supported by communications with Deputy Attorney General Lawrence Mercer of the Office of Attorney General of California, who is personally involved in the California court proceedings initiated by Plaintiff in his appeal of the denial of his medical license in California.  According to Mr. Mercer, and as conveyed in the email exchange attached

to Plaintiff's motion, the court hearings and filings in California are open to public observation and "Moreover, to the extent that any part of the hearing is conducted outside the public venue, the public has a right to inspect the agency's record and inspect any transcript obtained by the agency. (Government Code section 11425.20(b)(2))." [ECF #94-1, page 4 of 5] As reflected in the referenced email exchange with Plaintiff's counsel, the undersigned made Plaintiff's counsel aware that the State of California had opined that Plaintiff's administrative hearing was open to the public, and there was no protective order issued that would preclude disclosure of the hearing transcript, exhibits, pleadings, briefs or other submissions under the California Public Records Act (Government Code sections 6250 et seq.) A copy of the referenced California Public Records Act is attached hereto.

    Plaintiff's counsel's response to the challenge – rather than filing a timely motion as provided in paragraph 8 of the Confidentiality Order in this case – was to suggest the undersigned send a FOIA request to California to get copies without a "confidential" designation. Even after informed that requests to California have successfully resulted in production of referenced documents, Plaintiff's counsel has continued to refuse to release the "confidential" designation. The concern with using court documents obtained directly from California is that, once Plaintiff has designated particular information "confidential," that designation arguably carries over to duplicate copies of those documents from whatever source.[1] The fact remains that

---

[1] Plaintiff states in his motion, "To the extent that Defendants have already obtained some of the documents at issue here pursuant to a Freedom of Information Act request to the California Medical Board, there is no need for Plaintiff to remove the 'confidential' designation from those documents, because Defendants can simply use the non-confidential documents they have obtained from other sources." [ECF #94, ¶5] Plaintiff's argument confirms he has no legitimate reason for labeling the California proceedings "confidential." He merely believes the court proceedings and filings might not be subject to freedom of information laws. That is not the standard for designating matter "confidential" under the Confidentiality Order in this case.

the California court filings and proceedings are publicly available and not properly subject to a confidential designation.

The undersigned has obtained directly from California, upon request without a subpoena, ALL of the documents Irani1211-1926 that Plaintiff's counsel continues to insist should be "confidential." In addition, the undersigned has been able to obtain directly from the California proceedings substantially more documentation filed in that action than Plaintiff had produced, and which Plaintiff continued to refuse to produce in the course of discovery. The Court should note that, while Plaintiff's motion seeks a "confidential" designation as well for his documents Irani2211-3385, Plaintiff produced those additional documents for the first time in this action on May 24, 2015 – two weeks before the scheduled end of discovery – and only then because the parties were just about to participate in a May 26 status conference at which Plaintiff's failure to cooperate in discovery was about to be addressed.[2] Those documents, Irani2211-3385, produced

---

[2]In a court filing on May 22, 2015, Plaintiff represented that he "previously produced all documents in his possession that are relevant to any claim or defense in this case." [ECF #84, page 2 of 5] Since making that representation on May 22, 2015, Plaintiff has produced 387 additional documents – all undoubtedly relevant to the claims and defenses in this case – including Irani2211-3385 (produced May 24, 2015), seven pages of subpoenas issued to John Eady and Bradley Graw in the California matter (produced May 26, 2015, inexplicably labeled "confidential"), and Plaintiff's communications with individuals from whom he solicited statements and affidavits in support of his obtaining a California medical license (produced June 22, 2015). Plaintiff's June 22 production of documents includes significant email communications beginning in March 2012 between Plaintiff, Dr. Eady, and David Rothstein, evidencing a conspiracy to "discredit" Defendants by trumping up charges and allegations against them. [See "Conspiracy Emails," filed herewith] Now more than ever as we near the end of discovery efforts, Defendants particularly need to address with the Court the actions of these individuals, including the testimony they presented in the California proceedings in furtherance of their conspiracy. Defendants should not continue to be hampered by Plaintiff's unsupported assertion that documentation of his California court proceedings is confidential.

