

**Code:** [Select Code ▼] **Section:** [_____]    [Search] ⓘ

Up^    Add To My Favorites

**GOVERNMENT CODE - GOV**

**TITLE 1. GENERAL [100 - 7914]**  *( Title 1 enacted by Stats. 1943, Ch. 134. )*

**DIVISION 7. MISCELLANEOUS [6000 - 7599.2]**  *( Division 7 enacted by Stats. 1943, Ch. 134. )*

**CHAPTER 3.5. Inspection of Public Records [6250 - 6276.48]**  *( Chapter 3.5 added by Stats. 1968, Ch. 1473. )*

**ARTICLE 1. General Provisions [6250 - 6270]**  *( Article 1 heading added by Stats. 1998, Ch. 620, Sec. 1. )*

**6250.**  In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.

*(Amended by Stats. 1970, Ch. 575.)*

**6251.**  This chapter shall be known and may be cited as the California Public Records Act.

*(Added by Stats. 1968, Ch. 1473.)*

**6252.**  As used in this chapter:

(a) "Local agency" includes a county; city, whether general law or chartered; city and county; school district; municipal corporation; district; political subdivision; or any board, commission or agency thereof; other local public agency; or entities that are legislative bodies of a local agency pursuant to subdivisions (c) and (d) of Section 54952.

(b) "Member of the public" means any person, except a member, agent, officer, or employee of a federal, state, or local agency acting within the scope of his or her membership, agency, office, or employment.

(c) "Person" includes any natural person, corporation, partnership, limited liability company, firm, or association.

(d) "Public agency" means any state or local agency.

(e) "Public records" includes any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics. "Public records" in the custody of, or maintained by, the Governor's office means any writing prepared on or after January 6, 1975.

(f) "State agency" means every state office, officer, department, division, bureau, board, and commission or other state body or agency, except those agencies provided for in Article IV (except Section 20 thereof) or Article VI of the California Constitution.

(g) "Writing" means any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

*(Amended by Stats. 2004, Ch. 937, Sec. 1. Effective January 1, 2005.)*

**6252.5.**  Notwithstanding the definition of "member of the public" in Section 6252, an elected member or officer of any state or local agency is entitled to access to public records of that agency on the same basis as any other person. Nothing in this section shall limit the ability of elected members or officers to access public records permitted by law in the administration of their duties.

This section does not constitute a change in, but is declaratory of, existing law.

*(Added by Stats. 1998, Ch. 620, Sec. 3. Effective January 1, 1999.)*

**6252.6.**

Notwithstanding paragraph (2) of subdivision (a) of Section 827 of the Welfare and Institutions Code, after the death of a foster child who is a minor, the name, date of birth, and date of death of the child shall be subject to disclosure by the county child welfare agency pursuant to this chapter.

*(Added by Stats. 2003, Ch. 847, Sec. 3. Effective January 1, 2004.)*

**6252.7.** Notwithstanding Section 6252.5 or any other provision of law, when the members of a legislative body of a local agency are authorized to access a writing of the body or of the agency as permitted by law in the administration of their duties, the local agency, as defined in Section 54951, shall not discriminate between or among any of those members as to which writing or portion thereof is made available or when it is made available.

*(Added by Stats. 2008, Ch. 63, Sec. 2. Effective January 1, 2009.)*

**6253.** (a) Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided. Any reasonably segregable portion of a record shall be available for inspection by any person requesting the record after deletion of the portions that are exempted by law.

(b) Except with respect to public records exempt from disclosure by express provisions of law, each state or local agency, upon a request for a copy of records that reasonably describes an identifiable record or records, shall make the records promptly available to any person upon payment of fees covering direct costs of duplication, or a statutory fee if applicable. Upon request, an exact copy shall be provided unless impracticable to do so.

(c) Each agency, upon a request for a copy of records, shall, within 10 days from receipt of the request, determine whether the request, in whole or in part, seeks copies of disclosable public records in the possession of the agency and shall promptly notify the person making the request of the determination and the reasons therefor. In unusual circumstances, the time limit prescribed in this section may be extended by written notice by the head of the agency or his or her designee to the person making the request, setting forth the reasons for the extension and the date on which a determination is expected to be dispatched. No notice shall specify a date that would result in an extension for more than 14 days. When the agency dispatches the determination, and if the agency determines that the request seeks disclosable public records, the agency shall state the estimated date and time when the records will be made available. As used in this section, "unusual circumstances" means the following, but only to the extent reasonably necessary to the proper processing of the particular request:

(1) The need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request.

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are demanded in a single request.

(3) The need for consultation, which shall be conducted with all practicable speed, with another agency having substantial interest in the determination of the request or among two or more components of the agency having substantial subject matter interest therein.

(4) The need to compile data, to write programming language or a computer program, or to construct a computer report to extract data.

(d) Nothing in this chapter shall be construed to permit an agency to delay or obstruct the inspection or copying of public records. The notification of denial of any request for records required by Section 6255 shall set forth the names and titles or positions of each person responsible for the denial.

(e) Except as otherwise prohibited by law, a state or local agency may adopt requirements for itself that allow for faster, more efficient, or greater access to records than prescribed by the minimum standards set forth in this chapter.

*(Amended by Stats. 2001, Ch. 355, Sec. 2. Effective January 1, 2002.)*

**6253.1.** (a) When a member of the public requests to inspect a public record or obtain a copy of a public record, the public agency, in order to assist the member of the public make a focused and effective request that reasonably describes an identifiable record or records, shall do all of the following, to the extent reasonable under the circumstances:

(1) Assist the member of the public to identify records and information that are responsive to the request or to the purpose of the request, if stated.

(2) Describe the information technology and physical location in which the records exist.

(3) Provide suggestions for overcoming any practical basis for denying access to the records or information sought.

(b) The requirements of paragraph (1) of subdivision (a) shall be deemed to have been satisfied if the public agency is unable to identify the requested information after making a reasonable effort to elicit additional clarifying information from the requester that will help identify the record or records.

(c) The requirements of subdivision (a) are in addition to any action required of a public agency by Section 6253.

(d) This section shall not apply to a request for public records if any of the following applies:

(1) The public agency makes available the requested records pursuant to Section 6253.

(2) The public agency determines that the request should be denied and bases that determination solely on an exemption listed in Section 6254.

(3) The public agency makes available an index of its records.

*(Added by Stats. 2001, Ch. 355, Sec. 3. Effective January 1, 2002.)*

**6253.2.**  (a) Notwithstanding any other provision of this chapter to the contrary, information regarding persons paid by the state to provide in-home supportive services pursuant to Article 7 (commencing with Section 12300) of Chapter 3 of Part 3 of Division 9 of the Welfare and Institutions Code, or services provided pursuant to Section 14132.95, 14132.952, or 14132.956 of the Welfare and Institutions Code, is not subject to public disclosure pursuant to this chapter, except as provided in subdivision (b).

(b) Copies of names, addresses, and telephone numbers of persons described in subdivision (a) shall be made available, upon request, to an exclusive bargaining agent and to any labor organization seeking representation rights pursuant to Section 12301.6 or 12302.25 of the Welfare and Institutions Code or the In-Home Supportive Services Employer-Employee Relations Act (Title 23 (commencing with Section 110000)). This information shall not be used by the receiving entity for any purpose other than the employee organizing, representation, and assistance activities of the labor organization.

(c) This section applies solely to individuals who provide services under the In-Home Supportive Services Program (Article 7 (commencing with Section 12300) of Chapter 3 of Part 3 of Division 9 of the Welfare and Institutions Code), the Personal Care Services Program pursuant to Section 14132.95 of the Welfare and Institutions Code, the In-Home Supportive Services Plus Option pursuant to Section 14132.952 of the Welfare and Institutions Code, or the Community First Choice Option pursuant to Section 14132.956 of the Welfare and Institutions Code.

(d) Nothing in this section is intended to alter or shall be interpreted to alter the rights of parties under the In-Home Supportive Services Employer-Employee Relations Act (Title 23 (commencing with Section 110000)) or any other labor relations law.

(e) This section shall be inoperative if the Coordinated Care Initiative becomes inoperative pursuant to Section 34 of the act that added this subdivision.

*(Amended (as amended by Stats. 2012, Ch. 439, Sec. 2) by Stats. 2013, Ch. 37, Sec. 1. Effective June 27, 2013. Conditionally inoperative as prescribed by its own provisions and Sec. 34 of Ch. 37. If this version becomes inoperative, the version as amended by Sec. 2 of Ch. 37 becomes operative.)*

**6253.2.**  (a) Notwithstanding any other provision of this chapter to the contrary, information regarding persons paid by the state to provide in-home supportive services pursuant to Article 7 (commencing with Section 12300) of Chapter 3 of Part 3 of Division 9 of the Welfare and Institutions Code or personal care services pursuant to Section 14132.95 of the Welfare and Institutions Code, is not subject to public disclosure pursuant to this chapter, except as provided in subdivision (b).

(b) Copies of names, addresses, and telephone numbers of persons described in subdivision (a) shall be made available, upon request, to an exclusive bargaining agent and to any labor organization seeking representation rights pursuant to subdivision (c) of Section 12301.6 or Section 12302.25 of the Welfare and Institutions Code or Chapter 10 (commencing with Section 3500) of Division 4 of Title 1. This information shall not be used by the receiving entity for any purpose other than the employee organizing, representation, and assistance activities of the labor organization.

(c) This section applies solely to individuals who provide services under the In-Home Supportive Services Program (Article 7 (commencing with Section 12300) of Chapter 3 of Part 3 of Division 9 of the Welfare and Institutions Code) or the Personal Care Services Program pursuant to Section 14132.95 of the Welfare and Institutions Code.

(d) Nothing in this section is intended to alter or shall be interpreted to alter the rights of parties under the Meyers-Milias-Brown Act (Chapter 10 (commencing with Section 3500) of Division 4) or any other labor relations law.

(e) This section shall be operative only if Section 1 of the act that added this subdivision becomes inoperative pursuant to subdivision (e) of that Section 1.

*(Amended (as amended by Stats. 2012, Ch. 439, Sec. 1) by Stats. 2013, Ch. 37, Sec. 2. Effective June 27, 2013. This version is conditionally operative, as prescribed by its own provisions.)*

**6253.3.**  A state or local agency may not allow another party to control the disclosure of information that is otherwise subject to disclosure pursuant to this chapter.

*(Added by Stats. 2008, Ch. 62, Sec. 1. Effective January 1, 2009.)*

**6253.31.**  Notwithstanding any contract term to the contrary, a contract entered into by a state or local agency subject to this chapter, including the University of California, that requires a private entity to review, audit, or report on any aspect of that agency shall be public to the extent the contract is otherwise subject to disclosure under this chapter.

*(Added by Stats. 2008, Ch. 62, Sec. 2. Effective January 1, 2009.)*

**6253.4.**  (a) Every agency may adopt regulations stating the procedures to be followed when making its records available in accordance with this section.

The following state and local bodies shall establish written guidelines for accessibility of records. A copy of these guidelines shall be posted in a conspicuous public place at the offices of these bodies, and a copy of the guidelines shall be available upon request free of charge to any person requesting that body's records:

Department of Motor Vehicles

Department of Consumer Affairs

Transportation Agency

Bureau of Real Estate

Department of Corrections and Rehabilitation

Division of Juvenile Justice

Department of Justice

Department of Insurance

Department of Business Oversight

Department of Managed Health Care

Secretary of State

State Air Resources Board

Department of Water Resources

Department of Parks and Recreation

San Francisco Bay Conservation and Development Commission

State Board of Equalization

State Department of Health Care Services

Employment Development Department

State Department of Public Health

State Department of Social Services

State Department of State Hospitals

State Department of Developmental Services

Public Employees' Retirement System

Teachers' Retirement Board

Department of Industrial Relations

Department of General Services

Department of Veterans Affairs

Public Utilities Commission

California Coastal Commission

State Water Resources Control Board

San Francisco Bay Area Rapid Transit District

All regional water quality control boards

Los Angeles County Air Pollution Control District

Bay Area Air Pollution Control District

Golden Gate Bridge, Highway and Transportation District

Department of Toxic Substances Control

Office of Environmental Health Hazard Assessment

(b) Guidelines and regulations adopted pursuant to this section shall be consistent with all other sections of this chapter and shall reflect the intention of the Legislature to make the records accessible to the public. The guidelines and regulations adopted pursuant to this section shall not operate to limit the hours public records are open for inspection as prescribed in Section 6253.

*(Amended by Stats. 2013, Ch. 22, Sec. 7. Effective June 27, 2013. Operative July 1, 2013, by Sec. 110 of Ch. 22.)*

**6253.5.**  Notwithstanding Sections 6252 and 6253, statewide, county, city, and district initiative, referendum, and recall petitions, petitions circulated pursuant to Section 5091 of the Education Code, petitions for the reorganization of school districts submitted pursuant to Article 1 (commencing with Section 35700) of Chapter 4 of Part 21 of the Education Code, petitions for the reorganization of community college districts submitted pursuant to Part 46 (commencing with Section 74000) of the Education Code and all memoranda prepared by the county elections officials in the examination of the petitions indicating which registered voters have signed particular petitions shall not be deemed to be public records and shall not be open to inspection except by the public officer or public employees who have the duty of receiving, examining or preserving the petitions or who are responsible for the preparation of that memoranda and, if the petition is found to be insufficient, by the proponents of the petition and the representatives of the proponents as may be designated by the proponents in writing in order to determine which signatures were disqualified and the reasons therefor. However, the Attorney General, the Secretary of State, the Fair Political Practices Commission, a district attorney, a school district or a community college district attorney, and a city attorney shall be permitted to examine the material upon approval of the appropriate superior court.

If the proponents of a petition are permitted to examine the petition and memoranda, the examination shall commence not later than 21 days after certification of insufficiency.

(a) As used in this section, "petition" shall mean any petition to which a registered voter has affixed his or her signature.

(b) As used in this section "proponents of the petition" means the following:

(1) For statewide initiative and referendum measures, the person or persons who submit a draft of a petition proposing the measure to the Attorney General with a request that he or she prepare a title and summary of the chief purpose and points of the proposed measure.

(2) For other initiative and referenda on measures, the person or persons who publish a notice of intention to circulate petitions, or, where publication is not required, who file petitions with the elections official.

(3) For recall measures, the person or persons defined in Section 343 of the Elections Code.

(4) For petitions circulated pursuant to Section 5091 of the Education Code, the person or persons having charge of the petition who submit the petition to the county superintendent of schools.

(5) For petitions circulated pursuant to Article 1 (commencing with Section 35700) of Chapter 4 of Part 21 of the Education Code, the person or persons designated as chief petitioners under Section 35701 of the Education Code.

(6) For petitions circulated pursuant to Part 46 (commencing with Section 74000) of the Education Code, the person or persons designated as chief petitioners under Sections 74102, 74133, and 74152 of the Education Code.

*(Amended by Stats. 1994, Ch. 923, Sec. 32. Effective January 1, 1995.)*

**6253.6.**  (a) Notwithstanding the provisions of Sections 6252 and 6253, information compiled by public officers or public employees revealing the identity of persons who have requested bilingual ballots or ballot pamphlets, made in accordance with any federal or state law, or other data that would reveal the identity of the requester, shall not be deemed to be public records and shall not be provided to any person other than public officers or public employees who are responsible for receiving those requests and processing the same.

(b) Nothing contained in subdivision (a) shall be construed as prohibiting any person who is otherwise authorized by law from examining election materials, including, but not limited to, affidavits of registration, provided that requests for bilingual ballots or ballot pamphlets shall be subject to the restrictions contained in subdivision (a).

*(Amended by Stats. 1985, Ch. 1129, Sec. 1.)*

**6253.8.**  (a) Every final enforcement order issued by an agency listed in subdivision (b) under any provision of law that is administered by an entity listed in subdivision (b), shall be displayed on the entity's Internet website, if the final enforcement order is a public record that is not exempt from disclosure pursuant to this chapter.

(b) This section applies to the California Environmental Protection Agency and to all of the following entities within the agency:

(1) The State Air Resources Board.

(2) The California Integrated Waste Management Board.

(3) The State Water Resources Control Board, and each California regional water quality control board.

(4) The Department of Pesticide Regulation.

(5) The Department of Toxic Substances Control.

(c) (1) Except as provided in paragraph (2), for purposes of this section, an enforcement order is final when the time for judicial review has expired on or after January 1, 2001, or when all means of judicial review have been exhausted on or after January 1, 2001.

(2) In addition to the requirements of paragraph (1), with regard to a final enforcement order issued by the State Water Resources Control Board or a California regional water quality control board, this section shall apply only to a final enforcement order adopted by that board or a regional board at a public meeting.

(d) An order posted pursuant to this section shall be posted for not less than one year.

(e) The California Environmental Protection Agency shall oversee the implementation of this section.

(f) This section shall become operative April 1, 2001.

*(Added by Stats. 2000, Ch. 783, Sec. 1. Effective January 1, 2001. Section operative April 1, 2001, by its own provisions.)*

**6253.9.**  (a) Unless otherwise prohibited by law, any agency that has information that constitutes an identifiable public record not exempt from disclosure pursuant to this chapter that is in an electronic format shall make that information available in an electronic format when requested by any person and, when applicable, shall comply with the following:

(1) The agency shall make the information available in any electronic format in which it holds the information.

(2) Each agency shall provide a copy of an electronic record in the format requested if the requested format is one that has been used by the agency to create copies for its own use or for provision to other agencies. The cost of duplication shall be limited to the direct cost of producing a copy of a record in an electronic format.

(b) Notwithstanding paragraph (2) of subdivision (a), the requester shall bear the cost of producing a copy of the record, including the cost to construct a record, and the cost of programming and computer services necessary to produce a copy of the record when either of the following applies:

(1) In order to comply with the provisions of subdivision (a), the public agency would be required to produce a copy of an electronic record and the record is one that is produced only at otherwise regularly scheduled intervals.

(2) The request would require data compilation, extraction, or programming to produce the record.

(c) Nothing in this section shall be construed to require the public agency to reconstruct a record in an electronic format if the agency no longer has the record available in an electronic format.

(d) If the request is for information in other than electronic format, and the information also is in electronic format, the agency may inform the requester that the information is available in electronic format.

(e) Nothing in this section shall be construed to permit an agency to make information available only in an electronic format.

(f) Nothing in this section shall be construed to require the public agency to release an electronic record in the electronic form in which it is held by the agency if its release would jeopardize or compromise the security or integrity of the original record or of any proprietary software in which it is maintained.

(g) Nothing in this section shall be construed to permit public access to records held by any agency to which access is otherwise restricted by statute.

