IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Afraaz R. Irani, M.D., | ) | C/A No. 3:14-cv-03577-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPLY BRIEF IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION TO COMPEL** |
| Palmetto Health; University of South | ) | **DISCOVERY RESPONSES FROM** |
| Carolina School of Medicine; David E. | ) | **USC DEFENDANTS** |
| Koon, Jr., M.D., in his individual | ) | |
| capacity; and John J. Walsh, IV, M.D., | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Afraaz R. Irani, M.D., by and through his undersigned counsel, hereby files this Reply Brief in Support of Plaintiff's Motion to Compel Discovery Responses from USC Defendants. Defendants' Response to Plaintiff's Motion to Compel completely fails to address the merits of Plaintiff's motion. Instead, Defendants' counsel engages in an unwarranted, <u>ad hominem</u> attack on the undersigned counsel for Plaintiff and makes a disingenuous argument that Plaintiff's motion to compel is "manifestly untimely." Defendants' counsel's misguided effort to distract the Court from the substance of the underlying discovery dispute further demonstrates the utter lack of good faith that these Defendants have shown throughout the discovery period in this case. Plaintiff respectfully requests the Court's assistance to correct this behavior and to reimburse Plaintiff for the unnecessary expenditure of attorney's fees and costs involved in pursuing this motion.

### A.  Timeliness of Plaintiff's Motion

Defendants' first attack the timeliness of Plaintiff's Motion to Compel. As the Court will

undoubtedly recall, there have actually been two telephone discovery conferences with the Court in which the insufficiency of the USC Defendants' discovery responses was addressed. During the last such conference, which occurred on or about April 17, 2015, the Court gave the parties until April 30, 2015 to continue their efforts to resolve any discovery disputes without further involvement by the Court. The Court specifically informed counsel that the 21-day deadline for filing a motion to compel under Local Civil Rule 37.01(A), D.S.C., would start running anew on May 1, 2015. Plaintiff timely filed the Motion to Compel on May 21, 2015, within the time prescribed by the Court, after Defendants' counsel failed to respond at all to the identified deficiencies. The timing of Plaintiff's filing was dictated by the new 21-day deadline, not by some reactionary motive as apparently imagined by Defendants' counsel.

  Defendants' arguments about the timeliness of Plaintiff's motion also disregard the tolling portion of Local Rule 37.01(A), which provides as follows: "If counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request . . . . This extension will automatically extend the deadline for the motion to compel by an equal amount of time." Local Civil Rule 37.01(A), D.S.C. Not only did Plaintiff's counsel grant Defendants an initial 30-day extension to respond to discovery, but also Defendants' counsel specifically requested to defer further discussion about the adequacy of Defendants' discovery responses until after Defendants' counsel belatedly produced documents in response to Plaintiff's initial requests for production. Plaintiff's counsel is astounded that Defendants' counsel would now try to twist the previous accommodation of Defendants' counsel's requests for forbearance into an alleged waiver based on the 21-day rule. In an e-mail on February 23, 2015, Defendants' counsel specifically states, "<u>We had agreed not to hold Dr. Irani to his deadline for a</u>

<u>motion to compel against USC-SOM</u>. It seems holding both deadlines in abeyance would be appropriate under the circumstances and in light of pending motions on legal issues." (See e-mail string attached hereto as Exhibit A) (emphasis added).

Defendants' counsel also argues that the previous telephone conferences with the Court about discovery issues were initiated solely to discuss alleged deficiencies with Plaintiff's discovery responses. This is absolutely and demonstrably untrue. Plaintiff's counsel previously submitted his e-mail to Defendants' counsel on January 26, 2015, in which the undersigned requested a telephone conference with Judge Currie before filing a motion to compel, as required by the Scheduling Order in this case. (Exhibit D to Plaintiff's Motion to Compel, Dkt. No. 83-4). In addition, on February 23, 2015, Plaintiff's counsel e-mailed Defendants' counsel stating, "I am fine with you contacting Virginia [Vroegop] about Judge Currie's availability, but it would be incredibly misleading of you to suggest that this is about your motion to compel only." (See e-mail string attached hereto as Exhibit A).

