# Exhibit A

## David Rothstein

| | |
|---|---|
| **From:** | David Rothstein <drothstein@rothsteinlawfirm.com> |
| **Sent:** | Monday, February 23, 2015 4:47 PM |
| **To:** | 'Kathryn Thomas' |
| **Cc:** | 'Helms, Kathy Dudley'; 'Fred Williams'; 'Timmons, Todd S.' |
| **Subject:** | RE: Irani |

I am fine with you contacting Virginia about Judge Currie's availability, but it would be incredibly misleading of you to suggest that this is about your motion to compel only. It would be improper for you to ex parte Judge Currie's law clerks about the substance of the dispute. I believe that you are only allowed to discuss scheduling matters without opposing counsel on the phone. If you want to try a telephone conference with Virginia this afternoon, I am available.

With regard to your comments from your earlier e-mail, I am not sure I understand your reference to "standard interrogatories." There is no such thing as "standard interrogatories" in federal court. Rule 33 of the SC Rules of Civil Procedure has a list of 7 standard interrogatories (plus 2 more for defendants), but your interrogatories are obviously not from the state-court list of "standard interrogatories." I stand by my objections to your interrogatories

David E. Rothstein
Certified Specialist in Employment and Labor Law (S.C.)
(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC 29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Monday, February 23, 2015 4:36 PM
**To:** 'David Rothstein'
**Cc:** 'Helms, Kathy Dudley'; Fred Williams; 'Timmons, Todd S.'
**Subject:** RE: Irani

I will contact Virginia Vroegop, since it will be our motion. Would you like to discuss some of the concerns I have spelled out for you below? I am sure Virginia will want to hear that we have discussed them.

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Monday, February 23, 2015 4:29 PM
**To:** Kathryn Thomas
**Cc:** 'Helms, Kathy Dudley'; Fred Williams; 'Timmons, Todd S.'
**Subject:** RE: Irani

Kathryn. I would love to get Judge Currie on the phone tomorrow for a discovery conference. I will be traveling to Columbia starting around noon, but I could be available any time in the morning. Do you want me to contact Judge Currie's chambers to see if she is available tomorrow morning, or do you want to do that? Dave.

David E. Rothstein
Certified Specialist in Employment and Labor Law (S.C.)

1

(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC  29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

---

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Monday, February 23, 2015 4:17 PM
**To:** 'David Rothstein'
**Cc:** 'Helms, Kathy Dudley'; Fred Williams; 'Timmons, Todd S.'
**Subject:** RE: Irani

David –

I am not sure what your issue is.  My email below is every bit as detailed as your email to me (January 26, 2015) about what you perceived to be deficiencies with USC-SOM's discovery responses.  I recommended at that time that you review our document production to determine if there was any information you felt you then might need that was not provided.  I agreed not to "call time" on you so that you might do so.  I am simply asking the same of you.

Your discovery responses dated February 2, 2015, consist of objections, vague statements "subject to these objections," and references to documents to be produced in the future.  We just received your documents Friday, along with supplemental document responses.  I have only partially reviewed your documents, and will not have time before Wednesday to determine which of your objections were superfluous and to what extent the documents you have produced might satisfy the discovery requests.

To the extent you are saying you will not agree to hold our deadline in abeyance, as we have yours:  You objected and/or gave vague answers to virtually every discovery request.  For example, you objected to our interrogatory 2, a standard interrogatory in which we requested clearly discoverable information about Dr. Irani's and his agents' communications with Defendants' current and former agents and employees.  You objected to our interrogatory 3, a standard interrogatory about Dr. Irani's attempts to seek employment for the last five years, as clearly relates to his claims in this litigation.  You objected to our interrogatory 4, a standard interrogatory that asks about Dr. Irani's employment and residency history, as clearly relates to his claims in this litigation.  You objected to our interrogatory 5, a standard interrogatory seeking information about Dr. Irani's education and training.  You objected to our interrogatory 6, a standard interrogatory asking about Dr. Irani's health care treatment for the past five years, a reasonably-limited time period, specifically geared to discovery of information relevant to Dr. Irani's claims for emotional damages.  You objected to our document request 1, a standard request for relevant evidence.  You objected to our document request 3, a standard request for information about Dr. Irani's employment and residencies for the past five years, clearly at issue in this lawsuit.  You objected to our document request 4, a standard request for documents relating to Dr. Irani's communications, employment, association, or affiliation with any Defendant.  You objected to document request 5, a standard request for health care records relating to Plaintiff's claims in this lawsuit.  You objected to our document request 8, a standard request for documents mentioned, requested, identified, or referred to in discovery requests and responses.  You objected to our document request 9, a standard request for documents discovered, identified or referred to in this litigation.  Your February 2 responses to document requests 2, 3, 4, 5, 6, 7, 10, 11, and 12 make reference to documents not yet produced.

Again, we just received your documents Friday, and I will not have time to fully review and compare them to your discovery responses before Wednesday.  Please let me know whether (1) you are willing not to "call time" on our filing a motion, just as we did for you, or (2) you are insisting that we invoke the assistance of the Court before Wednesday.  If the latter, we will need to arrange for a conference with Judge Currie tomorrow.

2

**From:** David Rothstein [mailto:drothstein@rothsteinlawfirm.com]
**Sent:** Monday, February 23, 2015 3:21 PM
**To:** Kathryn Thomas
**Cc:** 'Helms, Kathy Dudley'; Fred Williams; 'Timmons, Todd S.'
**Subject:** RE: Irani

Kathryn. Perhaps I have missed something, but I do not believe I have received any indication from you that there is a problem with our objections and responses to USC-SOM's first set of interrogatories and requests for production. I do not think it is appropriate for you simply to unilaterally extend the deadline to file a motion to compel when you have not given me any notice about what you believe to be deficient about our responses. With respect to the responses to the requests for production, I am fine with your 20-days under the Local Rules beginning to run on Friday, 2/20, when I was finally able to get a copy of the documents served on you. Dave.

David E. Rothstein
Certified Specialist in Employment and Labor Law (S.C.)
(Also licensed in N.C.)
Rothstein Law Firm, PA
**[Please Note New Address Effective July 1, 2014:]**
1312 Augusta Street
Greenville, SC  29605
(864) 232-5870
(864) 241-1386 (facsimile)
drothstein@rothsteinlawfirm.com
derothstein@mindspring.com
www.rothsteinlawfirm.com

---

**From:** Kathryn Thomas [mailto:kthomas@gsblaw.net]
**Sent:** Monday, February 23, 2015 1:26 PM
**To:** David Rothstein (drothstein@rothsteinlawfirm.com)
**Cc:** Helms, Kathy Dudley (Kathy.Helms@ogletreedeakins.com); Fred Williams; Timmons, Todd S. (Todd.Timmons@ogletreedeakins.com)
**Subject:** Irani

David –

My calendar tells me Wednesday is USC-SOM's deadline to file a motion to compel regarding Dr. Irani's objections to discovery requests and insufficient responses. Would you agree to hold that deadline in abeyance? We had agreed not to hold Dr. Irani to his deadline for a motion to compel against USC-SOM. It seems holding both deadlines in abeyance would be appropriate under the circumstances and in light of pending motions on legal issues.

Kathryn Thomas
Certified Specialist in Employment and Labor Law
Gignilliat, Savitz & Bettis, LLP
900 Elmwood Avenue, Suite 100
Columbia, SC 29201
(803) 799-9311
(803) 799-1270 (direct line)
(803) 206-0574 (cell)

3