**Exhibit B**



# Rothstein Law Firm, pa

David E. Rothstein  
*Certified Specialist in Employment and Labor Law*  
   *Also licensed in North Carolina*  
drothstein@rothsteinlawfirm.com

Michael G. Corley  
mcorley@rothsteinlawfirm.com

March 13, 2015

**VIA ECF AND E-MAIL (west_ecf@scd.uscourts.gov)**  
Hon. Kaymani D. West  
United States Magistrate Judge  
401 West Evans St.  
Florence, SC 29501

      Re:    <u>Afraaz R. Irani, M.D. v. Palmetto Health et al.</u>,  
              Civil Action No. 3:14-cv-03577-CMC-KDW

Dear Judge West:

      I am writing this letter in response to an e-mail from Kay Tennyson in your chambers from earlier this morning. I hesitate to respond in this manner, but I believe that Ms. Tennyson's e-mail is based on a significant misperception of the facts of this discovery dispute, which misunderstanding was directly caused by attorney Kathryn Thomas's improper e-mail to Judge Currie's law clerk yesterday afternoon. Ms. Thomas included in her e-mail to Ms. Vroegop an e-mail string between Ms. Thomas and me from earlier this week, which paints a very distorted picture of the actual events underlying this dispute. I believe that Ms. Thomas's contact with the court should have been solely for the administrative purpose of scheduling a telephone conference, which I am 100% in favor of having. By Ms. Thomas including an excerpted and very slanted version of the substance of the dispute in her e-mail, she unfairly created a false first impression about what this dispute is truly about. I did not have an opportunity to present my side of the story before you apparently made the determination that a telephone conference would be unproductive.

      First of all, there is no time crisis for Ms. Thomas to file a motion to compel today. I e-mailed Ms. Thomas yesterday afternoon and told her that I would not raise the 21-day deadline for a motion to compel under Local Civil Rule 37.01(A), because my time schedule this week did not permit me to address the substance of her alleged deficiencies in Plaintiff's document production, which consisted of over 2,200 separate pages of documents.

      Second, as Ms. Tennyson correctly pointed out in her e-mail, Local Civil Rule 7.02, D.S.C. requires a consultation with opposing counsel and a "good faith" effort to resolve the matter, prior to filing a motion to compel. With all due respect, Ms. Thomas's e-mail string does not reflect a

---

1312 Augusta Street, Greenville, SC 29605  
Telephone: 864.232.5870 • Facsimile: 864.241.1386

www.rothsteinlawfirm.com

Judge West
March 13, 2015
Page 2

good-faith effort to attempt to resolve this dispute. I have been very responsive to Ms. Thomas throughout this case. I explained to Ms. Thomas that my schedule this week would not allow me to review the substance of her e-mail before Friday of this week, if I could even get to it at all this week. When Ms. Thomas first contacted me on February 23, 2015, about what she perceived to be deficiencies in Plaintiff's responses, I readily accepted her suggestion that we have a telephone conference with the Court about the discovery in this case. As I stated to Ms. Thomas in my initial e-mail response to her, I was not aware of any problems she had with Plaintiff's discovery responses when she first requested a discovery conference with the court.

I am, frankly, astounded that Ms. Thomas would have the gall to complain about the completeness of Plaintiff's discovery responses in this case, in light of her clients' flagrant stonewalling on discovery to date. Without getting into the details of the dispute at this time, I would like to request that you schedule a telephone conference in this matter as a pre-requisite to Plaintiff's motion to compel, as required by the scheduling order in this case. In addition, I do not believe that a telephone conference would be futile with regard to Ms. Thomas's alleged concerns, so I would welcome the opportunity to include a discussion of them during that conference as well.

Please let me know when your schedule would permit such a telephone conference. I have a very full week next week with depositions in a FLSA collective action before Judge Joe Anderson, but I will try to make myself available to accommodate your schedule, even if it means requesting a break from the depositions to participate in the call on my cell phone. I look forward to hearing from you or your staff soon.

Sincerely yours,

David E. Rothstein

cc:   Kathryn Thomas, Esq.
      Kathy Dudley Helms, Esq.