IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **DEFENDANT WALSH'S REPLY** |
| Palmetto Health; University of South Carolina ) | **TO PLAINTIFF'S OPPOSITION TO** |
| School of Medicine; David E. Koon, Jr., M.D., in ) | **SUMMARY JUDGMENT** |
| his individual capacity; and John J. Walsh, IV, ) | |
| M.D., in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In the initial Complaint filed July 13, 2014, Irani asserted several causes of action against Defendant Walsh pursuant to 42 U.S.C. § 1983, without factual allegations that would state a claim against him. [ECF #1-1] On December 4, 2014, Defendant Walsh moved for judgment on the pleadings as to all claims brought against him, based on the Complaint's complete lack of allegations concerning him, and on the basis of qualified immunity. [ECF #18] In response to that motion, on January 23, 2015, Irani moved to file an Amended Complaint to add a new cause of action (Amended Complaint's seventh cause of action) against Defendant Walsh (and Defendant Koon) for tortious interference with contract. [ECF #27] Defendants opposed such an amendment on the bases that it was untimely, filed in bad faith, and the newly asserted claim would be futile. [ECF #33] On April 3, 2015, the Court granted Irani's motion to amend. [ECF #47]

On June 23, 2015, the Court granted Defendant Walsh's motion for judgment on the initial pleadings, which resolved all § 1983 claims asserted against him. [ECF #95] Because of the belated tortious interference claim asserted in the Amended Complaint, however, Defendant

Walsh has since been forced to remain a named defendant. On December 14, 2015, Defendant Walsh moved for summary judgment as to the sole remaining claim asserted against him – i.e., the Amended Complaint's seventh cause of action alleging tortious interference with contract. [ECF # 137] The bases for summary judgment on that claim, as asserted in Defendant Walsh's motion, are:

(1) Irani cannot establish the existence, or Defendant Walsh's knowledge, of a contract between Palmetto Health and the ACGME, as required to support a claim that Walsh intentionally procured such a breach;

(2) Irani cannot establish that Palmetto Health breached his Resident Agreement of Appointment, as required to support a claim that Walsh intentionally procured such a breach;

(3) Irani cannot establish that Defendant Walsh was a third party who intentionally procured a breach of the Resident Agreement;

(4) Irani cannot establish that Defendant Walsh lacked justification for his involvement and actions in the residency program;

(5) Irani cannot establish that Defendant Walsh caused Irani damages through tortious interference; and

(6) Defendant Walsh performed his residency program-affiliated responsibilities within the course and scope of his employment with USC-SOM and without malice, and the South Carolina Tort Claims Act bars Irani's claim on both immunity and statute of limitations grounds.

[ECF #137-1, pp. 5-9]

Irani's response to Defendant Walsh's summary judgment arguments as to the tortious interference with contract claim brought against him reads, in its entirety:

> This claim was added as an alternative theory to Plaintiff's direct breach of contract claims, because of Defendant USC-SOM's argument that there was no privity of contract between USC-SOM and Plaintiff. The discovery in this case solidified Defendant USC-SOM's contractual obligations to Plaintiff, either directly through the USC Orthopaedics Department Resident Manual, or as a third-party beneficiary, as discussed in detail above. Plaintiff's tortious interference with contract claim appears to be somewhat superfluous at this point.

[ECF #148, p. 67]  Despite Irani's complete failure to address any of Defendant Walsh's summary judgment arguments, Irani's counsel, when asked to confirm that his response was meant to abandon that claim, has stated "I have not withdrawn or abandoned that claim."  [E-mail Correspondence, attached hereto]  Thus, it is necessary to address this claim in reply.

Despite the contention of Irani's counsel that he has not abandoned the tortious interference with contract claim, Irani's failure to address Defendants' summary judgment arguments as to that claim has done exactly that.  *See* Smith v. City of North Charleston, 401 F.Supp.2d 530, 532–533 (D.S.C. 2005) ("the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); *see also* Burns v. Air Liquide America, LP, 515 F.Supp.2d 748, 759, n. 9 (S.D. Tex. 2007) (undefended claims regarded as abandoned); Eady v. Veolia Transp. Services, Inc., 609 F.Supp.2d 540, 560–561 (D.S.C. 2009) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."); *accord*, Ferdinand–Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D. Md. 2010); Jones v. Family Health Ctr., Inc., 323 F.Supp.2d 681, 690 (D.S.C. 2003) (finding that plaintiff waived claims not addressed in an opposition memorandum, even though counsel advised the court that she had not intended to abandon those claims); Mentch v. Eastern Savings Bank, FSB, 949 F.Supp. 1236, 1247 (D. Md.1997).

Irani has completely failed to address Defendant Walsh's summary judgment arguments, and expressly asserts his "tortious interference with contract claim appears to be somewhat superfluous at this point." [ECF #148, p. 67] Without any justifiable basis – as confirmed by the Court's granting Defendant Walsh's motion for judgment on the initial pleadings – Defendant Walsh was dragged into this lawsuit as a named defendant on bogus claims. In response to a motion on the pleadings, Irani asserted a meritless claim against Defendant Walsh solely to require him to continue to participate in this litigation as a named defendant. Now, despite the fact that Irani acknowledges (in one short paragraph of his 69-page memorandum) that the tortious interference claim is at best "superfluous," and the fact that he has deemed the claim unworthy of a substantive summary judgment response, Irani refuses to withdraw his unsupported and meritless claim.

Based on Defendant Walsh's summary judgment arguments (ECF #137-1, pp. 5-9), as well as the authority cited herein that failure to address an argument in opposition to summary judgment acts as abandonment of a claim, Defendant Walsh is entitled to summary judgment.[1]

January 27, 2016

    s/ Kathryn Thomas
Kathryn Thomas (DCID #5134)
Fred A. Williams (DCID #9934)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311 / Fax:  (803) 254-6951
kthomas@gsblaw.net; fwilliams@gsblaw.net

ATTORNEYS FOR DEFENDANTS WALSH, KOON, AND UNIVERSITY OF SOUTH CAROLINA SCHOOL OF MEDICINE

---

[1]Likewise, the same tortious interference claim against Defendant Koon fails as well. Defendant Koon will incorporate this filing by reference in his summary judgment reply.

4