# Exhibit A

**From:**  Afraaz Irani <afraaz.irani@hotmail.com>
**Sent:**  Tuesday, March 06, 2012 2:14 PM
**To:**  jl_eady_98@yahoo.com
**Cc:**  David Rothstein
**Subject:**  meeting

Dr. Eady,

Mr. Rothstein gave me your contact information. As you know Dr. Koon and the USC faculty are, and have been for some time now, trying to remove me from the residency program. I know that this has unfortunately happened before, and I am trying to get some perspective.

Obviously my goal of becoming an orthopaedic surgeon has taken a very hard fall with these recent developments.

If you have some time to chat I would really appreciate your insight and guidance. I am available anytime this Wednesday and Thursday and anytime next week from Tuesday on.

I know you are very busy and really appreciate your help and kind understanding. Please let me know if you have some time -- it would mean a lot to me.

Thank you,
Afraaz

Irani003927

| | |
|---|---|
| **From:** | Afraaz Irani <afraaz.irani@hotmail.com> |
| **Sent:** | Wednesday, March 07, 2012 6:04 PM |
| **To:** | jl_eady_98@yahoo.com |
| **Cc:** | David Rothstein |
| **Subject:** | RE: meeting |

Dr. Eady,

Thank you very much for your time. I look forward to chatting with you next Tuesday.

Thank you,
Afraaz

---

Date: Wed, 7 Mar 2012 12:54:11 -0800
From: jl_eady_98@yahoo.com
Subject: Re: meeting
To: afraaz.irani@hotmail.com
CC: DERothstein@mindspring.com

Afraaz,
    If agreeable with you, let's do this in my office at the VA next Tuesday around 3 PM, give or take a few minutes. While there are two sides to every story, I am most willing to hear yours and offer any helpful advice I can. I will look forward to seeing you then. JLE
From: Afraaz Irani <afraaz.irani@hotmail.com>
To: jl_eady_98@yahoo.com
Cc: David Rothstein <derothstein@mindspring.com>
Sent: Wednesday, March 7, 2012 1:53 PM
Subject: RE: meeting

Dr. Eady,

Thank you so much for your kind and thoughtful reply. I was really encouraged to hear about your background and experience in education. Indeed when this all first started I was surprised when Dr. Koon placed me on remediation. I asked him to help me understand the complaints against me as some of them were new to me. He did not expound on the issues when I asked, and only said "that just shows you lack insight." From there I obviously didn't get much guidance, but tried to bear down and do what they wanted. Subsequently, when he suspended me they also went the extra step and ordered a psych eval. I asked what the reason was numerous times in both writing and person, but could not get an answer -- only to "help structure remediation." The psych eval of course showed nothing wrong. Needless to say the whole process has left me feeling cast out, without guidance, and with the feeling that they were more intent on profiling me, than helping me understand how I could improve. I appreciate your insight into this given your many years of experience in education.

I would greatly appreciate the opportunity to meet with you next week. Either Tuesday or Wednesday work fine for me. We can plan for next Tuesday if that is OK with you. What time works best for you? Do you want me to meet you at your office?

Thanks again for your help.
Afraaz

Date: Tue, 6 Mar 2012 11:51:38 -0800
From: jl_eady_98@yahoo.com

Irani003930

**From:**          Afraaz Irani <afraaz.irani@hotmail.com>
**Sent:**          Tuesday, March 27, 2012 6:55 PM
**To:**            John Eady
**Cc:**            David Rothstein
**Subject:**       next steps.
**Attachments:**   RESUME.pdf

Dr. Eady,

Thank you for all your help during this difficult time. If you have a chance to look over the document I attached on my email to Mr. Rothstein that would be great since you might have more insight into how physicians and the GMEC would react to that letter. I recognize you are very busy, so any time would be much appreciated.

My plan is to work with Mr. Rothstein, to develop a cover letter/finalize the document hopefully with your input and move forward.

We had talked about the next step being exploring other programs and the possibility of the RRC letting me add on a spot to an existing program. My goal is to submit the letter to the RRC and request an add on resident spot. In the mean time I am thinking about starting conversations with other programs.

I was wondering what your thoughts were about reaching out to those I know from medical school. Namely talking to the program director at Stanford (Dr. Ivan Cheng). They applied for expansion to six residents a couple years back, but got approved for five. I had talked to him before – at that time all he could tell me was there were no openings. I am also considering speaking with Dr. Stuart Goodman from Stanford whom I did research with as well and wrote me a letter of recommendation.

Also I noticed that Dr. Lawrence Marsh from the University of Iowa sits on the orthopaedic board for the RRC (http://www.acgme.org/acWebsite/RRC_260/260_comMemb.asp). I know Dr. Chuck Clark from the Univ. of Iowa and he also wrote me a letter of recommendation. I was considering contacting him about the RRC as well as about possibly transferring to their program?

