IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., | ) Civil Action Number:  3:14-cv-3577-CMC-KDW |
| Plaintiff, | ) |
| vs. | ) |
| Palmetto Health; University of South Carolina School of Medicine; David E. Koon, Jr., M.D., in his individual Capacity; and John J. Walsh, IV, M.D., in his individual capacity, | ) |
| Defendants. | ) |

**UNITED STATES DEPARMTENT OF VETERANS AFFAIRS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

The United States of America, by and through the United States Attorney for the District of South Carolina, on behalf of its agency, the United States Department of Veterans Affairs ("VA"), responds in opposition to the motion to compel filed by Plaintiff, Dr. Afraaz R. Irani. (ECF No. 146)  For the reasons below, the motion to compel should be denied.

**FACTS RELEVANT TO THE VA'S DECISION**

Plaintiff Afraaz R. Irani, M.D., contends the VA's refusal to permit Dr. John L. Eady to sign a declaration is "erroneous" and he seeks the Court's assistance in compelling the VA to allow Dr. Eady to sign his declaration.  (ECF No. 146, pp. 1-2)  The VA is not a party to this civil action.  It is well settled that 5 U.S.C. § 301, the federal "Housekeeping Statute," authorizes government agencies to promulgate regulations granting the agencies' discretion to determine whether to comply with subpoenas or requests for employee testimony, or whether its records will be made available to the public.  The authority allowing department heads to promulgate

1

regulations restricting employee testimony was upheld by the United States Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (upholding regulation issued by the Attorney General restricting testimony by employees of the Justice Department and disclosure of Justice Department files). *Touhy* regulations promulgated by federal agencies have been upheld as valid by the federal courts. *See, e.g., Boron Oil Co., v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989) ("an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations").

Plaintiff accurately cites the applicable *Touhy* regulations, 38 C.F.R. § 14.800, *et. seq.,* which state the Department of Veterans Affairs personnel are only permitted to provide testimony relating to official information or official duties if authorized by a VA official after considering "the effect in this case, as well as in future cases generally, based on the factors set forth in §14.804…" Plaintiff goes on to cite the fifteen factors for consideration under § 14.804. (ECF No. 146 pp. 3-4)

Counsel for Dr. Irani emailed a request to VA Counsel, Edith Wells Lewis seeking authorization for Dr. Eady to sign a declaration in the instant litigation. (ECF 146-2) After reviewing Plaintiff's request, the responsible VA official, Ms. Lewis, denied Plaintiff's request to allow Dr. Eady to sign the declaration based on factors (i) and (j) of the VA *Touhy* regulations indicating that Dr. Eady's declaration could result in the appearance of VA favoring one litigant over another, and endorsing or supporting a positon advocated by a party. (ECF No. 146-2) Plaintiff sought reconsideration from Ms. Lewis, which was denied. *Id*. Plaintiff then filed the instant motion to compel.

## STANDARD OF REVIEW

"[W]hen the government is not a party [to the underlying action], the [Administrative Procedure Act ('APA')] provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas." *COMSAT Corp. v. National Science Foundation*, 190 F.3d 269, 274 (4th Cir. 1999) "The APA waives sovereign immunity and permits a federal court to order a non-party agency to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *COMSAT*, 190 F.3d at 277. An agency decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983). *See also*, *Spence v. NCI Information Systems, Inc.*, 530 F. Supp. 2d 739, 744 (D. Md. 2008).

## ARGUMENT

The Fourth Circuit has stated that "[w]hen an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." *COMSAT*, 190 F.3d at 278. Further, "the decision to permit employee testimony is committed to the agency's discretion. This compromise between public and private interests is necessary to conserve agency resources and to prevent the agency from becoming embroiled in private litigation." *Id.* The agency may properly consider the "potential cumulative burden" of compliance, as other private litigants may seek testimony from agency employees if the agency complies in the instant dispute. *Id.* Further, the agency does not have to

3

spell out a "formulaic incantation" of its consideration of the applicable *Touhy* regulations in order to satisfy the APA. *Spence,* 530 F. Supp. 2d at 745 (upholding an agency's refusal to comply with a subpoena where the agency did not "refer specifically" to the applicable *Touhy* regulations but where the grounds for refusal were "readily discernable").

In the instant case, sovereign immunity applies to the decision of the VA not to comply with Plaintiff's request regarding Dr. Eady's declaration. *COMSAT*, 190 F.3d at 274.  A waiver of sovereign immunity "may not be implied."  *O'Brien v. Moore,* 395 F.3d 499, 503 (4th Cir. 2005).  It is clear that the decision maker utilized the factors set forth in the agency's *Touhy* regulations and made her decision based on those factors.  (ECF 146-2)  The VA is not a party to the instant litigation and should not become embroiled in the litigation.  The VA's decision to not allow Dr. Eady to provide a declaration conserves government resources where the United States is not a party to a suit, and minimizes governmental involvement in controversial matters unrelated to official business.  This factor alone justifies, as a matter of law, the VA's decision here. See *Boron Oil*, 873 F. 2d at 70 (citation omitted).  Indeed, the VA's cited reasons are legally proper justifications for the VA's refusal to allow Dr. Eady to provide a declaration.

Finally, the Fourth Circuit's observations in *COMSAT*, 190 F.3d at 278 are applicable in this case:

> When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources.  We find [the agency's] decision reasonable in this case, and so we defer to the agency's judgment, recognizing as we do that "federal judges – who have no constituency – have a duty to respect legitimate policy choices made by those who do . . . [because] [o]ur Constitution vests such responsibilities in the political branches." *Chevron, U.S.A. Inc. v. Natural Resources Defendant Council, Inc*., 467 U.S. 837, 866 (1984) (citation omitted).

## CONCLUSION

Based on the foregoing, the VA acted reasonably and in accordance with its own regulations in denying Plaintiff's request for Dr. Eady to sign his declaration. The VA's refusal to comply with Plaintiff's request was not arbitrary, capricious, or otherwise unlawful, and therefore, Plaintiff's motion to compel should be denied.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY


By: *s/Barbara M. Bowens*
Barbara M. Bowens (#4004)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina  29201
Telephone:  (803) 929-3052
Email:  Barbara.Bowens@usdoj.gov

February 12, 2016