IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | C/A No. 3:14-cv-03577-CMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S MOTION TO ALTER** |
| vs. ) | **OR AMEND JUDGMENT AND** |
| ) | **FOR RECONSIDERATION** |
| Palmetto Health; University of South ) | **OF ORDER ON DEFENDANTS'** |
| Carolina School of Medicine; David E. ) | **MOTIONS FOR SUMMARY** |
| Koon, Jr., M.D., in his individual ) | **JUDGMENT** |
| capacity; and John J. Walsh, IV, M.D., ) | |
| in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pursuant to Rule 59(e) of the Federal Rules fo Civil Procedure, Plaintiff, Afraaz R. Irani, M.D., by and through his undersigned counsel, hereby files this Motion to Alter or Amend Judgment and for Reconsideration of Order on Defendants' Motions for Summary Judgment. With all due respect, the Court failed to take all of the facts in the record in the light most favorable to Plaintiff as the non-moving party, but repeatedly presented material, disputed facts and inferences in favor of Defendants. The grounds for this motion are as follows:

(1) The Court misapplied the Fourth Circuit's holding in Boyer-Liberto v. Fontainbleu Corp., 786 F.3d 264 (4th Cir. 2015) (en banc) and unfairly minimized the severity and hostility of the racial slurs at issue in this case. The Court also failed to appreciate the full context in which the alleged slurs were made, which was far more intimidating and threatening than what the plaintiff in Boyer-Liberto faced, especially since the racial or ethnic slurs here were made by the program director, the highest-ranking member of the orthopaedic surgery department.

(2)     The Court improperly accepted Defendant Koon's self-serving explanation of the context of the inflammatory slurs, rather than viewing the offensive nature of the remark from Plaintiff's perspective.  The Court also unfairly dismissed as cumulative the testimony of independent witnesses who also overheard Defendant Koon make the offensive epithets.

(3)     The Court incorrectly found that Defendants did not have adequate notice of Plaintiff's third-party beneficiary contract theory, which raised three contractual documents that incorporated the ACGME standards, but which were not specifically mentioned in the Amended Complaint.  Plaintiff's supplemental discovery responses clearly identified these documents, which were only produced by Defendants in discovery after Plaintiff had already sought leave to amend the complaint.  Plaintiff also specifically identified all of these documents on the record during a discovery hearing in the case before Magistrate Judge West, well before the close of discovery.

(4)     The Court erroneously rule that Plaintiff was an incidental beneficiary, instead of an intended third-party beneficiary of the Affiliation Agreement and the PLA.  The Court completely overlooked the fact that Plaintiff is specifically listed by name in the attachment to the PLA and that he is included within the definition of "resident" in the Affiliation Agreement.

(5)     The Court erred in ruling that the ACGME's decision not to take any action on Plaintiff's written complaints about the orthopaedic surgery residency program precludes a finding that the program breached the accreditation standards.  The ACGME has repeatedly and consistently indicated that it does not adjudicate individual residents' complaints, but only analyzes systemic problems that could impact the program's accreditation status.

(6)     The Court disregarded the underlying principle behind the joint employment doctrine of Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404 (4th Cir. 2015), in ruling that Defendant

2

USC School of Medicine was not a joint employer of Plaintiff's in the residency programs. The Court omitted from its analysis the fact that the University Defendants exercised complete control over Plaintiff's participation in the residency program. In addition, the Court unfairly apportions the educational component of the residency program to Defendant USC-SOM and the employment component to Defendant Palmetto Health, despite the fact that both entities have expressly undertaken responsibilities regarding the conduct of the residency programs.

(7)     In evaluating Plaintiff's due process claims, the Court completely disregarded the GMEC's clear history of acting as an official rubber stamp for whatever the program director of a particular residency program requests about his or her residents. In addition, the Court misconstrues the facts and circumstances surrounding the ex parte submissions by Defendants to the grievance committee following the conclusion of the grievance hearing. Plaintiff did not invite the committee to solicit additional information from the program, nor was Plaintiff invited to submit additional material to the grievance committee following the hearing.

(8)     With regard to Plaintiff's retaliation claims, the Court overlooks a number of adverse employment actions that were taken against Plaintiff immediately following his complaints about Defendant Koon calling him "Achmed the Terrorist," eventually culminating in his termination. The Court does not give sufficient consideration to the liberal standard established by the U.S. Supreme Court in Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006), that retaliation claims should be analyzed in terms of whether the challenged actions might discourage a reasonable person under the same circumstances from making a complaint of discrimination or otherwise engaging in protected activities.

(9)     Finally, the Court unfairly accepts Defendants' premise that Plaintiff provided sub-

standard care in the patient encounters underlying his various disciplinary actions and termination. Plaintiff's expert witness determined that Plaintiff's care was appropriate for a second-year orthopaedic surgery resident; the California Medical Board ultimately determined that Plaintiff had not deviated from standards of acceptable care with regard to these patients; and even one of Plaintiff's senior residents described the treatment towards Plaintiff as a "witch hunt" in a contemporaneous e-mail to his colleagues.

Plaintiff will file a supporting memorandum of law in accordance with the Court's extended briefing deadline. Plaintiff respectfully requests that the Court reconsider its Order of June 1, 2016, and instead deny Defendants' motions for summary judgment in part.

Respectfully submitted,

s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, South Carolina  29605
Office: (864) 232-5870
Facsimile: (864) 241-1386
E-mail: drothstein@rothsteinlawfirm.com

Attorney for Plaintiff, Afraaz R. Irani, M.D.

June 29, 2016

Greenville, South Carolina.