IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | C/A No. 3:14-cv-03577-CMC |
| ) | |
| Plaintiff, ) | |
| ) | **PLAINTIFF'S OBJECTIONS TO** |
| vs. ) | **UNIVERSITY DEFENDANTS'** |
| ) | **BILL OF COSTS** |
| Palmetto Health; University of South ) | |
| Carolina School of Medicine; David E. ) | |
| Koon, Jr., M.D., in his individual ) | |
| capacity; and John J. Walsh, IV, M.D., ) | |
| in his individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Afraaz R. Irani, M.D., by and through his undersigned counsel, hereby submits the following Objections to the University Defendants' Bill of Costs. As previously set forth in Plaintiff's Objections to Defendant Palmetto Health's Bill of Costs, Plaintiff requests that the Court deny an award of costs to Defendants entirely, because Plaintiff's tenuous financial position would make an award of costs grossly unfair and would unfairly penalize an individual who has already suffered a severe blow to his career prospects in his chosen profession. In the alternative, Plaintiff request that the costs requested by the University Defendants be reduced by amounts not properly recoverable under the applicable statutes and rules. Plaintiff hereby incorporates the previous Objections to Defendant Palmetto Health's Bill of Costs, and Plaintiff's Declaration [Dkt. No. 194, 194-1], for a discussion of the applicable standards and the underlying factual basis for Plaintiff's objections for denying Defendants' Bill of Costs in their entirety.

In the alternative to a complete denial of costs, Plaintiff would request that the Court

carefully evaluate the items requested in the University Defendants' Bill of Costs, because a number of items are either duplicative or clearly not warranted under applicable law.

With regard to deposition transcripts, the University Defendants seek costs in the amount of $5,079.40 for a total of 10 depositions.  As Plaintiff noted in his earlier Objection to Defendant Palmetto Health's Bill of Costs, section 1920(2) of the U.S. Judicial Code provides that a bill of costs can properly include "Fees for printed or electronically recorded transcripts <u>necessarily obtained for use in the case.</u>" 28 U.S.C. § 1920(2) (emphasis added).  The Fourth Circuit has held that costs of depositions can be awarded only "when the taking of a deposition is reasonably necessary at the time of its taking."  <u>LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n</u>, 830 F.2d 522, 528 (4th Cir. 1987).  The University Defendants did not notice any depositions in the case and only asked substantial questions during the deposition of Plaintiff.  Yet, the University Defendants also seek reimbursement for obtaining copies of the depositions of Drs. Taylor, Voss, Walsh, Grabowski, Koon, Goodno, Stephens and Guy, all of who are either employed directly by Defendant USC School of Medicine or are affiliated with the Palmetto Health/USC-SOM residency programs. None of these depositions (other than Plaintiff's deposition) was actually "taken" by the University Defendants.  The only deposition transcript that the University Defendants actually submitted to the Court on summary judgment was the deposition of Dr. Harrison Goodno.  Plaintiff submits that the expenses for obtaining optional, courtesy copies of the depositions at issue are not properly taxable as costs because such depositions were not "reasonably necessary" from the University Defendants' perspective. Because all of the witnesses at issue were either employees of Defendant USC School of Medicine or affiliated with the residency program, the testimony of those witnesses could have easily been obtained by Defendants through declaration or affidavit, rather than through depositions

2

taken by Plaintiff's counsel. Indeed, the University Defendants submitted affidavits from most of these witnesses (some of them quite extensive) in support of their motions for summary judgment. Accordingly, Plaintiff requests that the Court deny costs for the depositions other than that of Plaintiff and, perhaps, Dr. Goodno.

With respect to the Koon deposition, the University Defendants seek reimbursement for the costs of both the video recording and the transcript. The University Defendants cannot obtain costs for obtaining both forms of the same deposition. Cherry v. Champion Int'l Corp., 186 F.3d 442, 448-49 (4th Cir. 1999).

The University Defendants also seek costs of $27.50 for "docket fees" pursuant to 28 U.S.C. § 1923 ($5.00 per motion and $2.50 each for nine depositions). Although section 1920 specifically lists "Docket fees under section 1923 of this title" as taxable cost, it appears that this is an obsolete term that refers to a fee that clerks of court previously charged upon the filing of motions or deposition transcripts with the court. Plaintiff believes that the antiquated practice of charging "docket fees" has been replaced by a single filing fee at the commencement of the case. The term "docket fees" does not refer to a set sum for every motion filed or deposition taken in a particular case, but only allows for reimbursement of costs actually expended by a party. See Fisher v. Avande, Inc., No. 05 C 5594, 2007 WL 3232494, at *2 (N.D. Ill. Oct. 31, 2007) (denying docket fees as part of a bill of costs where defendant "provided the Court with no invoices or receipts showing that they actually paid the docketing fees"). Here, there is no evidence that the University Defendants ever paid any docket fees to the clerk's office. Instead, the University Defendants' counsel merely typed a notation on the Bill of Costs form that the University Defendants are seeking payment of "($5.00 on motion, plus $2.50 x 9 depositions)." This item should be stricken from the Bill of Costs.

Finally, the University Defendants seek almost $1,200 in total for copying costs. This charge is not broken down in any fashion as to what documents the copying charges related to, nor is a per page copy charge indicated. The University Defendants refer to Ms. Thomas's Declaration in which she merely states that the parties exchanged over 12,000 pages of documents in the course of discovery (most of which were exchanged in electronic format, rather than hard paper copies), more than 4,200 pages of court filings (also filed in electronic format), and 1,670 pages of courtesy copies of filings for the magistrate judge and district judge according to their respective filing preferences. Where a prevailing party seeks to recover photocopying charges as part of a bill of costs, the party "must come forward with evidence showing the nature of the documents copied, including how the copies were used or intended to be used in the case." Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995). Only copies for documents and exhibits actually submitted to the court are recoverable. Copies prepared "for the convenience of the attorneys" are not properly taxable as costs. Id.

For all of the foregoing reasons, Plaintiff requests that the Court deny the University Defendants' requested bill of costs in its entirety. In the alternative, Plaintiff requests that the Court review the requested bill of costs line-by-line and deny costs that are not properly recoverable or are otherwise duplicative. Most of the University Defendants' bill of costs includes copies of depositions that were not taken by Defendants, were not reasonably necessary for their preparation of the case, or were not submitted to the Court on summary judgment. The University Defendants' request for "docket fees" is not appropriate, because such fees were never actually incurred by these Defendants. And the University Defendants' request for reimbursement of copying charges is not sufficiently detailed to permit recovery of such costs.

Respectfully submitted,

 s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, South Carolina  29605
Office: (864) 232-5870
Facsimile: (864) 241-1386
E-mail: drothstein@rothsteinlawfirm.com

Attorney for Plaintiff, Afraaz R. Irani, M.D.

June 29, 2016

Greenville, South Carolina.