IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C/A No. 3:14-cv-03577-CMC-KDW |
| ) | |
| Palmetto Health; University of South Carolina ) | |
| School of Medicine; David E. Koon, Jr., M.D., ) | |
| etc.; John J. Walsh, IV, M.D., etc. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PALMETTO HEALTH'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DEFENDANT PALMETTO HEALTH'S BILL OF COSTS**

**I.     Introduction**

Palmetto Health did not move for costs lightly. This case has been tremendously expensive with significant discovery. Palmetto Health, through its counsel, closely considered the Local Rules of Civil Procedure and those costs allowable and, accordingly filed its Bill of Costs which represented only a tiny portion of its costs in this lawsuit. Utilizing even the standard as set forth by Dr. Irani, Palmetto Health is entitled to costs.[1]

**II.    Denial of Costs in Their Entirety**

Dr. Irani relies heavily on a description of himself as person of "modest means" as the basis for a total denial of costs. He is a double Stanford graduate with undergraduate degrees in Biological Sciences and Computer Science along with a medical degree.[2] (Exhibit A, *Plaintiff's*

---

[1] Dr. Irani frequently relies on opinion and unsupported statements in his assertions as to why costs are inappropriate.

[2] Although Dr. Irani makes reference to incurring substantial financial debt from undergraduate and medical school, he has never presented evidence to support this and it does not appear in the tax records he has provided. (ECF No. 194-1, ¶ 6.)

*Resume*.) The fact that Dr. Irani chose to drive in an Uber like situation was a choice that he made rather than seeking more gainful employment. Dr. Irani eventually sought and obtained a good consulting job with McKinsey and Company and admitted in his deposition that he received a signing bonus and *chose* to delay his start date by six months. (P. Dep. 294-296.)[3] His position had a beginning salary of $140,000 and he received a signing bonus of $25,000. (P. Dep. 296-297.) He has the opportunity to earn a bonus. *Id*.

There is no evidence that Palmetto Health, or any other Defendant ever sought to block Dr. Irani's California medical license. Furthermore, despite having obtained his California medical license in September 2015, Palmetto Health believes, based on discovery responses not having been supplemented or amended, that he continues in his position as a management consultant with McKinsey and Company.

Dr. Irani's parents are not a party to this lawsuit and what they have chosen to contribute to his costs is not relevant. Dr. Irani has provided no evidence whatsoever as to their financial means.

Dr. Irani's argument for denying costs on the parties' comparative economic power is in error. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999). Such a factor would almost always favor an individual plaintiff over his employer defendant. Moreover, the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. *Id*. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status. *Id*.

---

[3] References to Plaintiff's Deposition are denoted as "P. Dep." followed by the appropriate page(s) number(s), and are attached at Exhibit B.

**III.    Denial of Particular Items in Bill of Costs**

    **A.    Depositions and Other Transcripts**

Dr. Irani argues that $8,600 of Palmetto Health's Bill of Costs was for depositions and other transcripts that should not be paid because they were not reasonably necessary. Section 1920(2) of Title 28 of the United States Code states that a clerk of the court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" Notably, the statute does not distinguish between depositions taken or defended; what matters is that the transcript sought was obtained for use in the case. All of the transcripts for which costs were listed were used in Palmetto Health's Motion for Summary Judgment or Reply.

The Fourth Circuit has held that costs of a deposition should be awarded "when the taking of a deposition is *reasonably necessary* at the time of its taking." *Francisco v. Verizon South, Inc.*, 272 F.R.D. 436, 442 (E.D. Va. 2011). In order for the deposition to be necessary, it needs only to be relevant and material for the preparation in the litigation. *Id*. at 442-43. The deposition does not have to be used in trial, or even in a motion for dispositive relief. *Id*. at 443, citing *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n,* 830 F.2d 522, 528 (4th Cir. 1987). Additionally, even if it is not used at trial, "[a] deposition taken within the proper bounds of discovery" is normally "deemed to be 'necessarily obtained for use in the case.'" *Francisco*, 272 F.R.D. 436 at 443 (quoting *Signature Flight Support Corp. v. Landow Aviation Ltd. Partnership*, 730 F.Supp.2d 513, 531 (E.D. Va. 2010).

Palmetto Health was required to defend Plaintiff's depositions, obtained copies of those transcripts, and ultimately utilized them as evidence in support of its successful motion for summary judgment. It makes no difference that Palmetto Health defended the depositions rather than "taking" them. The depositions were obtained for use in the case.

