IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., ) | |
| ) | C.A. No. 3:14-cv-3577-CMC-KDW |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Palmetto Health; University of South Carolina ) | **UNIVERSITY DEFENDANTS'** |
| School of Medicine; David E. Koon, Jr., M.D., in ) | **REPLY TO PLAINTIFF'S** |
| his individual capacity; and John J. Walsh, IV, ) | **OBJECTIONS TO UNIVERSITY** |
| M.D., in his individual capacity, ) | **DEFENDANTS' BILL OF COSTS** |
| ) | |
| Defendants. ) | |
| ) | |

University Defendants have submitted a very conservative bill of costs that represents a tiny fraction of the tremendous expense incurred by them in the defense of this lawsuit. The undersigned, in preparing the bill of costs, closely considered applicable rules, statutes, and case law describing allowable costs, and submits that all such costs are properly assessed against Dr. Irani, the party who has not prevailed on any of his multitude of claims asserted against multiple defendants.

**Reply to Dr. Irani's argument that he is unable to pay costs**

Rule 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). The Fourth Circuit Court of Appeals has stated that "[t]o overcome the presumption [that costs are to be awarded to the prevailing party], a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted, based on an earlier version of Rule 54). Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See* Delta Air Lines v.

August, 450 U.S. 346, 355 (1981).  Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided.  Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994).  None of those factors weighs in Dr. Irani's favor.

In his objections to University Defendants' bill of costs, Plaintiff has requested that the Court deny an award of costs entirely, on the *sole* ground that "Plaintiff's tenuous financial position would make an award of costs grossly unfair and would unfairly penalize an individual who has already suffered a severe blow to his career prospects in his chosen profession."  [ECF #199][1]  Notably, however, Dr. Irani has not presented the Court with any information whatsoever about his current or prospective income.[2]  In fact, based on information obtained in this litigation, Dr. Irani in 2014 obtained a $25,000 signing bonus for employment as a management consultant with McKinsey & Company.  Dr. Irani had the opportunity to begin his McKinsey employment in January 2015, but he intentionally made the decision to delay his start date with

---

[1]In response to co-Defendant Palmetto Health's bill of costs, Plaintiff made passing reference to allegations that there is "no doubt" that he pursued his claims in good faith and that the "outcome of the case was close."  [ECF #194, p. 3]  Plaintiff has not raised such arguments in response to University Defendant's bill of costs, nor could he.  The record shows Plaintiff in bad faith refused to concede clearly meritless claims against the University Defendants during this litigation, thereby forcing a ruling by the Court on every claim.  Further, the issues presented to the Court were so clearly without merit that the Court granted summary judgment in favor of every Defendant on every claim.

[2]In response to co-Defendant Palmetto Health's bill of costs, Plaintiff has cited the case of Ellis v. Grant Thornton LLP, 434 Fed. Appx. 232, 235-36 (4th Cir. 2011), as stating that "there was sufficient evidence admitted at trial to allow the district court to carefully evaluate [plaintiff's] financial condition and assess his ability to pay the award of costs."  [See ECF #194, p. 4]  Clearly distinguishable from Ellis, there is no trial or other evidence before this Court that would justify relieving Dr. Irani from an assessment of costs based on his financial condition.  To the contrary, as set forth in this filing, Dr. Irani has substantial current and projected income from which to pay costs.

2

McKinsey until July 2015. Dr. Irani began his employment with McKinsey on July 8, 2015, with a beginning annual salary of $140,000, a projected salary of up to $175,000 in 2016, plus generous benefits that include an additional employer's retirement contribution equal to 12% of his income (up to $20,400 annually), and a 2015 year end bonus of up to $15,000 based on Dr. Irani's 2015 start date. [See Thomas Reply Declaration, filed herewith.]

It is clear why Dr. Irani has declined to provide the Court with information about his substantial income.[3] It is also clear that Dr. Irani at all times has had the means to agree to pay substantial legal fees (for which he has provided no documentation) to his own attorneys in California and South Carolina, as well as "over $35,000" in expenses (again undocumented) he claims to have incurred in prosecuting this action.[4] The Court should note that Plaintiff's alleged personal costs in this action, of more than $35,000, exceed the combined costs currently sought by all Defendants in this action. Dr. Irani has provided no justification for why he should be excused from paying Defendants' costs in this action when he has contracted with his own attorneys to pay their substantial legal fees and all of his own litigation expenses.

