IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Palmetto Health; University of South Carolina )<br>School of Medicine; David E. Koon, Jr., M.D., in )<br>his individual capacity; and John J. Walsh, IV, )<br>M.D., in his individual capacity, )<br>)<br>Defendants. )<br>                                               ) | C.A. No. 3:14-cv-3577-CMC<br><br>**DECLARATION OF<br>KATHRYN THOMAS<br>IN REPLY TO PLAINTIFF'S<br>OBJECTIONS TO COSTS** |

Kathryn Thomas, whose signature appears below, testifies under oath as follows:

1.  I am counsel of record for Defendants University of South Carolina School of Medicine, Dr. David Koon, Jr., and Dr. John Walsh, IV ("University Defendants") in this action. I have personal knowledge and am competent to testify as to University Defendants' costs in this matter. I am a custodian of records maintained by my law firm as relate to this action. The costs set forth in this filing were necessarily incurred, charged, and related to services actually and necessarily performed in this case.

2 - 3.  Paragraphs 2 and 3 are addressed in my prior Declaration in support of these Defendants' Bill of Costs [ECF # 192-1], filed June 13, 2016.

4.  Included among interrogatories and document requests I served Plaintiff's counsel on December 31, 2014, were the following:

> Interrogatory 3: Describe all attempts by Plaintiff to obtain a position of employment or residency since January 2009, including the names, addresses and telephone numbers of all employers, prospective employers, employment agencies, and others with whom Plaintiff has had contact, the names of individuals contacted, the date of each contact, and the action taken.

Interrogatory 4: Identify all current and past positions of employment or residency on the part of Plaintiff, including self-employment, work performed as an independent contractor, and employment without compensation, including the full name, address and telephone number of each employer or residency sponsor; dates of employment or contractual or other relationship; description of the positions held; wages or salary received and the number of hours worked per week; disciplinary actions taken against Plaintiff and the reason each position or affiliation ended.

Document Request 2: All documents and things relating to Plaintiff's efforts to obtain a position of employment or residency since January 2009, including correspondence, notes, calendars, applications, letters, resumés, job offers, and rejections.

Document Request 3: All documents and things relating to employment, residency, or other positions held by Plaintiff since January 2009, including paychecks and stubs, employee handbooks, summary plan descriptions of benefit plans offered, job descriptions, and the like.

5.     In his February 2, 2015, discovery responses to these requests, Dr. Irani did not mention McKinsey & Company in any manner. He did not disclose, mention, or produce documentation that he had, in 2014, accepted a $25,000 signing bonus from McKinsey, or that he had applied for or accepted employment with McKinsey. It was only later that Defendants began to learn such information.

6.     On February 26, 2015, Plaintiff produced an expert report that disclosed that Dr. Irani had obtained a signing bonus and upcoming employment with McKinsey and Company. Plaintiff refused requests to provide information about his McKinsey employment prospects in response to the discovery requests set forth above.

7.     Co-Defendant Palmetto Health propounded similar discovery requests. In responses dated April 13, 2015, with regard to Plaintiff's employment with McKinsey, Plaintiff disclosed only that he had obtained a $25,000 signing bonus from McKinsey & Company and was scheduled to begin employment at McKinsey starting July 8, 2015. On May 24, 2015,

2

Plaintiff produced a 2014 W-2 form from McKinsey & Company showing Dr. Irani received $25,250 from McKinsey & Company in 2014.

8.     Plaintiff refused to comply with Defendants' requests about his McKinsey employment to the point that Defendants were forced to seek a court ruling and permission to send a subpoena to McKinsey and Company.  The magistrate judge prohibited Defendants from sending a subpoena to McKinsey and required Plaintiff to provide the requested discovery information about his McKinsey employment (as well as other matters), by an extended limited discovery deadline at the end of September 2015.

9.     On September 28, 2015, Plaintiff served a supplemental response to the University's interrogatory 4, stating that Dr. Irani had been employed by McKinsey since July 8, 2015, with a base salary of $140,000 plus benefits.  Attached hereto as Exhibit A are McKinsey-related documents Plaintiff finally served at the end of September 2015, as ordered by the magistrate judge.  As reflected in Exhibit A, Dr. Irani had a 2014 sign-on bonus of $25,000 with McKinsey & Company.  Other terms of Dr. Irani's employment with McKinsey included a 2015 salary of $140,000, a 2016 salary of up to $175,000, and very generous employment benefits including an additional employer-paid retirement contribution of 12% of Dr. Irani's salary (up to $20,400 per year), and a 2015 year end bonus of up to $15,000 based on Dr. Irani's 2015 start date.  According to Exhibit A documentation, Dr. Irani could have started employment with McKinsey in January 2015, but he intentionally chose not to start until July 2015.

10.    Attached hereto as Exhibits B and C are documents Plaintiff produced as his expert witness's projections of Dr. Irani's career salary and retirement income from working at McKinsey & Company (see Exhibit C's reference to "Scenario 4:  Management Consulting").

11.    Attached hereto as Exhibit D are email requests I have sent to Plaintiff's counsel

3

since he filed Plaintiff's objections to costs. Plaintiff has not responded in any manner to these requests.

12. Attached as Exhibit E is Plaintiff's notice of the deposition of Dr. Koon by both video-recording and stenographic means.

13. Attached hereto as Exhibit F is a copy of an invoice I have obtained from the company that video-recorded Dr. Koon's deposition, which shows Plaintiff's counsel ordered and purchased the video recording of Dr. Koon's deposition. I have confirmed with Allen Court Reporting that Plaintiff's counsel purchased written transcripts of all of the depositions for which he contracted them in this case (i.e., the depositions of Dr. Koon, Dr. Walsh, Dr. Taylor, Dr. Guy, Dr. Grabowski, Dr. Goodno, Dr. Stephens, and Dr. Voss). Plaintiff filed portions of every deposition in this case with the Court in his opposition to summary judgment motions.

I testify under penalty of perjury that the foregoing statements are true and correct.

July 13, 2016

_Kathryn Thomas_
Kathryn Thomas (DCID No. 5134)
GIGNILLIAT, SAVITZ & BETTIS, LLP
900 Elmwood Avenue, Suite 100
Columbia, South Carolina 29201
Ph: (803) 799-9311 / Fax: (803) 254-6951
kthomas@gsblaw.net

4