IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Afraaz R. Irani, M.D.,<br><br>        Plaintiff,<br><br>    v.<br><br>Palmetto Health, University of South Carolina School of Medicine, David E. Koon, M.D., in his individual capacity, and John J. Walsh, M.D., in his individual capacity,<br><br>        Defendants. | C/A No.  3:14-cv-3577-CMC<br><br>Opinion and Order<br>Granting in part Bills of Costs<br><br>ECF Nos. 190, 192 |

This matter is before the court for a ruling on Defendants' bills of costs (ECF Nos. 190, 192), to which Plaintiff has interposed various objections (ECF Nos. 194, 199). Plaintiff argues, inter alia, that all costs should be denied due to his financial circumstances. Alternatively, Plaintiff argues that specific costs should be denied on various grounds.

For the reasons set forth below, the court overrules Plaintiff's objections to the extent he seeks to avoid payment of any costs. The court overrules Plaintiff's other objections except as to three itemized costs Palmetto Health agrees should not be awarded (reductions totaling $1,503.52) and copying costs in the amount of $1,197.26 sought by the remaining Defendants (collectively "University Defendants"). Ultimately, the court awards costs in the amount of $10,902.46 to Defendant Palmetto Health and costs in the amount of $5,106.90 to the University Defendants.

**BACKGROUND**

Plaintiff filed this action on September 8, 2014, asserting multiple claims relating to his treatment during and termination from an orthopaedic surgery medical residency program ("Residency Program") and subsequent events related to that termination. Defendant Palmetto Health ("Palmetto Health") was the official sponsor of the Residency Program and operated the Program in

affiliation with Defendant University of South Carolina School of Medicine ("USC-SOM"). Defendants David E. Koon, M.D. ("Dr. Koon"), and John J. Walsh, M.D. ("Dr. Walsh"), are employees of USC-SOM and were involved in operation of the Residency Program at the time of Plaintiff's participation and thereafter.

Collectively, the University Defendants filed three early motions for judgment on the pleadings and summary judgment. ECF Nos. 18, 22, 31 (filed in December and January 2015). While those motions were pending, Plaintiff sought and was granted leave to file an Amended Complaint. ECF Nos. 27, 48. The Amended Complaint asserted a total of thirteen causes of action against the various Defendants, though not all claims against all Defendants.

The early motions for summary judgment were denied without prejudice to renewal following the close of discovery. The motion for judgment on the pleadings was granted in part, ending one claim in full and dismissing several others to the extent asserted against Dr. Walsh. ECF No. 95.

Following the close of discovery, all Defendants moved for summary judgment on all remaining claims. ECF Nos. 136, 137, 139. These motions were supported and opposed with substantial briefing and evidentiary attachments, including excerpts of multiple depositions (the costs for which are at issue here). Ultimately, the court granted summary judgment in Defendants' favor on all claims. ECF No. 188. Defendants, thereafter, filed the bills of costs that are now at issue.

## DISCUSSION

**I.     Objection to Payment of Any Costs Based on Financial Circumstances**

**Plaintiff's Argument.** Plaintiff first argues that no costs should be awarded due to his financial circumstances, particularly when contrasted with Defendants' circumstances. ECF No.

2

194 at 2-4 (describing Plaintiff as a person of "modest means," who would face "tremendous hardship" if required to pay costs and Defendants as "large, non-profit or governmental entities that are regularly required to defend themselves from lawsuits"). Plaintiff argues he pursued the action in good faith and notes the sheer volume of the briefs, exhibits, and summary judgment order. *Id.* at 3 ("[U]ndersigned counsel for Plaintiff has never before faced such voluminous briefs and attachments on summary judgment as were presented in this case, nor has he ever received a 116-page order on a summary judgment motion."). In arguing that the court should deny costs under these circumstances, Plaintiff relies on *Ellis v. Grant Thornton LLP*, 434 Fed. App'x. 232 (4th Cir. 2011), which affirmed a district court's denial of costs following a trial. *Id.* at 4 (noting issues were close and difficult, the case was hotly contested, judgment was reached with difficulty and only after a thorough and careful evaluation of the applicable law, and evidence presented at trial allowed the district court to carefully evaluate Plaintiff's financial condition). Plaintiff suggests that awarding costs to Defendants would be "inequitable and unjust 'rubbing of salt' in Plaintiff's considerable, proverbial wounds." *Id.* at 4.

