IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Afraaz R. Irani, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C/A No. 3:14-cv-03577-CMC |
| | ) | |
| Palmetto Health; University of South Carolina | ) | |
| School of Medicine; David E. Koon, Jr., M.D., | ) | |
| etc.; John J. Walsh, IV, M.D., etc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT PALMETTO HEALTH'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND FOR RECONSIDERATION OF ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

COMES NOW Defendant Palmetto Health and files its Response to Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration of Order on Defendants' Motions for Summary Judgment. (ECF No. 198.) Dr. Irani's Motion provides no basis for which the Court should alter or amend its Order and therefore should be denied by the Court.

"The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *U.S. v. Shakur*, 3:08-485 (D.S.C. May 12, 2016), *citing Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (*quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id. quoting Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625 (S.D. Miss. 1990).

Dr. Irani purports to bring this Motion, in part, because "the Court failed to take all of the facts in the record in the light most favorable to Dr. Irani as the non-moving party, but repeatedly presented material, disputed facts and inferences in favor of Defendants." (ECF No. 210 at 1.) Dr. Irani then goes on to assert nine points where he believes the Court failed to properly consider the matter in the light most favorable to him. In no instance is he correct.[1]

Clearly, Dr. Irani has not brought forth any matter that has resulted from an intervening change in the controlling law, nor has he brought forth any new evidence. Accordingly, his only avenue for reconsideration under Rule 59(e) is to assert that there is a clear error in law or to prevent manifest injustice. Although Dr. Irani argues repeatedly that the Court relied on the wrong facts or ignored facts, which it did not do, he cannot show an error in law as to any of his claimed bases for reconsideration. Furthermore, the only basis on which Dr. Irani appears to argue any form of injustice is the fact that the Judge dismissed his complaint in its entirety. Dr. Irani cannot succeed because his arguments as to reconsideration do not meet any of the criteria set forth by the Fourth Circuit. Dr. Irani's brief reveals that this is truly a matter of him attempting to take another bite of the apple to gain a different and better result. In other words, Dr. Irani is an unhappy litigant seeking an additional chance to sway the judge.

**Hostile Environment: The Court did not misapply *Boyer-Liberto v. Fontainbleu Corp.***

Dr. Irani's first basis for reconsideration is that the Court misapplied the Fourth Circuit holding in *Boyer-Liberto v. Fontainbleu* and did not view the facts in the light most favorable to him. (ECF No. 198 at 1; 210 at 2-9.) This goes to his claim of a hostile environment under Section 1981. He argues that the misapplication resulted in the Court unfairly minimizing the severity and hostility of the racial slurs in the case and failing to look at the totality of the

---

[1] Palmetto Health addresses only those issues that Dr. Irani contends should be reconsidered by the Court and subject to alteration or amendment.

circumstances surrounding the challenged discriminatory conduct to determine if the work environment was objectively hostile or abusive. The Court's substantial and well-reasoned Order did neither.

Dr. Irani sets forth as support for his argument that "none of the Defendants in this case ever mentions the *Boyer-Liberto* case in any of their summary judgment briefs – not in their initial briefs or even in their reply briefs – nor did they make any attempt whatsoever to distinguish the *Boyer-Liberto* case from the facts presented here." (ECF No. 210 at 2.) Palmetto Health dealt with the *Boyer-Liberto* case and distinguished it. (ECF No. 139-1 at 43.)

More importantly, the Court correctly dealt with and distinguished *Boyer-Liberto* and the facts of Dr. Irani's case. A review of the Order finds that the Court relied heavily on Dr. Irani's own assertions and the facts as he stated them in applying its analysis and distinguishing it from the *Boyer-Liberto* facts. It remains that these facts, even as asserted by Dr. Irani, do not rise to the level of severity of the *Boyer-Liberto* case or suffice in severity to constitute a hostile environment. In order to increase the severity of the environment, Dr. Irani again asserts the presentation of the Journal Club article and the meeting before the entire faculty. (ECF No. 210 at 3.) What Dr. Irani does not do is acknowledge the uncontradicted testimony of Dr. Goodno with regard to these same issues. Viewing the facts in the light most favorable to the non-moving party does not mean that the Court is required to view only the facts that Dr. Irani chooses to put forth.

The Court recognizes the position of authority of Dr. Koon and does not overlook it as Dr. Irani would have us believe. (ECF No. 188 at 51.) While the Court recognizes the position of Dr. Koon as program director, it cannot be overlooked that Dr. Irani submitted no evidence that he is the highest ranking person in the program. (ECF No. 210 at 6.) Dr. Irani also was

3

dealing closely with Dr. Walsh, the Chairman of the Orthopaedic Surgery department, and Dr. Stephens, Palmetto Health's Vice President of Medical Education and the Designated Institution Office for the Orthopaedic Surgery Residency Program. (*See* ECF No. 188 at 8, fn. 5.) The Orthopaedic Surgery Residency Program may have been challenging and difficult, but there is no evidence that should have caused the Court to conclude there was a racially charged environment.