May 24, 2015, include the following: (1) A binder of evidence[3] presented in the California court proceedings in 2014; (2) a Decision issued in the California court proceedings in February 2015; (3) Plaintiff's Petition for Reconsideration in March 2015; (4) the State of California's opposition; and (5) an Order Granting Reconsideration. Of these, the undersigned has obtained directly from California, as a matter of public record, *all evidence* presented in the California court proceedings, the February 2015 decision, and Plaintiff's Petition for Reconsideration (including 61 pages of the hearing transcript that Plaintiff did not include in the version he served Defendants in this action). In other words, the undersigned has received – as a matter of public record – all evidence and court filings through Plaintiff's Petition for Reconsideration in March 2015. The undersigned has not specifically requested copies of the filings made after Plaintiff's Petition for Reconsideration was filed, but has confirmed with California agencies – yet again – that *all of the documents Plaintiff has produced relating to the California matter are a matter of public record* and not protected from public disclosure by any rule or order, and there is no reason why the documents should be considered confidential.[4]

Paragraph 3 of the Confidentiality Order in this case provides:

> 3. <u>Documents Which May be Designated Confidential</u>. Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure

---

[3] The binder of evidence includes numerous statements, affidavits, and other documents Plaintiff has produced elsewhere without a "confidential" designation.

[4] In paragraph 6 of his motion, Plaintiff asserts that he "is informed and believes that the Deputy Attorney General who is handling the case against Plaintiff in California did not purchase the official transcript of the proceeding before the Administrative Law Judge in California and that he is improperly attempting to obtain the transcript of those proceedings from Defendants' counsel in this case instead of from the official court reporter." [ECF #94, ¶ 6] That assertion is baseless, and in any event would not justify a "confidential" designation.

4

> by statute, sensitive personal information, trade secrets, or
> confidential research, development, or commercial information.
> The certification must be made concurrently with the disclosure of
> the documents, using the form attached hereto as Attachment A
> which shall be executed subject to the standards of Rule 11 of the
> Federal Rules of Civil Procedure. Information or documents which
> are available in the public sector may not be designated as
> confidential.

[ECF 9, page 2 of 11] Plaintiff's designation of the California matter as "confidential" violates this provision in several respects. First, Plaintiff failed to present concurrent certifications with his production of documents, as required by this paragraph. Second, Plaintiff has not presented a statutory basis for confidentiality, a California court rule order of confidentiality, or any other support for a certification that could be supported by Rule 11. Third, the Confidentiality Order provides that "Information or documents which are available in the public sector may not be designated as confidential."

Under the terms of the Confidentiality Order in this case, "The burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality." [ECF #9, ¶ 8.a] Plaintiff continues to have no legal support for designating the California matter "confidential." Plaintiff merely asserts that he "has been advised" by his California attorney that the California matter is confidential, and he cites for support a California Code section that says a public agency is not "required" to disclose certain types of information during litigation Whether a public agency involved in litigation is "required" to disclose certain information is irrelevant. The documentation at issue consists of publicly available court filings and proceedings, and nothing in the California Code prohibits the disclosure of such publicly available records.

Plaintiff asserts he has a "compelling right" to avoid the "potential stigma" of having the denial of his California medical license publicly known. Plaintiff, however, has filed not just his

5

appeal in the public Courts of California, but also this very lawsuit in which he has publicly announced in federal court filings that Defendants are to blame for the denial of his California medical license! Plaintiff has placed the denial of his California medical license squarely at issue in this lawsuit, and part of the defense of this lawsuit is to point out how Plaintiff's own decisions, actions, and lies have determined his fate – including what he presented to the California court as part of his appeal. Further, Plaintiff's California appeal is aimed almost entirely on Plaintiff's and Eady's attempts to discredit the Defendants in this lawsuit, and Plaintiff's experts have relied almost entirely on their presentation in the California proceedings. The California proceedings raise matter that absolutely must be addressed in public court filings in this action in the near future, in advance of the remaining depositions in this case. It would be extremely prejudicial to Defendants to deprive them of their essential defense to this lawsuit.

Plaintiff argues in paragraph 7 of his motion that Defendants "have identified no specific reason at this point in the litigation to have the 'Confidential' Designation for these documents removed." [ECF #94, ¶ 7] Defendants are not required to seek Plaintiff's approval in every instance in which they might wish to use documents. Under the terms of the Confidentiality Order, Defendants are merely required to challenge the "confidential" designation Plaintiff has placed on discovery documents. The burden at all time remains on Plaintiff to support his confidential designations with facts and law. Plaintiff has failed to support his "confidential" designation of documents related to his California proceedings. Further, Plaintiff could not possibly support a "confidential" designation of the California matter when the undersigned can obtain such matter as a matter of public record.

The Court must deny Plaintiff's motion and order the release of the "confidential" designations. Defendants would be extremely prejudiced otherwise.

July 13, 2015

s/ Kathryn Thomas
Kathryn Thomas (DCID No. 5134)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311 / Fax:  (803) 254-6951
kthomas@gsblaw.net

ATTORNEYS FOR UNIVERSITY DEFENDANTS

7