*(Added by Stats. 2000, Ch. 982, Sec. 2. Effective January 1, 2001.)*

**6254.** Except as provided in Sections 6254.7 and 6254.13, this chapter does not require the disclosure of any of the following records:

(a) Preliminary drafts, notes, or interagency or intra-agency memoranda that are not retained by the public agency in the ordinary course of business, if the public interest in withholding those records clearly outweighs the public interest in disclosure.

(b) Records pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to Division 3.6 (commencing with Section 810), until the pending litigation or claim has been finally adjudicated or otherwise settled.

(c) Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy.

(d) Contained in or related to any of the following:

(1) Applications filed with any state agency responsible for the regulation or supervision of the issuance of securities or of financial institutions, including, but not limited to, banks, savings and loan associations, industrial loan companies, credit unions, and insurance companies.

(2) Examination, operating, or condition reports prepared by, on behalf of, or for the use of, any state agency referred to in paragraph (1).

(3) Preliminary drafts, notes, or interagency or intra-agency communications prepared by, on behalf of, or for the use of, any state agency referred to in paragraph (1).

(4) Information received in confidence by any state agency referred to in paragraph (1).

(e) Geological and geophysical data, plant production data, and similar information relating to utility systems development, or market or crop reports, that are obtained in confidence from any person.

(f) Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, the Office of Emergency Services and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes. However, state and local law enforcement agencies shall disclose the names and addresses of persons involved in, or witnesses other than confidential informants to, the incident, the description of any property involved, the date, time, and location of the incident, all diagrams, statements of the parties involved in the incident, the statements of all witnesses, other than confidential informants, to the victims of an incident, or an authorized representative thereof, an insurance carrier against which a claim has been or might be made, and any person suffering bodily injury or property damage or loss, as the result of the incident caused by arson, burglary, fire, explosion, larceny, robbery, carjacking, vandalism, vehicle theft, or a crime as defined by subdivision (b) of Section 13951, unless disclosure would endanger the safety of a witness or other person involved in the investigation, or unless disclosure would endanger the successful completion of the investigation or a related investigation. However, nothing in this division shall require the disclosure of that portion of those investigative files that reflects the analysis or conclusions of the investigating officer.

Customer lists provided to a state or local police agency by an alarm or security company at the request of the agency shall be construed to be records subject to this subdivision.

Notwithstanding any other provision of this subdivision, state and local law enforcement agencies shall make public the following information, except to the extent that disclosure of a particular item of information would endanger the safety of a person involved in an investigation or would endanger the successful completion of the investigation or a related investigation:

(1) The full name and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds.

(2) Subject to the restrictions imposed by Section 841.5 of the Penal Code, the time, substance, and location of all complaints or requests for assistance received by the agency and the time and nature of the response thereto, including, to the extent the information regarding crimes alleged or committed or any other incident investigated is recorded, the time, date, and location of occurrence, the time and date of the report, the name and age of the victim, the factual circumstances surrounding the crime or incident, and a general description of any injuries, property, or weapons involved. The name of a victim of any crime defined by Section 220, 236.1, 261, 261.5, 262, 264, 264.1, 265, 266, 266a, 266b, 266c, 266e, 266f, 266j, 267, 269, 273a, 273d, 273.5, 285, 286, 288, 288a,

288.2, 288.3 (as added by Chapter 337 of the Statutes of 2006), 288.3 (as added by Section 6 of Proposition 83 of the November 7, 2006, statewide general election), 288.5, 288.7, 289, 422.6, 422.7, 422.75, 646.9, or 647.6 of the Penal Code may be withheld at the victim's request, or at the request of the victim's parent or guardian if the victim is a minor. When a person is the victim of more than one crime, information disclosing that the person is a victim of a crime defined in any of the sections of the Penal Code set forth in this subdivision may be deleted at the request of the victim, or the victim's parent or guardian if the victim is a minor, in making the report of the crime, or of any crime or incident accompanying the crime, available to the public in compliance with the requirements of this paragraph.

(3) Subject to the restrictions of Section 841.5 of the Penal Code and this subdivision, the current address of every individual arrested by the agency and the current address of the victim of a crime, where the requester declares under penalty of perjury that the request is made for a scholarly, journalistic, political, or governmental purpose, or that the request is made for investigation purposes by a licensed private investigator as described in Chapter 11.3 (commencing with Section 7512) of Division 3 of the Business and Professions Code. However, the address of the victim of any crime defined by Section 220, 236.1, 261, 261.5, 262, 264, 264.1, 265, 266, 266a, 266b, 266c, 266e, 266f, 266j, 267, 269, 273a, 273d, 273.5, 285, 286, 288, 288a, 288.2, 288.3 (as added by Chapter 337 of the Statutes of 2006), 288.3 (as added by Section 6 of Proposition 83 of the November 7, 2006, statewide general election), 288.5, 288.7, 289, 422.6, 422.7, 422.75, 646.9, or 647.6 of the Penal Code shall remain confidential. Address information obtained pursuant to this paragraph may not be used directly or indirectly, or furnished to another, to sell a product or service to any individual or group of individuals, and the requester shall execute a declaration to that effect under penalty of perjury. Nothing in this paragraph shall be construed to prohibit or limit a scholarly, journalistic, political, or government use of address information obtained pursuant to this paragraph.

(g) Test questions, scoring keys, and other examination data used to administer a licensing examination, examination for employment, or academic examination, except as provided for in Chapter 3 (commencing with Section 99150) of Part 65 of Division 14 of Title 3 of the Education Code.

(h) The contents of real estate appraisals or engineering or feasibility estimates and evaluations made for or by the state or local agency relative to the acquisition of property, or to prospective public supply and construction contracts, until all of the property has been acquired or all of the contract agreement obtained. However, the law of eminent domain shall not be affected by this provision.

(i) Information required from any taxpayer in connection with the collection of local taxes that is received in confidence and the disclosure of the information to other persons would result in unfair competitive disadvantage to the person supplying the information.

(j) Library circulation records kept for the purpose of identifying the borrower of items available in libraries, and library and museum materials made or acquired and presented solely for reference or exhibition purposes. The exemption in this subdivision shall not apply to records of fines imposed on the borrowers.

(k) Records, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege.

(l) Correspondence of and to the Governor or employees of the Governor's office or in the custody of or maintained by the Governor's Legal Affairs Secretary. However, public records shall not be transferred to the custody of the Governor's Legal Affairs Secretary to evade the disclosure provisions of this chapter.

(m) In the custody of or maintained by the Legislative Counsel, except those records in the public database maintained by the Legislative Counsel that are described in Section 10248.

(n) Statements of personal worth or personal financial data required by a licensing agency and filed by an applicant with the licensing agency to establish his or her personal qualification for the license, certificate, or permit applied for.

(o) Financial data contained in applications for financing under Division 27 (commencing with Section 44500) of the Health and Safety Code, where an authorized officer of the California Pollution Control Financing Authority determines that disclosure of the financial data would be competitively injurious to the applicant and the data is required in order to obtain guarantees from the United States Small Business Administration. The California Pollution Control Financing Authority shall adopt rules for review of individual requests for confidentiality under this section and for making available to the public those portions of an application that are subject to disclosure under this chapter.

(p) Records of state agencies related to activities governed by Chapter 10.3 (commencing with Section 3512), Chapter 10.5 (commencing with Section 3525), and Chapter 12 (commencing with Section 3560) of Division 4, that reveal a state agency's deliberative processes, impressions, evaluations, opinions, recommendations, meeting minutes, research, work products, theories, or strategy, or that provide instruction, advice, or training to employees who do not have full collective bargaining and representation rights under these chapters. Nothing in

this subdivision shall be construed to limit the disclosure duties of a state agency with respect to any other records relating to the activities governed by the employee relations acts referred to in this subdivision.

(q) (1) Records of state agencies related to activities governed by Article 2.6 (commencing with Section 14081), Article 2.8 (commencing with Section 14087.5), and Article 2.91 (commencing with Section 14089) of Chapter 7 of Part 3 of Division 9 of the Welfare and Institutions Code, that reveal the special negotiator's deliberative processes, discussions, communications, or any other portion of the negotiations with providers of health care services, impressions, opinions, recommendations, meeting minutes, research, work product, theories, or strategy, or that provide instruction, advice, or training to employees.

(2) Except for the portion of a contract containing the rates of payment, contracts for inpatient services entered into pursuant to these articles, on or after April 1, 1984, shall be open to inspection one year after they are fully executed. If a contract for inpatient services that is entered into prior to April 1, 1984, is amended on or after April 1, 1984, the amendment, except for any portion containing the rates of payment, shall be open to inspection one year after it is fully executed. If the California Medical Assistance Commission enters into contracts with health care providers for other than inpatient hospital services, those contracts shall be open to inspection one year after they are fully executed.

(3) Three years after a contract or amendment is open to inspection under this subdivision, the portion of the contract or amendment containing the rates of payment shall be open to inspection.

(4) Notwithstanding any other law, the entire contract or amendment shall be open to inspection by the Joint Legislative Audit Committee and the Legislative Analyst's Office. The committee and that office shall maintain the confidentiality of the contracts and amendments until the time a contract or amendment is fully open to inspection by the public.

(r) Records of Native American graves, cemeteries, and sacred places and records of Native American places, features, and objects described in Sections 5097.9 and 5097.993 of the Public Resources Code maintained by, or in the possession of, the Native American Heritage Commission, another state agency, or a local agency.

(s) A final accreditation report of the Joint Commission on Accreditation of Hospitals that has been transmitted to the State Department of Health Care Services pursuant to subdivision (b) of Section 1282 of the Health and Safety Code.

(t) Records of a local hospital district, formed pursuant to Division 23 (commencing with Section 32000) of the Health and Safety Code, or the records of a municipal hospital, formed pursuant to Article 7 (commencing with Section 37600) or Article 8 (commencing with Section 37650) of Chapter 5 of Part 2 of Division 3 of Title 4 of this code, that relate to any contract with an insurer or nonprofit hospital service plan for inpatient or outpatient services for alternative rates pursuant to Section 10133 of the Insurance Code. However, the record shall be open to inspection within one year after the contract is fully executed.

(u) (1) Information contained in applications for licenses to carry firearms issued pursuant to Section 26150, 26155, 26170, or 26215 of the Penal Code by the sheriff of a county or the chief or other head of a municipal police department that indicates when or where the applicant is vulnerable to attack or that concerns the applicant's medical or psychological history or that of members of his or her family.

(2) The home address and telephone number of prosecutors, public defenders, peace officers, judges, court commissioners, and magistrates that are set forth in applications for licenses to carry firearms issued pursuant to Section 26150, 26155, 26170, or 26215 of the Penal Code by the sheriff of a county or the chief or other head of a municipal police department.

(3) The home address and telephone number of prosecutors, public defenders, peace officers, judges, court commissioners, and magistrates that are set forth in licenses to carry firearms issued pursuant to Section 26150, 26155, 26170, or 26215 of the Penal Code by the sheriff of a county or the chief or other head of a municipal police department.

(v) (1) Records of the Managed Risk Medical Insurance Board and the State Department of Health Care Services related to activities governed by Part 6.3 (commencing with Section 12695), Part 6.5 (commencing with Section 12700), Part 6.6 (commencing with Section 12739.5), or Part 6.7 (commencing with Section 12739.70) of Division 2 of the Insurance Code, or Chapter 2 (commencing with Section 15810) or Chapter 4 (commencing with Section 15870) of Part 3.3 of Division 9 of the Welfare and Institutions Code, and that reveal any of the following:

(A) The deliberative processes, discussions, communications, or any other portion of the negotiations with entities contracting or seeking to contract with the board or the department, entities with which the board or the department is considering a contract, or entities with which the board or department is considering or enters into any other arrangement under which the board or the department provides, receives, or arranges services or reimbursement.

(B) The impressions, opinions, recommendations, meeting minutes, research, work product, theories, or strategy of the board or its staff or the department or its staff, or records that provide instructions, advice, or training to their employees.

(2) (A) Except for the portion of a contract that contains the rates of payment, contracts entered into pursuant to Part 6.3 (commencing with Section 12695), Part 6.5 (commencing with Section 12700), Part 6.6 (commencing with Section 12739.5), or Part 6.7 (commencing with Section 12739.70) of Division 2 of the Insurance Code, or Chapter 2 (commencing with Section 15810) or Chapter 4 (commencing with Section 15870) of Part 3.3 of Division 9 of the Welfare and Institutions Code, on or after July 1, 1991, shall be open to inspection one year after their effective dates.

(B) If a contract that is entered into prior to July 1, 1991, is amended on or after July 1, 1991, the amendment, except for any portion containing the rates of payment, shall be open to inspection one year after the effective date of the amendment.

(3) Three years after a contract or amendment is open to inspection pursuant to this subdivision, the portion of the contract or amendment containing the rates of payment shall be open to inspection.

(4) Notwithstanding any other law, the entire contract or amendments to a contract shall be open to inspection by the Joint Legislative Audit Committee. The committee shall maintain the confidentiality of the contracts and amendments thereto, until the contracts or amendments to the contracts are open to inspection pursuant to paragraph (3).

(w) (1) Records of the Managed Risk Medical Insurance Board related to activities governed by Chapter 8 (commencing with Section 10700) of Part 2 of Division 2 of the Insurance Code, and that reveal the deliberative processes, discussions, communications, or any other portion of the negotiations with health plans, or the impressions, opinions, recommendations, meeting minutes, research, work product, theories, or strategy of the board or its staff, or records that provide instructions, advice, or training to employees.

(2) Except for the portion of a contract that contains the rates of payment, contracts for health coverage entered into pursuant to Chapter 8 (commencing with Section 10700) of Part 2 of Division 2 of the Insurance Code, on or after January 1, 1993, shall be open to inspection one year after they have been fully executed.

(3) Notwithstanding any other law, the entire contract or amendments to a contract shall be open to inspection by the Joint Legislative Audit Committee. The committee shall maintain the confidentiality of the contracts and amendments thereto, until the contracts or amendments to the contracts are open to inspection pursuant to paragraph (2).

(x) Financial data contained in applications for registration, or registration renewal, as a service contractor filed with the Director of Consumer Affairs pursuant to Chapter 20 (commencing with Section 9800) of Division 3 of the Business and Professions Code, for the purpose of establishing the service contractor's net worth, or financial data regarding the funded accounts held in escrow for service contracts held in force in this state by a service contractor.

(y) (1) Records of the Managed Risk Medical Insurance Board and the State Department of Health Care Services related to activities governed by Part 6.2 (commencing with Section 12693) or Part 6.4 (commencing with Section 12699.50) of Division 2 of the Insurance Code or Sections 14005.26 and 14005.27 of, or Chapter 3 (commencing with Section 15850) of Part 3.3 of Division 9 of, the Welfare and Institutions Code, if the records reveal any of the following:

(A) The deliberative processes, discussions, communications, or any other portion of the negotiations with entities contracting or seeking to contract with the board or the department, entities with which the board or department is considering a contract, or entities with which the board or department is considering or enters into any other arrangement under which the board or department provides, receives, or arranges services or reimbursement.

(B) The impressions, opinions, recommendations, meeting minutes, research, work product, theories, or strategy of the board or its staff, or the department or its staff, or records that provide instructions, advice, or training to employees.

(2) (A) Except for the portion of a contract that contains the rates of payment, contracts entered into pursuant to Part 6.2 (commencing with Section 12693) or Part 6.4 (commencing with Section 12699.50) of Division 2 of the Insurance Code, on or after January 1, 1998, or Sections 14005.26 and 14005.27 of, or Chapter 3 (commencing with Section 15850) of Part 3.3 of Division 9 of, the Welfare and Institutions Code shall be open to inspection one year after their effective dates.

(B) If a contract entered into pursuant to Part 6.2 (commencing with Section 12693) or Part 6.4 (commencing with Section 12699.50) of Division 2 of the Insurance Code or Sections 14005.26 and 14005.27 of, or Chapter 3 (commencing with Section 15850) of Part 3.3 of Division 9 of, the Welfare and Institutions Code, is amended, the amendment shall be open to inspection one year after the effective date of the amendment.

(3) Three years after a contract or amendment is open to inspection pursuant to this subdivision, the portion of the contract or amendment containing the rates of payment shall be open to inspection.

(4) Notwithstanding any other law, the entire contract or amendments to a contract shall be open to inspection by the Joint Legislative Audit Committee. The committee shall maintain the confidentiality of the contracts and amendments thereto until the contract or amendments to a contract are open to inspection pursuant to paragraph (2) or (3).

(5) The exemption from disclosure provided pursuant to this subdivision for the contracts, deliberative processes, discussions, communications, negotiations, impressions, opinions, recommendations, meeting minutes, research, work product, theories, or strategy of the board or its staff, or the department or its staff, shall also apply to the contracts, deliberative processes, discussions, communications, negotiations, impressions, opinions, recommendations, meeting minutes, research, work product, theories, or strategy of applicants pursuant to Part 6.4 (commencing with Section 12699.50) of Division 2 of the Insurance Code or Chapter 3 (commencing with Section 15850) of Part 3.3 of Division 9 of the Welfare and Institutions Code.

(z) Records obtained pursuant to paragraph (2) of subdivision (f) of Section 2891.1 of the Public Utilities Code.

(aa) A document prepared by or for a state or local agency that assesses its vulnerability to terrorist attack or other criminal acts intended to disrupt the public agency's operations and that is for distribution or consideration in a closed session.

(ab) Critical infrastructure information, as defined in Section 131(3) of Title 6 of the United States Code, that is voluntarily submitted to the California Emergency Management Agency for use by that office, including the identity of the person who or entity that voluntarily submitted the information. As used in this subdivision, "voluntarily submitted" means submitted in the absence of the office exercising any legal authority to compel access to or submission of critical infrastructure information. This subdivision shall not affect the status of information in the possession of any other state or local governmental agency.

(ac) All information provided to the Secretary of State by a person for the purpose of registration in the Advance Health Care Directive Registry, except that those records shall be released at the request of a health care provider, a public guardian, or the registrant's legal representative.

(ad) The following records of the State Compensation Insurance Fund:

(1) Records related to claims pursuant to Chapter 1 (commencing with Section 3200) of Division 4 of the Labor Code, to the extent that confidential medical information or other individually identifiable information would be disclosed.

(2) Records related to the discussions, communications, or any other portion of the negotiations with entities contracting or seeking to contract with the fund, and any related deliberations.