The initial telephone conference with the Court on the afternoon of March 13, 2015, was actually prompted by the undersigned's letter to the Court on March 13, 2015, in response to the Court's e-mail stating that a "conference with the court is unlikely to be productive, and counsel should file any necessary motion to compel, absent an appropriate written agreement to extend the motion to compel deadline." In that letter, the undersigned counsel for Plaintiff stated, "Without getting into the details of the dispute at this time, I would like to request that you schedule a telephone conference in this matter <u>as a prerequisite to Plaintiff's motion to compel</u>, as required by the scheduling order in this case." (A copy of Plaintiff's counsel's letter of March 13, 2015 is attached hereto as Exhibit B [previously filed as Dkt. No. 41]) (emphasis added). Thereafter,

3

Plaintiff's counsel proposed holding in abeyance the 21-day deadline for Defendants' purported motion to compel, but specifically stated, "I still think we need to have a telephone conference with Judge West, as I stated to her in my letter from earlier today." (See e-mail string attached hereto as Exhibit C). For Defendants' counsel now to argue that Plaintiff's concerns about the adequacy of Defendants' discovery responses "had not been presented in advance as a topic for the conference call" (Defs. Resp., at 2) is incredibly misleading. Defendants' counsel now asserts that the March 13 conference call was solely initiated by her. In actuality, the Court had determined that a conference call to address Defendants' concerns was unnecessary; only after Plaintiff's counsel requested the telephone conference to discuss the concerns about Defendants' discovery responses did the Court schedule the call. Nevertheless, the issue of who was actually responsible for prompting the initial telephone conference is wholly immaterial to the issues presently before the Court in Plaintiff's Motion to Compel.

The second discovery telephone conference with the Court, which was held on April 17, 2015, was prompted primarily by the parties' inability to agree on the scheduling of depositions that had been properly noticed by Plaintiff for the following week. During that call, the parties discussed their continuing difficulties in resolving their disputes about the written discovery responses in this case. As stated in the Docket Text Order summarizing that telephone conference, "The court noted the parties' continued efforts to resolve other discovery issues. Any necessary motions to compel are to be filed after May 1, 2015." [Dkt. No. 57]. The instant Motion to Compel was timely filed within the 21-day deadline established by the Text Order of April 17, 2015, not for some nefarious purpose as insinuated by Defendants' counsel.

The USC Defendants have offered absolutely no explanation for why they objected to 13 out

4

of the 16 initial interrogatories propounded by Plaintiff; why they failed to provide any meaningful information in response to those Interrogatories; and why they have failed to provide any written responses to the Requests for Production identifying by Bates number which documents are responsive to the corresponding requests.

### B. Individual Defendants

The motion to compel as to the individual Defendants, Drs. Koon and Walsh, is not moot, contrary to Defendants' unsupported assertion to that effect. Plaintiff's counsel did not agree to "hold off on the individual discovery of Koon and Walsh until after the qualified immunity issue is addressed by the Court," as asserted by Defendants' counsel. Defendants counsel has selectively and misleadingly edited the quote from Plaintiffs' counsel's e-mail of December 17, 2014, by omitting the conditional phrase at the beginning of the sentence. The actual e-mail stated, "<u>As long as I can get complete responses to my discovery from USC and Palmetto Health</u>, I am fine with holding off on the individual discovery of Koon and Walsh until after the qualified immunity issue is addressed by the Court." (See Exhibit A to Plaintiff's Motion to Compel [Dkt. No. 83-1]). Unfortunately, Defendants' failed to satisfy the express condition of Plaintiff's consent, because the USC Defendants did not provide complete responses to Plaintiff's first set of discovery.

On March 27, 2015, the undersigned specifically requested responses from the individual Defendants in light of Defendants' failure to comply with the condition of the prior accommodation. (See e-mail string attached hereto as Exhibit D). The issue of the individual Defendants' failure to answer the initial discovery directed at them was not rendered moot by the subsequent service of additional discovery on them, especially since Defendants have also failed to provide any meaningful responses to the subsequent discovery. Plaintiff respectfully requests that the Court compel the

5

individual Defendants to respond to the first set of discovery from Plaintiff. In addition, Plaintiff requests that the Court rule that, by failing to respond in a timely manner, Defendants have waived any and all objections to the initial set of discovery.

Defendants' purported concern about possibly waiving qualified immunity by participating in discovery is clearly not the actual reason that Defendants have failed to respond to discovery in this case. Indeed, after Plaintiff's counsel stipulated during the status conference on May 26, 2015, that he would not argue that responding to discovery would be viewed as a waiver of qualified immunity, Defendants still failed and refused to cooperate in discovery. The only documents that either individual Defendants bothered to produced in response to the revised Requests for Production was a photocopy of their now-obsolete CVs, which were produced in connection with other litigation against them from several years ago and still have the old Bates labels from the prior case. Defendants' complete frustration of the discovery process from the outset of this case simply cannot be allowed to go unaddressed.

For all of the foregoing reasons, and for the reasons previously stated, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel against all of the USC Defendants.

\*     \*     \*

Respectfully submitted,

 s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, South Carolina 29605
(864) 232-5870 (O)
(864) 241-1386 (Facsimile)
derothstein@mindspring.com

Attorney for Plaintiff, Afraaz R. Irani, M.D.

July 17, 2015

Greenville, South Carolina.