I also have a letter of recommendation from Dr. Eric Johnson at UCLA who heads the division orthopaedic trauma as well as Dr. Ryan Goodwin, the program director at the Cleveland Clinic.

I was wondering if you know anything about these programs or the individuals above, and what your thoughts

1

Irani003932

**From:** Afraaz Irani <afraaz.irani@hotmail.com>
**Sent:** Friday, March 30, 2012 12:52 PM
**To:** John Eady; David Rothstein
**Subject:** FW: Palmetto Health Richland Orthopaedic Surgery

Hello,

I spoke with Susan Mansker (312) 755-5028 (Associate Executive Director of the RRC for Orthopaedic Surgery) who referred me over to Marsha Miller (who is in charge of resident complaints). Ms. Miller essentially said that the RRC role is to affect accreditation (her complete response is below). She said I may file a formal complaint, in which case they will begin an investigation and move it in front of the RRC.

I am assuming I am correct in assuming our strategy here is to file a formal complaint soon so that the investigation can begin, and the fact that an investigation is being performed will help put pressure on GMEC, grievance council, etc?

I also spoke with Lin Hearn (lin.hearne@palmettohealth.org 803-296-7883) who is the business associate who is assigned to me. She offered to meet next week to go over how the grievance council works and help copy or prepare any documents.

She said that the earliest the grievance council can meet is April 11th (the day after GMEC meeting was conveniently the "only" day that Drs. Walsh and Koon could meet). Alternatively she said I could initiate the request for a grievance council April 11th, and delay the grievance council until much later, but right now I see no reason to do that, so we are scheduled for April 11th grievance council at this point.

I am going to request the remaining documents that Dr. Koon has not turned over namely: all the memorandums regarding review of my performance during the probation period, the nursing complaints about TF 375 that were never turned over to me, and the memorandum from Dr. Wood regarding the haemophiliac patient.

Right now the next step would be to prepare the writeup formally and submit a formal complaint is the plan. Please let me know your thoughts.

Thank you again for all your help.

Afraaz

---

From: mmiller@acgme.org
To: afraaz.irani@hotmail.com; adunlap@acgme.org; pderstine@acgme.org; smansker@acgme.org
Date: Fri, 30 Mar 2012 10:25:17 -0500
Subject: RE: Palmetto Health Richland Orthopaedic Surgery

Dear Dr. Irani,

Irani003936

I am sorry for your plight, but the ACGME does not adjudicate disputes between program directors and residents and you must avail yourself of all the resources available within the institution. The ACGME cannot get involved in the institution's due process proceedings. The ACGME's role is to make sure that they have policies and procedures for due process. Please know that the ACGME cannot help you personally and all that it can do is affect the program's accreditation for violating ACGME requirements.

After the hearing, if you have evidence that it was unfair, you can file a formal complaint at that time as you won't know whether the hearing was unfair until you've had it. Please remember that unfair is **not** that you do not like the outcome. Unfair is that they did not follow their own policies and procedures. In regard to the harassment, we can address that at the same time as the due process issue. You may want to obtain legal counsel for your hearing if it is allowed. Most often the institution allows an attorney to be present to advise the resident, but not to speak because it is not a court of law. And for the discrimination issue, you may want to contact the Equal Employment Opportunity Commission and file a complaint with them. The ACGME does not address discrimination except within the context of harassment.

If you file a formal complaint after the hearing, it must be in writing and signed. Email is fine, but we will need your signature on the email. Remember the complaint is not going to help you, but will help the residents that are there and those that follow if your allegations are true.

I am sorry that this is not the answer you were hoping for, but the ACGME has educational oversight and not administrative oversight.

Sincerely,


Marsha Miller

Associate Vice President

Office of Resident Services


---

**From:** Afraaz Irani [mailto:afraaz.irani@hotmail.com]
**Sent:** Friday, March 30, 2012 9:59 AM
**To:** Marsha Miller; Amy Dunlap; Pam Derstine; Susan Mansker
**Subject:** Palmetto Health Richland Orthopaedic Surgery


To whom it may concern:

Irani003937

Date: Sat, 31 Mar 2012 07:16:38 -0700
From: jl_eady_98@yahoo.com
Subject: Additional item
To: afraaz.irani@hotmail.com
CC: DERothstein@mindspring.com