3

### B.     Deposition Copies

Both parties engaged in extensive discovery and took the depositions of knowledgeable witnesses. Each of the depositions listed in Palmetto Health's Bill of Costs was reasonably necessary, for each was used in support of its successful Motion for Summary Judgment. Thus, the depositions Palmetto Health included in its Bill of Costs were not obtained for "mere discovery" or for "convenience of counsel." *See Principe v. McDonald's Corp.*, 95 F.R.D. 34, 37 (E.D. Va. 1982). As stated by the court in *Principe*, "It is further the Court's view that recourse by counsel to an original on file with the Clerk's Office would have been wholly insufficient. Trial preparation requires counsel to work with a deposition and not merely to view it." *Id.* The same is true of preparation for a dispositive motion. In *Principe,* the court held that the original and a copy of depositions taken by defendant and a copy of the depositions taken by plaintiff were allowed to be forth in the bill of costs. The same is true here. In order to draft its memorandum supporting its Motion for Summary Judgment, Palmetto Health had to utilize and rely on, including annotating, highlighting, and cross-referencing, the transcripts. Using the originals in the Clerk's office would not suffice. Obtaining the transcripts was not for counsel's convenience but rather for its successful development and presentation of its arguments.

### C.     Video Recordings and Transcripts

Dr. Irani objects to $2,054.75 in costs related to videographed depositions. However, in claiming "[i]t is well established that a party cannot submit a bill of costs for both the video recording and the stenographic transcription of the same deposition." Dr. Irani misstates *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999). Specifically, the *Cherry* Court stated that both of these costs *can be recoverable* if the prevailing party can show that both costs were "necessarily obtained for use in the case," *Cherry*, 186 F.3d at 449, citing 28 U.S.C. §

4

1920(2). If it cannot make this showing, then only its transcription costs are recoverable. *Id*. However, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recording pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under [section] 1920 to award the cost of conducting the deposition in the manner noticed." *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp.2d 503, 511 (E.D.N.C. 2012), *aff'd,* 551 F. App'x 646 (4th Cir. 2014*); see also Morrison v. Reichhold Chems., Inc.,* 97 F.3d 460, 465 (11th Cir. 1996) (per curiam) (footnote omitted). Palmetto Health properly notified Dr. Irani that his deposition would be taken by both nonstenographic and stenographic means and no objection was raised. (Exhibit C, *Original Notice of Deposition of Plaintiff* and Exhibit D, *Amended Notice of Deposition of Plaintiff*.)

### D.    Preparation of Grievance Hearing Transcript

Although it was Dr. Irani who insisted on the transcription of the grievance committee recording, a transcript heavily relied on by all parties, he now focuses only on his request for preservation of the audio tape of the event. (*See* Exhibit E, *E-mail from David Rothstein concerning transcription of grievance hearing*.) Ogletree has searched its records and found no evidence of payment by Dr. Irani for his portion of the transcript. It is payable either through the Bill of Costs or directly from Dr. Irani without intervention of the Court.

### E.    Expedited Transcript

Dr. Irani argues that having his expert, Dr. Grant's, deposition transcribed on an expedited basis was not necessary and therefore cannot be subject to the Bill of Costs. Dr. Irani essentially argues that Palmetto Health did not schedule appropriately and therefor the cost cannot be justified. He does not accurately state the facts as to the issues concerning scheduling

Dr. Grant's deposition, however, there is no evidence that is key to whether the cost is recoverable or not. Neither is it important to Palmetto Health's Bill of Cost whether USC-SOM or the individual Defendants participated in the deposition. Palmetto Health took Dr. Grant's deposition on December 7, 2015, and filed its Motion for Summary Judgment on December 15, 2015. (ECF No. 139-8, p. 2.)

Expedited delivery is properly taxed to the non-prevailing party when such delivery is reasonable. *Synergistic Int'l, L.L.C. v. Korman,* 2007 WL 517676, at *3 (E.D. Va. 2007). In *Principe v. McDonald's Corp.,* 95 F.R.D. 34, 36 (E.D. Va. 1982), the court stated that a trial transcript may be taxed if "it was necessary to counsel's effective performance and proper handling of the case." There, a trial transcript, indeed an expedited trial transcript, was determined to be necessary for the effective and proper handling of the case by the defendants.

In *Francisco*, 272 F.R.D. at 444, the plaintiff's counsel intimated that the defendant's counsel's conduct during the deposition was sanctionable. The defendant argued that it ordered the expedited deposition transcript to assess the potential sanctions motion and prepare a response. *See id.* Indeed, the plaintiff subsequently filed a Motion for Sanctions sixteen days after the deposition occurred. *Id.* Accordingly, the court found that the expedited delivery of the deposition was proper, given the defendant's need to thoroughly prepare for, and timely respond to, the subsequent motion for sanctions. *Id.* The cost of the expedited deposition in the amount of $786.90 was therefore properly taxable against the plaintiff. *Id.*

**IV.    Conclusion**

With the exclusion of the cost of the audio tape of the grievance hearing ($40.00) and the cost of the expert witness fee and room ($1,200 and $263.52), Palmetto Health requests that this Court award its costs as listed in its Bill of Costs. Palmetto Health has set for supporting

6

documentation with its Bill of Costs and provided further supporting bases above. The costs are properly requested and the responsibility of Dr. Irani.

Dated this 1st day of July 2016.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By:  s/ Katherine Dudley Helms
            Katherine Dudley Helms (Fed. ID No. 1811)

        **ATTORNEYS FOR DEFENDANT**

First Base Building
2142 Boyce Street – Suite 401
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com