The Court in Cherry held that before declining to award costs on the basis of "the unsuccessful party's inability to pay the costs," a district court must be satisfied that the losing party does in fact not have "the effective ability" to pay the prevailing party's costs. Cherry, 186

---

[3]Promptly after Plaintiff filed his objections to costs, the undersigned asked Plaintiff's counsel to provide information about Plaintiff's income in 2015 and 2016, as well as other information relating to Plaintiff's income and prospective income. [See Thomas Reply Declaration, filed herewith] Plaintiff's counsel has declined to respond to such requests in any manner. [Id.]. When Plaintiff has refused to provide such relevant information in response to the undersigned's reasonable requests, Defendants would object to any future effort by Plaintiff to supplement his objection filings in any manner.

[4]Nor has Dr. Irani provided any documentation that would support his allegation that he has any debt, including any student debt, as we are hearing for the first time. Rather, it appears Dr. Irani's family paid for his education, without expectation or agreement of repayment.

F.3d at 446-447.  "In order to benefit from this exception to Rule 54, however, the losing party must provide sufficient documentation establishing his inability to pay costs."  Broccoli v. Echostar Communications Corp., 229 F.R.D. 506, 517 (D.Md. 2005) *citing* Wyne v. Medo Industries, Inc., 329 F.Supp.2d 584, 588 (D.Md. 2004).  On this point, the Wyne court held:

> While Plaintiffs maintain that they are of "modest means", they have not asserted that it would be difficult or impossible for them to pay the costs delineated in Defendant's Bill of Costs. *Id*. In fact, no record has been established that would permit this Court to conclude that these Plaintiffs should be relieved of their duty to pay costs. Merely stating that one is of "modest means" is insufficient to overcome the presumption that the losing party must pay the prevailing party's costs. *See* Chapman v. Al Transp., 229 F.3d 1012, 1039 (11th Cir.2000) (noting that losing litigant's financial status is factor to be considered, but court must first require substantial documentation of true inability to pay costs); Briscoe v. City of Philadelphia, Civ.A. No. 95-1852, 1998 WL 52064, *2 (E.D.Pa. Jan. 28, 1998) (acknowledging that court may consider indigency but refusing to do so because plaintiff provided no documentation); McGuigan v. CAE Link Corp., 155 F.R.D. 31, 35 (N.D.N.Y.1994) (refusing to reduce costs because plaintiff did not adequately document inability to pay).

Wyne v. Medo Industries, Inc., 329 F.Supp.2d 584, 588 (D.Md. 2004).

Dr. Irani's failure to provide the Court with even the most basic of information by which the Court might evaluate his alleged inability to pay Defendants' costs – such as his current and prospective income – is more than sufficient reason for the Court not to grant his request on this ground.  Further, the record shows Dr. Irani has substantial income from which to pay costs. [See Thomas Reply Declaration, filed herewith.]   Plaintiff's objections on this ground are disingenuous and have been asserted in bad faith.

**Reply to Dr. Irani's objections to particular costs**

**A.     Deposition Transcripts**

Plaintiff argues the University Defendants should not be able to obtain a judgment of costs based on deposition expenses because the University Defendants did not "notice" or take the lead in any deposition and could have gotten by without copies of deposition transcripts.

4

This argument is specious and not supported by any authority.