In his attached declaration, Plaintiff states that the four-plus years since his termination from the Residency Program "have caused a tremendous financial hardship" for him and his parents. ECF No. 194-1 ¶ 2. He avers the annual costs of his education exceeded $50,000 (expenses incurred prior to his residency) and paying these costs was "financially challenging." *Id.* ¶ 3. He does not, however, indicate how these expenses were paid (*e.g.*, what amounts were paid from employment, savings, scholarships or loans or the balance of the latter), although he does, in a later paragraph, refer without specificity to a "huge education debt." *Id.* ¶¶ 3, 10. Plaintiff also states that he borrowed $10,000 from his parents following his termination from the Residency Program to apply to other programs. *Id.* ¶ 4. He refers to his decision to move back in

3

with his parents following his termination from the program due to his "substantial debt from undergraduate and medical school," his inability to find a job other than as a driver for Uber and Lyft, and the over $100,000 in expenses he incurred in successfully appealing the denial of his application to practice medicine in California. *Id.* ¶¶ 6, 8. He acknowledges he has been working for a management consulting company since July 2015, but provides no detail as to his compensation. *Id.* ¶ 9. He also states that he has "huge educational debt" from his years at Stanford and has "incurred approximately $100,000 in attorney's fees and over $35,000 in expenses in connection with [the present action], most of which is still unpaid." *Id.* ¶ 9. Plaintiff concludes that he lacks the funds to pay the costs sought and suggests he would be required to borrow from his parents to satisfy any award. *Id.* ¶ 10.[1]

**Discussion**. As Defendants note in their responsive memoranda, Plaintiff's claims of financial difficulties are not supported by any proffer of evidence beyond his relatively generic declaration. For example, while claiming the existence of substantial debt, Plaintiff fails to state the amount of the debt or provide any supporting documentation. He also fails to disclose the amount of his present income (over $140,000 per year according to evidence proffered by Defendants) or that he was offered an opportunity to start the job six months earlier. While the delayed start date may have a reasonable explanation (that Plaintiff needed time to dedicate to this litigation), the failure to volunteer this information while claiming an inability to find a job is

---

[1] Plaintiff's objection to the University Defendants' bill of costs incorporates these arguments. ECF No. 199 at 1.

problematic. He has, in any event, failed to establish that he is of such modest means that costs should be denied.[2]

Plaintiff's argument based on the parties' comparative economic power is also misplaced. Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption in favor of an award of costs to the prevailing party. Fed, R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."). "To overcome the presumption [that costs are to be awarded to the prevailing party], a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted).

In *Cherry*, the Fourth Circuit held the district court erred in denying costs to an employer that successfully defended all claims in an employment action. In doing so, the court rejected arguments that plaintiff's good faith, modest means, joint ownership of all property with spouse, or defendant's substantially greater wealth (either alone or in combination) justified denial of costs. *Id.* at 447-48 (noting that, while good faith is a prerequisite to denial of costs, it did not alone justify such denial and plaintiff had failed to show her means were so modest she could not pay costs.)

In *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994), the Fourth Circuit listed a number of factors other circuits have found may warrant denial of costs. These factors include (1) excessiveness of the costs claimed in a particular case, (2) actions by the prevailing party that unnecessarily prolonged litigation or injected meritless issues, (3) the limited value of the

---

[2] The University Defendants indicate that they sought information as to Plaintiff's recent and projected income after Plaintiff filed his objections but received no response. ECF No. 205 at 3 n.3 (stating "Plaintiff's counsel has declined to respond to such requests in any manner").