In *Boyer-Liberto* the actions of the supervisor were physically intimidating and constant, even assuming the facts as Dr. Irani would, that simply is not the case in this matter. Furthermore, Dr. Irani simply cannot expect the Court to overlook his refrain that everything changed in his relationship with Dr. Koon in November when he had failed to complete a patient record and let Dr. Koon know that he had finally done so. (*See* ECF No. 188 at 10 and 32.) Even Dr. Irani seems to recognize that when Dr. Koon spoke out of irritation or anger, he did not make any comment about Dr. Irani's national origin or anything else other than the manner in which Dr. Irani handled the situation. Additionally, Dr. Irani cannot now assert that there were instances of name calling or the like that he could not previous identify. The Court properly applied the undisputed facts to reach its conclusion.

Dr. Irani also raised the case of *Guessous v. Fairview Property Investments, LLC,* ___ F.3d ____, No. 15-1055, 2016 WL 3615780 (4th Cir. July 6, 2016) to support his contention that dismissal was not appropriate. Yet, Dr. Irani again misses the mark as *Guessous* does not represent a change in controlling law and the facts of the present case are distinguishable. *Guessous* involved years of ongoing offensive remarks and conduct and notably a termination occurring approximately 75 minutes after plaintiff complained of discrimination. The record as set forth by the Court and taken in the light most favorable to Dr. Irani in this case shows a

4

substantial period of time of Defendants trying to improve his performance, working through the remediation process, and only then resulting in his termination from the program. Dr. Irani had every opportunity to improve and save his participation in the residency program. The Court clearly set forth the facts and considered all of the various instances now raised by Dr. Irani as the totality of circumstances. Dr. Irani has set forth no basis for the Court to alter its decision.

**Contractual Documents**

Dr. Irani incorrectly portrays several facts with regard to his argument concerning documents supporting his breach of contract arguments. First, a review of the e-mail Dr. Irani sets forth presumably to argue that Palmetto Health assented to his going forward without amending his Complaint demonstrates that was not at all the communication from Palmetto Health. (*See* ECF No. 210 at 12.) The response that counsel had the documents months earlier and could have already included them is not an agreement that no amendment is necessary if he chooses to assert them. That decision was Dr. Irani's and not that of Palmetto Health. Furthermore, Dr. Irani's counsel states that Palmetto Health *incorrectly* offered that the documents were produced in the *Lamoreaux* matter. In fact, Palmetto Health had provided the Affiliation Agreements to Dr. Irani's counsel on April 10, 2009, in response to Request for Production No. 16. (Palmetto Health/Lamoreaux Bates Nos. 681-728.) It is Dr. Irani's responsibility to properly plead his case and not a mistake by this Court, nor grossly unfair, that he failed to do so. Moreover, the Court went to find that even if the documents could be relied on as a source of contract, Dr. Irani's claims would fail for other reasons and goes on to enumerate those reasons. (ECF No. 188 at 82.) Dr. Irani does not contest those bases.

**Third-Party Beneficiary Claim**

Whether Dr. Irani was a direct or incidental beneficiary is not an issue for reconsideration because Dr. Irani has failed to show that there is a contract to which he was a beneficiary in any form. It is here that it is apparent that Dr. Irani is asking the Court to allow him to attempt a different argument than he previously set forth. (*See* ECF No. 188 at 92.) In his arguments opposing Defendants' Motions for Summary Judgment, Dr. Irani did not address Defendants' arguments that Palmetto Health "(1) were [was] not in a contractual relationship with the ACGME and (2) even if the relationship with ACGME were deemed a contract, there was no breach because the Program never lost accreditation." *Id.* Dr. Irani does not address those arguments in his present motion either and instead focuses on the secondary basis of the status of incidental beneficiary.

Dr. Irani also attempts to undo the Court's decision claiming the fact that the residency program never lost accreditation does not mean that the program complied with the requirements of the ACGME. As noted above, Dr. Irani has failed to show that there was a contract and he also fails to show that even though it may require a process to lose accreditation, the Palmetto Health Orthopaedic Surgery Residency Program has at all times remained accredited and sufficiently in compliance with the requirements of the ACGME to do so.

Dr. Irani has provided no basis for this Court to reconsider its decision with regard to his claims as a third-party beneficiary.