(3) Records related to the impressions, opinions, recommendations, meeting minutes of meetings or sessions that are lawfully closed to the public, research, work product, theories, or strategy of the fund or its staff, on the development of rates, contracting strategy, underwriting, or competitive strategy pursuant to the powers granted to the fund in Chapter 4 (commencing with Section 11770) of Part 3 of Division 2 of the Insurance Code.

(4) Records obtained to provide workers' compensation insurance under Chapter 4 (commencing with Section 11770) of Part 3 of Division 2 of the Insurance Code, including, but not limited to, any medical claims information, policyholder information provided that nothing in this paragraph shall be interpreted to prevent an insurance agent or broker from obtaining proprietary information or other information authorized by law to be obtained by the agent or broker, and information on rates, pricing, and claims handling received from brokers.

(5) (A) Records that are trade secrets pursuant to Section 6276.44, or Article 11 (commencing with Section 1060) of Chapter 4 of Division 8 of the Evidence Code, including without limitation, instructions, advice, or training provided by the State Compensation Insurance Fund to its board members, officers, and employees regarding the fund's special investigation unit, internal audit unit, and informational security, marketing, rating, pricing, underwriting, claims handling, audits, and collections.

(B) Notwithstanding subparagraph (A), the portions of records containing trade secrets shall be available for review by the Joint Legislative Audit Committee, the Bureau of State Audits, Division of Workers' Compensation, and the Department of Insurance to ensure compliance with applicable law.

(6) (A) Internal audits containing proprietary information and the following records that are related to an internal audit:

(i) Personal papers and correspondence of any person providing assistance to the fund when that person has requested in writing that his or her papers and correspondence be kept private and confidential. Those papers and correspondence shall become public records if the written request is withdrawn, or upon order of the fund.

(ii) Papers, correspondence, memoranda, or any substantive information pertaining to any audit not completed or an internal audit that contains proprietary information.

(B) Notwithstanding subparagraph (A), the portions of records containing proprietary information, or any information specified in subparagraph (A) shall be available for review by the Joint Legislative Audit Committee, the Bureau of State Audits, Division of Workers' Compensation, and the Department of Insurance to ensure compliance with applicable law.

(7) (A) Except as provided in subparagraph (C), contracts entered into pursuant to Chapter 4 (commencing with Section 11770) of Part 3 of Division 2 of the Insurance Code shall be open to inspection one year after the contract has been fully executed.

(B) If a contract entered into pursuant to Chapter 4 (commencing with Section 11770) of Part 3 of Division 2 of the Insurance Code is amended, the amendment shall be open to inspection one year after the amendment has been fully executed.

(C) Three years after a contract or amendment is open to inspection pursuant to this subdivision, the portion of the contract or amendment containing the rates of payment shall be open to inspection.

(D) Notwithstanding any other law, the entire contract or amendments to a contract shall be open to inspection by the Joint Legislative Audit Committee. The committee shall maintain the confidentiality of the contracts and amendments thereto until the contract or amendments to a contract are open to inspection pursuant to this paragraph.

(E) This paragraph is not intended to apply to documents related to contracts with public entities that are not otherwise expressly confidential as to that public entity.

(F) For purposes of this paragraph, "fully executed" means the point in time when all of the necessary parties to the contract have signed the contract.

This section shall not prevent any agency from opening its records concerning the administration of the agency to public inspection, unless disclosure is otherwise prohibited by law.

This section shall not prevent any health facility from disclosing to a certified bargaining agent relevant financing information pursuant to Section 8 of the National Labor Relations Act (29 U.S.C. Sec. 158).

*(Amended by Stats. 2014, Ch. 31, Sec. 2. Effective June 20, 2014.)*

**6254.1.**  (a) Except as provided in Section 6254.7, nothing in this chapter requires disclosure of records that are the residence address of any person contained in the records of the Department of Housing and Community Development, if the person has requested confidentiality of that information, in accordance with Section 18081 of the Health and Safety Code.

(b) Nothing in this chapter requires the disclosure of the residence or mailing address of any person in any record of the Department of Motor Vehicles except in accordance with Section 1808.21 of the Vehicle Code.

(c) Nothing in this chapter requires the disclosure of the results of a test undertaken pursuant to Section 12804.8 of the Vehicle Code.

*(Amended by Stats. 1993, Ch. 546, Sec. 1. Effective January 1, 1994.)*

**6254.2.**  (a) Nothing in this chapter exempts from public disclosure the same categories of pesticide safety and efficacy information that are disclosable under paragraph (1) of subsection (d) of Section 10 of the federal Insecticide, Fungicide, and Rodenticide Act (7 U.S.C. Sec. 136h(d)(1)), if the individual requesting the information is not an officer, employee, or agent specified in subdivision (h) and signs the affirmation specified in subdivision (h).

(b) The Director of Pesticide Regulation, upon his or her initiative, or upon receipt of a request pursuant to this chapter for the release of data submitted and designated as a trade secret by a registrant or applicant, shall determine whether any or all of the data so submitted is a properly designated trade secret. In order to assure that the interested public has an opportunity to obtain and review pesticide safety and efficacy data and to comment prior to the expiration of the public comment period on a proposed pesticide registration, the director shall provide notice to interested persons when an application for registration enters the registration evaluation process.

(c) If the director determines that the data is not a trade secret, the director shall notify the registrant or applicant by certified mail.

(d) The registrant or applicant shall have 30 days after receipt of this notification to provide the director with a complete justification and statement of the grounds on which the trade secret privilege is claimed. This justification and statement shall be submitted by certified mail.

(e) The director shall determine whether the data is protected as a trade secret within 15 days after receipt of the justification and statement or, if no justification and statement is filed, within 45 days of the original notice. The director shall notify the registrant or applicant and any party who has requested the data pursuant to this chapter of that determination by certified mail. If the director determines that the data is not protected as a trade secret, the final notice shall also specify a date, not sooner than 15 days after the date of mailing of the final notice, when the data shall be available to any person requesting information pursuant to subdivision (a).

(f) "Trade secret" means data that is nondisclosable under paragraph (1) of subsection (d) of Section 10 of the federal Insecticide, Fungicide, and Rodenticide Act.

(g) This section shall be operative only so long as, and to the extent that, enforcement of paragraph (1) of subsection (d) of Section 10 of the federal Insecticide, Fungicide, and Rodenticide Act has not been enjoined by federal court order, and shall become inoperative if an unappealable federal court judgment or decision becomes final that holds that paragraph invalid, to the extent of the invalidity.

(h) The director shall not knowingly disclose information submitted to the state by an applicant or registrant pursuant to Article 4 (commencing with Section 12811) of Chapter 2 of Division 7 of the Food and Agricultural Code to any officer, employee, or agent of any business or other entity engaged in the production, sale, or distribution of pesticides in countries other than the United States or in countries in addition to the United States, or to any other person who intends to deliver this information to any foreign or multi-national business or entity, unless the applicant or registrant consents to the disclosure. To implement this subdivision, the director shall require the following affirmation to be signed by the person who requests such information:

AFFIRMATION OF STATUS

This affirmation is required by Section 6254.2 of the Government Code.

I have requested access to information submitted to the Department of Pesticide Regulation (or previously submitted to the Department of Food and Agriculture) by a pesticide applicant or registrant pursuant to the California Food and Agricultural Code. I hereby affirm all of the following statements:

(1) I do not seek access to the information for purposes of delivering it or offering it for sale to any business or other entity, including the business or entity of which I am an officer, employee, or agent engaged in the production, sale, or distribution of pesticides in countries other than the United States or in countries in addition to the United States, or to the officers, employees, or agents of such a business or entity.

(2) I will not purposefully deliver or negligently cause the data to be delivered to a business or entity specified in paragraph (1) or its officers, employees, or agents.

I am aware that I may be subject to criminal penalties under Section 118 of the Penal Code if I make any statement of material facts knowing that the statement is false or if I willfully conceal any material fact.

| Name of Requester | | Name of Requester's Organization |
|---|---|---|
| Signature of Requester | | Address of Requester |
| Date | Request No. | Telephone Number of Requester |
| Name, Address, and Telephone Number of Requester's Client, if the requester has requested access to the information on behalf of someone other than the requester or the requester's organization listed above. | | |

(i) Notwithstanding any other provision of this section, the director may disclose information submitted by an applicant or registrant to any person in connection with a public proceeding conducted under law or regulation, if the director determines that the information is needed to determine whether a pesticide, or any ingredient of any pesticide, causes unreasonable adverse effects on health or the environment.

(j) The director shall maintain records of the names of persons to whom data is disclosed pursuant to this section and the persons or organizations they represent and shall inform the applicant or registrant of the names and the affiliation of these persons.

(k) Section 118 of the Penal Code applies to any affirmation made pursuant to this section.

(l) Any officer or employee of the state or former officer or employee of the state who, because of this employment or official position, obtains possession of, or has access to, material which is prohibited from disclosure by this section, and who, knowing that disclosure of this material is prohibited by this section, willfully discloses the material in any manner to any person not entitled to receive it, shall, upon conviction, be punished by a fine of not more than ten thousand dollars ($10,000), or by imprisonment in the county jail for not more than one year, or by both fine and imprisonment.

For purposes of this subdivision, any contractor with the state who is furnished information pursuant to this section, or any employee of any contractor, shall be considered an employee of the state.

(m) This section does not prohibit any person from maintaining a civil action for wrongful disclosure of trade secrets.

(n) The director may limit an individual to one request per month pursuant to this section if the director determines that a person has made a frivolous request within the past 12-month period.

*(Amended by Stats. 1996, Ch. 435, Sec. 10. Effective January 1, 1997. Conditionally inoperative as provided in subd. (g).)*

**6254.3.** (a) The home addresses and home telephone numbers of state employees and employees of a school district or county office of education shall not be deemed to be public records and shall not be open to public inspection, except that disclosure of that information may be made as follows:

(1) To an agent, or a family member of the individual to whom the information pertains.

(2) To an officer or employee of another state agency, school district, or county office of education when necessary for the performance of its official duties.

(3) To an employee organization pursuant to regulations and decisions of the Public Employment Relations Board, except that the home addresses and home telephone numbers of employees performing law enforcement-related functions shall not be disclosed.

(4) To an agent or employee of a health benefit plan providing health services or administering claims for health services to state, school districts, and county office of education employees and their enrolled dependents, for the purpose of providing the health services or administering claims for employees and their enrolled dependents.

(b) Upon written request of any employee, a state agency, school district, or county office of education shall not disclose the employee's home address or home telephone number pursuant to paragraph (3) of subdivision (a) and an agency shall remove the employee's home address and home telephone number from any mailing list maintained by the agency, except if the list is used exclusively by the agency to contact the employee.

*(Amended by Stats. 1992, Ch. 463, Sec. 1. Effective August 10, 1992.)*

**6254.4.** (a) The home address, telephone number, email address, precinct number, or other number specified by the Secretary of State for voter registration purposes, and prior registration information shown on the affidavit of registration, is confidential and shall not be disclosed to any person, except pursuant to Section 2194 of the Elections Code.

(b) For purposes of this section, "home address" means street address only, and does not include an individual's city or post office address.

(c) The California driver's license number, the California identification card number, the social security number, and any other unique identifier used by the State of California for purposes of voter identification shown on an affidavit of registration, or added to the voter registration records to comply with the requirements of the federal Help America Vote Act of 2002 (42 U.S.C. Sec. 15301 et seq.), are confidential and shall not be disclosed to any person.

(d) The signature of the voter that is shown on the affidavit of registration is confidential and shall not be disclosed to any person.

*(Amended by Stats. 2014, Ch. 593, Sec. 10. Effective January 1, 2015.)*

**6254.5.** Notwithstanding any other provisions of law, whenever a state or local agency discloses a public record which is otherwise exempt from this chapter, to any member of the public, this disclosure shall constitute a waiver of the exemptions specified in Sections 6254, 6254.7, or other similar provisions of law. For purposes of this section, "agency" includes a member, agent, officer, or employee of the agency acting within the scope of his or her membership, agency, office, or employment.

This section, however, shall not apply to disclosures:

(a) Made pursuant to the Information Practices Act (commencing with Section 1798 of the Civil Code) or discovery proceedings.

(b) Made through other legal proceedings or as otherwise required by law.

(c) Within the scope of disclosure of a statute which limits disclosure of specified writings to certain purposes.

(d) Not required by law, and prohibited by formal action of an elected legislative body of the local agency which retains the writings.

(e) Made to any governmental agency which agrees to treat the disclosed material as confidential. Only persons authorized in writing by the person in charge of the agency shall be permitted to obtain the information. Any information obtained by the agency shall only be used for purposes which are consistent with existing law.

(f) Of records relating to a financial institution or an affiliate thereof, if the disclosures are made to the financial institution or affiliate by a state agency responsible for the regulation or supervision of the financial institution or affiliate.

(g) Of records relating to any person that is subject to the jurisdiction of the Department of Business Oversight, if the disclosures are made to the person that is the subject of the records for the purpose of corrective action by that person, or if a corporation, to an officer, director, or other key personnel of the corporation for the purpose of corrective action, or to any other person to the extent necessary to obtain information from that person for the purpose of an investigation by the Department of Corporations.

(h) Made by the Commissioner of Business Oversight under Section 450, 452, 8009, or 18396 of the Financial Code.

(i) Of records relating to any person that is subject to the jurisdiction of the Department of Managed Health Care, if the disclosures are made to the person that is the subject of the records for the purpose of corrective action by that person, or if a corporation, to an officer, director, or other key personnel of the corporation for the purpose of corrective action, or to any other person to the extent necessary to obtain information from that person for the purpose of an investigation by the Department of Managed Health Care.

*(Amended by Stats. 2014, Ch. 401, Sec. 35. Effective January 1, 2015.)*

**6254.6.**  Whenever a city and county or a joint powers agency, pursuant to a mandatory statute or charter provision to collect private industry wage data for salary setting purposes, or a contract entered to implement that mandate, is provided this data by the federal Bureau of Labor Statistics on the basis that the identity of private industry employers shall remain confidential, the identity of the employers shall not be open to the public or be admitted as evidence in any action or special proceeding.

*(Added by Stats. 1987, Ch. 1478, Sec. 1.)*

**6254.7.**  (a) All information, analyses, plans, or specifications that disclose the nature, extent, quantity, or degree of air contaminants or other pollution which any article, machine, equipment, or other contrivance will produce, which any air pollution control district or air quality management district, or any other state or local agency or district, requires any applicant to provide before the applicant builds, erects, alters, replaces, operates, sells, rents, or uses the article, machine, equipment, or other contrivance, are public records.

(b) All air or other pollution monitoring data, including data compiled from stationary sources, are public records.

(c) All records of notices and orders directed to the owner of any building of violations of housing or building codes, ordinances, statutes, or regulations which constitute violations of standards provided in Section 1941.1 of the Civil Code, and records of subsequent action with respect to those notices and orders, are public records.

(d) Except as otherwise provided in subdivision (e) and Chapter 3 (commencing with Section 99150) of Part 65 of the Education Code, trade secrets are not public records under this section. "Trade secrets," as used in this section, may include, but are not limited to, any formula, plan, pattern, process, tool, mechanism, compound, procedure, production data, or compilation of information which is not patented, which is known only to certain individuals within a commercial concern who are using it to fabricate, produce, or compound an article of trade or a service having commercial value and which gives its user an opportunity to obtain a business advantage over competitors who do not know or use it.

(e) Notwithstanding any other provision of law, all air pollution emission data, including those emission data which constitute trade secrets as defined in subdivision (d), are public records. Data used to calculate emission data are not emission data for the purposes of this subdivision and data which constitute trade secrets and which are used to calculate emission data are not public records.

(f) Data used to calculate the costs of obtaining emissions offsets are not public records. At the time that an air pollution control district or air quality management district issues a permit to construct to an applicant who is

required to obtain offsets pursuant to district rules and regulations, data obtained from the applicant consisting of the year the offset transaction occurred, the amount of offsets purchased, by pollutant, and the total cost, by pollutant, of the offsets purchased is a public record. If an application is denied, the data shall not be a public record.

*(Amended by Stats. 1992, Ch. 612, Sec. 1. Effective January 1, 1993.)*

**6254.8.**  Every employment contract between a state or local agency and any public official or public employee is a public record which is not subject to the provisions of Sections 6254 and 6255.

*(Added by Stats. 1974, Ch. 1198.)*

**6254.9.**  (a) Computer software developed by a state or local agency is not itself a public record under this chapter. The agency may sell, lease, or license the software for commercial or noncommercial use.

(b) As used in this section, "computer software" includes computer mapping systems, computer programs, and computer graphics systems.

(c) This section shall not be construed to create an implied warranty on the part of the State of California or any local agency for errors, omissions, or other defects in any computer software as provided pursuant to this section.

(d) Nothing in this section is intended to affect the public record status of information merely because it is stored in a computer. Public records stored in a computer shall be disclosed as required by this chapter.

(e) Nothing in this section is intended to limit any copyright protections.

*(Added by Stats. 1988, Ch. 447, Sec. 1.)*

**6254.10.**  Nothing in this chapter requires disclosure of records that relate to archaeological site information and reports maintained by, or in the possession of, the Department of Parks and Recreation, the State Historical Resources Commission, the State Lands Commission, the Native American Heritage Commission, another state agency, or a local agency, including the records that the agency obtains through a consultation process between a California Native American tribe and a state or local agency.

*(Amended by Stats. 2005, Ch. 670, Sec. 2. Effective October 7, 2005.)*

**6254.11.**  Nothing in this chapter requires the disclosure of records that relate to volatile organic compounds or chemical substances information received or compiled by an air pollution control officer pursuant to Section 42303.2 of the Health and Safety Code.

*(Added by Stats. 1991, Ch. 902, Sec. 1.)*

**6254.12.**  Any information reported to the North American Securities Administrators Association/National Association of Securities Dealers' Central Registration Depository and compiled as disciplinary records which are made available to the Department of Corporations through a computer system, shall constitute a public record. Notwithstanding any other provision of law, the Department of Corporations may disclose that information and the current license status and the year of issuance of the license of a broker-dealer upon written or oral request pursuant to Section 25247 of the Corporations Code.

*(Added by Stats. 1993, Ch. 469, Sec. 12. Effective January 1, 1994.)*

**6254.13.**  Notwithstanding Section 6254, upon the request of any Member of the Legislature or upon request of the Governor or his or her designee, test questions or materials that would be used to administer an examination and are provided by the State Department of Education and administered as part of a statewide testing program of pupils enrolled in the public schools shall be disclosed to the requester. These questions or materials may not include an individual examination that has been administered to a pupil and scored. The requester may not take physical possession of the questions or materials, but may view the questions or materials at a location selected by the department. Upon viewing this information, the requester shall keep the materials that he or she has seen confidential.