Afraaz,

I recommend you also send a letter to the RRC stating specifically that you were denied the chance to engage in your reguarlaly assigned rotation at the VA beginning in Jan, and this a. prevented you from being educated on a rotation that all other residents are assigned, and b. the opportunity to get an unbiased evaluation of your performance by the Orthopaedic staff at the VA, who have no ties with the university staff. Mr. Rothstein will need to advise you about adding a comment that this was the only way a former resident was able to show the performance bias K W etc have about residents of different ethnic, racial or religious groups they discriminate against, and which does affect the resident's educational content. If Mr. Rothstein agrees, you may want to discuss with Chad Lamereaux the details of his issues about K,W etc, since there are legal restraints we all must honor in this matter. In your letter to the RRC, I would also emphasize that a careful evaluation of the present practices of the Dept of Ortho at PH/USC will show residents are being used to solve service needs of these institutions, not the educational ones of the residents, and that their acts do not connform to their policies. This last fact is a duty of the RRC to address, and will stir its inertia. Lastly, I can help you with negating any statement Dr. Wood, the senior resident, may make about your performance as I have documentation of her failure to perform her duty in the completion of patient records in over 250 incidences within a 5 month period, and which I had to personally address. No punitive actions were taken against her in this matter. I also have facts that will show K did not supervise any activities of residents at the VA for the entire time a patient he did a total knee on was in the hospital, and the veteran's kneet got infected that had to be debrided by me within a month after the primary operation ( I was out of town the entire time the veteran was hospitalized for his primary surgery, so K can't say someone else was responsible for this duty). If Mr. Rothstein agrees, you should add you can show K, etc don't supervise residents as required by RRC and federal medicare as well as VA rules.

Maybe this will be helpful. JLE

Irani003942

| From: | Afraaz Irani <afraaz.irani@hotmail.com> |
|---|---|
| Sent: | Monday, April 02, 2012 3:47 PM |
| To: | John Eady |
| Cc: | David Rothstein |
| Subject: | RE: Additional item |

Dr. Eady,

Thank you for your response. I went ahead and delayed the grievance council, so that the RRC can start rustling some feathers before the meeting. You raise a good point about resident supervision. I was curious. Are inpatients required to be seen by an attending every day they are in the hospital? It is not uncommon for post-op patients to have surgery and then not ever checked on by an attending (or maybe checked once) during the hospital stay, and otherwise only seen by resident every day. Is that legal? Is that OK by RRC guidelines? This is something I was wondering, but had no idea what proper care is.

It sounds like we need to add some stuff to the document, beefing up and bringing more to the forefront the improper resident supervision and examples of that.

Thank you,
Afraaz

---

Date: Sun, 1 Apr 2012 12:45:48 -0700
From: jl_eady_98@yahoo.com
Subject: Re: Additional item
To: afraaz.irani@hotmail.com
CC: DERothstein@mindspring.com

Afraaz,
    I will happily share what I have concerning lack of resident oversight by KVW with the RRC if they request it. You need to also keep your stuff handy. I have recently contacted the RRC about the rumored elimination of the Orthopaedic resident rotation at the VA but was told a resident or residents had to raise this issue before they would investigate. Therefore, your raising it will affect their inertia. You must clear the following with Mr. Rothstein but one way of showing K/W have little basis on which to judge you is with proof that they don't do their duty of resident supervision and are depending on second hand (Wood) data instead of first hand observations. I don't know if the GMEC will delay the hearing but getting it delayed would seem to me to be a help for you. However, you must get Mr. Rothstein's advice about this as I really don't know.  JLE
From: Afraaz Irani <afraaz.irani@hotmail.com>
To: John Eady <jl_eady_98@yahoo.com>
Cc: David Rothstein <derothstein@mindspring.com>
Sent: Sunday, April 1, 2012 1:11 PM
Subject: RE: Additional item

Dr. Eady,

Thank you again for those very helpful comments. The write-up at the time of my last draft focused on K, but the violators spread beyond that.

1

Irani003943

**From:**        Afraaz Irani <afraaz.irani@hotmail.com>
**Sent:**        Tuesday, April 03, 2012 12:51 PM
**To:**          John Eady
**Cc:**           David Rothstein
**Subject:**    RE: Additional item

Dr. Eady,

Thank you as always for your help. Looking over Palmetto Health policy, it states that patients in non-critical state need an attending note at least every two days. I tried to research medicare laws. I couldn't find something specific at this point although the documents all say that everything that is billable has to have an attending note. Not sure if that means a daily inpatient note is needed or not, but I guess this is something to perhaps keep in mind moving forward

Thank you as always for your help and insight. I really appreciate it.

Afraaz


For reference: This document http://www.gao.gov/archive/1998/he98174.pdf outlines the PATH audit which required attending physician documentation for billable items. On page 63139 of this document (http://www.gpo.gov/fdsys/pkg/FR-1995-12-08/html/X95-11208.htm) it seems to say that attending physicians must document care for billable items.