Section 1920(2) of Title 28 of the United States Code states that a clerk of the court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" The statute does not distinguish between depositions taken or defended; what matters is that the transcript sought was necessarily obtained for use in the case. It cannot reasonably be argued that the depositions were not necessary for use in this case. *Plaintiff* is the party who noticed and conducted all depositions (except Dr. Irani's) for which University Defendants are seeking costs. [See Thomas Reply Declaration, filed herewith.] Further, in his summary judgment filings, *Plaintiff* cited and included portions of *every* deposition taken by any party in this case. [Id.; ECF #148 through #157]

The Fourth Circuit has held that costs of a deposition should be awarded "when the taking of a deposition is *reasonably necessary* at the time of its taking." Francisco v. Verizon South, Inc., 272 F.R.D. 436, 442 (E.D. Va. 2011). To be considered "necessary," a deposition need only be relevant and material for the preparation in the litigation. *Id.* at 442-43. The deposition does not have to be used at trial or filed with a motion for dispositive relief. *Id.* at 443, citing LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Additionally, even if it is not used at trial, "[a] deposition taken within the proper bounds of discovery" is normally "deemed to be 'necessarily obtained for use in the case.'" Francisco, 272 F.R.D. 436 at 443 (*quoting* Signature Flight Support Corp. v. Landow Aviation Ltd. Partnership, 730 F.Supp. 2d 513, 531 (E.D. Va. 2010).

The University Defendants filed early dispositive motions on grounds that they should not have to be involved in this litigation at all, and to avoid the expenses of litigation, including depositions. Plaintiff resisted those grounds, and the University Defendants were forced to participate in all depositions for which costs are sought, and necessarily had to purchase copies

5

of those transcripts for use in the defense of Plaintiff's claims. It makes no difference that other parties in this litigation noticed, initiated, or primarily conducted the depositions. The depositions were unquestionably necessarily obtained for use in the case. Plaintiff's objection on this issue is without merit and must be overruled.

### B.     Video Recording of Dr. Koon's deposition in addition to transcript

Plaintiff objects to the University Defendants' bill seeking costs for both the video recording and the written transcript of Dr. Koon's deposition.[5] Plaintiff misstates Cherry, suggesting it stands for the proposition that a party can never obtain costs for obtaining both forms of the same deposition. [ECF No. 199, *citing* 186 F.3d at 448-49]  Contrary to Plaintiff's simplified representation of that case, the Cherry court stated that both video and written transcript costs *can be recoverable* if the prevailing party can show that both costs were "necessarily obtained for use in the case." *Id*. at 449, citing 28 U.S.C. § 1920(2). If it cannot make this showing, then only transcription costs are recoverable. *Id.*  However, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recording pursuant to Federal Rules of Civil Procedure 26(c), it is appropriate under [section] 1920 to award the cost of conducting the deposition in the manner noticed." Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012), *aff'd*, 551 F. App'x 646 (4th Cir. 2014); *see also* Morrison v. Reichhold Chems, Inc., 97 F.3d 460, 465 (11th Cir. 1996) (*per curiam*) (footnote omitted). *Plaintiff himself* expressly *noticed* Dr. Koon's deposition by *both*

---

[5]Plaintiff has not objected to University Defendants' bill of costs for the video-recording of Dr. Irani's deposition. Plaintiff himself purchased both the transcript and the video-recording of his own deposition, the video-recording and transcript he noticed and ordered for Dr. Koon's deposition, and the transcripts of all other depositions taken in this case. [See Thomas Reply Declaration, filed herewith]

"stenographic means (and also by audiovisual recording for Defendant Koon's deposition only)." [See Thomas Reply Declaration, filed herewith] Moreover, Plaintiff *ordered both* the video-recording *and* the written transcript of Dr. Koon's deposition testimony. [Id.] In light of *Plaintiff's own notice* of Dr. Koon's deposition by *both* means, as well as Plaintiff's having *ordered both* the video-recording *and* the written transcript of Dr. Koon's deposition, it is specious for Plaintiff to argue that it was not necessary for Defendants to incur similar costs. Plaintiff's objection on this ground is meritless and must be overruled.

**Docket Fees**

Reaching to Illinois for authority, Plaintiff argues Defendants cannot seek costs authorized by 28 U.S.C. § 1923 because there is no documentation that such fees have been paid to the Court. Plaintiff argues that 28 U.S.C. § 1923 is "obsolete" and "antiquated" and the bill of costs's line item for $27.50 under that statute should be denied. To the contrary, the statute remains viable and the Court's mandated bill of costs form contains a line item for recoverable costs pursuant to that statute. There is no requirement that a party seeking such costs prove that any fees were paid to the Court.