5

prevailing party's victory, (4) the closeness and difficulty of the issues decided, (5) the resources of the parties, and (6) any failure of the prevailing party to mitigate damages.

The court does not find any of these factors, either alone or in combination, warrant denial of costs in this case. As noted above, Plaintiff has not demonstrated that his means are so modest that he cannot pay an award of costs.[3] He points to no misconduct by the prevailing parties or evidence they unnecessarily prolonged the litigation or interjected meritless issues. The costs sought are, moreover, modest relative to the extensive record in this case and scope of the litigation, something for which Plaintiff is largely responsible.[4] It follows that the "excessiveness" factor does not apply. The prevailing parties obtained a complete victory, something of substantial value particularly in light of Plaintiff's broad ranging claims. Finally, while the order in this case is unusually long, that is a reflection of the complexity of the evidentiary record, the breadth of Plaintiff's uniformly unsuccessful claims, and the novelty and shifting nature of a number of Plaintiff's legal theories and arguments. It does not indicate the issues were so close or difficult as to warrant a denial of costs.

In sum, to the extent costs sought are available under the relevant rules and statutes, the court finds justice best served by awarding costs.

---

[3] To the extent Plaintiff relies on relative wealth, his argument is misplaced. As noted in *Cherry*, the critical factor is his inability to pay, not the parties' relative wealth. Likewise, Plaintiff's parents' circumstances are irrelevant as they have no legal obligation to assist Plaintiff in paying any costs awarded.

[4] A few costs are, however, denied as explained below.

6

**2.      Costs for Transcripts of Defense Witness Depositions**

Plaintiff makes a most curious argument that Defendants should be denied costs for obtaining copies of transcripts of depositions of defense witnesses taken by Plaintiff because such costs were unnecessary. This argument rests on the premise Defendants had access to and control over these witnesses and, consequently, could have obtained declarations from them rather than relying on their deposition testimony in support of summary judgment. ECF No. 194 at 4-5. It ignores Defendants' need to obtain the transcripts to confirm (or challenge) the accuracy and completeness of any reference Plaintiff might make to the testimony. It also ignores Defendants' right to rely on deposition testimony.

Having been the party who noticed these depositions, Plaintiff cannot (and does not) argue the depositions themselves were unnecessary.[5] Once the depositions were taken, Defendants would have been ill-advised not to obtain a transcript of the testimony for reasons indicated above. The court, therefore, finds no merit in Plaintiff's argument that it was unnecessary for Defendants to obtain copies of transcripts of defense witnesses. *See generally* 28 U.S.C. § 1920(2) (providing clerk of court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and making no distinction between depositions taken or defended).

**3.      Costs for Videotapes as well as Transcripts**

Plaintiff also challenges as duplicative Defendants' pursuit of costs for videotapes and transcripts of the same deposition[s]. ECF No. 194 at 5 (addressing depositions of Dr. Koon and Plaintiff). Both costs may be recovered if the party seeking costs demonstrates both versions were

---

[5] Plaintiff, in fact, relied on most if not all of the depositions taken by any party in this matter in opposing summary judgment.

7

necessarily obtained for use in the case. *Cherry*, 186 F.3d at 448-49. (noting other courts have held that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recording pursuant to Federal Rules of Civil Procedure 26(c), it is appropriate under [section] 1920 to award the cost of conducting the deposition in the manner noticed."); *accord Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012) (awarding costs for both), *aff'd*, 551 F. App'x 646 (4th Cir. 2014).

The court finds both video and stenographic records were necessarily obtained for use in this case. It is significant that Dr. Koon and Plaintiff were the most critical actors in the underlying dispute and that the tenor of their interactions was at issue. These factors increased the advisability of obtaining a video in addition to stenographic record. It is also significant that Plaintiff noticed the video and stenographic deposition of Dr. Koon, while Defendants noticed the video and stenographic deposition of Plaintiff and that neither side objected to the dual methods of recording. Plaintiff also ordered both the video and stenographic transcript of Dr. Koon's deposition. Under these circumstances, Plaintiff cannot argue that it was unnecessary for Defendants to do the same. In any event, the court finds both forms were necessary for use in this action for reasons stated above.