**Due Process**

With regard to Due Process as it applies to Palmetto Health, Dr. Irani contends that because it is a contractual issue, rather than a constitutional issue, the Court was wrong in applying the law as appropriate to an academic decision. (ECF No. 210 at 21.) However, Dr.

6

Irani does not argue, nor can he, that there is any contractual duty that is greater than that would be required constitutionally.  Further, he provides no basis for ignoring the academic nature of this decision.  In his original memorandum, Dr. Irani was dismissive of the academic nature of the decision. (ECF No. 148 at 53-54.)  Now he simply states that it is wrong and goes forward to argue South Carolina law with regard to contracts. (ECF No. 210 at 21.)  The only evidence is that Dr. Irani was employed solely in his academic status.

Dr. Irani misconstrues many of the facts with regard to the grievance proceedings, but again, he has provided no legitimate basis for the Court to reconsider its decision and is, again, attempting to merely re-argue his opposition to Summary Judgment.  The Court did not misconstrue the facts and Dr. Irani presents no evidence thereof.

The argument made by Dr. Irani with regard to the same actor inference is at best interesting. (ECF No. 210 at 27-28.)  Following an argument that Dr. Koon surely poisoned the decisions of the faculty and the GMEC, he apparently argues that there is no evidence that Dr. Koon was an actor in the offering of the residency slot to Dr. Irani.  If he argues that Dr. Koon is not entitled to this inference because Dr. Koon disclaimed that he alone could terminate Dr. Irani's residency, this seems somewhat odd.  If he takes the position that Dr. Koon was not able to terminate him, it undercuts almost every cause of action he has raised.

Again, Dr. Irani has not shown that the Court should reconsider its decision.

**Retaliation**

With regard to the issue he raises as to retaliation, Dr. Irani appears to have missed the fact that the Court clearly credited his report to Dr. Stephens and specifically credited Dr. Irani's declaration averment with regard to such report. (ECF No. 188 at 75, fn. 46.)  The flaw as noted

by the Court was that the evidence demonstrated that Dr. Stephens' attitude toward and actions with regard to Dr. Irani did not change after he complained.

Dr. Irani argues the same facts as he did in his opposition to summary judgment with the exception of saying that Dr. Stephens always had a negative impression of him that was unjustified and that means she did not perform her responsibilities with regard to the grievance process. (ECF No. 210 at 30.) There is no evidence of this. Dr. Irani goes on to argue that this is not a basis for defending against a claim of retaliation; however, it goes directly to the issue of a causation which goes to the heart of the retaliation claim. (ECF No. 188 at 72-73.)

**Dr. Irani's Job Performance**

The only evidence is that the Court made an exhaustive review of all of the evidence with regard to Dr. Irani's performance.[2] Dr. Irani repeats his refrain that among other things, Defendants "cherry-picked" negative comments as part of his argument that a "careful examination of the medical records and supportive statements from other, independent staff members and nurses, paints an entirely different picture." (ECF No. 210 at 31.) Again, in its exhaustive review of the facts, the Court discussed these very issues and why they fail to adequately support Dr. Irani's claims. (*See, e.g.,* ECF No. 188 at 54, fn. 29; 188 at 58, fn. 31; 188 at 59, fn. 32.) As to the Court's description of Dr. Irani's first year as being a "rocky start," the Court cites to the grievance hearing. (Hearing trans. at 82.) (ECF No. 188 at 62.) There is no attempt by the Court to expand on this or do anything other than take Dr. Irani's own statement at face value.

---

[2] Dr. Irani expects the Court to give great weight to the decision of the California Medical Board even though none of the Defendants were in any way involved in that hearing and had no opportunity to provide testimony as to the issues concerning his residency with Palmetto Health.

Once again, Dr. Irani fails to address the issue that the faculty's view through an academic lens is important and well supported throughout the Court's opinion. The Court provided a meticulous and supported account of Dr. Irani's performance and there is no basis for altering its review of Dr. Irani's job performance or any cause of action that relied on it.

**Conclusion**

There are limited bases for which an alteration or reconsideration of an Order is appropriate and Dr. Irani has failed to demonstrate any reason that this Court should alter or amend its Order. The Court's meticulous review of the voluminous facts in the case is laid out in its Order and the Court reviews those facts in their totality of circumstances as to each cause of action. Neither alteration nor amendment of the Order is justified or necessary and it should stand as is. Oral argument would add nothing other than yet another instance for the parties to put forth the same positions.

Dated this 7th day of September 2016.

          Respectfully submitted,

          OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.

     By:  s/ Katherine Dudley Helms
          Katherine Dudley Helms (Fed. ID No. 1811)

**ATTORNEYS FOR DEFENDANT**

First Base Building
2142 Boyce Street – Suite 401
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
kathy.helms@ogletreedeakins.com