*(Added by Stats. 1995, Ch. 777, Sec. 3. Effective January 1, 1996.)*

**6254.14.**  (a) (1) Except as provided in Sections 6254 and 6254.7, nothing in this chapter shall be construed to require disclosure of records of the Department of Corrections and Rehabilitation that relate to health care services contract negotiations, and that reveal the deliberative processes, discussions, communications, or any other portion of the negotiations, including, but not limited to, records related to those negotiations such as meeting

minutes, research, work product, theories, or strategy of the department, or its staff, or members of the California Medical Assistance Commission, or its staff, who act in consultation with, or on behalf of, the department.

(2) Except for the portion of a contract that contains the rates of payment, contracts for health services entered into by the Department of Corrections and Rehabilitation or the California Medical Assistance Commission on or after July 1, 1993, shall be open to inspection one year after they are fully executed. In the event that a contract for health services that is entered into prior to July 1, 1993, is amended on or after July 1, 1993, the amendment, except for any portion containing rates of payment, shall be open to inspection one year after it is fully executed.

(3) Three years after a contract or amendment is open to inspection under this subdivision, the portion of the contract or amendment containing the rates of payment shall be open to inspection.

(4) Notwithstanding any other provision of law, including, but not limited to, Section 1060 of the Evidence Code, the entire contract or amendment shall be open to inspection by the Joint Legislative Audit Committee, the California State Auditor's Office, and the Legislative Analyst's Office. The Joint Legislative Audit Committee, the California State Auditor's Office, and the Legislative Analyst's Office shall maintain the confidentiality of the contracts and amendments until the contract or amendment is fully open to inspection by the public.

(5) It is the intent of the Legislature that confidentiality of health care provider contracts, and of the contracting process as provided in this subdivision, is intended to protect the competitive nature of the negotiation process, and shall not affect public access to other information relating to the delivery of health care services.

(b) The inspection authority and confidentiality requirements established in subdivisions (q), (v), and (y) of Section 6254 for the Legislative Audit Committee shall also apply to the California State Auditor's Office and the Legislative Analyst's Office.

*(Amended by Stats. 2012, Ch. 281, Sec. 3. Effective January 1, 2013.)*

**6254.15.** Nothing in this chapter shall be construed to require the disclosure of records that are any of the following: corporate financial records, corporate proprietary information including trade secrets, and information relating to siting within the state furnished to a government agency by a private company for the purpose of permitting the agency to work with the company in retaining, locating, or expanding a facility within California. Except as provided below, incentives offered by state or local government agencies, if any, shall be disclosed upon communication to the agency or the public of a decision to stay, locate, relocate, or expand, by a company, or upon application by that company to a governmental agency for a general plan amendment, rezone, use permit, building permit, or any other permit, whichever occurs first.

The agency shall delete, prior to disclosure to the public, information that is exempt pursuant to this section from any record describing state or local incentives offered by an agency to a private business to retain, locate, relocate, or expand the business within California.

*(Added by Stats. 1995, Ch. 732, Sec. 1. Effective January 1, 1996.)*

**6254.16.** Nothing in this chapter shall be construed to require the disclosure of the name, credit history, utility usage data, home address, or telephone number of utility customers of local agencies, except that disclosure of name, utility usage data, and the home address of utility customers of local agencies shall be made available upon request as follows:

(a) To an agent or authorized family member of the person to whom the information pertains.

(b) To an officer or employee of another governmental agency when necessary for the performance of its official duties.

(c) Upon court order or the request of a law enforcement agency relative to an ongoing investigation.

(d) Upon determination by the local agency that the utility customer who is the subject of the request has used utility services in a manner inconsistent with applicable local utility usage policies.

(e) Upon determination by the local agency that the utility customer who is the subject of the request is an elected or appointed official with authority to determine the utility usage policies of the local agency, provided that the home address of an appointed official shall not be disclosed without his or her consent.

(f) Upon determination by the local agency that the public interest in disclosure of the information clearly outweighs the public interest in nondisclosure.

*(Added by Stats. 1997, Ch. 276, Sec. 1. Effective January 1, 1998.)*

**6254.17.** (a) Nothing in this chapter shall be construed to require disclosure of records of the California Victim Compensation and Government Claims Board that relate to a request for assistance under Article 1 (commencing with Section 13950) of Chapter 5 of Part 4 of Division 3 of Title 2.

(b) This section shall not apply to a disclosure of the following information, if no information is disclosed that connects the information to a specific victim, derivative victim, or applicant under Article 1 (commencing with Section 13950) of Chapter 5 of Part 4 of Division 3 of Title 2:

(1) The amount of money paid to a specific provider of services.

(2) Summary data concerning the types of crimes for which assistance is provided.

*(Amended by Stats. 2004, Ch. 183, Sec. 135. Effective January 1, 2005.)*

**6254.18.**  (a) Nothing in this chapter shall be construed to require disclosure of any personal information received, collected, or compiled by a public agency regarding the employees, volunteers, board members, owners, partners, officers, or contractors of a reproductive health services facility who have notified the public agency pursuant to subdivision (d) if the personal information is contained in a document that relates to the facility.

(b) For purposes of this section, the following terms have the following meanings:

(1) "Contractor" means an individual or entity that contracts with a reproductive health services facility for services related to patient care.

(2) "Personal information" means the following information related to an individual that is maintained by a public agency: social security number, physical description, home address, home telephone number, statements of personal worth or personal financial data filed pursuant to subdivision (n) of Section 6254, personal medical history, employment history, electronic mail address, and information that reveals any electronic network location or identity.

(3) "Public agency" means all of the following:

(A) The State Department of Health Care Services.

(B) The Department of Consumer Affairs.

(C) The Department of Managed Health Care.

(D) The State Department of Public Health.

(4) "Reproductive health services facility" means the office of a licensed physician and surgeon whose specialty is family practice, obstetrics, or gynecology, or a licensed clinic, where at least 50 percent of the patients of the physician or the clinic are provided with family planning or abortion services.

(c) Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to obtain access to employment history information pursuant to Sections 6258 and 6259. If the court finds, based on the facts of a particular case, that the public interest served by disclosure of employment history information clearly outweighs the public interest served by not disclosing the information, the court shall order the officer or person charged with withholding the information to disclose employment history information or show cause why he or she should not do so pursuant to Section 6259.

(d) In order for this section to apply to an individual who is an employee, volunteer, board member, officer, or contractor of a reproductive health services facility, the individual shall notify the public agency to which his or her personal information is being submitted or has been submitted that he or she falls within the application of this section. The reproductive health services facility shall retain a copy of all notifications submitted pursuant to this section. This notification shall be valid if it complies with all of the following:

(1) Is on the official letterhead of the facility.

(2) Is clearly separate from any other language present on the same page and is executed by a signature that serves no other purpose than to execute the notification.

(3) Is signed and dated by both of the following:

(A) The individual whose information is being submitted.

(B) The executive officer or his or her designee of the reproductive health services facility.

(e) The privacy protections for personal information authorized pursuant to this section shall be effective from the time of notification pursuant to subdivision (d) until either one of the following occurs:

(1) Six months after the date of separation from a reproductive health services facility for an individual who has served for not more than one year as an employee, contractor, volunteer, board member, or officer of the reproductive health services facility.

(2) One year after the date of separation from a reproductive health services facility for an individual who has served for more than one year as an employee, contractor, volunteer, board member, or officer of the reproductive health services facility.

(f) Within 90 days of separation of an employee, contractor, volunteer, board member, or officer of the reproductive health services facility who has provided notice to a public agency pursuant to subdivision (c), the facility shall provide notice of the separation to the relevant agency or agencies.

(g) Nothing in this section shall prevent the disclosure of data regarding age, race, ethnicity, national origin, or gender of individuals whose personal information is protected pursuant to this section, so long as the data contains no individually identifiable information.

*(Amended by Stats. 2006, Ch. 241, Sec. 3. Effective January 1, 2007. Operative July 1, 2007, by Sec. 37 of Ch. 241.)*

**6254.19.**  Nothing in this chapter shall be construed to require the disclosure of an information security record of a public agency, if, on the facts of the particular case, disclosure of that record would reveal vulnerabilities to, or otherwise increase the potential for an attack on, an information technology system of a public agency. Nothing in this section shall be construed to limit public disclosure of records stored within an information technology system of a public agency that are not otherwise exempt from disclosure pursuant to this chapter or any other provision of law.

*(Added by Stats. 2010, Ch. 205, Sec. 1. Effective January 1, 2011.)*

**6254.20.**  Nothing in this chapter shall be construed to require the disclosure of records that relate to electronically collected personal information, as defined by Section 11015.5, received, collected, or compiled by a state agency.

*(Added by Stats. 1998, Ch. 429, Sec. 3. Effective January 1, 1999.)*

**6254.21.**  (a) No state or local agency shall post the home address or telephone number of any elected or appointed official on the Internet without first obtaining the written permission of that individual.

(b) No person shall knowingly post the home address or telephone number of any elected or appointed official, or of the official's residing spouse or child, on the Internet knowing that person is an elected or appointed official and intending to cause imminent great bodily harm that is likely to occur or threatening to cause imminent great bodily harm to that individual. A violation of this subdivision is a misdemeanor. A violation of this subdivision that leads to the bodily injury of the official, or his or her residing spouse or child, is a misdemeanor or a felony.

(c) (1) (A) No person, business, or association shall publicly post or publicly display on the Internet the home address or telephone number of any elected or appointed official if that official has, either directly or through an agent designated under paragraph (3), made a written demand of that person, business, or association to not disclose his or her home address or telephone number.

(B) A written demand made under this paragraph by a state constitutional officer, a mayor, or a Member of the Legislature, a city council, or a board of supervisors shall include a statement describing a threat or fear for the safety of that official or of any person residing at the official's home address.

(C) A written demand made under this paragraph by an elected official shall be effective for four years, regardless of whether or not the official's term has expired prior to the end of the four-year period.

(D) (i) A person, business, or association that receives the written demand of an elected or appointed official pursuant to this paragraph shall remove the official's home address or telephone number from public display on the Internet, including information provided to cellular telephone applications, within 48 hours of delivery of the written demand, and shall continue to ensure that this information is not reposted on the same Internet Web site, subsidiary site, or any other Internet Web site maintained by the recipient of the written demand.

(ii) After receiving the elected or appointed official's written demand, the person, business, or association shall not transfer the appointed or elected official's home address or telephone number to any other person, business, or association through any other medium.

(iii) Clause (ii) shall not be deemed to prohibit a telephone corporation, as defined in Section 234 of the Public Utilities Code, or its affiliate, from transferring the elected or appointed official's home address or telephone number to any person, business, or association, if the transfer is authorized by federal or state law, regulation, order, or tariff, or necessary in the event of an emergency, or to collect a debt owed by the elected or appointed official to the telephone corporation or its affiliate.

(E) For purposes of this paragraph, "publicly post" or "publicly display" means to intentionally communicate or otherwise make available to the general public.

(2) An official whose home address or telephone number is made public as a result of a violation of paragraph (1) may bring an action seeking injunctive or declarative relief in any court of competent jurisdiction. If a court finds that a violation has occurred, it may grant injunctive or declarative relief and shall award the official court costs and reasonable attorney's fees. A fine not exceeding one thousand dollars ($1,000) may be imposed for a violation of the court's order for an injunction or declarative relief obtained pursuant to this paragraph.

(3) An elected or appointed official may designate in writing the official's employer, a related governmental entity, or any voluntary professional association of similar officials to act, on behalf of that official, as that official's agent with regard to making a written demand pursuant to this section. In the case of an appointed official who is a peace officer, as defined in Sections 830 to 830.65, inclusive, of the Penal Code, a District Attorney, or a Deputy District Attorney, that official may also designate his or her recognized collective bargaining representative to make a written demand on his or her behalf pursuant to this section. A written demand made by an agent pursuant to this paragraph shall include a statement describing a threat or fear for the safety of that official or of any person residing at the official's home address.

(d) (1) No person, business, or association shall solicit, sell, or trade on the Internet the home address or telephone number of an elected or appointed official with the intent to cause imminent great bodily harm to the official or to any person residing at the official's home address.

(2) Notwithstanding any other law, an official whose home address or telephone number is solicited, sold, or traded in violation of paragraph (1) may bring an action in any court of competent jurisdiction. If a jury or court finds that a violation has occurred, it shall award damages to that official in an amount up to a maximum of three times the actual damages but in no case less than four thousand dollars ($4,000).

(e) An interactive computer service or access software provider, as defined in Section 230(f) of Title 47 of the United States Code, shall not be liable under this section unless the service or provider intends to abet or cause imminent great bodily harm that is likely to occur or threatens to cause imminent great bodily harm to an elected or appointed official.

(f) For purposes of this section, "elected or appointed official" includes, but is not limited to, all of the following:

(1) State constitutional officers.

(2) Members of the Legislature.

(3) Judges and court commissioners.

(4) District attorneys.

(5) Public defenders.

(6) Members of a city council.

(7) Members of a board of supervisors.

(8) Appointees of the Governor.

(9) Appointees of the Legislature.

(10) Mayors.

(11) City attorneys.

(12) Police chiefs and sheriffs.

(13) A public safety official, as defined in Section 6254.24.

(14) State administrative law judges.

(15) Federal judges and federal defenders.

(16) Members of the United States Congress and appointees of the President.

(g) Nothing in this section is intended to preclude punishment instead under Sections 69, 76, or 422 of the Penal Code, or any other provision of law.

*(Amended by Stats. 2014, Ch. 791, Sec. 1. Effective January 1, 2015.)*

**6254.22.** Nothing in this chapter or any other provision of law shall require the disclosure of records of a health plan that is licensed pursuant to the Knox-Keene Health Care Service Plan Act of 1975 (Chapter 2.2 (commencing with Section 1340) of Division 2 of the Health and Safety Code) and that is governed by a county board of supervisors, whether paper records, records maintained in the management information system, or records in any other form, that relate to provider rate or payment determinations, allocation or distribution methodologies for provider payments, formulae or calculations for these payments, and contract negotiations with providers of health care for alternative rates for a period of three years after the contract is fully executed. The transmission of the records, or the information contained therein in an alternative form, to the board of supervisors shall not constitute a waiver of exemption from disclosure, and the records and information once transmitted to the board of supervisors shall be subject to this same exemption. The provisions of this section shall not prevent access to any records by the Joint Legislative Audit Committee in the exercise of its powers pursuant to Article 1 (commencing with Section 10500) of Chapter 4 of Part 2 of Division 2 of Title 2. The provisions of this section also

shall not prevent access to any records by the Department of Corporations in the exercise of its powers pursuant to Article 1 (commencing with Section 1340) of Chapter 2.2 of Division 2 of the Health and Safety Code.

*(Added by Stats. 1999, Ch. 769, Sec. 1. Effective January 1, 2000.)*

**6254.23.**  Nothing in this chapter or any other provision of law shall require the disclosure of a risk assessment or railroad infrastructure protection program filed with the Public Utilities Commission, the Director of Homeland Security, and the Office of Emergency Services pursuant to Article 7.3 (commencing with Section 7665) of Chapter 1 of Division 4 of the Public Utilities Code.

*(Amended by Stats. 2013, Ch. 352, Sec. 107. Effective September 26, 2013. Operative July 1, 2013, by Sec. 543 of Ch. 352.)*

**6254.24.**  As used in this chapter, "public safety official" means the following parties, whether active or retired:

(a) A peace officer as defined in Sections 830 to 830.65, inclusive, of the Penal Code, or a person who is not a peace officer, but may exercise the powers of arrest during the course and within the scope of their employment pursuant to Section 830.7 of the Penal Code.

(b) A public officer or other person listed in Sections 1808.2 and 1808.6 of the Vehicle Code.

(c) An "elected or appointed official" as defined in subdivision (f) of Section 6254.21.

(d) An attorney employed by the Department of Justice, the State Public Defender, or a county office of the district attorney or public defender, the United States Attorney, or the Federal Public Defender.

(e) A city attorney and an attorney who represent cities in criminal matters.

(f) An employee of the Department of Corrections and Rehabilitation who supervises inmates or is required to have a prisoner in his or her care or custody.

(g) A sworn or nonsworn employee who supervises inmates in a city police department, a county sheriff's office, the Department of the California Highway Patrol, federal, state, or a local detention facility, and a local juvenile hall, camp, ranch, or home, and a probation officer as defined in Section 830.5 of the Penal Code.

(h) A federal prosecutor, a federal criminal investigator, and a National Park Service Ranger working in California.

(i) The surviving spouse or child of a peace officer defined in Section 830 of the Penal Code, if the peace officer died in the line of duty.

(j) State and federal judges and court commissioners.

(k) An employee of the Attorney General, a district attorney, or a public defender who submits verification from the Attorney General, district attorney, or public defender that the employee represents the Attorney General, district attorney, or public defender in matters that routinely place that employee in personal contact with persons under investigation for, charged with, or convicted of, committing criminal acts.

(l) A nonsworn employee of the Department of Justice or a police department or sheriff's office that, in the course of his or her employment, is responsible for collecting, documenting, and preserving physical evidence at crime scenes, testifying in court as an expert witness, and other technical duties, and a nonsworn employee that, in the course of his or her employment, performs a variety of standardized and advanced laboratory procedures in the examination of physical crime evidence, determines their results, and provides expert testimony in court.

*(Amended by Stats. 2010, Ch. 194, Sec. 2. Effective January 1, 2011.)*

**6254.25.**  Nothing in this chapter or any other provision of law shall require the disclosure of a memorandum submitted to a state body or to the legislative body of a local agency by its legal counsel pursuant to subdivision (q) of Section 11126 or Section 54956.9 until the pending litigation has been finally adjudicated or otherwise settled. The memorandum shall be protected by the attorney work-product privilege until the pending litigation has been finally adjudicated or otherwise settled.

*(Amended by Stats. 1987, Ch. 1320, Sec. 1.)*

**6254.26.**  (a) Notwithstanding any provision of this chapter or other law, the following records regarding alternative investments in which public investment funds invest shall not be subject to disclosure pursuant to this chapter, unless the information has already been publicly released by the keeper of the information:

(1) Due diligence materials that are proprietary to the public investment fund or the alternative investment vehicle.

(2) Quarterly and annual financial statements of alternative investment vehicles.

(3) Meeting materials of alternative investment vehicles.

(4) Records containing information regarding the portfolio positions in which alternative investment funds invest.

(5) Capital call and distribution notices.

(6) Alternative investment agreements and all related documents.