---

Date: Mon, 2 Apr 2012 18:18:19 -0700
From: jl_eady_98@yahoo.com
Subject: Re: Additional item
To: afraaz.irani@hotmail.com

Afraaz,
   Thanks for the update, and keeping Mr. Rothstein in the loop. That protects both of us. I think you made the proper choice with delaying the grievance council but that is a tactical decision left to you and Mr. Rothstein. Insofar as the required rounds a teaching attending MUST make on inpatients; this is prescribed in medicare directives for teaching and in hospital policy at each hospital but there are minimums. At the Dorn VA it is at least twice a week or every four days for ward patients and daily for ICU patients. There is a USC/SOM document all teaching attending must sign stating(among other things) they will follow Medicare/caid rules for residetnt supervision and patient care. Mr. Rothstein will need to help you get that from them. Any deviation from that process is not legal for attendings treating medicare/caid patients. Attendings are also required to care plans in the record for Medicare/caid patients, not the residents, such as a preop note noting the pertinent parts of the Hx and Px are unchanged, the dx, and the plan of care. RRC guidelines require docuumentation of resident supervision in the record, not the attendings' word. Let me know if you need anything else. JLE


From: Afraaz Irani <afraaz.irani@hotmail.com>
To: John Eady <jl_eady_98@yahoo.com>
Cc: David Rothstein <derothstein@mindspring.com>
Sent: Monday, April 2, 2012 3:47 PM
Subject: RE: Additional item

1

Irani003947

| From: | Afraaz Irani <afraaz.irani@hotmail.com> |
| Sent: | Sunday, April 08, 2012 10:16 AM |
| To: | John Eady; David Rothstein |
| Subject: | final edits. |
| Attachments: | Cover Letter.doc |

Hi,

I will be submitting the formal signed complaint tomorrow, as well as calling the RRC. If you don't mind looking it over and giving any final thoughts. I will let them know that the full document will follow shortly.

Dr. Eady, there is a line in there that states that "I was encouraged to contact you by a physician who is sympathetic to my plight." Your name is not used, but I hope you are OK with that?

Please let me know if you have any final comments, or feedback and then we will submit the full writeup with all the supporting documents soon.

Thanks again for all your help and support,
Afraaz

Irani003952

**From:** Afraaz Irani <afraaz.irani@hotmail.com>
**Sent:** Wednesday, April 11, 2012 9:42 AM
**To:** John Eady; David Rothstein
**Subject:** FW: Grievance Council

I have initiated the grievance council (below). Should be an interesting few weeks....

From: afraaz.irani@hotmail.com
To: lin.hearne@palmettohealth.org
CC: kathy.stephens@palmettohealth.org
Subject: RE: Grievance Council
Date: Wed, 11 Apr 2012 09:36:32 -0400

Ms. Hearne,

I just left you a voicemail. I would like to go ahead and initiate the grievance council.

Thank you,
Afraaz

Date: Tue, 3 Apr 2012 09:21:35 -0400
From: Lin.Hearne@PalmettoHealth.org
To: afraaz.irani@hotmail.com
Subject: Fwd: Re: Grievance Council

Dr. Irani,

I did follow up with the Vice President of Human Resources and we will cancel the grievance committee for April 11th per your request. As a reminder, your 10 business day deadline to file the grievance with Human Resources is April 11th.

Please let me know if you have any further questions.

Lin Hearne, PHR
HR Business Partner
Palmetto Health
293 Greystone Blvd
Columbia, SC 29210
(803) 296-7883

A Modern Healthcare 100 Best Places to Work in Healthcare Award Winner, 2008, 2009 & 2010

SC Chamber of Commerce Best Places to Work for 2009, 2010 & 2011

Irani003955

**From:**            Afraaz Irani <afraaz.irani@hotmail.com>
**Sent:**            Friday, April 13, 2012 1:10 AM
**To:**              John Eady
**Cc:**              David Rothstein
**Subject:**         duty hours/resident supervision
**Attachments:**     acgme violations letter.docx; Koon violation_1.docx; Duty Hours violations no PHI_3.pdf

Dr. Eady,

I have gathered some information on duty hours violations as well as lack of supervision with respect to the Monday staff clinic in violation of medicare and Palmetto Health guidelines. The document "acgme violations letter.docx" illustrates my complaint letter with the last page describing how to interpret the pdf file which provides documentation of duty hours violations. The file "Koon violations_1.docx" illustrates an example of where Dr. Koon wrote he was at staff clinic when actually he was in the OR.

How best do you think I should proceed with this data? Do you think this is enough to garner the RRC's attention?

Also I know you said you had additional examples of poor supervision. Should we combine that with above and submit that? Should I direct them to talk to you for further examples in the letter? Will you contact them directly, or are we going to wait for them to ask us for more examples? I was wondering how best you thought to proceed, since I'm not sure how exactly the RRC investigation works and what might be best in this situation.

I really appreciate your kind advice in this situation. What are your thoughts? Do you have some time to meet to discuss how best to move forward?

Thank you,
Afraaz

Irani003956