The United States Supreme Court has confirmed and opined that "[i]ndeed, the federal statutory definition of costs, which was enacted before the Civil War and which remains in effect today, includes certain fixed attorney's fees as recoverable costs . . . Inflation has now made the awards merely nominal, but the principle of allowing such awards against all parties has undiminished force." Hutto v. Finney, 437 U.S. 678, 697 and n.29 (1978). In 1986, the District Court for the Western District of Virginia addressed the issue directly:

> [28 U.S.C. § 1923] establishes an exception to the general rule that attorney's fees may not be taxed as costs, and allows for "recovery of nominal sums known as 'attorney's or proctor's docket fees.'" Fleischmann v. Maier Brewing, 386 U.S. 714, 718 n. 11, 87 S.Ct. 1404, 1407 n. 11, 18 L.Ed.2d 475 (1967). Unlike the clerk's filing fee, however, the attorneys' docket fees are never actually collected

7

> either from private litigants or from the United States, but are nevertheless allowed to a prevailing party as a "cost" under 28 U.S.C. § 1920(5) at the conclusion of an action, subject to the discretion of the Court.
>
> The § 1923 docket fee is distinguishable from the clerk's filing fee in at least one important respect. The Court has held in Part A, supra, that § 1920, in conjunction with § 1914, allows taxation of the clerk's filing fee only where that fee has actually been paid over to the clerk. In contrast, however, neither § 1923 nor § 1920 require the pre-payment of the attorneys' docket fee, either by the United States qua litigant, or by a private litigant, before that cost may be taxed by the clerk. Section 1923 thus does not establish a reimbursement mechanism, as does § 1914(a), but establishes instead a nominal, statutory fee to be awarded to a prevailing party, irrespective of the actual costs which that party may have incurred in hiring an attorney to bring or defend the suit. This Court thus finds no reason to disallow the attorney's docket fee in the present case.

U.S. v. Orenic, 110 F.R.D. 584, 588 (W.D.Va. 1986).

Accordingly, Section 1923 remains a viable statute for the recovery of nominal fees as part of a bill of costs.  This is confirmed as well as by the Court's continued use of a mandatory bill of costs form that provides a line item specifically referencing Section 1923.  Plaintiff's objection to this item of costs is without merit and must be overruled.

**Copying Costs**

Plaintiff incorrectly argues that only copies for documents and exhibits actually submitted to the court are recoverable as part of a bill of costs, while copies prepared "for the convenience of the attorneys" are not properly taxable as costs.  Notably, Plaintiff had to go to Georgia to find authority for that argument.  [ECF No. 199 *citing* Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995)]  In the Fourth Circuit, that is not the rule:

> Although the original costs statute limited taxation to "lawful fees for exemplifications and copies of papers necessarily obtained for use on trial," 10 Stat. 161, 168 (emphasis added), the current statute more broadly permits taxation of "[f]ees for exemplification and the costs of making copies ... necessarily obtained for use in the case," 28 U.S.C. § 1920(4) (emphasis added). Moreover, several circuits have found that § 1920(4) encompasses discovery-related costs. Thus, the plain language and weight of authority establish that the costs of exemplifications and copies in discovery are taxable under § 1920(4).

8

Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 257-58 (4th Cir. 2013).

Counsel for the University Defendants has submitted sworn testimony that undisputedly states that the copying costs it seeks actually have been incurred by University Defendants and were necessarily obtained for use in this case.  [ECF #192-1]  In fact, substantially more copies of documents have necessarily been obtained for use in this case than are reflected in the bill of costs, which reflects only those copying costs the undersigned law firm actually charged University Defendants.  University Defendants have met their burden of establishing evidence that they actually and necessarily incurred the costs they seek.  Plaintiff has failed to refute that evidence.  Plaintiff's argument on this issue is without merit.  The copying costs sought are properly assessed against Dr. Irani, the non-prevailing party in this case.

s/ Kathryn Thomas
Kathryn Thomas (DCID No. 5134)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Ph: (803) 799-9311 / Fax:  (803) 254-6951
kthomas@gsblaw.net

July 12, 2016

ATTORNEYS FOR DEFENDANTS UNIVERSITY OF SOUTH CAROLINA, KOON, AND WALSH