**4.     Transcript of Grievance Hearing**

Plaintiff also challenges Defendant Palmetto Health's request for transcription costs of Plaintiff's grievance committee hearing and $40 for an audio tape of the hearing. ECF No. 194 at 6. Palmetto Health has abandoned its request for the cost of the audio recording. The transcript was clearly necessary as all parties relied on the transcript in briefing the summary judgment

motions and the court relied on the transcript in resolving the motion. It is, therefore, a recoverable cost.

5. **Docket Fees**

Plaintiff objects to the University Defendants' request for "docket fees" in the amount of $27.50, which fees are sought pursuant to 28 U.S.C. § 1923. Plaintiff argues against an award of these fees because there is no documentation the fees were paid to the court. He describes Section 1923's authorization of such fees as "obsolete" and "antiquated. Defendants respond by citing Supreme Court authority for allowance of these fees (a form of nominal attorneys' fees allowable as costs). ECF No. 205 at 7, 8 (citing *Hutto v. Finney*, 437 U.S. 678, 987 (1978) ("Indeed, the federal statutory definition of costs, which was enacted before the Civil War and which remains in effect today, includes certain fixed attorney's fees as recoverable costs . . . Inflation has now made the awards merely nominal, but the principle of allowing such awards against all parties has undiminished force."). Defendants also note the presence of a line item for such fees on the mandatory bill of costs forms. The court finds the University Defendants' arguments persuasive and allows these fees.

6. **Copying Costs**

Plaintiff challenges the copying costs sought by the University Defendants, arguing only costs for copies submitted to the court are recoverable, not copies for counsel's convenience. ECF No. 199 at 4 (citing *Grady v. Bunzl Packaging Supply Co.*, 161 F.R.D. 447, 479 (N.D. Ga 1995)). The University Defendants cite Fourth Circuit authority allowing discovery-related copying costs and other costs for copies necessarily obtained for use in the case. ECF No. 205 at 8, 9. These Defendants also proffer counsel's declaration supporting the necessity of the copies, which was included with the initial bill of costs. *See* ECF No. 192-1 (counsel's declaration). As counsel

notes, this has been a document intensive case, with multiple courtesy copies of large documents being provided to the court in addition to copies being made for purposes of discovery. The University Defendants have not, however, provided any detail as to the number of pages for which copying costs are sought, the price per page, or the purposes for which the copies were made. Under these circumstances, the court finds the record inadequate to support an award of costs for copying documents and, consequently, sustains Plaintiff's objection to the $1,197.26 sought for copies.

### 7.     Costs Relating to Deposition of Plaintiff's Expert

Plaintiff objects to payment of some costs sought by Palmetto Health relating to the deposition of Plaintiff's expert, Dr. Richard Grant. These costs include (1) an anticipated hourly fee for the expert's time, (2) costs of renting the hotel room in which the deposition was taken, and (3) costs of producing an expedited transcript. ECF No. 194 at 6, 7.

In response, Palmetto Health abandons pursuit of fees for the expert's time ($1,200) and hotel room ($263.52). It argues expedited transcription was necessary in light of the timing of the deposition and the added cost is, therefore, recoverable. The court agrees that Plaintiff has not established that the cost was unnecessary and, consequently, allows the expedited transcription fee as a cost.

## CONCLUSION

For reasons explained above, the court finds costs sought recoverable with the exception of $1,503.52 in costs sought by Palmetto Health ($40 for audiotape of hearing transcript plus $1,200 and $263.52 relating to deposition of Plaintiff's expert) and $1,197.26 in costs sought by the University Defendants for copies. The court, therefore, awards costs in the amount of $5,106.90 to the University Defendants and $10,902.46 to Palmetto Health.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 21, 2016

11