(b) Notwithstanding subdivision (a), the following information contained in records described in subdivision (a) regarding alternative investments in which public investment funds invest shall be subject to disclosure pursuant to this chapter and shall not be considered a trade secret exempt from disclosure:

(1) The name, address, and vintage year of each alternative investment vehicle.

(2) The dollar amount of the commitment made to each alternative investment vehicle by the public investment fund since inception.

(3) The dollar amount of cash contributions made by the public investment fund to each alternative investment vehicle since inception.

(4) The dollar amount, on a fiscal yearend basis, of cash distributions received by the public investment fund from each alternative investment vehicle.

(5) The dollar amount, on a fiscal yearend basis, of cash distributions received by the public investment fund plus remaining value of partnership assets attributable to the public investment fund's investment in each alternative investment vehicle.

(6) The net internal rate of return of each alternative investment vehicle since inception.

(7) The investment multiple of each alternative investment vehicle since inception.

(8) The dollar amount of the total management fees and costs paid on an annual fiscal yearend basis, by the public investment fund to each alternative investment vehicle.

(9) The dollar amount of cash profit received by public investment funds from each alternative investment vehicle on a fiscal year-end basis.

(c) For purposes of this section, the following definitions shall apply:

(1) "Alternative investment" means an investment in a private equity fund, venture fund, hedge fund, or absolute return fund.

(2) "Alternative investment vehicle" means the limited partnership, limited liability company, or similar legal structure through which the public investment fund invests in portfolio companies.

(3) "Portfolio positions" means individual portfolio investments made by the alternative investment vehicles.

(4) "Public investment fund" means any public pension or retirement system, and any public endowment or foundation.

*(Amended by Stats. 2006, Ch. 538, Sec. 233. Effective January 1, 2007.)*

**6254.27.**  Nothing in this chapter shall be construed to require the disclosure by a county recorder of any "official record" if a "public record" version of that record is available pursuant to Article 3.5 (commencing with Section 27300) of Chapter 6 of Part 3 of Division 2 of Title 3.

*(Added by Stats. 2007, Ch. 627, Sec. 4. Effective January 1, 2008.)*

**6254.28.**  Nothing in this chapter shall be construed to require the disclosure by a filing office of any "official record" if a "public record" version of that record is available pursuant to Section 9526.5 of the Commercial Code.

*(Added by Stats. 2007, Ch. 627, Sec. 5. Effective January 1, 2008.)*

**6254.29.**  (a) It is the intent of the Legislature that, in order to protect against the risk of identity theft, local agencies shall redact social security numbers from records before disclosing them to the public pursuant to this chapter.

(b) Nothing in this chapter shall be construed to require a local agency to disclose a social security number.

(c) This section shall not apply to records maintained by a county recorder.

*(Added by Stats. 2007, Ch. 627, Sec. 6. Effective January 1, 2008.)*

**6254.30.**  A state or local law enforcement agency shall not require a victim of an incident, or an authorized representative thereof, to show proof of the victim's legal presence in the United States in order to obtain the information required to be disclosed by that law enforcement agency pursuant to subdivision (f) of Section 6254. However, if, for identification purposes, a state or local law enforcement agency requires identification in order for

a victim of an incident, or an authorized representative thereof, to obtain that information, the agency shall, at a minimum, accept a current driver's license or identification card issued by any state in the United States, a current passport issued by the United States or a foreign government with which the United States has a diplomatic relationship, or a current Matricula Consular card.

*(Added by Stats. 2013, Ch. 272, Sec. 1. Effective January 1, 2014.)*

**6255.**  (a) The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record.

(b) A response to a written request for inspection or copies of public records that includes a determination that the request is denied, in whole or in part, shall be in writing.

*(Amended by Stats. 2000, Ch. 982, Sec. 3. Effective January 1, 2001.)*

**6257.5.**  This chapter does not allow limitations on access to a public record based upon the purpose for which the record is being requested, if the record is otherwise subject to disclosure.

*(Added by Stats. 1998, Ch. 1049, Sec. 1. Effective January 1, 1999.)*

**6258.**  Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under this chapter. The times for responsive pleadings and for hearings in these proceedings shall be set by the judge of the court with the object of securing a decision as to these matters at the earliest possible time.

*(Amended by Stats. 1990, Ch. 908, Sec. 1.)*

**6259.**  (a) Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he or she should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of Section 915 of the Evidence Code, papers filed by the parties and any oral argument and additional evidence as the court may allow.

(b) If the court finds that the public official's decision to refuse disclosure is not justified under Section 6254 or 6255, he or she shall order the public official to make the record public. If the judge determines that the public official was justified in refusing to make the record public, he or she shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure.

(c) In an action filed on or after January 1, 1991, an order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ. Upon entry of any order pursuant to this section, a party shall, in order to obtain review of the order, file a petition within 20 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding an additional 20 days as the trial court may for good cause allow. If the notice is served by mail, the period within which to file the petition shall be increased by five days. A stay of an order or judgment shall not be granted unless the petitioning party demonstrates it will otherwise sustain irreparable damage and probable success on the merits. Any person who fails to obey the order of the court shall be cited to show cause why he or she is not in contempt of court.

(d) The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the plaintiff's case is clearly frivolous, it shall award court costs and reasonable attorney fees to the public agency.

*(Amended by Stats. 1993, Ch. 926, Sec. 10. Effective January 1, 1994.)*

**6260.**  The provisions of this chapter shall not be deemed in any manner to affect the status of judicial records as it existed immediately prior to the effective date of this section, nor to affect the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state, nor to limit or impair any rights of discovery in a criminal case.

*(Amended by Stats. 1976, Ch. 314.)*

**6261.**  Notwithstanding Section 6252, an itemized statement of the total expenditures and disbursement of any agency provided for in Article VI of the California Constitution shall be open for inspection.

*(Added by Stats. 1975, Ch. 1246.)*

**6262.**  The exemption of records of complaints to, or investigations conducted by, any state or local agency for licensing purposes under subdivision (f) of Section 6254 shall not apply when a request for inspection of such records is made by a district attorney.

*(Added by Stats. 1979, Ch. 601.)*

**6263.**  A state or local agency shall allow an inspection or copying of any public record or class of public records not exempted by this chapter when requested by a district attorney.

*(Added by Stats. 1979, Ch. 601.)*

**6264.**  The district attorney may petition a court of competent jurisdiction to require a state or local agency to allow him to inspect or receive a copy of any public record or class of public records not exempted by this chapter when the agency fails or refuses to allow inspection or copying within 10 working days of a request. The court may require a public agency to permit inspection or copying by the district attorney unless the public interest or good cause in withholding such records clearly outweighs the public interest in disclosure.

*(Added by Stats. 1979, Ch. 601.)*

**6265.**  Disclosure of records to a district attorney under the provisions of this chapter shall effect no change in the status of the records under any other provision of law.

*(Added by Stats. 1979, Ch. 601.)*

**6267.**  All patron use records of any library which is in whole or in part supported by public funds shall remain confidential and shall not be disclosed by a public agency, or private actor that maintains or stores patron use records on behalf of a public agency, to any person, local agency, or state agency except as follows:

(a) By a person acting within the scope of his or her duties within the administration of the library.

(b) By a person authorized, in writing, by the individual to whom the records pertain, to inspect the records.

(c) By order of the appropriate superior court.

As used in this section, the term "patron use records" includes the following:

(1) Any written or electronic record, that is used to identify the patron, including, but not limited to, a patron's name, address, telephone number, or e-mail address, that a library patron provides in order to become eligible to borrow or use books and other materials.

(2) Any written record or electronic transaction that identifies a patron's borrowing information or use of library information resources, including, but not limited to, database search records, borrowing records, class records, and any other personally identifiable uses of library resources information requests, or inquiries.

This section shall not apply to statistical reports of patron use nor to records of fines collected by the library.

*(Amended by Stats. 2011, Ch. 80, Sec. 1. Effective January 1, 2012.)*

**6268.**  Public records, as defined in Section 6252, in the custody or control of the Governor when he or she leaves office, either voluntarily or involuntarily, shall, as soon as is practical, be transferred to the State Archives. Notwithstanding any other provision of law, the Governor, by written instrument, the terms of which shall be made public, may restrict public access to any of the transferred public records, or any other writings he or she may transfer, which have not already been made accessible to the public. With respect to public records, public access, as otherwise provided for by this chapter, shall not be restricted for a period greater than 50 years or the death of the Governor, whichever is later, nor shall there be any restriction whatsoever with respect to enrolled bill files, press releases, speech files, or writings relating to applications for clemency or extradition in cases which have been closed for a period of at least 25 years. Subject to any restrictions permitted by this section, the Secretary of State, as custodian of the State Archives, shall make all such public records and other writings available to the public as otherwise provided for in this chapter.

Except as to enrolled bill files, press releases, speech files, or writings relating to applications for clemency or extradition, this section shall not apply to public records or other writings in the direct custody or control of any

Governor who held office between 1974 and 1988 at the time of leaving office, except to the extent that that Governor may voluntarily transfer those records or other writings to the State Archives.

Notwithstanding any other provision of law, the public records and other writings of any Governor who held office between 1974 and 1988 may be transferred to any educational or research institution in California provided that with respect to public records, public access, as otherwise provided for by this chapter, shall not be restricted for a period greater than 50 years or the death of the Governor, whichever is later. No records or writings may be transferred pursuant to this paragraph unless the institution receiving those records agrees to maintain, and does maintain, the materials according to commonly accepted archival standards. No public records transferred shall be destroyed by that institution without first receiving the written approval of the Secretary of State, as custodian of the State Archives, who may require that the records be placed in the State Archives rather than being destroyed. An institution receiving those records or writings shall allow the Secretary of State, as custodian of the State Archives, to copy, at state expense, and to make available to the public, any and all public records, and inventories, indices, or finding aids relating to those records, which the institution makes available to the public generally. Copies of those records in the custody of the State Archives shall be given the same legal effect as is given to the originals.

*(Added by Stats. 1988, Ch. 503, Sec. 1.)*

**6268.5.**  The Secretary of State may appraise and manage new or existing records that are subject to Section 6268 to determine whether the records are appropriate for preservation in the State Archives. For purposes of this section, the Secretary of State shall use professional archival practices, including, but not limited to, appraising the historic value of the records, arranging and describing the records, rehousing the records in appropriate storage containers, or providing any conservation treatment that the records require.

*(Added by Stats. 2014, Ch. 220, Sec. 1. Effective January 1, 2015.)*

**6270.**  (a) Notwithstanding any other provision of law, no state or local agency shall sell, exchange, furnish, or otherwise provide a public record subject to disclosure pursuant to this chapter to a private entity in a manner that prevents a state or local agency from providing the record directly pursuant to this chapter. Nothing in this section requires a state or local agency to use the State Printer to print public records. Nothing in this section prevents the destruction of records pursuant to law.

(b) This section shall not apply to contracts entered into prior to January 1, 1996, between the County of Santa Clara and a private entity for the provision of public records subject to disclosure under this chapter.

*(Added by Stats. 1995, Ch. 108, Sec. 1. Effective January 1, 1996.)*

**ARTICLE 2. Other Exemptions from Disclosure [6275 - 6276.48]**  *( Article 2 added by Stats. 1998, Ch. 620, Sec. 11. )*

**6275.**  It is the intent of the Legislature to assist members of the public and state and local agencies in identifying exemptions to the California Public Records Act. It is the intent of the Legislature that, after January 1, 1999, each addition or amendment to a statute that exempts any information contained in a public record from disclosure pursuant to subdivision (k) of Section 6254 shall be listed and described in this article pursuant to a bill authorized by a standing committee of the Legislature to be introduced during the first year of each session of the Legislature. The statutes and constitutional provisions listed in this article may operate to exempt certain records, or portions thereof, from disclosure. The statutes and constitutional provisions listed and described may not be inclusive of all exemptions. The listing of a statute or constitutional provision in this article does not itself create an exemption. Requesters of public records and public agencies are cautioned to review the applicable statute or constitutional provision to determine the extent to which it, in light of the circumstances surrounding the request, exempts public records from disclosure.

*(Amended by Stats. 2012, Ch. 697, Sec. 2. Effective January 1, 2013.)*

**6276.**  Records or information not required to be disclosed pursuant to subdivision (k) of Section 6254 may include, but shall not be limited to, records or information identified in statutes listed in this article.

*(Added by Stats. 1998, Ch. 620, Sec. 11. Effective January 1, 1999.)*

**6276.01.**  Crime victims, confidential information or records, The Victims' Bill of Rights Act of 2008: Marsy's Law, Section 28 of Article I of the California Constitution.

*(Added by Stats. 2012, Ch. 697, Sec. 3. Effective January 1, 2013.)*

**6276.02.**  Acquired Immune Deficiency Syndrome, blood test results, written authorization not necessary for disclosure, Section 121010, Health and Safety Code.

Acquired Immune Deficiency Syndrome, blood test subject, compelling identity of, Section 120975, Health and Safety Code.

Acquired Immune Deficiency Syndrome, confidentiality of personal data of patients in State Department of Public Health programs, Section 120820, Health and Safety Code.

Acquired Immune Deficiency Syndrome, confidentiality of research records, Sections 121090, 121095, 121115, and 121120, Health and Safety Code.

Acquired Immune Deficiency Syndrome, confidentiality of vaccine volunteers, Section 121280, Health and Safety Code.

Acquired Immune Deficiency Syndrome, confidentiality of information obtained in prevention programs at correctional facilities and law enforcement agencies, Sections 7552 and 7554, Penal Code.

Acquired Immune Deficiency Syndrome, confidentiality of test results of person convicted of prostitution, Section 1202.6, Penal Code.

Acquired Immune Deficiency Syndrome, disclosure of results of HIV test, penalties, Section 120980, Health and Safety Code.

Acquired Immune Deficiency Syndrome, personal information, insurers tests, confidentiality of, Section 799, Insurance Code.

Acquired Immune Deficiency Syndrome, public safety and testing disclosure, Sections 121065 and 121070, Health and Safety Code.

Acquired Immune Deficiency Syndrome Research and Confidentiality Act, production or discovery of records for use in criminal or civil proceedings against subject prohibited, Section 121100, Health and Safety Code.

Acquired Immune Deficiency Syndrome Public Health Records Confidentiality Act, personally identifying information confidentiality, Section 121025, Health and Safety Code.

Acquired Immune Deficiency Syndrome, test of criminal defendant pursuant to search warrant requested by victim, confidentiality of, Section 1524.1, Penal Code.

Acquired Immune Deficiency Syndrome, test results, disclosure to patient's spouse and others, Section 121015, Health and Safety Code.

Acquired Immune Deficiency Syndrome, test of person under Youth Authority, disclosure of results, Section 1768.9, Welfare and Institutions Code.

Acquired Immune Deficiency Syndrome Research and Confidentiality Act, financial audits or program evaluations, Section 121085, Health and Safety Code.

Acquired Immune Deficiency Syndrome Research and Confidentiality Act, violations, Section 121100, Health and Safety Code.

Acquired Immune Deficiency Syndrome Research and Confidentiality Act, personally identifying research records not to be disclosed, Section 121075, Health and Safety Code.

Acquired Immune Deficiency Syndrome Research and Confidentiality Act, permittee disclosure, Section 121080, Health and Safety Code.

Administrative procedure, adjudicatory hearings, interpreters, Section 11513.

Adoption records, confidentiality of, Section 102730, Health and Safety Code.

Advance Health Care Directive Registry, exemption from disclosure for registration information provided to the Secretary of State, subdivision (ac), Section 6254.

*(Amended by Stats. 2009, Ch. 584, Sec. 2. Effective January 1, 2010.)*

**6276.04.**  Aeronautics Act, reports of investigations and hearings, Section 21693, Public Utilities Code.

Agricultural producers marketing, access to records, Section 59616, Food and Agricultural Code.

Aiding disabled voters, Section 14282, Elections Code.

Air pollution data, confidentiality of trade secrets, Section 6254.7, and Sections 42303.2 and 43206, Health and Safety Code.

Air toxics emissions inventory plans, protection of trade secrets, Section 44346, Health and Safety Code.

Alcohol and drug abuse records and records of communicable diseases, confidentiality of, Section 123125, Health and Safety Code.

Alcoholic beverage licensees, confidentiality of corporate proprietary information, Section 25205, Business and Professions Code.

Ambulatory Surgery Data Record, confidentiality of identifying information, Section 128737, Health and Safety Code.

Apiary registration information, confidentiality of, Section 29041, Food and Agricultural Code.

Archaeological site information and reports maintained by state and local agencies, disclosure not required, Section 6254.10.

Arrest not resulting in conviction, disclosure or use of records, Sections 432.7 and 432.8, Labor Code.

Arsonists, registered, confidentiality of certain information, Section 457.1, Penal Code.

Artificial insemination, donor not natural father, confidentiality of records, Section 7613, Family Code.

Assessor's records, confidentiality of information in, Section 408, Revenue and Taxation Code.

Assessor's records, confidentiality of information in, Section 451, Revenue and Taxation Code.

Assessor's records, display of documents relating to business affairs or property of another, Section 408.2, Revenue and Taxation Code.

Assigned risk plans, rejected applicants, confidentiality of information, Section 11624, Insurance Code.

Attorney applicant, investigation by State Bar, confidentiality of, Section 6060.2, Business and Professions Code.

Attorney-client confidential communication, Section 6068, Business and Professions Code, and Sections 952 and 954, Evidence Code.

Attorney, disciplinary proceedings, confidentiality prior to formal proceedings, Section 6086.1, Business and Professions Code.

Attorney, disciplinary proceeding, State Bar access to nonpublic court records, Section 6090.6, Business and Professions Code.

Attorney, law corporation, investigation by State Bar, confidentiality of, Section 6168, Business and Professions Code.

Attorney work product confidentiality in administrative adjudication, Section 11507.6.

Attorney, work product, confidentiality of, Section 6202, Business and Professions Code.

Attorney work product, discovery, Chapter 4 (commencing with Section 2018.010) of Title 4 of Part 4 of the Code of Civil Procedure.

Auditor General, access to records for audit purposes, Sections 10527 and 10527.1.

Auditor General, disclosure of audit records, Section 10525.

Automated forward facing parking control devices, confidentiality of video imaging records from the devices, Section 40240, Vehicle Code.

Automated traffic enforcement system, confidentiality of photographic records made by the system, Section 21455.5, Vehicle Code.

Automobile Insurance Claims Depository, confidentiality of information, Section 1876.3, Insurance Code.

Automobile insurance, investigation of fraudulent claims, confidential information, Section 1872.8, Insurance Code.

Avocado handler transaction records, confidentiality of information, Section 44984, Food and Agricultural Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 3. Effective January 1, 2010.)*

**6276.06.**   Bank and Corporation Tax, disclosure of information, Article 2 (commencing with Section 19542), Chapter 7, Part 10.2, Division 2, Revenue and Taxation Code.

Bank employees, confidentiality of criminal history information, Sections 777.5 and 4990, Financial Code.

Bank reports, confidentiality of, Section 289, Financial Code.

Basic Property Insurance Inspection and Placement Plan, confidential reports, Section 10097, Insurance Code.

Beef Council of California, confidentiality of fee transactions information, Section 64691.1, Food and Agricultural Code.

Bids, confidentiality of, Section 10304, Public Contract Code.

Birth, death, and marriage licenses, confidential information contained in, Sections 102100, 102110, and 102230, Health and Safety Code.

Birth defects, monitoring, confidentiality of information collected, Section 103850, Health and Safety Code.

Birth, live, confidential portion of certificate, Sections 102430, 102475, 103525, and 103590, Health and Safety Code.

Blood tests, confidentiality of hepatitis and AIDS carriers, Section 1603.1, Health and Safety Code.

Blood-alcohol percentage test results, vehicular offenses, confidentiality of, Section 1804, Vehicle Code.

Business and professions licensee exemption for social security number, Section 30, Business and Professions Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 4. Effective January 1, 2010.)*

**6276.08.**  Cable television subscriber information, confidentiality of, Section 637.5, Penal Code.

CalFresh, disclosure of information, Section 18909, Welfare and Institutions Code.

California AIDS Program, personal data, confidentiality, Section 120820, Health and Safety Code.

California Apple Commission, confidentiality of lists of persons, Section 75598, Food and Agricultural Code.

California Apple Commission, confidentiality of proprietary information from producers or handlers, Section 75633, Food and Agricultural Code.

California Asparagus Commission, confidentiality of lists of producers, Section 78262, Food and Agricultural Code.

California Asparagus Commission, confidentiality of proprietary information from producers, Section 78288, Food and Agricultural Code.

California Avocado Commission, confidentiality of information from handlers, Section 67094, Food and Agricultural Code.

California Avocado Commission, confidentiality of proprietary information from handlers, Section 67104, Food and Agricultural Code.

California Cherry Commission, confidentiality of proprietary information from producers, processors, shippers, or grower-handlers, Section 76144, Food and Agricultural Code.

California Children's Services Program, confidentiality of factor replacement therapy contracts, Section 123853, Health and Safety Code.

California Cut Flower Commission, confidentiality of lists of producers, Section 77963, Food and Agricultural Code.

California Cut Flower Commission, confidentiality of proprietary information from producers, Section 77988, Food and Agricultural Code.

California Date Commission, confidentiality of proprietary information from producers and grower-handlers, Section 77843, Food and Agricultural Code.

California Egg Commission, confidentiality of proprietary information from handlers or distributors, Section 75134, Food and Agricultural Code.

California Forest Products Commission, confidentiality of lists of persons, Section 77589, Food and Agricultural Code.

California Forest Products Commission, confidentiality of proprietary information from producers, Section 77624, Food and Agricultural Code.

California Iceberg Lettuce Commission, confidentiality of information from handlers, Section 66624, Food and Agricultural Code.

California Kiwifruit Commission, confidentiality of proprietary information from producers or handlers, Section 68104, Food and Agricultural Code.

California Navel Orange Commission, confidentiality of proprietary information from producers or handlers and lists of producers and handlers, Section 73257, Food and Agricultural Code.

California Pepper Commission, confidentiality of lists of producers and handlers, Section 77298, Food and Agricultural Code.

California Pepper Commission, confidentiality of proprietary information from producers or handlers, Section 77334, Food and Agricultural Code.

California Pistachio Commission, confidentiality of proprietary information from producers or processors, Section 69045, Food and Agricultural Code.

California Salmon Commission, confidentiality of fee transactions records, Section 76901.5, Food and Agricultural Code.

California Salmon Commission, confidentiality of request for list of commercial salmon vessel operators, Section 76950, Food and Agricultural Code.

California Seafood Council, confidentiality of fee transaction records, Section 78553, Food and Agricultural Code.

California Seafood Council, confidentiality of information on volume of fish landed, Section 78575, Food and Agricultural Code.

California Sheep Commission, confidentiality of proprietary information from producers or handlers and lists of producers, Section 76343, Food and Agricultural Code.

California State University contract law, bids, questionnaires and financial statements, Section 10763, Public Contract Code.

California State University Investigation of Reported Improper Governmental Activities Act, confidentiality of investigative audits completed pursuant to the act, Section 89574, Education Code.

California Table Grape Commission, confidentiality of information from shippers, Section 65603, Food and Agricultural Code.

California Tomato Commission, confidentiality of lists of producers, handlers, and others, Section 78679, Food and Agricultural Code.

California Tomato Commission, confidentiality of proprietary information, Section 78704, Food and Agricultural Code.

California Tourism Marketing Act, confidentiality of information pertaining to businesses paying the assessment under the act, Section 13995.54.

California Victim Compensation and Government Claims Board, disclosure not required of records relating to assistance requests under Article 1 (commencing with Section 13950) of Chapter 5 of Part 4 of Division 3 of Title 2, Section 6254.17.

California Walnut Commission, confidentiality of lists of producers, Section 77101, Food and Agricultural Code.

California Walnut Commission, confidentiality of proprietary information from producers or handlers, Section 77154, Food and Agricultural Code.

California Wheat Commission, confidentiality of proprietary information from handlers and lists of producers, Section 72104, Food and Agricultural Code.

California Wheat Commission, confidentiality of requests for assessment refund, Section 72109, Food and Agricultural Code.

California Wine Commission, confidentiality of proprietary information from producers or vintners, Section 74655, Food and Agricultural Code.

California Wine Grape Commission, confidentiality of proprietary information from producers and vintners, Section 74955, Food and Agricultural Code.

*(Amended by Stats. 2011, Ch. 227, Sec. 6. Effective January 1, 2012.)*

**6276.10.** Cancer registries, confidentiality of information, Section 103885, Health and Safety Code.

Candidate for local nonpartisan elective office, confidentiality of ballot statement, Section 13311, Elections Code.

Child abuse information, exchange by multidisciplinary personnel teams, Section 830, Welfare and Institutions Code.

Child abuse report and those making report, confidentiality of, Sections 11167 and 11167.5, Penal Code.

Child care liability insurance, confidentiality of information, Section 1864, Insurance Code.

Child concealer, confidentiality of address, Section 278.7, Penal Code.

Child custody investigation report, confidentiality of, Section 3111, Family Code.

Child day care facility, nondisclosure of complaint, Section 1596.853, Health and Safety Code.

Child health and disability prevention, confidentiality of health screening and evaluation results, Section 124110, Health and Safety Code.

Child sexual abuse reports, confidentiality of reports filed in a contested proceeding involving child custody or visitation rights, Section 3118, Family Code.

Child support, confidentiality of income tax return, Section 3552, Family Code.

Child support, promise to pay, confidentiality of, Section 7614, Family Code.

Childhood lead poisoning prevention, confidentiality of blood lead findings, Section 124130, Health and Safety Code.

Children and families commission, local, confidentiality of individually identifiable information, Section 130140.1, Health and Safety Code.

Cigarette tax, confidential information, Section 30455, Revenue and Taxation Code.

Civil actions, delayed disclosure for 30 days after complaint filed, Section 482.050, Code of Civil Procedure.

Closed sessions, document assessing vulnerability of state or local agency to disruption by terrorist or other criminal acts, subdivision (aa), Section 6254.

Closed sessions, meetings of local governments, pending litigation, Section 54956.9.

Colorado River Board, confidential information and records, Section 12519, Water Code.

Commercial fishing licensee, confidentiality of records, Section 7923, Fish and Game Code.

Commercial fishing reports, Section 8022, Fish and Game Code.

Community care facilities, confidentiality of client information, Section 1557.5, Health and Safety Code.

Community college employee, candidate examination records, confidentiality of, Section 88093, Education Code.

Community college employee, notice and reasons for nonreemployment, confidentiality, Section 87740, Education Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 6. Effective January 1, 2010.)*

**6276.12.**  Conservatee, confidentiality of the conservatee's report, Section 1826, Probate Code.

Conservatee, estate plan of, confidentiality of, Section 2586, Probate Code.

Conservatee with disability, confidentiality of report, Section 1827.5, Probate Code.

Conservator, confidentiality of conservator's birthdate and driver's license number, Section 1834, Probate Code.

Conservator, supplemental information, confidentiality of, Section 1821, Probate Code.

Conservatorship, court review of, confidentiality of report, Section 1851, Probate Code.

Consumer fraud investigations, access to complaints and investigations, Section 26509.

Consumption or utilization of mineral materials, disclosure of, Section 2207.1, Public Resources Code.

Contractor, evaluations and contractor responses, confidentiality of, Section 10370, Public Contract Code.

Contractor, license applicants, evidence of financial solvency, confidentiality of, Section 7067.5, Business and Professions Code.

Controlled Substance Law violations, confidential information, Section 818.7.

Controlled substance offenders, confidentiality of registration information, Section 11594, Health and Safety Code.

Cooperative Marketing Association, confidential information disclosed to conciliator, Section 54453, Food and Agricultural Code.

Coroner, inquests, subpoena duces tecum, Section 27491.8.

County aid and relief to indigents, confidentiality of investigation, supervision, relief, and rehabilitation records, Section 17006, Welfare and Institutions Code.

County alcohol programs, confidential information and records, Section 11812, Health and Safety Code.

County Employees' Retirement, confidential statements and records, Section 31532.

County mental health system, confidentiality of client information, Section 5610, Welfare and Institutions Code.

County social services, investigation of applicant, confidentiality, Section 18491, Welfare and Institutions Code.

County social services rendered by volunteers, confidentiality of records of recipients, Section 10810, Welfare and Institutions Code.

County special commissions, disclosure of health care peer review and quality assessment records not required, Section 14087.58, Welfare and Institutions Code.

County special commissions, disclosure of records relating to the commission's rates of payment for publicly assisted medical care not required, Section 14087.58, Welfare and Institutions Code.

Court files, access to, restricted for 60 days, Section 1161.2, Code of Civil Procedure.

Court reporters, confidentiality of records and reporters, Section 68525.

Court-appointed special advocates, confidentiality of information acquired or reviewed, Section 105, Welfare and Institutions Code.

Crane employers, previous business identities, confidentiality of, Section 7383, Labor Code.

Credit unions, confidentiality of investigation and examination reports, Section 14257, Financial Code.

Credit unions, confidentiality of employee criminal history information, Section 14409.2, Financial Code.

Criminal defendant, indigent, confidentiality of request for funds for investigators and experts, Section 987.9, Penal Code.

Criminal offender record information, access to, Sections 11076 and 13202, Penal Code.

Crop reports, confidential, subdivision (e), Section 6254.

Customer list of chemical manufacturers, formulators, suppliers, distributors, importers, and their agents, the quantities and dates of shipments, and the proportion of a specified chemical within a mixture, confidential, Section 147.2, Labor Code.

Customer list of employment agency, trade secret, Section 16607, Business and Professions Code.

Customer list of telephone answering service, trade secret, Section 16606, Business and Professions Code.

*(Amended by Stats. 2014, Ch. 830, Sec. 1. Effective January 1, 2015.)*

**6276.14.** Dairy Council of California, confidentiality of ballots, Section 64155, Food and Agricultural Code.

Death, report that physician's or podiatrist's negligence or incompetence may be cause, confidentiality of, Section 802.5, Business and Professions Code.

Dental hygienist drug and alcohol diversion program, confidentiality of records pertaining to treatment, Section 1966.5, Business and Professions Code.

Dentist advertising and referral contract exemption, Section 650.2, Business and Professions Code.

Dentist, alcohol or dangerous drug rehabilitation and diversion, confidentiality of records, Section 1698, Business and Professions Code.

Department of Consumer Affairs licensee exemption for alcohol or dangerous drug treatment and rehabilitation records, Section 156.1, Business and Professions Code.

Department of Motor Vehicles, confidentiality of information provided by an insurer, Section 4750.4, Vehicle Code.

Department of Motor Vehicles, confidentiality of the home address of specified persons in the records of the Department of Motor Vehicles, Section 1808.6, Vehicle Code.

Developmentally disabled conservatee confidentiality of reports and records, Sections 416.8 and 416.18, Health and Safety Code.

Developmentally disabled person, access to information provided by family member, Section 4727, Welfare and Institutions Code.

Developmentally disabled person and person with mental illness, access to and release of information about, by protection and advocacy agency, Section 4903, Welfare and Institutions Code.

Developmentally disabled person, confidentiality of patient records, state agencies, Section 4553, Welfare and Institutions Code.

Developmentally disabled person, confidentiality of records and information, Sections 4514 and 4518, Welfare and Institutions Code.

Diesel Fuel Tax information, disclosure prohibited, Section 60609, Revenue and Taxation Code.

Disability compensation, confidential medical records, Section 2714, Unemployment Insurance Code.

Disability insurance, access to registered information, Section 789.7, Insurance Code.

Discrimination complaint to Division of Labor Standards Enforcement, confidentiality of witnesses, Section 98.7, Labor Code.

Dispute resolution participants confidentiality, Section 471.5, Business and Professions Code.

Division of Workers' Compensation, confidentiality of data obtained by the administrative director and derivative works created by the division, Sections 3201.5, 3201.7, and 3201.9, Labor Code.

Division of Workers' Compensation, individually identifiable information and residence addresses obtained or maintained by the division on workers' compensation claims, confidentiality of, Section 138.7, Labor Code.

Division of Workers' Compensation, individually identifiable information of health care organization patients, confidentiality of, Section 4600.5, Labor Code.

Division of Workers' Compensation, individual workers' compensation claim files and auditor's working papers, confidentiality of, Section 129, Labor Code.

Division of Workers' Compensation, peer review proceedings and employee medical records, confidentiality of, Section 4600.6, Labor Code.

Domestic violence counselor and victim, confidentiality of communication, Sections 1037.2 and 1037.5, Evidence Code.

Driver arrested for traffic violation, notice of reexamination for evidence of incapacity, confidentiality of, Section 40313, Vehicle Code.

Driving school and driving instructor licensee records, confidentiality of, Section 11108, Vehicle Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 8. Effective January 1, 2010.)*

**6276.16.** Educational psychologist-patient, privileged communication, Section 1010.5, Evidence Code.

Electronic and appliance repair dealer, service contractor, financial data in applications, subdivision (x), Section 6254.

Electronic Recording Delivery Act of 2004, exemption from disclosure for computer security reports, Section 27394.

Emergency Care Data Record, exemption from disclosure for identifying information, Section 128736, Health and Safety Code.

Emergency Medical Services Fund, patient named, Section 1797.98c, Health and Safety Code.

Emergency medical technicians, confidentiality of disciplinary investigation information, Section 1798.200, Health and Safety Code.

Emergency Medical Technician-Paramedic (EMT-P), exemption from disclosure for records relating to personnel actions against, or resignation of, an EMT-P for disciplinary cause or reason, Section 1799.112, Health and Safety Code.

Eminent domain proceedings, use of state tax returns, Section 1263.520, Code of Civil Procedure.

Employment agency, confidentiality of customer list, Section 16607, Business and Professions Code.

Employment application, nondisclosure of arrest record or certain convictions, Sections 432.7 and 432.8, Labor Code.

Employment Development Department, furnishing materials, Section 307, Unemployment Insurance Code.

Enteral nutrition products, confidentiality of contracts by the State Department of Health Care Services with manufacturers of enteral nutrition products, Section 14105.8, Welfare and Institutions Code.

Equal wage rate violation, confidentiality of complaint, Section 1197.5, Labor Code.

Equalization, State Board of, prohibition against divulging information, Section 15619.

Escrow Agents' Fidelity Corporation, confidentiality of examination and investigation reports, Section 17336, Financial Code.

Escrow agents' confidentiality of reports on violations, Section 17414, Financial Code.

Escrow agents' confidentiality of state summary criminal history information, Section 17414.1, Financial Code.

Estate tax, confidential records and information, Section 14251, Revenue and Taxation Code.

Excessive rates or complaints, reports, Section 1857.9, Insurance Code.

Executive Department, closed sessions and the record of topics discussed, Sections 11126 and 11126.1.

Executive Department, investigations and hearings, confidential nature of information acquired, Section 11183.

*(Amended by Stats. 2009, Ch. 584, Sec. 9. Effective January 1, 2010.)*

**6276.18.** Family Court, records, Section 1818, Family Code.

Farm product processor license, confidentiality of financial statements, Section 55523.6, Food and Agricultural Code.

Farm product processor licensee, confidentiality of grape purchases, Section 55601.5, Food and Agricultural Code.

Fee payer information, prohibition against disclosure by Board of Equalization and others, Section 55381, Revenue and Taxation Code.

Financial institutions, issuance of securities, reports and records of state agencies, subdivision (d), Section 6254.

Financial statements of insurers, confidentiality of information received, Section 925.3, Insurance Code.

Financial statements and questionnaires, of prospective bidders for the state, confidentiality of, Section 10165, Public Contract Code.

Financial statements and questionnaires, of prospective bidders for California State University contracts, confidentiality of, Section 10763, Public Contract Code.

Firearms, centralized list of exempted federal firearms licensees, disclosure of information compiled from, Sections 24850 to 24890, inclusive, Penal Code.

Firearms, centralized list of dealers and licensees, disclosure of information compiled from, Sections 26700 to 26915, inclusive, Penal Code.

Firearm license applications, subdivision (u), Section 6254.

Firearm sale or transfer, confidentiality of records, Chapter 5 (commencing with Section 28050) of Division 6 of Title 4 of Part 6, Penal Code.

Fishing and hunting licenses, confidentiality of names and addresses contained in records submitted to the Department of Fish and Game to obtain recreational fishing and hunting licenses, Section 1050.6, Fish and Game Code.

Foreign marketing of agricultural products, confidentiality of financial information, Section 58577, Food and Agricultural Code.

Forest fires, anonymity of informants, Section 4417, Public Resources Code.

Foster homes, identifying information, Section 1536, Health and Safety Code.

Franchise Tax Board, access to Franchise Tax Board information by the State Department of Social Services, Section 11025, Welfare and Institutions Code.

Franchise Tax Board, auditing, confidentiality of, Section 90005.

Franchises, applications, and reports filed with Commissioner of Corporations, disclosure and withholding from public inspection, Section 31504, Corporations Code.

Fur dealer licensee, confidentiality of records, Section 4041, Fish and Game Code.

*(Amended (as amended by Stats. 2010, Ch. 178) by Stats. 2011, Ch. 227, Sec. 8. Effective January 1, 2012. Operative January 1, 2012, pursuant to Stats. 2010, Ch. 178, Sec. 107.)*

**6276.22.** Gambling Control Act, exemption from disclosure for records of the California Gambling Control Commission and the Department of Justice, Sections 19819 and 19821, Business and Professions Code.

Genetically Handicapped Person's Program, confidentiality of factor replacement therapy contracts, Section 125191, Health and Safety Code.

Governor, correspondence of and to Governor and Governor's office, subdivision (l), Section 6254.

Governor, transfer of public records in control of, restrictions on public access, Section 6268.

Grand jury, confidentiality of request for special counsel, Section 936.7, Penal Code.

Grand jury, confidentiality of transcription of indictment or accusation, Section 938.1, Penal Code.

Group Insurance, public employees, Section 53202.25.

Guardian, confidentiality of report used to check ability, Section 2342, Probate Code.

Guardianship, confidentiality of report regarding the suitability of the proposed guardian, Section 1543, Probate Code.

Guardianship, disclosure of report and recommendation concerning proposed guardianship of person or estate, Section 1513, Probate Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 11. Effective January 1, 2010.)*

**6276.24.**

Hazardous substance tax information, prohibition against disclosure, Section 43651, Revenue and Taxation Code.

Hazardous waste control, business plans, public inspection, Section 25506, Health and Safety Code.

Hazardous waste control, notice of unlawful hazardous waste disposal, Section 25180.5, Health and Safety Code.

Hazardous waste control, trade secrets, disclosure of information, Sections 25511 and 25538, Health and Safety Code.

Hazardous waste control, trade secrets, procedures for release of information, Section 25358.2, Health and Safety Code.

Hazardous waste generator report, protection of trade secrets, Sections 25244.21 and 25244.23, Health and Safety Code.

Hazardous waste licenseholder disclosure statement, confidentiality of, Section 25186.5, Health and Safety Code.

Hazardous waste recycling, information clearing house, confidentiality of trade secrets, Section 25170, Health and Safety Code.

Hazardous waste recycling, list of specified hazardous wastes, trade secrets, Section 25175, Health and Safety Code.

Hazardous waste recycling, trade secrets, confidential nature, Sections 25173 and 25180.5, Health and Safety Code.

Healing arts licensees, central files, confidentiality, Section 800, Business and Professions Code.

Health authorities, special county, confidentiality of records, Sections 14087.35, 14087.36, and 14087.38, Welfare and Institutions Code.

Health care provider disciplinary proceeding, confidentiality of documents, Section 805.1, Business and Professions Code.

Health care service plans, review of quality of care, privileged communications, Sections 1370 and 1380, Health and Safety Code.

Health commissions, special county, confidentiality of peer review proceedings, rates of payment, and trade secrets, Section 14087.31, Welfare and Institutions Code.

Health facilities, patient's rights of confidentiality, subdivision (c) of Section 128745 and Sections 128735, 128736, 128737, 128755, and 128765, Health and Safety Code.

Health personnel, data collection by the Office of Statewide Health Planning and Development, confidentiality of information on individual licentiates, Section 127780, Health and Safety Code.

Health plan governed by a county board of supervisors, exemption from disclosure for records relating to provider rates or payments for a three-year period after execution of the provider contract, Sections 6254.22 and 54956.87.

Hereditary Disorders Act, legislative finding and declaration, confidential information, Sections 124975 and 124980, Health and Safety Code.

Hereditary Disorders Act, rules, regulations, and standards, breach of confidentiality, Section 124980, Health and Safety Code.

HIV, disclosures to blood banks by department or county health officers, Section 1603.1, Health and Safety Code.

Home address of public employees and officers in Department of Motor Vehicles, records, confidentiality of, Sections 1808.2 and 1808.4, Vehicle Code.

Horse racing, horses, blood or urine test sample, confidentiality, Section 19577, Business and Professions Code.

Hospital district and municipal hospital records relating to contracts with insurers and service plans, subdivision (t), Section 6254.

Hospital final accreditation report, subdivision (s), Section 6254.

Housing authorities, confidentiality of rosters of tenants, Section 34283, Health and Safety Code.

Housing authorities, confidentiality of applications by prospective or current tenants, Section 34332, Health and Safety Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 12.5. Effective January 1, 2010.)*

**6276.26.**  Improper governmental activities reporting, confidentiality of identity of person providing information, Section 8547.5.

Improper governmental activities reporting, disclosure of information, Section 8547.6.

Industrial loan companies, confidentiality of financial information, Section 18496, Financial Code.

Industrial loan companies, confidentiality of investigation and examination reports, Section 18394, Financial Code.

Influenza vaccine, trade secret information and information relating to recipient of vaccine, Section 120155, Health and Safety Code.

In forma pauperis litigant, rules governing confidentiality of financial information, Section 68511.3.

Infrastructure information, exemption from disclosure for information voluntarily submitted to the Office of Emergency Services, subdivision (ab), Section 6254.

In-Home Supportive Services Program, exemption from disclosure for information regarding persons paid by the state to provide in-home supportive services, Section 6253.2.

Initiative, referendum, recall, and other petitions, confidentiality of names of signers, Section 6253.5.

Insurance claims analysis, confidentiality of information, Section 1875.16, Insurance Code.

Insurance Commissioner, confidential information, Sections 735.5, 1067.11, 1077.3, and 12919, Insurance Code.

Insurance Commissioner, informal conciliation of complaints, confidential communications, Section 1858.02, Insurance Code.

Insurance Commissioner, information from examination or investigation, confidentiality of, Sections 1215.7, 1433, and 1759.3, Insurance Code.

Insurance Commissioner, writings filed with nondisclosure, Section 855, Insurance Code.

Insurance fraud reporting, information acquired not part of public record, Section 1873.1, Insurance Code.

Insurance licensee, confidential information, Section 1666.5, Insurance Code.

Insurer application information, confidentiality of, Section 925.3, Insurance Code.

Insurer financial analysis ratios and examination synopses, confidentiality of, Section 933, Insurance Code.

Department of Resources Recycling and Recovery information, prohibition against disclosure, Section 45982, Revenue and Taxation Code.

International wills, confidentiality of registration information filed with the Secretary of State, Section 6389, Probate Code.

Intervention in regulatory and ratemaking proceedings, audit of customer seeking and award, Section 1804, Public Utilities Code.

Investigation and security records, exemption from disclosure for records of the Attorney General, the Department of Justice, the Office of Emergency Services, and state and local police agencies, subdivision (f), Section 6254.

Investigative consumer reporting agency, limitations on furnishing an investigative consumer report, Section 1786.12, Civil Code.

*(Amended by Stats. 2013, Ch. 352, Sec. 108. Effective September 26, 2013. Operative July 1, 2013, by Sec. 543 of Ch. 352.)*

**6276.28.**  Joint Legislative Ethics Committee, confidentiality of reports and records, Section 8953.

Judicial candidates, confidentiality of communications concerning, Section 12011.5.

Judicial proceedings, confidentiality of employer records of employee absences, Section 230.2, Labor Code.

Jurors' lists, lists of registered voters and licensed drivers as source for, Section 197, Code of Civil Procedure.

Juvenile court proceedings to adjudge a person a dependent child of court, sealing records of, Section 389, Welfare and Institutions Code.

Juvenile criminal records, dissemination to schools, Section 828.1, Welfare and Institutions Code.

Juvenile delinquents, notification of chief of police or sheriff of escape of minor from secure detention facility, Section 1155, Welfare and Institutions Code.

Labor dispute, investigation and mediation records, confidentiality of, Section 65, Labor Code.

Lanterman-Petris-Short Act, mental health services recipients, confidentiality of information and records, mental health advocate, Sections 5540, 5541, 5542, and 5550, Welfare and Institutions Code.

Law enforcement vehicles, registration disclosure, Section 5003, Vehicle Code.

Legislative Counsel records, subdivision (m), Section 6254.

Library circulation records and other materials, subdivision (i), Section 6254 and Section 6267.

Life and disability insurers, actuarial information, confidentiality of, Section 10489.15, Insurance Code.

Litigation, confidentiality of settlement information, Section 68513.

Local agency legislative body, closed sessions, disclosure of materials, Section 54956.9.

Local government employees, confidentiality of records and claims relating to group insurance, Section 53202.25.

Local summary criminal history information, confidentiality of, Sections 13300 and 13305, Penal Code.

Local agency legislative body, closed session, nondisclosure of minute book, Section 54957.2.

Local agency legislative body, meeting, disclosure of agenda, Section 54957.5.

Long-term health facilities, confidentiality of complaints against, Section 1419, Health and Safety Code.

Long-term health facilities, confidentiality of records retained by State Department of Public Health, Section 1439, Health and Safety Code.

Los Angeles County Tourism Marketing Commission, confidentiality of information obtained from businesses to determine their assessment, Section 13995.108.

*(Amended by Stats. 2009, Ch. 584, Sec. 14. Effective January 1, 2010.)*

**6276.30.**  Managed care health plans, confidentiality of proprietary information, Section 14091.3 of the Welfare and Institutions Code.

Managed Risk Medical Insurance Board, negotiations with entities contracting or seeking to contract with the board, subdivisions (v) and (y) of Section 6254.

Mandated blood testing and confidentiality to protect public health, prohibition against compelling identification of test subjects, Section 120975 of the Health and Safety Code.

Mandated blood testing and confidentiality to protect public health, unauthorized disclosures of identification of test subjects, Sections 1603.1, 1603.3, and 121022 of the Health and Safety Code.

Mandated blood testing and confidentiality to protect public health, disclosure to patient's spouse, sexual partner, needle sharer, or county health officer, Section 121015 of the Health and Safety Code.

Manufactured home, mobilehome, floating home, confidentiality of home address of registered owner, Section 18081 of the Health and Safety Code.

Marital confidential communications, Sections 980, 981, 982, 983, 984, 985, 986, and 987 of the Evidence Code.

Market reports, confidential, subdivision (e) of Section 6254.

Marketing of commodities, confidentiality of financial information, Section 58781 of the Food and Agricultural Code.

Marketing orders, confidentiality of processors' or distributors' information, Section 59202 of the Food and Agricultural Code.

Marriage, confidential, certificate, Section 511 of the Family Code.

Medi-Cal Benefits Program, confidentiality of information, Section 14100.2 of the Welfare and Institutions Code.

Medi-Cal Benefits Program, Request of Department for Records of Information, Section 14124.89 of the Welfare and Institutions Code.

Medi-Cal Fraud Bureau, confidentiality of complaints, Section 12528.

Medi-Cal managed care program, exemption from disclosure for financial and utilization data submitted by Medi-Cal managed care health plans to establish rates, Section 14301.1 of the Welfare and Institutions Code.

Medi-Cal program, exemption from disclosure for best price contracts between the State Department of Health Care Services and drug manufacturers, Section 14105.33 of the Welfare and Institutions Code.

Medical information, disclosure by provider unless prohibited by patient in writing, Section 56.16 of the Civil Code.

Medical information, types of information not subject to patient prohibition of disclosure, Section 56.30 of the Civil Code.

Medical and other hospital committees and peer review bodies, confidentiality of records, Section 1157 of the Evidence Code.

Medical or dental licensee, action for revocation or suspension due to illness, report, confidentiality of, Section 828 of the Business and Professions Code.

Medical or dental licensee, disciplinary action, denial or termination of staff privileges, report, confidentiality of, Sections 805, 805.1, and 805.5 of the Business and Professions Code.

Meetings of state agencies, disclosure of agenda, Section 11125.1.

Mentally abnormal sex offender committed to state hospital, confidentiality of records, Section 4135 of the Welfare and Institutions Code.

Mentally disordered and developmentally disabled offenders, access to criminal histories of, Section 1620 of the Penal Code.

Mentally disordered persons, court-ordered evaluation, confidentiality of reports, Section 5202 of the Welfare and Institutions Code.

Mentally disordered or mentally ill person, confidentiality of written consent to detainment, Section 5326.4 of the Welfare and Institutions Code.

Mentally disordered or mentally ill person, voluntarily or involuntarily detained and receiving services, confidentiality of records and information, Sections 5328, 5328.15, 5328.2, 5328.4, 5328.8, and 5328.9 of the Welfare and Institutions Code.

Mentally disordered or mentally ill person, weapons restrictions, confidentiality of information about, Section 8103 of the Welfare and Institutions Code.

Milk marketing, confidentiality of records, Section 61443 of the Food and Agricultural Code.

Milk product certification, confidentiality of, Section 62121 of the Food and Agricultural Code.

Milk, market milk, confidential records and reports, Section 62243 of the Food and Agricultural Code.

Milk product registration, confidentiality of information, Section 38946 of the Food and Agricultural Code.

Milk equalization pool plan, confidentiality of producers' voting, Section 62716 of the Food and Agricultural Code.

Mining report, confidentiality of report containing information relating to mineral production, reserves, or rate of depletion of mining operation, Section 2207 of the Public Resources Code.

Minor, criminal proceeding testimony closed to public, Section 859.1 of the Penal Code.

Minors, material depicting sexual conduct, records of suppliers to be kept and made available to law enforcement, Section 1309.5 of the Labor Code.

Misdemeanor and felony reports by police chiefs and sheriffs to Department of Justice, confidentiality of, Sections 11107 and 11107.5 of the Penal Code.

Monetary instrument transaction records, confidentiality of, Section 14167 of the Penal Code.

Missing persons' information, disclosure of, Sections 14204 and 14205 of the Penal Code.

Morbidity and mortality studies, confidentiality of records, Section 100330 of the Health and Safety Code.

Motor vehicle accident reports, disclosure, Sections 16005, 20012, and 20014 of the Vehicle Code.

Motor vehicles, department of, public records, exceptions, Sections 1808 to 1808.7, inclusive, of the Vehicle Code.

Motor vehicle insurance fraud reporting, confidentiality of information acquired, Section 1874.3 of the Insurance Code.

Motor vehicle liability insurer, data reported to Department of Insurance, confidentiality of, Section 11628 of the Insurance Code.

Multijurisdictional drug law enforcement agency, closed sessions to discuss criminal investigation, Section 54957.8.

*(Amended by Stats. 2014, Ch. 437, Sec. 4. Effective January 1, 2015.)*

**6276.32.**  Narcotic addict outpatient revocation proceeding, confidentiality of reports, Section 3152.5, Welfare and Institutions Code.

Narcotic and drug abuse patients, confidentiality of records, Section 11845.5, Health and Safety Code.

Native American graves, cemeteries and sacred places, records of, subdivision (r), Section 6254.

Notary public, confidentiality of application for appointment and commission, Section 8201.5.

Nurse, alcohol or dangerous drug diversion and rehabilitation records, confidentiality of, Section 2770.12, Business and Professions Code.

Obscene matter, defense of scientific or other purpose, confidentiality of recipients, Section 311.8, Penal Code.

Occupational safety and health investigations, confidentiality of complaints and complainants, Section 6309, Labor Code.

Occupational safety and health investigations, confidentiality of trade secrets, Section 6322, Labor Code.

Official information acquired in confidence by public employee, disclosure of, Sections 1040 and 1041, Evidence Code.

Oil and gas, confidentiality of proposals for the drilling of a well, Section 3724.4, Public Resources Code.

Oil and gas, disclosure of onshore and offshore exploratory well records, Section 3234, Public Resources Code.

Oil and gas, disclosure of well records, Section 3752, Public Resources Code.

Oil and gas leases, surveys for permits, confidentiality of information, Section 6826, Public Resources Code.

Oil spill feepayer information, prohibition against disclosure, Section 46751, Revenue and Taxation Code.

Older adults receiving county services, providing information between county agencies, confidentiality of, Section 9401, Welfare and Institutions Code.

Organic food certification organization records, release of, Section 110845, Health and Safety Code.

Osteopathic physician and surgeon, rehabilitation and diversion records, confidentiality of, Section 2369, Business and Professions Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 16. Effective January 1, 2010.)*

**6276.34.**  Parole revocation proceedings, confidentiality of information in reports, Section 3063.5, Penal Code.

Passenger fishing boat licenses, records, Section 7923, Fish and Game Code.

Paternity, acknowledgement, confidentiality of records, Section 102760, Health and Safety Code.

Patient-physician confidential communication, Sections 992 and 994, Evidence Code.

Patient records, confidentiality of, Section 123135, Health and Safety Code.

Payment instrument licensee records, inspection of, Section 33206, Financial Code.

Payroll records, confidentiality of, Section 1776, Labor Code.

Peace officer personnel records, confidentiality of, Sections 832.7 and 832.8, Penal Code.

Penitential communication between penitent and clergy, Sections 1032 and 1033, Evidence Code.

Personal Care Services Program, exemption from disclosure for information regarding persons paid by the state to provide personal care services, Section 6253.2.

Personal Income Tax, disclosure of information, Article 2 (commencing with Section 19542), Chapter 7, Part 10.2, Division 2, Revenue and Taxation Code.

Personal information, Information Practices Act, prohibitions against disclosure by state agencies, Sections 1798.24 and 1798.75, Civil Code.

Personal information, subpoena of records containing, Section 1985.4, Code of Civil Procedure.

Personal representative, confidentiality of personal representative's birth date and driver's license number, Section 8404, Probate Code.

Personnel Administration, Department of, confidentiality of pay data furnished to, Section 19826.5.

Persons formerly classified as mentally abnormal sex offenders committed to a state hospital, confidentiality of records, Section 4135, Welfare and Institutions Code.

Persons with mental health disorders, court-ordered evaluation, confidentiality of reports, Section 5202, Welfare and Institutions Code.

Persons with mental health disorders, confidentiality of written consent to detainment, Section 5326.4, Welfare and Institutions Code.

Persons with mental health disorders voluntarily detained and receiving services, confidentiality of records and information, Sections 5328, 5328.15, 5328.2, 5328.4, 5328.8, and 5328.9, Welfare and Institutions Code.

Persons with mental health disorders, weapons restrictions, confidentiality of information about, Section 8103, Welfare and Institutions Code.

Petition signatures, Section 18650, Elections Code.

Petroleum supply and pricing, confidential information, Sections 25364 and 25366, Public Resources Code.

Pharmacist, alcohol or dangerous drug diversion and rehabilitation records, confidentiality of, Section 4372, Business and Professions Code.

Physical therapist or assistant, records of dangerous drug or alcohol diversion and rehabilitation, confidentiality of, Section 2667, Business and Professions Code.

Physical or mental condition or conviction of controlled substance offense, records in Department of Motor Vehicles, confidentiality of, Section 1808.5, Vehicle Code.

Physician and surgeon, rehabilitation and diversion records, confidentiality of, Section 2355, Business and Professions Code.

Physician assistant, alcohol or dangerous drug diversion and rehabilitation records, confidentiality of, Section 3534.7, Business and Professions Code.

Physician competency examination, confidentiality of reports, Section 2294, Business and Professions Code.

Physicians and surgeons, confidentiality of reports of patients with a lapse of consciousness disorder, Section 103900, Health and Safety Code.

Physician Services Account, confidentiality of patient names in claims, Section 16956, Welfare and Institutions Code.

Pilots, confidentiality of personal information, Section 1157.1, Harbors and Navigation Code.

Pollution Control Financing Authority, financial data submitted to, subdivision (o), Section 6254.

Postmortem or autopsy photos, Section 129, Code of Civil Procedure.

*(Amended by Stats. 2014, Ch. 144, Sec. 18. Effective January 1, 2015.)*

**6276.36.**  Pregnancy tests by local public health agencies, confidentiality of, Section 123380, Health and Safety Code.

Pregnant women, confidentiality of blood tests, Section 125105, Health and Safety Code.

Prehospital emergency medical care, release of information, Sections 1797.188 and 1797.189, Health and Safety Code.

Prenatal syphilis tests, confidentiality of, Section 120705, Health and Safety Code.

Prescription drug discounts, confidentiality of corporate proprietary information, Section 130506, Health and Safety Code.

Prisoners, behavioral research on, confidential personal information, Section 3515, Penal Code.

Prisoners, confidentiality of blood tests, Section 7530, Penal Code.

Prisoners, medical testing, confidentiality of records, Sections 7517 and 7540, Penal Code.

Prisoners, transfer from county facility for mental treatment and evaluation, confidentiality of written reasons, Section 4011.6, Penal Code.

Private industry wage data collected by public entity, confidentiality of, Section 6254.6.

Private railroad car tax, confidentiality of information, Section 11655, Revenue and Taxation Code.

Probate referee, disclosure of materials, Section 8908, Probate Code.

Probation officer reports, inspection of, Section 1203.05, Penal Code.

Produce dealer, confidentiality of financial statements, Section 56254, Food and Agricultural Code.

Products liability insurers, transmission of information, Section 1857.9, Insurance Code.

Professional corporations, financial statements, confidentiality of, Section 13406, Corporations Code.

Property on loan to museum, notice of intent to preserve an interest in, not subject to disclosure, Section 1899.5, Civil Code.

Property taxation, confidentiality of change of ownership, Section 481, Revenue and Taxation Code.

Property taxation, confidentiality of exemption claims, Sections 63.1, 69.5, and 408.2, Revenue and Taxation Code.

Property taxation, confidentiality of property information, Section 15641, Government Code and Section 833, Revenue and Taxation Code.

Proprietary information, availability only to the director and other persons authorized by the operator and the owner, Section 2778, Public Resources Code.

Psychologist and client, confidential relations and communications, Section 2918, Business and Professions Code.

Psychotherapist-patient confidential communication, Sections 1012 and 1014, Evidence Code.

Public employees' home addresses and telephone numbers, confidentiality of, Section 6254.3.

Public Employees' Medical and Hospital Care Act, confidentiality of data relating to health care services rendered by participating hospitals to members and annuitants, Section 22854.5.

Public Employees' Retirement System, confidentiality of data filed by member or beneficiary with board of administration, Section 20134.

Public investment funds, exemption from disclosure for records regarding alternative investments, Section 6254.26.

Public school employees organization, confidentiality of proof of majority support submitted to Public Employment Relations Board, Sections 3544, 3544.1, and 3544.5.

Public social services, confidentiality of digest of decisions, Section 10964, Welfare and Institutions Code.

Public social services, confidentiality of information regarding child abuse or elder or dependent persons abuse, Section 10850.1, Welfare and Institutions Code.

Public social services, confidentiality of information regarding eligibility, Section 10850.2, Welfare and Institutions Code.

Public social services, confidentiality of records, Section 10850, Welfare and Institutions Code.

Public social services, disclosure of information to law enforcement agencies, Section 10850.3, Welfare and Institutions Code.

Public social services, disclosure of information to law enforcement agencies regarding deceased applicant or recipient, Section 10850.7, Welfare and Institutions Code.

Public utilities, confidentiality of information, Section 583, Public Utilities Code.

Pupil, confidentiality of personal information, Section 45345, Education Code.

Pupil drug and alcohol use questionnaires, confidentiality of, Section 11605, Health and Safety Code.

Pupil, expulsion hearing, disclosure of testimony of witness and closed session of district board, Section 48918, Education Code.

Pupil, personal information disclosed to school counselor, confidentiality of, Section 49602, Education Code.

Pupil record contents, records of administrative hearing to change contents, confidentiality of, Section 49070, Education Code.

Pupil records, access authorized for specified parties, Section 49076, Education Code.

Pupil records, disclosure in hearing to dismiss or suspend school employee, Section 44944.1, Education Code.

Pupil records, release of directory information to private entities, Sections 49073 and 49073.5, Education Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 18. Effective January 1, 2010.)*

**6276.38.**  Radioactive materials, dissemination of information about transportation of, Section 33002, Vehicle Code.

Railroad infrastructure protection program, disclosure not required for risk assessments filed with the Public Utilities Commission, the Director of Emergency Services, or the Office of Emergency Services, Section 6254.23.

Real estate broker, annual report to Bureau of Real Estate of financial information, confidentiality of, Section 10232.2, Business and Professions Code.

Real property, acquisition by state or local government, information relating to feasibility, subdivision (h), Section 6254.

Real property, change in ownership statement, confidentiality of, Section 27280.

Records described in Section 1620 of the Penal Code.

Records of contract purchasers, inspection by public prohibited, Section 85, Military and Veterans Code.

Records of persons committed to a state hospital pursuant to Section 4135 of the Welfare and Institutions Code.

Registered public obligations, inspection of records of security interests in, Section 5060.

Registration of exempt vehicles, nondisclosure of name of person involved in alleged violation, Section 5003, Vehicle Code.

Rehabilitation, Department of, confidential information, Section 19016, Welfare and Institutions Code.

Reinsurance intermediary-broker license information, confidentiality of, Section 1781.3, Insurance Code.

Relocation assistance, confidential records submitted to a public entity by a business or farm operation, Section 7262.

Rent control ordinance, confidentiality of information concerning accommodations sought to be withdrawn from, Section 7060.4.

Report of probation officer, inspection, copies, Section 1203.05, Penal Code.

Repossession agency licensee application, confidentiality of information, Sections 7503, 7504, and 7506.5, Business and Professions Code.

Reproductive health facilities, disclosure not required for personal information regarding employees, volunteers, board members, owners, partners, officers, and contractors of a reproductive health services facility who have provided requisite notification, Section 6254.18.

Residence address in any record of Department of Housing and Community Development, confidentiality of, Section 6254.1.

Residence address in any record of Department of Motor Vehicles, confidentiality of, Section 6254.1, Government Code, and Section 1808.21, Vehicle Code.

Residence and mailing addresses in records of Department of Motor Vehicles, confidentiality of, Section 1810.7, Vehicle Code.

Residential care facilities, confidentiality of resident information, Section 1568.08, Health and Safety Code.

Residential care facilities for the elderly, confidentiality of client information, Section 1569.315, Health and Safety Code.

Respiratory care practitioner, professional competency examination reports, confidentiality of, Section 3756, Business and Professions Code.

Restraint of trade, civil action by district attorney, confidential memorandum, Section 16750, Business and Professions Code.

Reward by Governor for information leading to arrest and conviction, confidentiality of person supplying information, Section 1547, Penal Code.

Safe surrender site, confidentiality of information pertaining to a parent or individual surrendering a child, Section 1255.7, Health and Safety Code.

*(Amended by Stats. 2014, Ch. 144, Sec. 19. Effective January 1, 2015.)*

**6276.40.**  Sales and use tax, disclosure of information, Section 7056, Revenue and Taxation Code.

Santa Barbara Regional Health Authority, exemption from disclosure for records maintained by the authority regarding negotiated rates for the California Medical Assistance Program, Section 14499.6, Welfare and Institutions Code.

Savings association employees, disclosure of criminal history information, Section 6525, Financial Code.

Savings associations, inspection of records by shareholders, Section 6050, Financial Code.

School district governing board, disciplinary action, disclosure of pupil information, Section 35146, Education Code.

School employee, merit system examination records, confidentiality of, Section 45274, Education Code.

School employee, notice and reasons for hearing on nonreemployment of employee, confidentiality of, Sections 44948.5 and 44949, Education Code.

School meals for needy pupils, confidentiality of records, Section 49558, Education Code.

Sealed records, arrest for misdemeanor, Section 851.7, Penal Code.

Sealed records, misdemeanor convictions, Section 1203.45, Penal Code.

Sealing and destruction of arrest records, determination of innocence, Section 851.8, Penal Code.

Search warrants, special master, Section 1524, Penal Code.

Sex change, confidentiality of birth certificate, Section 103440, Health and Safety Code.

Sex offenders, registration form, Section 290.021, Penal Code.

Sexual assault forms, confidentiality of, Section 13823.5, Penal Code.

Sexual assault counselor and victim, confidential communication, Sections 1035.2, 1035.4, and 1035.8, Evidence Code.

Shorthand reporter's complaint, Section 8010, Business and Professions Code.

Small family day care homes, identifying information, Section 1596.86, Health and Safety Code.

Social security number, applicant for driver's license or identification card, nondisclosure of, Section 1653.5, Vehicle Code, and Section 6254.29.

Social security number, official record or official filing, nondisclosure of, Section 9526.5, Commercial Code, and Sections 6254.27 and 6254.28.

Social Security Number Truncation Program, Article 3.5 (commencing with Section 27300), Chapter 6, Part 3, Division 2, Title 3.

Social security numbers within records of local agencies, nondisclosure of, Section 6254.29.

*(Amended by Stats. 2009, Ch. 584, Sec. 20. Effective January 1, 2010.)*

**6276.42.**  State agency activities relating to unrepresented employees, subdivision (p) of Section 6254.

State agency activities relating to providers of health care, subdivision (a) of Section 6254.

State Auditor, access to barred records, Section 8545.2.

State Auditor, confidentiality of records, Sections 8545, 8545.1, and 8545.3.

State civil service employee, confidentiality of appeal to state personnel board, Section 18952.

State civil service employees, confidentiality of reports, Section 18573.

State civil service examination, confidentiality of application and examination materials, Section 18934.

State Compensation Insurance Fund, exemption from disclosure for various records maintained by the State Compensation Insurance Fund, subdivision (ad), Section 6254.

State Contract Act, bids, questionnaires and financial statements, Section 10165, Public Contract Code.

State Contract Act, bids, sealing, opening and reading bids, Section 10304, Public Contract Code.

State Energy Resources Conservation and Development Commission, confidentiality of proprietary information submitted to, Section 25223, Public Resources Code.

State hospital patients, information and records in possession of Superintendent of Public Instruction, confidentiality of, Section 56863, Education Code.

State Long-Term Care Ombudsman, access to government agency records, Section 9723, Welfare and Institutions Code.

State Long-Term Care Ombudsman office, confidentiality of records and files, Section 9725, Welfare and Institutions Code.

State Long-Term Care Ombudsman office, disclosure of information or communications, Section 9715, Welfare and Institutions Code.

State Lottery Evaluation Report, disclosure, Section 8880.46.

State prisoners, exemption from disclosure for surveys by the California Research Bureau of children of female prisoners, Section 7443, Penal Code.

State summary criminal history information, confidentiality of information, Sections 11105, 11105.1, 11105.3, and 11105.4, Penal Code.

State Teachers' Retirement System, confidentiality of information filed with the system by a member, participant, or beneficiary, Sections 22306 and 26215, Education Code.

Sterilization of disabled, confidentiality of evaluation report, Section 1955, Probate Code.

Strawberry marketing information, confidentiality of, Section 63124, Food and Agricultural Code.

Structural pest control licensee records relating to pesticide use, confidentiality of, Section 15205, Food and Agricultural Code.

Student driver, records of physical or mental condition, confidentiality of, Section 12661, Vehicle Code.

Student, community college, information received by school counselor, confidentiality of, Section 72621, Education Code.

Student, community college, records, limitations on release, Section 76243, Education Code.

Student, community college, record contents, records of administrative hearing to change contents, confidentiality of, Section 76232, Education Code.

Student, sexual assault on private higher education institution campus, confidentiality of information, Section 94385, Education Code.

Student, sexual assault on public college or university, confidentiality of information, Section 67385, Education Code.

Sturgeon egg processors, records, Section 10004, Fish and Game Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 21. Effective January 1, 2010.)*

**6276.44.** Taxpayer information, confidentiality, local taxes, subdivision (i), Section 6254.

Tax preparer, disclosure of information obtained in business of preparing tax returns, Section 17530.5, Business and Professions Code.

Teacher, credential holder or applicant, information provided to Commission on Teacher Credentialing, confidentiality of, Section 44341, Education Code.

Teacher, certified school personnel examination results, confidentiality of, Section 44289, Education Code.

Telephone answering service customer list, trade secret, Section 16606, Business and Professions Code.

Timber yield tax, disclosure to county assessor, Section 38706, Revenue and Taxation Code.

Timber yield tax, disclosure of information, Section 38705, Revenue and Taxation Code.

Title insurers, confidentiality of notice of noncompliance, Section 12414.14, Insurance Code.

Tobacco products, exemption from disclosure for distribution information provided to the State Department of Public Health, Section 22954, Business and Professions Code.

Tow truck driver, information in records of California Highway Patrol, Department of Motor Vehicles, or other agencies, confidentiality of, Sections 2431 and 2432.3, Vehicle Code.

Toxic substances, Department of, inspection of records of, Section 25152.5, Health and Safety Code.

Trade secrets, Section 1060, Evidence Code.

Trade secrets, confidentiality of, occupational safety and health inspections, Section 6322, Labor Code.

Trade secrets, disclosure of public records, Section 3426.7, Civil Code.

Trade secrets, food, drugs, cosmetics, nondisclosure, Sections 110165 and 110370, Health and Safety Code.

Trade secrets, protection by Director of the Department of Pesticide Regulation, Section 6254.2.

Trade secrets and proprietary information relating to pesticides, confidentiality of, Sections 14022 and 14023, Food and Agricultural Code.

Trade secrets, protection by Director of Industrial Relations, Section 6396, Labor Code.

Trade secrets relating to hazardous substances, disclosure of, Sections 25358.2 and 25358.7, Health and Safety Code.

Traffic violator school licensee records, confidentiality of, Section 11212, Vehicle Code.

Traffic offense, dismissed for participation in driving school or program, record of, confidentiality of, Section 1808.7, Vehicle Code.

Transit districts, questionnaire and financial statement information in bids, Section 99154, Public Utilities Code.

Tribal-state gaming contracts, exemption from disclosure for records of an Indian tribe relating to securitization of annual payments, Section 63048.63.

Trust companies, disclosure of private trust confidential information, Section 1582, Financial Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 22. Effective January 1, 2010.)*

**6276.46.** Unclaimed property, Controller records of, disclosure, Section 1582, Code of Civil Procedure.

Unemployment compensation, disclosure of confidential information, Section 2111, Unemployment Insurance Code.

Unemployment compensation, information obtained in administration of code, Section 1094, Unemployment Insurance Code.

Unemployment fund contributions, publication of annual tax paid, Section 989, Unemployment Insurance Code.

University of California, exemption from disclosure for information submitted by bidders for award of best value contracts, Section 10506.6, Public Contract Code.

Unsafe working condition, confidentiality of complainant, Section 6309, Labor Code.

Use fuel tax information, disclosure prohibited, Section 9255, Revenue and Taxation Code.

Utility systems development, confidential information, subdivision (e), Section 6254.

Utility user tax return and payment records, exemption from disclosure, Section 7284.6, Revenue and Taxation Code.

Vehicle registration, confidentiality of information, Section 4750.4, Vehicle Code.

Vehicle accident reports, disclosure of, Sections 16005, 20012, and 20014, Vehicle Code and Section 27177, Streets and Highways Code.

Vehicular offense, record of, confidentiality five years after conviction, Section 1807.5, Vehicle Code.

Veterans Affairs, Department of, confidentiality of records of contract purchasers, Section 85, Military and Veterans Code.

Veterinarian or animal health technician, alcohol or dangerous drugs diversion and rehabilitation records, confidentiality of, Section 4871, Business and Professions Code.

Victims' Legal Resource Center, confidentiality of information and records retained, Section 13897.2, Penal Code.

Voter, affidavit or registration, confidentiality of information contained in, Section 6254.4.

Voter, registration by confidential affidavit, Section 2194, Elections Code.

Voting, secrecy, Section 1050, Evidence Code.

Wards and dependent children, inspection of juvenile court documents, Section 827, Welfare and Institutions Code.

*(Amended by Stats. 2014, Ch. 593, Sec. 11. Effective January 1, 2015.)*

**6276.48.**  Wards, petition for sealing records, Section 781, Welfare and Institutions Code.

Winegrowers of California Commission, confidentiality of producers' or vintners' proprietary information, Sections 74655 and 74955, Food and Agricultural Code.

Workers' Compensation Appeals Board, injury or illness report, confidentiality of, Section 6412, Labor Code.

Workers' compensation insurance, dividend payment to policyholder, confidentiality of information, Section 11739, Insurance Code.

Workers' compensation insurance fraud reporting, confidentiality of information, Section 1877.4, Insurance Code.

Workers' compensation insurer or rating organization, confidentiality of notice of noncompliance, Section 11754, Insurance Code.

Workers' compensation insurer, rating information, confidentiality of, Section 11752.7, Insurance Code.

Workers' compensation, notice to correct noncompliance, Section 11754, Insurance Code.

Workers' compensation, release of information to other governmental agencies, Section 11752.5, Insurance Code.

Workers' compensation, self-insured employers, confidentiality of financial information, Section 3742, Labor Code.

Workplace inspection photographs, confidentiality of, Section 6314, Labor Code.

Youth Authority, parole revocation proceedings, confidentiality of, Section 1767.6, Welfare and Institutions Code.

Youth Authority, release of information in possession of Youth Authority for offenses under Sections 676, 1764.1, and 1764.2, Welfare and Institutions Code.

*(Amended by Stats. 2009, Ch. 584, Sec. 24. Effective January 1, 2010.)*